Joseph J. Tabacco, Jr. (SBN 75484)
Nicole Lavallee (SBN 165755)
**BERMAN DeVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6282
Email: jtabacco@bermandevalerio.com
        nlavallee@bermandevalerio.com

[Additional Counsel on Signature Page]

*Proposed Lead and Liaison Counsel and
Attorneys for Proposed Lead Plaintiff David Wagner*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN J. NICOLOW, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY, LEO APOTHEKER, MARGARET C. WHITMAN, CATHERINE A. LESJAK, and JAMES T. MURRIN,<br><br>Defendants. | CASE NO.: 12-cv-05980-CRB<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION OF DAVID WAGNER FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: March 1, 2013<br>Time: 10:00 a.m.<br>Judge: Hon. Charles R. Breyer<br>Dept.: Courtroom 6, 17th Floor |

| | |
|---|---|
| DAVIN POKOIK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY, AUTONOMY CORPORATION PLC, DELOITTE LLP, LEO APOTHEKER, MARGARET C. WHITMAN, CATHERINE A. LESJAK, JAMES T. MURRIN, MICHAEL R. LYNCH, and SUSHOVAN HUSSAIN,<br><br>Defendants. | CASE NO.: 12-cv-06074-CRB<br><br>CLASS ACTION |
| PAUL NEUMANN,<br><br>Plaintiff,<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY, MARGARET C. WHITMAN, LEO APOTHEKER, JAMES T. MURRIN, CATHERINE LESJAK, and MARK HURD,<br><br>Defendants. | CASE NO.: 13-cv-0284-EJD<br><br>CLASS ACTION<br><br>Date: May 10, 2013<br>Time: 9:00 a.m.<br>Judge: Hon. Edward J. Davila<br>Dept.: Courtroom 4, 5th Floor (San Jose) |

# TABLE OF CONTENTS

**PAGE**

NOTICE OF MOTION AND MOTION ...................................................................................... 1

STATEMENT OF ISSUES .......................................................................................................... 2

SUMMARY OF ARGUMENT .................................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 3

INTRODUCTION ........................................................................................................................ 3

I.      STATEMENT OF FACTS ................................................................................................ 4

II.     ARGUMENT..................................................................................................................... 6

     A.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ........................... 6

     B.      DAVID WAGNER SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS ......................................................................................................... 7

           1.     The PSLRA's Lead Plaintiff Provisions ........................................ 7

           2.     David Wagner has Filed a Timely Motion ................................... 8

           3.     David Wagner is the Presumptive Lead Plaintiff because he has the Largest Known Financial Interest in the Relief Sought by the Class .......................................................................... 9

           4.     David Wagner Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses ..... 10

           5.     David Wagner Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure .................................................. 10

                 a)     David Wagner's Claims are Typical of the Claims of the Class ........................................................................... 11

                 b)     David Wagner Will Fairly and Adequately Represent the Interests of the Class .................................................. 11

     C.      DAVID WAGNER'S CHOICE OF COUNSEL SHOULD BE APPROVED.... 12

CONCLUSION........................................................................................................................... 13

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Armstrong v. Davis*,
  275 F.3d 849 (9th Cir. 2001) ................................................................................................ 2, 11

*Curry v. Hansen Med., Inc.*,
  No., 5:09-cv-05094-JF (HRL), 2010 U.S. Dist. LEXIS 23066
  (N.D. Cal. Feb. 25, 2010) ............................................................................................................ 6

*Eichenholtz v. Verifone Holdings, Inc.*,
  No. C07-06140 MHP, 2008 U.S. Dist. LEXIS 64633
  (N.D. Cal. Aug. 22, 2008) ........................................................................................................... 3

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ......................................................................................... 2, 11, 12

*Huene v. United States*,
  743 F.2d 703, 704 (9th Cir.),
  *reversed and remanded on other grounds by*
  No. 83-2183, 1984 U.S. App. LEXIS 26828 (9th Cir. Dec. 13, 1984) ...................................... 6

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ............................................................................................. passim

