AVI WAGNER (226688)
WAGNER LAW FIRM
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Email: avi@thewagnerfirm.com

Marc I. Gross
Jeremy A. Lieberman
POMERANTZ GROSSMAN HUFFORD
DAHLSTROM & GROSS LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

Patrick V. Dahlstrom
POMERANTZ GROSSMAN HUFFORD
DAHLSTROM & GROSS LLP
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ALLAN J. NICOLOW, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>HEWLETT-PACKARD COMPANY, LEO APOTHEKER, MARGARET C. WHITMAN, CATHERINE A. LESJAK, and JAMES T. MURRIN,<br><br>                              Defendants. | Civil No. 3:12-cv-05980-CRB<br><br>NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE: March 1, 2013<br>TIME:  10:00 a.m.<br>JUDGE: Honorable Charles R. Breyer<br>CTRM:  6 – 17th Floor |

NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

| | |
|---|---|
| DAVIN POKOIK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, AUTONOMY CORPORATION PLC, DELOITTE LLP, LEO APOTHEKER, MARGARET C. WHITMAN, CATHERINE A. LESJAK, JAMES T. MURRIN, MICHAEL R. LYNCH, and SUSHOVAN HUSSAIN,<br><br>Defendants. | Civil No. 3:12-cv-06074-CRB |
| PAUL NEUMANN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, MARGARET C. WHITMAN, LEO APOTHEKER, JAMES T. MURRIN, CATHERINE A. LESJAK, and MARK HURD,<br><br>Defendants. | Civil No. 5:13-cv-0284-EJD |

NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

1

# TABLE OF CONTENTS

I. STATEMENT OF ISSUES TO BE DECIDED ....................................................................... 1

II. STATEMENT OF FACTS ...................................................................................................... 2

III. ARGUMENT .......................................................................................................................... 3

    A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED ...................................... 3

    B. THE HP INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS ......................................................................................................... 5

        1. Members of the HP Investor Group are Willing to Serve as Class Representatives ....................................................................................................... 6

        2. The HP Investor Group Has the Largest Financial Interest in the Action ............... 6

        3. The HP Investor Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ........................................................................................... 8

        4. The HP Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses .................................................. 10

    C. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ........ 10

CONCLUSION ............................................................................................................................ 11

NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

# TABLE OF AUTHORITIES

## CASES

*Aronson v. McKesson HBOC, Inc.*,
  79 F. Supp. 2d 1146 (N.D. Cal. 1999) ....................................................................................... 4, 8

*Comverse Tech., Inc., Sec. Litig.*,
  2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ........................................................ 7

*Danis v. USN Communs., Inc.*,
  189 F.R.D. 391 (N.D. Ill. 1999) .................................................................................................. 8

*In re Doral Fin. Corp. Sec. Litig.*,
  414 F. Supp.2d 398 (S.D.N.Y. 2006) ........................................................................................ 1

*Erikson v. Cornerstone Propane Partners LP*,
  2003 U.S. Dist. LEXIS 18009 (N.D. Cal. Sept. 9, 2003) ......................................................... 6

*Fields v. Wolfson*,
  41 F.R.D. 329 (S.D.N.Y. 1967) ................................................................................................. 4

*In re Gemstar-TV Guide Int'l. Sec. Litig.*,
  209 F.R.D. 447 (C.D. Cal. 2002) ................................................................................................ 7

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ..................................................................................................... 8

*HCL Partners Limited P'ship. v. Leap Wireless Int'l., Inc.*,
  2008 U.S. Dist. LEXIS 43615 (S.D. Cal. May 22, 2008) ......................................................... 1

*Lax v. First Merchants Acceptance Corp.*,
  1997 WL 461036 (N.D. Ill. 1997) ............................................................................................. 7

*Lerwill v. Inflight Motion Pictures, Inc.*,
  582 F.2d 507 (9th Cir. 1978) ..................................................................................................... 9

*McKesson HBOC, Inc. Sec. Litig.,*,
  97 F. Supp. 993 (N.D. Cal. 1999) .............................................................................................. 7

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp.2d 286 (E.D.N.Y. 1998) ............................................................................................ 7

NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

*Osher v. Guess?, Inc.*,
   2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) .................................................................. 6, 10

*Squyres v. Union Texas Petroleum Holdings, Inc.*,
   1998 U.S. Dist. LEXIS 22945 (C.D. Cal. Nov. 2, 1998) ...................................................................... 6

*Takeda v. Turbodyne Techs. Inc.,*,
   67 F.Supp.2d 1129 (C.D. Cal. 1999) ............................................................................................. 4, 9

*Tanne v. Autobytel, Inc.*,
   226 F.R.D. 659 (C.D. Cal. 2005) ....................................................................................................... 8

**REGULATIONS**

15 U.S.C. § 78u-4(a)(3) ........................................................................................................... passim

Fed. R. Civ. P. 23(a) ................................................................................................................ passim

Fed. R. Civ. P. 42(a) ......................................................................................................................... 4

NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

iii

**NOTICE OF MOTION AND MOTION**

**TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that Peng Cheng Wang ("Wang"), Lloyd G. Smiley ("Smiley") and Galen A. Etemad ("Etemad") (collectively, the "HP Investor Group"), by and through its counsel, will and do hereby moves this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), on March 1, 2013, for an Order (attached hereto as Exhibit A): (i) consolidating the Related Actions filed in this Court; (ii) appointing the HP Investor Group as Lead Plaintiff on behalf of all persons that purchased or otherwise acquired Hewlett-Packard Company ("HP" or the "Company") securities; (iii) approving its selection of Pomerantz Grossman Hufford Dahlstrom & Gross LLP ("Pomerantz") as Lead Counsel and The Wagner Firm ("Wagner") as Liaison Counsel; and (iv) granting such other and further relief as the Court may deem just and proper. In support of this Motion, the HP Investor Group submits a Memorandum of Points and Authorities and the Declaration of Jeremy A. Lieberman and exhibits attached hereto, the pleadings and other filings herein and such other written and oral arguments as may be presented to the Court.

This Motion is made on the grounds that the HP Investor Group is the most adequate plaintiff, as defined by the PSLRA, based on its losses of between $458,737 and $655,525, which it suffered as a result of defendants' wrongful conduct as alleged in the above-referenced actions. Further, the HP Investor Group satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims and it will fairly and adequately represent the interests of the Class.

NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   STATEMENT OF ISSUES TO BE DECIDED

Presently pending in this Court are three securities class actions lawsuits[1] (the "Related Actions") brought on behalf of all persons who purchased or otherwise acquired HP securities during the Class Period. Each raise substantially similar allegations: that defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar issues of law and fact.

Also pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant who possesses the largest financial interest in the outcome of the Action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, the HP Investor Group, with losses of between $458,737 and $655,525 in connection with its purchases of HP securities during the Class Period, is adequate and typical to serve as lead plaintiff. The HP Investor Group

---

[1] The actions are entitled: *Nicolow v. Hewlett-Packard Co.*, 3:12-cv-05980-CRB; *Pokoik v. Hewlett-Packard Co.*, 3:12-cv-06074-CRB; and *Neumann v. Hewlett-Packard Co.*, 5:13-cv-0284-EJD. The *Nicolow* action is on behalf of all persons who purchased or otherwise acquired HP securities between August 19, 2011 and November 20, 2012. The *Pokoik* action is on behalf of all persons who purchased or otherwise acquired HP securities between August 19, 2011 and November 19, 2012. The *Newman* action is on behalf of all persons who purchased or otherwise acquired HP securities between February 20, 2008 and November 20, 2012.

Accordingly, the longest and most inclusive class period based on the filed actions is February 20, 2008 through November 20, 2012 (the "Class Period"). For the purpose of determining the lead plaintiff, it is proper to use "the longer, most inclusive class period … as it encompasses more potential class members." *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp.2d 398, 402 (S.D.N.Y. 2006). *See also HCL Partners Limited P'ship. v. Leap Wireless Int'l., Inc.,* 2008 U.S. Dist. LEXIS 43615, at *4 n.2 (S.D. Cal. May 22, 2008) (using the longest class period to determine the lead plaintiff.).

NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff for these actions. The HP Investor Group has the largest financial interest in the relief sought in these actions by virtue of its substantial investment in HP securities during the Class Period and the losses it suffered as a result of Defendants' misconduct. The HP Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate class representative with claims typical of the other Class members. Accordingly, the HP Investor Group respectfully submits that it should be appointed Lead Plaintiff.

In addition, the HP Investor Group's selection of the Pomerantz firm to serve as Lead Counsel and the Wagner firm to serve as Liaison Counsel should be approved because they possess extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

## II.   STATEMENT OF FACTS

HP provides imaging and printing systems, computing systems, and information technology services for business and personal use. The Company's products include laser and inkjet printers, scanners, copiers and faxes, personal computers, workstations, storage solutions, and other computing and printing systems.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) at the time the Company acquired Autonomy, Autonomy's reported operating results and historic growth were the product of accounting improprieties, including the mischaracterization of revenue from negative-margin, low-end hardware sales with little or no associated software content as "IDOL product and the improper recognition of revenue on transactions with business partners where no end-user customers existed at

NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

2

the time of sale; (ii) at the time the Company had agreed in principle to acquire Autonomy, HP was looking to unwind the deal due to potential accounting improprieties discovered in Autonomy's financial statements; (iii) the Company engaged in inadequate due diligence during the Autonomy acquisition and, as a result thereof, the Company materially overpaid for Autonomy; (iv) the Company's reported goodwill and acquired intangible assets were overstated and would have to be written down; (v) Autonomy's operating margin for its Enterprise Services segment was collapsing for several reasons, including unfavorable revenue mix and underperforming contracts; (vi) as a result of the above, the Company's financial statements were materially false and misleading at all relevant times; and (vii) beginning in May 2012, based upon detailed allegations provided by a whistleblower who was a former Autonomy executive, the Company had commenced an internal investigation regarding accounting fraud at Autonomy.

On November 20, 2012, the Company disclosed a non-cash impairment charge of $8.8 billion related to the Company's acquisition of Autonomy due, in large part, to Autonomy's use of "accounting improprieties, misrepresentations and disclosure failures to inflate the underlying financial metrics of the company" in an attempt to attract a purchaser. Moreover, the Company disclosed for the first time that beginning in May, 2012, HP had commenced an internal investigation regarding possible accounting fraud at Autonomy.

On this news, HP shares declined $1.59 per share or nearly 12%, to close at $11.71 per share on November 20, 2012.

## III. ARGUMENT

### A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

On November 26, 2012, the first of the three above-captioned actions against HP was filed in the Northern District of California. These Related Actions allege the same factual events and name

NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

3

similar defendants. Further, the complaints allege similar legal bases for their claims: Sections 10(b) and 20(a) of the Exchange Act. In sum, the Related Actions involve common questions of fact and law. Accordingly, pursuant to Fed. R. Civ. P. 42(a), the Related Actions may be consolidated for all purposes.

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would avoid unnecessary cost or delay in adjudication:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

Fed. R. Civ. P. 42(a). *See also Manuel for Complex Litig. (3d),* 20.123, at 13-14 (1995).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," *see* 15 U.S.C. 78u-4(a)(3)(A)(ii), and did not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150-51 (N.D. Cal. 1999). Under the traditional principles of consolidation, complaints may be consolidated regardless of whether the individual claims or causes of action are identical. As one court has recently noted, "neither Rule 42 nor the PSLRA demands that the actions be identical." *Takeda v. Turbodyne Techs. Inc.*, 67 F.Supp.2d 1129, 1133 (C.D. Cal. 1999). Indeed, it has long been routine in federal securities actions to consolidate such complaints, and considered prejudicial to defendants not to consolidate such actions. *See, e.g., Fields v. Wolfson*, 41 F.R.D. 329, 330 (S.D.N.Y. 1967).

As noted above, here, the allegations in the Related Actions are based on the same underlying facts and events and charge the same core defendants with violations of the federal securities laws.

NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

4

The consolidation of these actions will expedite pretrial proceedings, reduce duplication, avoid contacting of parties and witnesses for inquiries in multiple proceedings and minimize the expenditure of time and money by all persons concerned. Moreover, consolidation will reduce the confusion and delay that may result from prosecuting these related class action cases separately. Further, the defendants have not pointed to any prejudice that they would suffer as a result of the consolidation of these actions. Thus, the motion by the HP Investor Group to consolidate the Related Actions should be granted.

