KESSLER TOPAZ MELTZER
    & CHECK, LLP
RAMZI ABADOU (Bar No. 222567)
ELI R. GREENSTEIN (Bar No. 217945)
STACEY M. KAPLAN (Bar No. 241989)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:  (415) 400-3000
Fax:  (415) 400-3001
rabadou@ktmc.com
egreenstein@ktmc.com
skaplan@ktmc.com

BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
BLAIR A. NICHOLAS (Bar No. 178428)
NIKI L. MENDOZA (Bar No. 214646)
JONATHAN D. USLANER (Bar No. 256898)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:  (858) 793-0070
Fax:  (858) 793-0323
blairn@blbglaw.com
nikim@blbglaw.com
jonathanu@blbglaw.com

*Counsel for PGGM Vermogensbeheer B.V., the State of Oregon by
and through the Oregon State Treasurer on behalf of the Common
School Fund and, together with the Oregon Public Employees
Retirement Board, on behalf of the Oregon Public Employees
Retirement Fund and Oklahoma Teachers Retirement System and
Proposed Co-Lead Counsel for the Class*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLAN J. NICOLOW, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, LEO APOTHEKER, MARGARET C. WHITMAN, CATHERINE A. LESJAK, and JAMES T. MURRIN,<br><br>Defendants. | Case No. CV-12-05980 CRB<br><br>**PGGM, OREGON AND OKLAHOMA'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF ALL RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF THEIR SELECTION OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      March 1, 2013<br>Time:     10:00 a.m.<br>Room:    6 – 17th Floor<br>Judge:    Charles R. Breyer |

*(Additional captions on following pages)*

| | |
|---|---|
| DAVIN POKOIK, Individually and on Behalf of All Others Similarly Situated, | Case No. CV-12-06074 CRB |
| Plaintiff, | |
| v. | |
| HEWLETT-PACKARD COMPANY, AUTONOMY CORPORATION PLC, DELOITTE LLP, LEO APOTHEKER, MARGARET C. WHITMAN, CATHERINE A. LESJAK, JAMES T. MURRIN, MICHAEL R. LYNCH, and SUSHOVAN HUSSAIN, | |
| Defendants. | |
| PAUL NEUMANN, | Case No. CV-13-00284 EJD |
| Plaintiff, | |
| v. | |
| HEWLETT-PACKARD COMPANY, MARGARET C. WHITMAN, LEO APOTHEKER, JAMES T. MURRIN, CATHERINE A. LESJAK, and MARK HURD, | |
| Defendants. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I.      SUMMARY OF ARGUMENT.................................................................... 2

II.     STATEMENT OF FACTS ...................................................................... 4

    A.      The Autonomy/EDS Allegations.......................................................... 4

    B.      The Integrity Allegations................................................................... 6

III.    ARGUMENT ..................................................................................... 7

    A.      The Related Actions Should Be Consolidated ...................................... 7

    B.      PGGM, Oregon and Oklahoma Are the Most Adequate Plaintiff...................... 7

        1.      PGGM, Oregon and Oklahoma's Motion Is Timely ................................. 8

        2.      PGGM, Oregon and Oklahoma Have the Largest Financial Interest in the Relief Sought by the Class ................................. 8

        3.      PGGM, Oregon and Oklahoma Satisfy Rule 23's Typicality and Adequacy Requirements ...................................................... 9

    C.      The Court Should Approve PGGM, Oregon and Oklahoma's Selection of Co-Lead Counsel........................................................... 12

IV.     CONCLUSION ................................................................................. 13

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

CASES

4

*City of Ann Arbor Emps.' Ret. Sys. v. Accuray Inc.*,
    2009 U.S. Dist. LEXIS 105466 (N.D. Cal. 2009) ...................................7

5

*City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*,
6          2005 WL 318813 (N.D. Cal. 2005) .....................................................9

7

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ............................................................9
8

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
9          258 F.R.D. 260 (S.D.N.Y. 2009) .......................................................10

10

*In re Cavanaugh*,
11          306 F.3d 726 (9th Cir. 2002) ..................................................2, 7, 8, 12

12

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ...............................................................12
13

*In re Century Aluminum Co. Sec. Litig.*,
14          2009 U.S. Dist. LEXIS 81205 (N.D. Cal. 2009) ..................................7

15

*In re Versata, Inc., Sec. Litig.*,
16          2001 U.S. Dist. LEXIS 24270 (N.D. Cal. 2001) ..............................3, 10

17

*Plichta v. SunPower Corp.*,
    No. 09-cv-05473-CRB, (N.D. Cal. 2010) .............................3, 4, 11, 13
18

*Rafton v. Rydex Series Funds*,
19          2010 WL 2629579 (N.D. Cal. 2010) ...................................................7

20

*Russo v. Finisar Corp.*,
21          2011 WL 5117560 (N.D. Cal. 2011) ...................................................9

22

RULES & STATUTES

23

15 U.S.C. §78u-4 ...............................................................................*passim*

24

15 U.S.C. §78j(b) .........................................................................................2

25

15 U.S.C. §78t ..............................................................................................2

26

17 C.F.R. §240.10b-5 ...................................................................................2

27

Fed. R. Civ. P. 23 ..................................................................................2, 8, 9

28

Fed. R. Civ. P. 42 ............................................................................................................2, 7

1

## NOTICE OF MOTION AND MOTION

2   TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

3          PLEASE TAKE NOTICE that on Friday, March 1, 2013, at 10:00 a.m., or as soon

4   thereafter as the matter may be heard, in Courtroom 6, 17th Floor, of the Honorable Charles R.