*In re Gemstar-TV Guide Int'l Sec. Litig.*,
  209 F.R.D. 447 (C.D. Cal. 2002) .............................................................................................. 10

*In re McKesson HBOC, Inc. Sec. Litig.*,
  97 F. Supp. 2d 993 (N.D. Cal. 1999) .......................................................................................... 9

*In re Olsten Corp Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ............................................................................................ 9

*In re Vaxgen Sec. Litig.*,
  No. C 03-1129 JSW, 2004 U.S. Dist. LEXIS 29812
  (N.D. Cal. Apr. 14, 2004) ....................................................................................................... 2, 9

*Investors Research Co. v. U.S. Dist. Ct. for the C.D.*,
  877 F.2d 777 (9th Cir. 1989) ...................................................................................................... 6

*Krieger v. Atheros Commc'ns, Inc.*,
  No. 11-CV-00640-LHK, 2011 U.S. Dist. LEXIS 147521
  (N.D. Cal. Dec. 12, 2011) ........................................................................................................... 8

*Lax v. First Merchants Acceptance Corp.*,
  1997 U.S. Dist. LEXIS 11866 (N.D. Ill. 1997) .......................................................................... 9

*Mohanty v. Bigband Networks, Inc.*,
  No. C 07-5101 SBA, 2008 U.S. Dist. LEXIS 32764
  (N.D. Cal. Feb. 13, 2008) ....................................................................................................... 2, 6

*Perlmutter v. Intuitive Surgical, Inc.*,
   No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813
   (N.D. Cal. Feb. 15, 2011) ............................................................................................... 9, 12

*Puente v. Chinacast Educ. Corp.*,
   No. CV 12-4621-JFW (PLAx), 2012 U.S. Dist. LEXIS 123345
   (C.D. Cal Aug. 22, 2012)................................................................................................... 6, 7

*Riordan v. Smith Barney*,
   113 F.R.D. 60 (N.D. Ill. 1986).............................................................................................. 12

*Rubke v. Capital Bancorp, Ltd.*,
   No C 05-4800 PJH, 2006 U.S. Dist. LEXIS 25170
   (N.D. Cal. Mar. 31, 2006).................................................................................................... 11

*Schriver v. Impac Mortg. Holdings, Inc.*,
   No. SACV 06-31-CJC (RNBx), 2006 U.S. Dist. LEXIS 40607
   (C.D. Cal. May 1, 2006) ...................................................................................................... 11

*Takeda v. Turbodyne Techs., Inc.*,
   67 F. Supp. 2d 1129 (C.D. Cal. 1999) ............................................................................ 6, 7, 12

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*,
   No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590
   (N.D. Cal. Feb. 21, 2012) ...................................................................................................... 2

**Statutes & Rules**

15 U.S.C. § 78j(b)............................................................................................................................ 3

15 U.S.C. § 78t(a) ........................................................................................................................... 3

15 U.S.C. § 78u-4(a)(3) ............................................................................................................... 2, 3

15 U.S.C. § 78u-4(a)(3)(A)(i) ...................................................................................................... 4, 7

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................................. 7

15 U.S.C. § 78u-4(a)(3)(B)(ii) ........................................................................................................ 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................................... 2, 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ........................................................................................ 9, 10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)............................................................................................ 10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb) ................................................................................... 8

15 U.S.C. § 78u-4(a)(3)(B)(v) ....................................................................................................... 12

15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I) & 78u-4(a)(3)(B)(iii)(II)........................................................ 10

Fed. R. Civ. P. 23........................................................................................................................... 10

Fed. R. Civ. P. 23(a)(4).................................................................................................................. 11

Fed. R. Civ. P. 42(a) .................................................................................................................. 2, 6

Securities Exchange Act of 1934 § 10(b) ..................................................................................... 7

Securities Exchange Act of 1934 § 20(a) ..................................................................................... 7

## NOTICE OF MOTION AND MOTION

**TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE that, on March 1, 2013, at 9:00 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Charles R. Breyer, located in Courtroom 6 on the 17th floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, 94102, David Wagner shall move the Court pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order:

(a)     consolidating the above-captioned related actions;

(b)     appointing David Wagner as lead plaintiff for the class; and

(c)     approving David Wagner's selected counsel, Newman Ferrara LLP ("Newman Ferrara") as lead counsel for the class and Berman DeValerio as liaison counsel for the class.