### B. THE HP INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by a class member in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

5

*See Erikson v. Cornerstone Propane Partners LP*, 2003 U.S. Dist. LEXIS 18009, at *8-*9 (N.D. Cal. Sept. 9, 2003); *Squyres v. Union Texas Petroleum Holdings, Inc.*, 1998 U.S. Dist. LEXIS 22945, at *5 (C.D. Cal. Nov. 2, 1998); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *11 (C.D. Cal. Apr. 26, 2001).

As set forth below, the HP Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Members of the HP Investor Group are Willing to Serve as Class Representatives

On November 26, 2012, counsel in the first filed action against the defendants caused a notice to be published pursuant to Section 21D(a)(3)(A)(i) of the PSLRA announcing that a securities class action had been filed against the defendants herein, and investors of HP had until January 25, 2013, to file a motion for appointment as Lead Plaintiff. *See* Lieberman Decl., Exhibit A.

The HP Investor Group has filed the instant motion pursuant to the Notice and has attached Certifications attesting to the members' willingness to serve as class representatives for the Class and to provide testimony at depositions and trial, if necessary. *See* Lieberman Decl., Exhibit B. Accordingly, the HP Investor Group satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2. The HP Investor Group Has the Largest Financial Interest in the Action

As noted above, the PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the "person" or "group of persons" who "has the largest financial interest in the relief sought by the class," and who also satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique

NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

6

defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002).

As of the time of the filing of this motion, the HP Investor Group believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[2] Movants' financial interest based upon these factors is demonstrated in the chart below:

| Movant | Shares Purchased | Funds Expended | Shares Retained End of Class Period | FIFO Estimated Gain (Loss) | LIFO Estimated Gain (Loss) |
|---|---|---|---|---|---|
| Wang | 21,500 | $390,785 | 14,000 | $64,656 | $64,656 |
| Smiley | 19,455 | $794,860 | 14,900 | $388,871 | $192,083 |
| Etemad | 20,000 | $495,300 | 20,000 | $201,998 | $201,998 |
| **Total** | **60,955** | **$1,680,945** | **48,900** | **$655,525** | **$458,737** |

As demonstrated above, the HP Investor Group suffered total losses of approximately $655,525 under First-In-First-Out ("FIFO") Methodology and $458,737 under Last-In-First-Out ("LIFO") Methodology. *See* Lieberman Decl., Exhibit C. S*ee also In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 993 (N.D. Cal. 1999); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). Because the HP Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[2] *See also*.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

### 3. The HP Investor Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA requires that the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-(a)(3)(B)(iii)(I)(cc). With respect to the claims of a class representative, Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) such claims are typical of those of the class; and (4) the representative will fairly and adequately protect the interests of the class. For purposes of a motion to appoint lead plaintiff pursuant to the PSLRA, however, all that is required is a "preliminary showing" that the lead plaintiff's claims are typical and adequate. *Aronson*, 79 F. Supp. 2d at 1158 (citing *Wenderhold v. Cylink Corp.*, 188 F.R.D.577, 587 (N.D. Cal. 1999)). *See Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Id.* Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Id. See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (The typicality requirement serves to "assure that the interest of the named representative aligns with the interests of the class.") (citation omitted).

The HP Investor Group's claims are typical of those of the Class. The HP Investor Group alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning HP, or omitted to state material facts necessary to make the statements not misleading. The HP Investor Group, as did

NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

8

all members of the Class, purchased HP securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosures of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda*, 67 F. Supp. 2d at 1137 (citing *In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). *Accord Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda*, 67 F. Supp. 2d at 1137 (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

The members of the HP Investor Group are adequate representatives for the Class. There is no antagonism between its interests and those of the Class and its losses demonstrate that it has sufficient interest in the outcome of this litigation. Moreover, it has retained counsel highly experienced in prosecuting securities class actions such as this action, vigorously and efficiently, and submits its choices to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

### 4. The HP Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the HP Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The HP Investor Group's ability and desire to fairly and adequately represent the Class have been discussed above. The HP Investor Group is not aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class. Thus, the HP Investor Group should be appointed Lead Plaintiff for the Class.