5   Breyer, PGGM Vermogensbeheer B.V. ("PGGM"), the State of Oregon by and through the

6   Oregon State Treasurer on behalf of the Common School Fund and, together with the Oregon

7   Public Employees Retirement Board, on behalf of the Oregon Public Employees Retirement

8   Fund ("Oregon") and Oklahoma Teachers Retirement System ("Oklahoma") (collectively, the

9   "Funds"), will and hereby do move this Court for an order: (1) consolidating all related actions;

10  (2) appointing PGGM, Oregon and Oklahoma as Lead Plaintiff pursuant to the Private Securities

11  Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*; and (3) approving their

12  selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") and Bernstein Litowitz

13  Berger & Grossmann LLP ("Bernstein Litowitz") as Co-Lead Counsel for the class.

14         This Motion is made on the grounds that PGGM, Oregon and Oklahoma timely filed this

15  Motion and are the "most adequate plaintiff" pursuant to the PSLRA. 15 U.S.C. §78u-4(a)(3)(B).

16  They have also selected and retained counsel who have served as class counsel in numerous

17  complex securities class actions, including actions before this Court, and have successfully

18  prosecuted securities class actions together in the past.  PGGM, Oregon and Oklahoma thus seek

19  this Court's approval of their selection of Kessler Topaz and Bernstein Litowitz as Co-Lead

20  Counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

21         In support of this Motion, PGGM, Oregon and Oklahoma submit herewith a

22  Memorandum of Points and Authorities and the Declaration of Ramzi Abadou (the "Abadou

23  Decl.").

24

25

26

27

28

<u>**STATEMENT OF ISSUES TO BE DECIDED**</u>

1.     Whether the above-captioned actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) ("Rule 42(a)").

2.     Whether PGGM, Oregon and Oklahoma should be appointed as Lead Plaintiff under the PSLRA.

3.     Whether Kessler Topaz and Bernstein Litowitz should be approved as Co-Lead Counsel for the class under the PSLRA.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

PGGM, Oregon and Oklahoma respectfully submit this Memorandum of Points and Authorities in support of their Motion for: (1) consolidation of the related actions; (2) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the PSLRA; and (3) approval of their selection of Kessler Topaz and Bernstein Litowitz as Co-Lead Counsel for the class.

**I.     SUMMARY OF ARGUMENT**

Three class actions (the "Actions") brought on behalf of all persons who purchased Hewlett-Packard Company ("HP" or the "Company") securities are currently pending in this District.  The Actions allege violations of Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §§78j(b) and 78t), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), against, *inter alia*, HP, and certain of HP's executive officers.   As detailed below, although the Actions assert different class periods, they all involve common issues of law and fact and should be consolidated pursuant to Rule 42(a).  *See* §III.A., *infra*.

After consolidation, the PSLRA sets forth the process for determining which movant is the "most adequate plaintiff."  *See In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  The Court must determine which "person or group of persons" has the "largest financial interest in the relief sought by the class," and ensure that they also make a *prima facie* showing of typicality and adequacy under Fed. R. Civ. P. 23 ("Rule 23").  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

1    PGGM, Oregon and Oklahoma respectfully submit that they are presumptively the "most

2    adequate plaintiff" under the PSLRA.  First, they have the largest financial interest of any

3    movant properly before the Court as they suffered a loss of $60,210,145 under a first-in first-out

4    ("FIFO") basis and $51,111,664 under a last-in first-out ("LIFO") between August 19, 2011 and

5    November 20, 2012; and $118,884,690 under FIFO and $85,256,418 under LIFO between

6    February 20, 2008 and November 20, 2012.[1]

7    Next, PGGM, Oregon and Oklahoma are not only typical and adequate, but they have

8    detailed their commitment to actively directing this Action through the Joint Declaration of

9    Femke van't Groenewout, John Dunbar and Regina Switzer in Support of the Motion of PGGM,

10   Oregon and Oklahoma for Consolidation of all Related Actions, Appointment as Lead Plaintiff,

11   and Approval of Their Selection of Co-Lead Counsel (the "Joint Declaration") (Abadou Decl.,

12   Ex. C).  The PSLRA also invites the appointment of small groups of institutional investors – like

13   PGGM, Oregon and Oklahoma – to serve as lead plaintiff.  *See, e.g.*, *In re Versata, Inc., Sec.*

14   *Litig.*, 2001 U.S. Dist. LEXIS 24270, at *24 (N.D. Cal. 2001) ("Congress intended that the lead

15   plaintiff procedures under the PSLRA 'would encourage institutional investors to take a more

16   active role in securities class action lawsuits.'") (citing H.R. Rep. No. 104-369 at 34 (1995),