This motion is made on the grounds that David Wagner is the most adequate lead plaintiff, as defined by the PSLRA, based on his losses of $271,509, which resulted from the wrongful conduct alleged in this action. David Wagner also satisfies the requirements of Federal Rules of Civil Procedure, rule 23 because his claims are typical of other members of the class and he will fairly and adequately represent the class. Further, David Wagner has selected and retained counsel with substantial experience in successfully prosecuting securities fraud class actions to serve as lead and liaison counsel for the class.

David Wagner bases this motion on this Notice of Motion, Motion and supporting Memorandum of Points and Authorities, the Declaration of Jeffrey M. Norton in Support of the Motion of David Wagner for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of his Selection of Counsel (the "Norton Decl.") and exhibits attached thereto, the pleadings, and other filings herein and such other written or oral arguments as may be presented to the Court.

**STATEMENT OF ISSUES**

1. Whether the Court should consolidate the above-captioned related actions.

2. Whether the Court should appoint David Wagner as lead plaintiff under the PSLRA.

3. Whether the Court should approve David Wagner's selection of Newman Ferrara as lead counsel for the class and Berman DeValerio as liaison counsel for the class.

**SUMMARY OF ARGUMENT**

David Wagner seeks an order consolidating the above-captioned related actions, appointing himself as lead plaintiff, and approving his selection of counsel, Newman Ferrara and Berman DeValerio as lead and liaison counsel, respectively, for the class.

The Court should consolidate the above-captioned related actions because they present common issues of law and fact. Moreover, consolidation will promote judicial efficiency and conserve the resources of the Court and the parties. Fed. R. Civ. P. 42(a); *Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *9-11 (N.D. Cal. Feb. 21, 2012).

The Court should appoint David Wagner as lead plaintiff for the class because he believes that he has the largest financial interest in the litigation. 15 U.S.C. § 78u-4(a)(3); *In re Cavanaugh*, 306 F.3d 726, 729-31, (9th Cir. 2002); *In re Vaxgen Sec. Litig.*, No. C 03-1129 JSW, 2004 U.S. Dist. LEXIS 29812, at *8-12 (N.D. Cal. Apr. 14, 2004); *Mohanty v. Bigband Networks, Inc.*, No. C 07-5101 SBA, 2008 U.S. Dist. LEXIS 32764, at *12-13 (N.D. Cal. Feb. 13, 2008). Because he has the largest financial interest in the litigation, David Wagner is entitled to a presumption that he is the "most adequate plaintiff" under the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 729. In addition, David Wagner has complied with the procedural requirements of the PSLRA and his claims are typical of the claims of the proposed class and David Wagner will fairly and adequately represent the interests of the proposed class. *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

The Court should approve David Wagner's selection of counsel because his selected counsel will provide high quality legal representation and will effectively protect the interests of the class.  15 U.S.C. § 78u-4(a)(3); *Cavanaugh*, 306 F.3d 726.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **INTRODUCTION**

On November 26, 2012, plaintiff Allan J. Nicolow ("Nicolow") filed the first filed class action complaint in this Court, captioned *Nicolow v. Hewlett-Packard Company, et al.*, 12-cv-05980-CRB (the "*Nicolow*" action), on behalf of all persons who purchased or otherwise acquired the securities of Hewlett-Packard Company ("Hewlett-Packard") during the period from August 19, 2011 through and including November 20, 2012, alleging violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, promulgated thereunder, 17 C.F.R. § 240.10b-5, by the Securities Exchange Commission ("SEC").