### C.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher*, 2001 U.S. Dist. LEXIS 6057, at *15. The Court should only interfere with lead plaintiff's selection when necessary "to protect the interests of the class15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the HP Investor Group has selected the Pomerantz firm to serve as Lead Counsel and the Wagner firm to serve as Liaison Counsel for the Class. As detailed in their firm resumes (*see* Lieberman Decl., Exhibits D and E), the Pomerantz firm and the Wagner firm have extensive expertise and experience in the field of securities litigation and have successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors. Thus, the Court may be confident that the Class will receive the highest caliber of legal representation.

NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

# CONCLUSION

WHEREFORE, the HP Investor Group respectfully requests that the Court issue an order: (1) consolidating the related actions; (2) appointing the HP Investor Group as Lead Plaintiff for the Class; (3) approving the HP Investor Group's selection of Lead and Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated: January 25, 2013

Respectfully submitted,

**THE WAGNER FIRM**

By: *s/ Avi Wagner*
Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Email: avi@thewagnerfirm.com

**POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP**
Marc I. Gross
Jeremy A. Lieberman
600 Park Avenue
New York, New York 10016
Telephone:     (212) 661-1100
Facsimile:     (212) 661-8665

**POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP**
Patrick V. Dahlstrom
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:     (312) 377-1181
Facsimile:     (312) 377-1184

Counsel for Movant and Proposed Lead Counsel and Liaison Counsel for the Class

NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

11

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHEN DISTRICT OF CALIFORNIA LOCAL RULES AND LOCAL CIVIL RULE 5-1**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1925 Century Park East, Suite 2100, Los Angeles, California 90067.

On January 25, 2013, I caused to be served the following documents:

**NOTICE OF MOTION AND MOTION OF HP INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**[PROPOSED] ORDER**

By posting the documents to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the parties as reflected on the attached Court's Service List.

And on any non-ECF registered party:

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 25, 2013, at Los Angeles, California.

*s/ Avi Wagner*
Avi Wagner

# Mailing Information for a Case 3:12-cv-05980-CRB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Marie Caroline Bafus**
  mbafus@fenwick.com,cprocida@fenwick.com

- **Andrea Bascheri**
  sammirati@bottinilaw.com

- **Francis A. Bottini , Jr**
  fbottini@bottinilaw.com,sammirati@bottinilaw.com

- **Brian Danitz**
  bdanitz@wsgr.com,pbaird@wsgr.com

- **John C. Dwyer**
  dwyerjc@cooley.com,jkaban@cooley.com,giovannonib@cooley.com,sjoiner@cooley.com

- **Matthew Kendall Edling**
  medling@cpmlegal.com,jhamilton@cpmlegal.com,obacigalupi@cpmlegal.com

- **Joseph Edward Floren**
  jfloren@morganlewis.com,rluke@morganlewis.com

- **Tahir Ikeem Golden**
  tgolden@fenwick.com,vpieretti@fenwick.com

- **Katherine Leigh Henderson**
  khenderson@wsgr.com,abaranski@wsgr.com

- **Jeffrey Michael Kaban**
  kabanjm@cooley.com,lalmanza@cooley.com

- **Kimberly Alexander Kane**
  kkane@morganlewis.com,rluke@morganlewis.com

- **Bryan Jacob Ketroser**
  bketroser@wsgr.com

- **Kevin Peter Muck**
  kmuck@fenwick.com,cprocida@fenwick.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Stephen Cassidy Neal**
  nealsc@cooley.com,wilsonla@cooley.com

- **Karen A. Pieslak Pohlmann**
  kpohlmann@morganlewis.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **Steven Mark Schatz**
  sschatz@wsgr.com

- **Marc J. Sonnenfeld**
  msonnenfeld@morganlewis.com

- **Jeffrey Michael Walker**
  jwalker@cooley.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Matthew S. Weiler**
  mweiler@morganlewis.com,eyemoto@morganlewis.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,erinj@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

# Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)