17   *reprinted in* 1995 U.S.C.C.A.N. 730, 733); Order Consolidating Related Actions, Appointing the

18   Institutional Investor Funds as Lead Plaintiff, and Approving Their Selection of Lead Counsel,

19   *Plichta v. SunPower Corp.*, No. 09-cv-05473-CRB, Docket No. 70 (N.D. Cal. Mar. 5, 2010)

20   (Breyer, J.) (appointing group of institutional investors; approving Kessler Topaz and Bernstein

21   Litowitz Co-Lead Counsel) (Abadou Decl., Ex. D) ("*SunPower*").

22   Finally, PGGM, Oregon and Oklahoma have selected Kessler Topaz and Bernstein

23   Litowitz as Co-Lead Counsel.  *See* §III.C, *infra*.  Kessler Topaz and Bernstein Litowitz are

24   nationally-recognized securities class action litigation firms that have jointly recovered billions

25   of dollars in damages for injured shareholders and were approved as lead counsel by this Court in

26   ———————————————————————————

[1]    Copies of the PSLRA-required certifications submitted by the members of PGGM,
27   Oregon and Oklahoma are attached as Exhibit A to the Abadou Declaration.  In addition, a chart
reflecting the calculation of the financial losses of PGGM, Oregon and Oklahoma in connection
28   with relevant transactions in HP securities is attached as Exhibit B to the Abadou Declaration.

1    *SunPower*.  *See* Abadou Decl., Ex. D.   Additionally, Kessler Topaz and Bernstein Litowitz have

2    significant experience jointly prosecuting complex class action lawsuits including, for example,

3    securities class actions against Bank of America Corporation (led by, *inter alia*, PGGM), J.P.

4    Morgan (led by, *inter alia*, Oregon) and Medtronic, Inc. (led by, *inter alia*, Oklahoma).  Thus,

5    Kessler Topaz and Bernstein Litowitz are highly qualified to prosecute this case.

6    **II.      STATEMENT OF FACTS[2]**

7          HP is a global provider of products, technologies, software, solutions and services to

8    individual customers, small- and medium-sized businesses, and large enterprises, including

9    customers in the government, health and education sectors.

10         **A.      The Autonomy/EDS Allegations**

11         The first two of the related actions were filed on November 26, 2012 and November 30,

12   2012, and allege that during the time period of August 19, 2011 to November 20, 2012, inclusive,

13   HP concealed that it acquired Autonomy Corporation plc ("Autonomy") based on financial

14   statements that were riddled with serious accounting improprieties, including the

15   mischaracterization of revenue.  *Nicolow v. Hewlett-Packard Co.*, No. C 12-5980 CRB (N.D.

16   Cal.); *Pokoik v. Hewlett-Packard Co.*, No. C 12-6074 CRB (N.D. Cal.).[3]  Rather than revealing

17   Autonomy's true financial condition to investors, defendant Leo Apotheker (HP's former CEO)

18   touted numerous aspects of the acquisition, represented that Autonomy was a "highly profitable"

19   company and that the Company subjected Autonomy to a rigorous valuation process.   The

20   *Nicolow* and *Pokoik* actions also allege that defendants concealed known negative business

21   trends concerning the profit margins of HP's Enterprise Services business, formerly known as

22   Electronic Data Systems Corporation ("EDS"), which the Company acquired in August 2008 for

---

[2]      PGGM, Oregon and Oklahoma have each reviewed a complaint filed in this Action and adopt its allegations.

[3]      On November 26, 2012, counsel for plaintiff Allan J. Nicolow issued a press release providing notice of the filing of the *Nicolow* action, as required by the PSLRA.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i); Abadou Decl., Ex. E.  The notice triggered the 60-day statutory deadline for members of the class to file motions seeking appointment as Lead Plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i)(II).

---

1    $13 billion.  Defendant Mark Hurd (HP's CEO prior to Apotheker) hailed this acquisition as a
2    "historic day," prior to his ouster.

3            On August 22, 2012, HP issued a press release announcing a third quarter loss of $4.49
4    per share, largely as the result of an $8.0 billion charge for the impairment of goodwill associated
5    with the acquisition of EDS.  During the investor conference call that day, Margaret C. Whitman
6    also stated that "Autonomy still requires a great deal of attention and we've been aggressively
7    working on that business."  On this news, HP's stock fell $1.56 per share on August 23, 2012 to
8    close at $17.64 per share, on unusually high volume.

9            On October 3, 2012, the Company provided additional information about the EDS write-
10   down when it announced that the Enterprise Services business had suffered a slump in operating
11   margins.  In response to this news, the Company's stock declined $2.22 per share to close at
12   $14.91 per share on October 3, 2012.