Since the filing of the *Nicolow* action, two additional class action complaints have been filed in this Court asserting substantially similar claims as the *Nicolow* complaint against similar defendants for similar violations of the Exchange Act (collectively, the "Related Actions").[1]  The Related Actions similarly allege that defendants violated federal securities laws by issuing false and misleading statements, and failing to disclose material facts, that artificially inflated Hewlett-Packard's stock price.  The longest alleged class period among the Related Actions is February 20, 2008 through and including November 20, 2012 (the "Class Period").[2]

On January 3, 2013, this Court issued an order relating the *Pokoik* action, two shareholder derivative actions brought on behalf of the Hewlett-Packard Company 401(k) Plan and its participants and beneficiaries, and seven shareholder derivative actions brought on behalf of Hewlett-Packard, with the *Nicolow* action and reassigning all of those cases to the Honorable

---

[1]  These two additional actions are *Pokoik v. Hewlett-Packard Company, et al.*, No. 12-cv-06074-CRB ("*Pokoik*"), and *Neumann v. Hewlett-Packard Company, et al.*, 13-cv-00284-EJD ("*Neumann*").

[2]  At the lead plaintiff selection stage, the most inclusive pled class period generally controls. *See Eichenholtz v. Verifone Holdings, Inc.*, No. C07-06140 MHP, 2008 U.S. Dist. LEXIS 64633, at *6 (N.D. Cal. Aug. 22, 2008) ("At this stage, the court is wary of arguments advocating a shorter class period instead of the longest potential class period.").

Charles R. Breyer.  (ECF No. 22.)  The *Neumann* action was subsequently filed on January 18, 2013.

In line with the timeframe mandated by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A)(i), David Wagner now moves for consolidation of the Related Actions, appointment as lead plaintiff, and for approval of his selected counsel, Newman Ferrara as lead counsel and Berman DeValerio as liaison counsel for the class.

I.    **STATEMENT OF FACTS**

Hewlett-Packard is a Delaware corporation headquartered at 3000 Hanover Street Palo Alto, California 94304.  Hewlett-Packard provides products, technologies, software, solutions and services to individual consumers and businesses, the U.S. government, and health and education sectors around the globe.  Hewlett-Packard's Personal Systems Group segment offers personal computers, workstations and software and services for commercial and consumer markets.  Hewlett-Packard's Services segment provides consulting, IT outsourcing and technology services to infrastructure, applications, and business process domains.  At all relevant times, Hewlett-Packard common stock traded on the New York Stock Exchange under the ticker symbol "HPQ."

On August 18, 2011, Hewlett-Packard acquired software maker Autonomy Corporation ("Autonomy") for $10.2 billion.  Autonomy is a British company that supplies software that analyzes unstructured data, such as emails, online videos and web-surfing for patterns.  Hewlett-Packard common stock traded at an August 18, 2011 closing price of $29.51 per share.  According to the complaints filed in the Related Actions, at the time of the Autonomy acquisition, Hewlett-Packard insiders touted the strength of Autonomy's business model and the acquisition's potential for substantial synergistic effects that would prove extremely profitable for Hewlett-Packard.  According to the complaints, Hewlett-Packard and its insiders continued to make public statements about the benefits of the Autonomy purchase throughout 2012.

On November 20, 2012, Hewlett-Packard announced that it was required to take an $8.8 billion write-down from its acquisition of Autonomy due to accounting improprieties that

existed at Autonomy. On this news, Hewlett-Packard's stock plunged to its 52-week low of $11.35 per share.

The Related Actions allege that defendants knew, but concealed from the public, that at the time Hewlett-Packard acquired Autonomy, Autonomy's reported operating results and historic growth were the result of serious accounting improprieties, including the mischaracterization of sales and the improper recognition of revenue. Numerous published reports have claimed that Autonomy's questionable accounting practices were no secret and numerous red flags should have warned Hewlett-Packard before it acquired Autonomy.