13           On November 20, 2012, HP disclosed that it had taken an $8.8 billion impairment charge
14   related to Autonomy.  According to the Company, "[t]he majority of this impairment charge,
15   more than $5 billion, is linked to serious accounting improprieties, misrepresentation and
16   disclosure failures discovered by an internal investigation…into Autonomy's accounting
17   practices prior to its acquisition by HP."  Based on the investigation, the Company concluded
18   that "Autonomy was substantially overvalued at the time of its acquisition" as the result of "a
19   willful effort on behalf of certain former Autonomy employees to inflate the underlying financial
20   metrics of the company in order to mislead investors and potential buyers."  On this news, the
21   Company's common stock fell $1.59 per share, or approximately 12%, from a close of $13.30
22   per share on November 19, 2012 to close at $11.71 per share on November 20, 2012.  This
23   decline eliminated more than $3.1 billion from the Company's market capitalization value in a
24   single-trading day.[4]

25   _____

26   [4]       *Nicolow* and *Pokoik* assert claims for violations of §§10(b) and 20(a) of the Exchange Act
     against the Company, as well as Leo Apotheker (HP's President and CEO from November 2010
27   until September 2011), Margaret C. Whitman (HP's current President and CEO), Catherine A.
     Lesjak (HP's CFO), James T. Murrin (HP's Chief Accounting Office and Controller until May 1,
28   2012), Michael R. Lynch (HP's Executive Vice President, Information Management between
     November 2011 and May 2012, and prior to that, Autonomy's CEO and Co-Founder), Sushovan

1

**B.      The Integrity Allegations**

2

On January 18, 2013, a third action, *Neumann v. Hewlett-Packard Co.*, No. C 13-0284-

3

EJD, was filed in this District.  *Neumann* asserts claims under Sections 10(b) and 20(a) of the

4

Exchange Act against the same defendants named in the *Nicolow* and *Pokoik* actions, and also

5

asserts claims against Hurd (HP's CEO from January 2005 until August 2010).  The *Neumann*

6

complaint expands upon the allegations in *Nicolow* and *Pokoik* to assert violations of the

7

Exchange Act during the period from February 20, 2008 through November 20, 2012.

8

The *Neumann* action alleges the Autonomy-related theory and also alleges that HP misled

9

investors with respect to its Integrity line of computer servers by concealing that Intel

10

Corporation ("Intel") wanted to cease making the Itanium processing chip used by Integrity

11

servers and that the Integrity servers would soon become obsolete had it not been for a series of

12

secret payments by HP to Intel.  Specifically, the *Neumann* action alleges that HP secretly paid

13

Intel $440 million in order to ensure that Intel continued manufacturing Itanium chips.

14

According to the *Neumann* action, during the time that HP was making these secret payments to

15

Intel, HP made false statements to investors regarding the long-term viability of its Integrity

16

servers.  The secret payments became public through a lawsuit between HP and Oracle

17

Corporation ("Oracle") which was initiated after Oracle announced that it would halt future

18

development of its software to support Itanium servers.

19

On August 18, 2011, defendant Lesjak stated that "[t]he challenge to our Business

20

Critical Systems business due to the Oracle Itanium issue is real and we are addressing that."  On

21

this news, the Company's common stock fell $5.91 per share, or more than 20%, from a close of

22

$29.51 per share on August 18, 2011 to close at $23.60 per share on August 19, 2011.  Over the

23

following quarters, HP continued to report declining revenues in its Business Critical Systems

24

business associated with its Integrity servers resulting in additional stock declines.

25

26

27

Hussain (Autonomy's CFO), Autonomy, and Deloitte LLP (Autonomy's auditor prior to and
during HP's acquisition).

28

III.    **ARGUMENT**

A.      **The Related Actions Should Be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii); *see also In re Century Aluminum Co. Sec. Litig.*, 2009 U.S. Dist. LEXIS 81205, at *6-8 (N.D. Cal. 2009) ("A court must rule on a motion to consolidate before it can rule on a motion to appoint a lead plaintiff."). There are at least three related securities class actions pending in this District on behalf of investors who purchased HP securities during the Class Period:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Nicolow v. Hewlett-Packard Co., et al.* | CV-12-05980 CRB | November 26, 2012 |
| *Pokoik v. Hewlett-Packard Co., et al.* | CV-12-06074 CRB | November 30, 2012 |
| *Neumann v. Hewlett-Packard Co., et al.* | CV-13-00284 EJD | January 18, 2013 |

Under Rule 42(a), consolidation is appropriate where the actions involve common questions of law or fact. *City of Ann Arbor Emps.' Ret. Sys. v. Accuray Inc.*, 2009 U.S. Dist. LEXIS 105466, at *4-5 (N.D. Cal. 2009). Here, the Actions present similar factual and legal issues, arising, in part, out of the same alleged course of misconduct, and involve the purchase of HP securities at artificially inflated prices during the Class Period. Accordingly, consolidation is appropriate. *See Century Aluminum*, 2009 U.S. Dist. LEXIS 81205, at *6-8.

B.      **PGGM, Oregon and Oklahoma Are the Most Adequate Plaintiff**

The PSLRA provides a straightforward process for selecting the "most adequate plaintiff" for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. §78u-4(a)(3)(B); *see also Cavanaugh*, 306 F.3d at 729 (9th Cir. 2002); *Rafton v. Rydex Series Funds*, 2010 WL 2629579, at *5 (N.D. Cal. 2010) (Breyer, J.) (discussing steps for selecting a lead plaintiff under the PSLRA). Pursuant to the PSLRA, the Court is to appoint the "person or group of persons" with

1    the largest financial interest in the relief sought by the class that otherwise satisfies the

2    requirements of Rule 23.  15 U.S.C. §78u-4(a)(3)(A)(i); *see also Cavanaugh*, 306 F.3d at 729-32.