The *Neumann* action also alleges a fraudulent scheme by Hewlett-Packard and certain insiders in connection with its proprietary Integrity servers, which run on the Itanium chip manufactured by Intel Corporation. According to the *Neumann* complaint, prior to February 2008, Intel told Hewlett-Packard that it wished to stop making the Itanium chips, because they were no longer profitable for Intel. Hewlett-Packard, facing massive losses in profits, secretly agreed to pay Intel millions of dollars – just so that it would agree to continue to make the Itanium chips. These payments served no purpose other than to convince Intel to continue to make the chips and the agreement was a closely-guarded secret of the Company, the complaint alleges. At the same time Hewlett-Packard knew its Integrity servers were facing obsolescence, Hewlett-Packard continued making statements, which the *Neumann* complaint alleges to be false, regarding the long-term viability of those servers.

The Related Actions allege that defendants caused the price of Hewlett-Packard common stock to be artificially inflated during the Class Period by issuing materially false and misleading statements and omitting to disclose material facts that misled shareholders regarding the Autonomy acquisition and Hewlett-Packard's Integrity servers.

As a result of defendants' wrongful acts and omissions alleged in the Related Actions, David Wagner and the other members of the proposed class have suffered significant damages.

During the Class Period, David Wagner purchased 545,500 shares of Hewlett-Packard common stock and expended a net amount of $10,968,391 on those purchases. As a result of the revelations of defendants' fraudulent conduct, David Wagner suffered a loss of $271,509 during

1 the Class Period based on both first-in/first-out ("FIFO") as well as last-in/first-out ("LIFO")
2 loss calculation analyses.

3 II.     **ARGUMENT**

4         A.     **THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

5 Federal Rules of Civil Procedure, rule 42(a) grants the Court broad discretion to
6 consolidate cases on its docket. Fed. R. Civ. P. 42(a). Rule 42(a) provides that, "[i]f actions
7 before the court involve a common question of law or fact, the court may . . . consolidate the
8 actions." *Id. See also Investors Research Co. v. U.S. Dist. Ct. for the C.D.*, 877 F.2d 777 (9th
9 Cir. 1989) ("[t]he district court has broad discretion under [Rule 42(a)] to consolidate cases
10 pending in the same district"); *Puente v. Chinacast Educ. Corp.*, No. CV 12-4621-JFW (PLAx),
11 2012 U.S. Dist. LEXIS 123345, at *3 (C.D. Cal Aug. 22, 2012). In determining whether
12 consolidation is appropriate, courts weigh "the saving of time and effort consolidation would
13 produce against any inconvenience, delay, or expense that it would cause." *Huene v. United*
14 *States*, 743 F.2d 703, 704 (9th Cir.), *reversed and remanded on other grounds by* No. 83-2183,
15 1984 U.S. App. LEXIS 26828 (9th Cir. Dec. 13, 1984).

16 Consolidation is proper when individual cases involve common questions of law or fact.
17 *See id.*; *Curry v. Hansen Med., Inc.*, No., 5:09-cv-05094-JF (HRL), 2010 U.S. Dist. LEXIS
18 23066, at *2-3 (N.D. Cal. Feb. 25, 2010) ("The PSLRA directs that cases should be
19 consolidated where, as here, there is 'more than one action on behalf of a class asserting
20 substantially the same claim or claims.'" (citing *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp.
21 2d 1129, 1133 (C.D. Cal. 1999); 15 U.S.C. § 78u-4(a)(3)(B)(ii))).

22 Securities class actions are particularly suitable for consolidation. *Mohanty*, 2008 U.S.
23 Dist. LEXIS 32764, at *9-10 ("[C]lass action shareholder suits are ideally suited to
24 consolidation because their unification expedites proceedings, reduces duplication, and
25 minimizes the expenditure of time and money by all concerned. Consolidation facilitates
26 discovery, conserves judicial resources and reduces the confusion and delay that result from
27 prosecuting related class actions separately." (internal citation omitted)).