3    The "most adequate plaintiff" presumption attaching to such an applicant may be rebutted only

4    upon "proof" that it "will not fairly and adequately protect the interests of the class" or "is

5    subject to unique defenses that render such plaintiff incapable of adequately representing the

6    class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  Here, PGGM, Oregon and Oklahoma are the "most

7    adequate plaintiff" because: (i) they have complied with all of the PSLRA's procedural

8    requirements; (ii) possess the "largest financial interest in the relief sought by the class;" and (iii)

9    "otherwise satisfy the requirements of Rule 23" for purposes of this Motion.

10                   **1.    PGGM, Oregon and Oklahoma's Motion Is Timely**

11          The PSLRA enables any "member or members" of the class to move for appointment as

12   lead plaintiff within 60 days of the publication of notice that the first action has been filed.  *See*

13   15 U.S.C. §78u-4(a)(3)(A).  Here, in connection with the filing of the first-filed action, notice

14   was published on November 26, 2012, by counsel for Allan J. Nicolow.  *See* Abadou Decl., Ex.

15   E.  Accordingly, the deadline to seek lead plaintiff status is January 25, 2013.  PGGM, Oregon

16   and Oklahoma's Motion is therefore timely.  *Id.*

17                   **2.    PGGM, Oregon and Oklahoma Have the Largest Financial Interest in
18                           the Relief Sought by the Class**

19          PGGM, Oregon and Oklahoma suffered substantial losses from their transactions in HP

20   securities during either of the two class periods alleged in the filed actions.  Specifically, during

21   the shorter class period alleged in the *Nicolow* and *Pokoik* actions, the Funds suffered losses of

22   $60,210,145 (FIFO) and $51,111,664 (LIFO).  *See* Abadou Decl., Ex. B.  In the longer period

23   asserted in the *Neumann* action, the Funds suffered losses of $118,884,690 (FIFO) and

24   $85,256,418 (LIFO).  *See id.*  To the best of their knowledge, there are no other applicants

25   seeking lead plaintiff appointment that have a larger financial interest in the outcome of the

26   litigation.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 729-32.

27

28

### 3. PGGM, Oregon and Oklahoma Satisfy Rule 23's Typicality and Adequacy Requirements

PGGM, Oregon and Oklahoma also satisfy the applicable requirements of Rule 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At the lead plaintiff stage, all that is required to satisfy Rule 23 is a preliminary showing that the proposed lead plaintiff's claims are typical and adequate. *See*, *e.g.*, *Russo v. Finisar Corp.*, 2011 WL 5117560, at *3 (N.D. Cal. 2011).

### a. PGGM, Oregon and Oklahoma Are Typical

"Representative claims are typical if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). The typicality requirement is satisfied here because PGGM, Oregon and Oklahoma seek the same relief and advance the same legal theories as other class members, and are not subject to any unique or special defenses. Like all members of the class, they seek to recover for losses incurred as a result of defendants' alleged misrepresentations and omissions and subsequent declines in the value of HP securities. These shared claims, which are based on the common legal theories, and arise from the same events and course of conduct as the claims of the other class members, satisfy Rule 23(a)(3)'s typicality requirement. *See City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, 2005 WL 318813, at *4 (N.D. Cal. 2005) ("[T]he typicality requirement is satisfied when the named plaintiffs: (1) suffer the same injuries as the absent class members; (2) as a result of the same course of conduct by the defendants; and (3) their claims are based on the same legal issues").

### b. PGGM, Oregon and Oklahoma Are Adequate

Adequacy is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Whether a party can fairly and adequately protect the interests of the class depends on the following considerations: (a) the qualifications of counsel for the representatives; (b) an absence of antagonism between the proposed representative and other members of the proposed class; (c) shared interests between the representative and other members of the proposed class; and (d) the unlikelihood that the suit is collusive.'" *AXT*, 2005 WL 318813, at *4

1

PGGM, Oregon and Oklahoma meet these requirements.  No antagonism exists between

2

their interests and those of the absent class members; rather, the interests of both groups are

3

squarely aligned.  In addition, PGGM, Oregon and Oklahoma have retained counsel experienced

4

in prosecuting securities class actions vigorously and efficiently.  *See* Joint Decl., ¶¶3, 5, 7, 16.

5

In addition, the Funds incurred substantial financial harm from their relevant purchases of HP

6

securities due to Defendants' alleged misrepresentations and omissions and, therefore, have a

7

strong interest in ensuring the vigorous prosecution of the Action.  Finally, there is no evidence

8

of collusion.