28

The Court should consolidate the following Related Actions, now pending in this District:

| Case | Case No. |
|---|---|
| *Nicolow v. Hewlett-Packard Company, et al.*, | 12-cv-05980-CRB |
| *Pokoik v. Hewlett-Packard Company, et al.* | 12-cv-06074-CRB |
| *Neumann v. Hewlett-Packard Company, et al.* | 13-cv-00284-EJD |

Consolidation of the Related Actions will promote judicial efficiency and conserve the resources of the Class and all other parties. All three complaints filed in the Related Actions share common questions of law and fact. They name substantially similar defendants and assert the same violations of federal securities laws arising out of the same or similar alleged false and/or misleading statements and omissions about Hewlett-Packard's Autonomy acquisition. *See Takeda*, 67 F. Supp. 2d at 1133 (consolidation appropriate where actions had substantial overlap in defendants named and brought claims based on same alleged misrepresentations and omissions); *Puente*, 2012 U.S. Dist. LEXIS 123345, at *3 (consolidation appropriate where actions each involved same defendants and alleged violations of Sections 10(b) and 20(a) of Exchange Act). At the same time, there is no inconvenience, delay, confusion or prejudice that will result from consolidation of the Related Actions. *Takeda*, 67 F. Supp. 2d at 1133

For these reasons, consolidation of the Related Actions is appropriate under Rule 42(a).

**B.   DAVID WAGNER SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS**

**1.   The PSLRA's Lead Plaintiff Provisions**

The PSLRA sets forth a three-step procedure for the appointment of a lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B); *In re Cavanaugh*, 306 F.3d at 729. First, within twenty days of filing a class action, the first-filing plaintiff must publish a notice advising members of the purported class of the pendency of the action, the claims asserted, the purported class period and their right to move the court for appointment as lead plaintiff of the purported class. 15 U.S.C. § 78u-4(a)(3)(A)(i); *Krieger v. Atheros*

*Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 U.S. Dist. LEXIS 147521, at *3 (N.D. Cal. Dec. 12, 2011).

Second, upon considering all motions for appointment as lead plaintiff filed in response to the notice, the court must identify the presumptively "most adequate [lead] plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 729; *see also Krieger*, 2011 U.S. Dist. LEXIS 147521, at *4. That plaintiff is the person or entity that: (1) filed the complaint or made a motion to serve as lead plaintiff within sixty days after publication of the required notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23. *Id.*

Third, the court must then "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. Only proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class" can rebut the presumption of appointing the presumptively most adequate plaintiff as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb); *Krieger*, 2011 U.S. Dist. LEXIS 147521, at *5.

As set forth below, David Wagner satisfies all three of these criteria and is entitled to the presumption that he is the most adequate plaintiff.

### 2. David Wagner has Filed a Timely Motion

Plaintiff Nicolow in the first-filed action caused notice to be published through *Business Wire* on November 26, 2012, the same day the *Nicolow* complaint was filed.[3] That notice, in accordance with the PSLRA, announced that a securities class action complaint had been filed against defendants and advised Hewlett-Packard investors that applications for lead plaintiff must be made no later than 60 days from the date on which the notice was published, i.e., on or before January 25, 2013. David Wagner has satisfied the procedural requirements of the

---

[3] A copy of that notice is attached as Exhibit A to the Declaration of Jeffrey M. Norton in Support of the Motion of David Wagner for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of His Selection of Counsel ("Norton Decl."), filed herewith.

1 PSLRA by filing a motion seeking lead plaintiff status within the 60-day deadline and by filing the requisite certification detailing his trading in Hewlett-Packard securities and his suitability to serve as a class representative in this case.[4]

### 3. David Wagner is the Presumptive Lead Plaintiff because he has the Largest Known Financial Interest in the Relief Sought by the Class

As noted above, the PSLRA creates a rebuttable presumption that the most adequate plaintiff is the "person" or "group of persons" who "has the largest financial interest in the relief sought by the class," and who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also Cavanaugh*, 306 F.3d at 732. Courts calculate a movant's financial interest "through accounting methods that are both rationally and consistently applied to establish which one has the most to gain from the lawsuit." *In re Vaxgen*, 2004 U.S. Dist. LEXIS 29812, at *9 (internal quotation marks omitted) (quoting *Cavanaugh*, 306 F.3d at 730).