9

Moreover, the Funds decided to jointly serve as lead plaintiff based on their commitment

10

to maximizing investors' recovery and their shared interest in demanding meaningful corporate

11

governance reform at HP.   *See id.* ¶13.  They jointly believe that HP's investors will benefit

12

from leadership by dedicated and sophisticated institutional investors that have the necessary

13

experience and resources to oversee this litigation, and who are committed to achieving the best

14

possible outcome for investors.  *Id.* ¶¶8-9, 11-12.  The Joint Declaration, not only demonstrates

15

their cooperation and ability to effectively oversee the litigation (*see id.* ¶¶11-15, 17-18), it

16

evidences that they determined independently of counsel to seek appointment as lead plaintiff

17

here.  *See id.* ¶¶10-11.

18

PGGM, Oregon and Oklahoma also understand the fiduciary duties owed by a lead

19

plaintiff and are committed to overseeing the vigorous prosecution of this litigation.   *Id.*

20

Consistent with their obligations to the class, the Funds have established procedures for

21

supervising counsel and for communicating regularly among themselves (with and without

22

counsel as needed).  *See id.* ¶15.  These steps will ensure that this litigation is prosecuted

23

effectively and efficiently and without duplication of effort.  *See id.* ¶17; *see also Versata*, 2001

24

U.S. Dist. LEXIS 24270, at *22-26 (group of sophisticated investors that submitted declarations

25

"providing background information and articulating why [each] member is seeking lead plaintiff

26

status as part of the asserted group" "sufficiently cohesive and structured to maximize its

27

individual strengths and sophisticated business knowledge"); *In re Bank of Am. Corp. Sec.,*

28

*Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (groups, including PGGM,

1    "demonstrated cooperation among plaintiffs, particularly plaintiffs that are sophisticated

2    institutional investors, satisfies concerns about designating groups as lead plaintiffs that are in

3    fact dominated by counsel"); *see also SunPower* (Abadou Decl., Ex. D) (appointing group of

4    institutional investors).

5            In addition, PGGM, Oregon and Oklahoma's service as lead plaintiff in other securities

6    class actions under the PSLRA will be an asset to the class.  *See* Joint Decl., ¶¶3, 5, 7.  For

7    example:

8        •   PGGM (overseeing Kessler Topaz and Bernstein Litowitz) is currently serving as
             a lead plaintiff in *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, No.
9            09-MDL-2058 (DC) (S.D.N.Y.).  This action has resulted in a preliminary
             settlement of $2.425 billion ***and*** led significant corporate governance reforms;
10

11       •   Oregon is currently serving as a lead plaintiff in *In re JPMorgan Chase & Co. Sec.
             Litig.*, No. 12-cv-03852-GBD (S.D.N.Y.) (overseeing Kessler Topaz and Bernstein
12           Litowitz) and *La. Mun. Police Emps.' Ret. Sys. v. Bank of N.Y. Mellon Corp.,* No.
             11-cv-09175-LAK (S.D.N.Y.) (overseeing Bernstein Litowitz); and
13

14       •   Oklahoma served as a lead plaintiff in *Minneapolis Firefighters' Relief Ass'n v.
             Medtronic, Inc.*, No. 08-cv-06324-PAM-AJB (D. Minn.) (overseeing Kessler
15           Topaz and Bernstein Litowitz) and recently settled the action for $85 million.
             Including *Medtronic*, Oklahoma has recovered over $245 million for investors.
16           *See In re MoneyGram Int'l, Inc. Sec. Litig.*, No. 08-cv-883 (D. Minn.) (obtaining
             $80 million recovery); *In re MBIA, Inc., Sec. Litig.*, No. 08-cv-264-KMK
17           (S.D.N.Y.) (obtaining $68 recovery); *In re Connetics Sec. Litig.*, No. C 07-02940
             SI (N.D. Cal.) (obtaining $12.75 million settlement on behalf of class).
18

19           Oregon has the added benefit of drawing upon the resources of the Office of the Attorney

20   General and the Department of Justice of the State of Oregon, as well as the Oregon State

21   Treasury.  *See* Joint Decl., ¶12.  PGGM and Oklahoma are likewise staffed with professionals

22   devoted to monitoring counsel and overseeing the prosecution of the action.  *Id.*  The significant

23   resources available to the Funds ensure that proposed Lead Counsel's prosecution of this action

24   will be overseen by attorneys and other professionals who are highly experienced in conducting

25   and supervising complex litigation.  *See id.*; *see also id.* ¶¶14-17.

26

27

28

C.    **The Court Should Approve PGGM, Oregon and Oklahoma's Selection of Co-Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732 n.11.  "[T]he [C]ourt should generally employ a deferential standard in reviewing the lead plaintiff's choices."  *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001).  Here, PGGM, Oregon and Oklahoma have selected Kessler Topaz and Bernstein Litowitz to serve as Co-Lead Counsel for the Class.

Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field.  Kessler Topaz has successfully prosecuted (or is currently prosecuting) numerous securities class actions on behalf of injured investors, including: *In re Tyco Int'l, Ltd. Sec. Litig.*, No. 02-1335-B (D.N.H.) ($3.2 billion recovery); *In re Tenet Healthcare Corp. Sec. Litig.*, No. CV-02-8462-RSWL (Rx) (C.D. Cal.) ($215 million recovery).  *See* Kessler Topaz Firm Resume, Abadou Decl., Ex. F.  Kessler Topaz was also involved in the prosecution of *In re Brocade Sec. Litig.*, No. C 5-2042 CRB (N.D. Cal.) before this Court, obtaining a $160 million recovery for aggrieved investors.