To the best of his knowledge, as of the time of the filing of this motion, David Wagner believes that he has the largest financial interest of any movant in the relief sought by the class. During the Class Period, David Wagner: (1) purchased 545,500 shares of Hewlett-Packard stock; (2) had net expenditures of $10,968,391 on his purchases of Hewlett-Packard stock; (3) had net shares purchased of 42,000; and (4) as a result of the revelations of the alleged fraud, suffered a loss of $271,509 based on both FIFO and LIFO loss calculation analyses.[5] *See* Norton Decl. Ex. C. *See also In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d 993 (N.D. Cal. 1999); *In re Olsten Corp Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *17-19 (N.D. Ill. 1997).

---

[4] A copy of the Investor Certification executed by David Wagner, with an accompanying chart setting forth the transactions of David Wagner in Hewlett-Packard securities during the Class Period, is attached as Exhibit B to the Norton Declaration. As detailed below, the chartreflecting the calculations of David Wagner's financial losses from those transactions is attached as Exhibit C to the Norton Decl.

[5] In this case, the FIFO and LIFO approaches yield the same loss calculation for David Wagner. *See* Norton Decl. Ex. C. The FIFO approach to loss calculation assumes that those stocks purchased first were sold first. *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *32 (N.D. Cal. Feb. 15, 2011) (citation omitted). Under LIFO, the most recently acquired stocks are assumed to be sold first. *Id*.

1    David Wagner is unaware of any other investor who intends to file a motion for
2 appointment as lead plaintiff in this action that has suffered a larger loss than David Wagner.
3 Accordingly, by possessing the largest known financial interest in the outcome of this litigation,
4 David Wagner is presumptively the "most adequate" plaintiff.   15 U.S.C. § 78u-
5 4(a)(3)(B)(iii)(I)(bb).

### 4. David Wagner Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption that the most adequate plaintiff is the person who "has the largest financial interest in the relief sought by the class," is only rebuttable by "proof by a member of the purported plaintiff class" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I) & 78u-4(a)(3)(B)(iii)(II).  *In re Gemstar-TV Guide Int'l Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002).

David Wagner's ability and desire to fairly and adequately represent the interests of the Class have been discussed above.  In addition, David Wagner is not aware of any unique defenses that defendants could raise that would render them inadequate to represent the Class. Accordingly, David Wagner should be appointed lead plaintiff for the Class.

### 5. David Wagner Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA requires that the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  With respect to the claims of a class representative, Rule 23(a) requires that: (1) the class be so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) plaintiff's claims are typical of those of the class; and (4) the representative will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23.  Courts applying the PSLRA focus principally on the *typicality* and *adequacy* elements of Rule 23 when appointing a lead plaintiff.  *Rubke v. Capital Bancorp, Ltd.*, No C 05-4800 PJH, 2006 U.S. Dist. LEXIS

1  25170, at *8 (N.D. Cal. Mar. 31, 2006).  A *prima facie* showing of *typicality* and *adequacy* is all
2  that is required at the lead plaintiff appointment stage.  *Schriver v. Impac Mortg. Holdings, Inc.*,
3  No. SACV 06-31-CJC (RNBx), *et seq.*, 2006 U.S. Dist. LEXIS 40607, at *16 (C.D. Cal. May 1,
4  2006).

          a)        **David Wagner's Claims are Typical of the Claims of the Class**

6        The *typicality* requirement of Rule 23 is satisfied when the lead plaintiff's claims arise
7  from the same event or course of conduct that gives rise to the claims of other class members
8  and all claims are based on the same legal theory. *Armstrong*, 275 F.3d at 868 ("Typicality, . . .
9  is said to require that the claims of the class representatives be typical of those of the class, and
10  to be satisfied when each class member's claim arises from the same course of events, and each
11  class member makes similar legal arguments to prove the defendant's liability." (citation and
12  internal quotation omitted)); *see also Hanlon,* 150 F.3d at 1020 ("[C]laims are 'typical' if they
13  are reasonably co-extensive with those of absent class members; they need not be substantially
14  identical.").