Bernstein Litowitz is also a nationally recognized law firm specializing in prosecuting securities class actions.  Bernstein Litowitz served as co-lead counsel in *In re WorldCom, Inc. Sec. Litig.*, No. 02-cv-3288 (S.D.N.Y.), in which settlements totaling in excess of $6 billion were obtained for the class, *In re McKesson HBOC, Inc. Sec. Litig.*, No. C 99-20743 RMW (N.D. Cal.), where Bernstein Litowitz helped obtain a $960 million settlement from the issuer defendant – the single largest settlement of any securities class action within the Ninth Circuit – fand an additional $72 million from the defendant auditor and $10 million from the investment banking defendant.  Bernstein Litowitz also served as lead counsel in *In re Clarent Corp. Sec. Litig.*, No. C 01-3361 CRB (N.D. Cal.) (Breyer, J.), obtaining a favorable jury verdict finding the CEO of Clarent Corporation and the company's former auditor liable for violations of federal securities laws, leading to a recovery of millions of dollars for damaged investors.  *See also* Bernstein Litowitz Firm Resume, Abadou Decl., Ex. G.

1     Kessler Topaz and Bernstein Litowitz are not only each well-qualified and experienced

2 law firms in their own right, but they have a successful record of working cooperatively as co-

3 lead counsel in *SunPower*. *See* Abadou Decl., Ex. D.  Additionally, the firms are presently

4 jointly serving as Co-Lead Counsel in actions being led by PGGM, Oregon and Oklahoma,

5 including, Bank of America Corporation, Medtronic, Inc. and J.P. Morgan.  *See also In re*

6 *Satyam Computer Servs., Ltd. Sec. Litig.*, No. 09-MD-2027 (S.D.N.Y.) (Kessler Topaz and

7 Bernstein Litowitz recovered $150 million); *In re Lehman Bros. Equity/Debt Sec. Litig.*, No. 08-

8 cv-5523 (S.D.N.Y.) (Kessler Topaz and Bernstein Litowitz recovered $516 million (partial

9 recovery)); *In re Wachovia Preferred Sec. and Bond/Notes Litig.*, No. 09-cv-06351 (S.D.N.Y.)

10 (Kessler Topaz and Bernstein Litowitz recovered $627 million); *In re Green Mountain Coffee*

11 *Roasters, Inc. Sec. Litig.*, No. 11-cv-289 (D. Vt.) (Kessler Topaz and Bernstein Litowitz serving

12 as Co-Lead Counsel).  Thus, because the Court may be assured that by granting this Motion, the

13 class will receive the highest caliber of legal representation, it should approve PGGM, Oregon

14 and Oklahoma's selection of Kessler Topaz and Bernstein Litowitz as Co-Lead Counsel for the

15 class.

16     In addition, Stoll Stoll Berne Lokting & Shlachter P.C. ("Stoll Berne"), which serves as

17 additional counsel to Oregon, and will work under the direction of and cooperation with

18 proposed Lead Counsel, has represented Oregon in several complex securities actions, and has

19 extensive experience prosecuting individual and class securities cases, including litigating such

20 cases to trial.  *See* Abadou Decl., Ex. H.    For example, Stoll Berne is representing Oregon in

21 *State of Or. v. BP Am., Inc*., No. 12-cv-01836 (S.D. Tex.) and *State of Or. v. Marsh & McLennan*

22 *Cos., Inc*., No. S059386 (Or.).  Stoll Berne is also working with Kessler Topaz and Bernstein

23 Litowitz in *J.P. Morgan.*

24 **IV.    CONCLUSION**

25     For the foregoing reasons, PGGM, Oregon and Oklahoma respectfully request that the

26 Court: (1) consolidate all related actions; (2) appoint PGGM, Oregon and Oklahoma as Lead

27 Plaintiff; and (3) approve their selection of Kessler Topaz and Bernstein Litowitz as Co-Lead

28 Counsel for the class.

1    Dated:  January 25, 2013                    Respectfully submitted,

2                                                KESSLER TOPAZ MELTZER

3                                                   & CHECK, LLP

4                                                */s/ Ramzi Abadou*
                                                 RAMZI ABADOU
5                                                ELI R. GREENSTEIN
                                                 STACEY M. KAPLAN
6                                                One Sansome Street, Suite 1850
                                                 San Francisco, CA 94104
7                                                Tel:  (415) 400-3000
                                                 Fax:  (415) 400-3001
8                                                rabadou@ktmc.com
                                                 egreenstein@ktmc.com
9                                                skaplan@ktmc.com