15        Here, David Wagner, like other proposed class members, seeks to hold defendants liable
16  for their violations of federal securities laws.  Like other proposed class members, David
17  Wagner acquired Hewlett-Packard securities during the Class Period at prices artificially
18  inflated by the false statements and omissions of defendants and suffered damages as a result.
19  David Wagner's claims arise from the same events and are based on the same legal theories as
20  all proposed class members' claims.  Indeed, David Wagner's claims are identical to those of
21  other proposed class members who invested in Hewlett-Packard securities during the Class
22  Period and sustained losses when the truth about Hewlett-Packard's misrepresentations
23  emerged.

24        David Wagner thus fully satisfies the typicality requirement of Rule 23.

          b)        **David Wagner Will Fairly and Adequately Represent the Interests of the Class**

27        The *adequacy* of representation requirement of Rule 23(a)(4) is satisfied where it is
28  established that a representative party "will fairly and adequately protect the interests of the

class." Fed. R. Civ. P. 23(a)(4). The Ninth Circuit has held that "[r]esolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020; *see also Perlmutter*, 2011 U.S. Dist. LEXIS 16813, at *13. The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda*, 67 F. Supp. 2d at 1137 (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

David Wagner satisfies the adequacy requirement. First, like all proposed class members, David Wagner purchased Hewlett-Packard securities during the Class Period and suffered losses when the truth about defendants' misrepresentations emerged. The interests of David Wagner and the proposed class are therefore closely aligned.

Second, David Wagner will effectively manage this litigation and vigorously represent the interests of all proposed class members. David Wagner has submitted the statutorily-required Investor Certification confirming that he understands and is willing to assume the responsibilities of a lead plaintiff. *See* Norton Decl. Ex. B. The significant losses suffered by David Wagner as a result of defendants' misconduct will ensure vigorous advocacy. *See* Norton Decl. Ex. C. Moreover, as detailed below, David Wagner has retained well-qualified and experienced securities class action attorneys to represent the proposed class. David Wagner therefore qualifies as an adequate class representative.

### C. DAVID WAGNER'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to approval by the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff."). The Court should not interfere with lead plaintiff's selection of counsel unless necessary to protect the interests of the proposed Class. *Id*.

David Wagner has retained and selected the law firms of Newman Ferrara and Berman DeValerio to serve as lead counsel and liaison counsel, respectively, for the class. As detailed

in their firm resumes, attached as Exhibits D and E to the Norton Declaration, respectively, Newman Ferrara and Berman DeValerio are highly experienced in the areas of securities fraud litigation and class actions and have successfully prosecuted numerous securities fraud class actions, obtaining excellent recoveries on behalf of defrauded investors. Further, Newman Ferrara and Berman DeValerio have the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. *See id.*

Therefore, the Court may rest assured that, by approving David Wagner's selection of counsel, the proposed class will receive the highest caliber of legal representation.

## CONCLUSION

David Wagner respectfully requests that the Court consolidate the above-captioned actions, appoint David Wagner as lead plaintiff for the class and approve David Wagner's selection of Newman Ferrara as lead counsel and Berman DeValerio as liaison counsel for the class; and grant such other relief as the Court may deem to be just and proper.

Dated: January 25, 2013                     **BERMAN DeVALERIO**

By:  */s/ Nicole Lavallee*
    Nicole Lavallee

Joseph J. Tabacco, Jr.
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6282
Email: jtabacco@bermandevalerio.com
       nlavallee@bermandevalerio.com
       velias@bermandevalerio.com

*Proposed Liaison Counsel and Attorneys for Proposed Lead Plaintiff David Wagner*

|   |   |
|---|---|
| 1 | Jeffrey M. Norton |
|   | Roy Shimon |
| 2 | **NEWMAN FERRARA LLP** |
|   | 1250 Broadway, 27th Floor |
| 3 | New York, NY 10001 |
|   | Telephone:  (212) 619-5400 |
| 4 | Facsimile:  (212) 619-3090 |
|   | Email: jnorton@nfllp.com |
| 5 |         rshimon@nfllp.com |

*Proposed Lead Counsel and Attorneys for Proposed Lead Plaintiff David Wagner*