10                                               -and-

11                                               DARREN J. CHECK
                                                 280 King of Prussia Road
12                                               Radnor, PA 19087
                                                 Tel:  (610) 667-7706
13                                               Fax:  (610) 667-7056
                                                 dcheck@ktmc.com
14
                                                 BERNSTEIN LITOWITZ BERGER
15                                                  & GROSSMANN LLP
                                                 BLAIR A. NICHOLAS (Bar No. 178428)
16                                               NIKI L. MENDOZA (Bar No. 214646)
                                                 JONATHAN D. USLANER (Bar No. 256898)
17                                               12481 High Bluff Drive, Suite 300
                                                 San Diego, CA 92130
18                                               Tel:  (858) 793-0070
                                                 Fax:  (858) 793-0323
19                                               blairn@blbglaw.com
                                                 nikim@blbglaw.com
20                                               jonathanu@blbglaw.com

21                                               -and-

22                                               GERALD H. SILK
                                                 AVI JOSEFSON
23                                               1285 Avenue of the Americas, 38th Floor
                                                 New York, NY 10019
24                                               Tel:  (212) 554-1400
                                                 Fax:  (212) 554-1444
25                                               jerry@blbglaw.com
                                                 avi@blbglaw.com
26
                                                 *Counsel for PGGM Vermogensbeheer B.V.,*
27                                               *the State of Oregon by and through the*
                                                 *Oregon State Treasurer on behalf of the*
28                                               *Common School Fund and, together with the*

---

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,                -14-
AND APPROVAL OF CO-LEAD COUNSEL
Case No. CV-12-05980 CRB

1  |  *Oregon Public Employees Retirement Board, on behalf of the Oregon Public Employees Retirement Fund and Oklahoma Teachers Retirement System and Proposed Co-Lead Counsel for the Class*

2

3

4  STOLL STOLL BERNE LOKTING &
      SHLACHTER P.C.
5  KEITH S. DUBANEVICH
   SCOTT SHORR
6  209 Southwest Oak Street
   Portland, OR 97204
7  Tel:  (503) 227-1600
   Fax:  (503) 227-6840
8
9  *Special Assistant Attorneys General and Counsel for Proposed Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer on behalf of the Common School Fund and, together with the Oregon Public Employees Retirement Board, on behalf of the Oregon Public Employees Retirement Fund*
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

### CERTIFICATE OF SERVICE

2      I hereby certify that on January 25, 2013, I authorized the electronic filing of the

3  foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4  such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I

5  hereby certify that I caused to be mailed the foregoing document or paper via the United States

6  Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

7      I certify under penalty of perjury under the laws of the United States of America that the

8  foregoing is true and correct. Executed on January 25, 2013.

9

10                                    KESSLER TOPAZ
                                     MELTZER & CHECK, LLP

11
                                     */s/ Ramzi Abadou*
12                                    RAMZI ABADOU

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF CO-LEAD COUNSEL                                    -16-
Case No. CV-12-05980 CRB

1

**MAIL NOTICE LIST**

2

3      Jeremy A Lieberman
       POMERANTZ GROSSMAN HUFFORD
           DAHLSTROM & GROSS LLP
4      600 Third Avenue, 20th Floor
       New York, NY 10016
5

6      Avraham Noam Wagner
       THE WAGNER FIRM
7      1925 Century Park East
       Suite 2100
8      Los Angeles, CA 90067

9
       Jon Charles Furgison
10     LAW OFFICES OF JON C. FURGISON
       444 Longfellow Avenue
11     Hermosa Beach, CA 90254

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:12-cv-05980-CRB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Marie Caroline Bafus**
  mbafus@fenwick.com,cprocida@fenwick.com

- **Andrea Bascheri**
  sammirati@bottinilaw.com

- **Francis A. Bottini , Jr**
  fbottini@bottinilaw.com,sammirati@bottinilaw.com

- **Brian Danitz**
  bdanitz@wsgr.com,pbaird@wsgr.com

- **John C. Dwyer**
  dwyerjc@cooley.com,jkaban@cooley.com,giovannonib@cooley.com,sjoiner@cooley.com

- **Matthew Kendall Edling**
  medling@cpmlegal.com,jhamilton@cpmlegal.com,obacigalupi@cpmlegal.com

- **Joseph Edward Floren**
  jfloren@morganlewis.com,rluke@morganlewis.com

- **Tahir Ikeem Golden**
  tgolden@fenwick.com,vpieretti@fenwick.com

- **Katherine Leigh Henderson**
  khenderson@wsgr.com,abaranski@wsgr.com

- **Jeffrey Michael Kaban**
  kabanjm@cooley.com,lalmanza@cooley.com

- **Kimberly Alexander Kane**
  kkane@morganlewis.com,rluke@morganlewis.com

- **Bryan Jacob Ketroser**
  bketroser@wsgr.com

- **Kevin Peter Muck**
  kmuck@fenwick.com,cprocida@fenwick.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Stephen Cassidy Neal**

nealsc@cooley.com,wilsonla@cooley.com

- **Karen A. Pieslak Pohlmann**
  kpohlmann@morganlewis.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **Steven Mark Schatz**
  sschatz@wsgr.com

- **Marc J. Sonnenfeld**
  msonnenfeld@morganlewis.com

- **Jeffrey Michael Walker**
  jwalker@cooley.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Matthew S. Weiler**
  mweiler@morganlewis.com,eyemoto@morganlewis.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,erinj@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`