1  Reed R. Kathrein (139304)
   Peter E. Borkon (212596)
2  HAGENS BERMAN SOBOL SHAPIRO LLP
   715 Hearst Avenue, Suite 202
3  Berkeley, CA 94710
   Telephone:  (510) 725-3000
4  Facsimile:  (510) 725-3001
   reed@hbsslaw.com
5  peterb@hbsslaw.com

6  *Attorneys for Plaintiffs*

7  [Additional counsel listed on signature page]

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12  ALLAN J. NICOLOW, Individually and on     )   No. 12-cv-5980 CRB
    Behalf of All Others Similarly Situated,  )
13                                            )   NOTICE OF MOTION AND MOTION TO
                        Plaintiff,            )   CONSOLIDATE, TO APPOINT
14                                            )   ELECTRICAL WORKERS AS LEAD
        v.                                    )   PLAINTIFFS AND TO APPROVE
15                                            )   PROPOSED LEAD PLAINTIFFS'
    HEWLETT-PACKARD COMPANY, LEO              )   SELECTION OF COUNSEL;
16  APOTHEKER, MARGARET C. WHITMAN,           )   MEMORANDUM OF POINTS AND
    CATHERINE A. LESJAK and JAMES T.          )   AUTHORITIES IN SUPPORT THEREOF
17  MURRIN,                                   )
                                              )   Date:  March 1, 2013
18                      Defendants.           )   Time: 10:00 a.m.
                                              )   Dept:  Courtroom 6, 17th Floor
19  _____)   Judge: Hon. Charles R. Breyer
                                              )
20  DAVIN POKOIK, Individually and on Behalf of )  No. 12-cv-6074 CRB
    All Others Similarly Situated,            )
21                                            )
                        Plaintiff,            )
22                                            )
        v.                                    )
23                                            )
    HEWLETT-PACKARD COMPANY,                  )
24  AUTONOMY CORPORATION PLC,                 )
    DELOITTE LLP, LEO APOTHEKER,              )
25  MARGARET C. WHITMAN, CATHERINE A.         )
    LESJAK, JAMES T. MURIN, MICHAEL R.        )
26  LYNCH and SUCHOVAN HUSSAIN,               )
                                              )
27                      Defendants.           )
    _____)
28

PAUL NEUMANN, Individually and on Behalf )    No. 13-cv-0284 CRB
of All Others Similarly Situated,        )

                               )

                 Plaintiff,   )

                               )

      v.                           )

                               )

HEWLETT-PACKARD COMPANY,       )
MARGARET C. WHITMAN,  LEO       )
APOTHEKER, JAMES T. MURIN,       )
CATHERINE A. LESJAK, and MARK HURD, )

                               )

                Defendants.   )

                               )

                               )

1

**TABLE OF CONTENTS**

2   I.  INTRODUCTION ...................................................................................................... 1

3   II. PROCEDURAL HISTORY ....................................................................................... 2

4   III. SUMMARY OF FACTS ............................................................................................ 3

5   IV. ARGUMENT ............................................................................................................. 4

6       A. The Court Should Consolidate the Related Actions...................................... 4

7       B. Electrical Workers Should Be Appointed Lead Plaintiffs............................. 6

8           1.  The PSLRA Procedure for Lead Plaintiff Appointment Favors Appointment of
                Electrical Workers ............................................................................... 6

9
10          2.  Electrical Workers Have Complied With the PSLRA and Should Be
                Appointed Lead Plaintiffs.................................................................... 7

11          3.  Electrical Workers Have the Largest Financial Interest of the Plaintiffs Who
                Have Submitted Applications for Lead Plaintiff ................................. 8

12          4.  Electrical Workers Satisfy the Requirements of Rule 23 ................... 8

13      C. This Court Should Approve the Electrical Workers' Choice of Lead Counsel .......... 11

14  V.  CONCLUSION ........................................................................................................ 11

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Crossen v. CV Therapeutics*,
2005 US Dist. Lexis 41396 (N.D. Cal. Aug. 10, 2005)............................................................9

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004)............................................................................................8

*Garber v. Randell*,
477 F.2d 711 (2d Cir. 1973) ....................................................................................................5

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ................................................................................................9

*In re Equity Funding Corp. of Am. Sec. Litig.*,
416 F. Supp. 161 (C.D. Cal. 1976) ..........................................................................................5

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) .........................................................................................6

*Miller v. Ventro Corp.*,
2001 U.S. Dist. Lexis 26027 (N.D Cal. Nov. 28, 2001)..........................................................9

*Primavera Familienstiftung v. Askin*,
173 F.R.D. 115 (S.D.N.Y. 1997)............................................................................................5

*Schriver v. Impac Mortg. Holdings*, *Inc.*,
2006 Dist. Lexis 40607 (C.D. Cal. May 2, 2006) ..................................................................8

*Siegall v. Tibco Software, Inc.*,
2006 U.S. Dist. Lexis 26780 (N.D. Cal. Feb. 24, 2006) .........................................................8

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001).......................................................................................5, 6

*Yousefi v. Lockheed Martin Corp.*,
70 F. Supp. 2d 1061 (C.D. Cal. 1999) ....................................................................................5

**FEDERAL STATUTES**

15 U.S.C.
    § 77z .................................................................................................................*passim*
    § 78u .................................................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ...............................................................*passim*

1

# FEDERAL RULES

2   Federal Rule of Civil Procedure 23 .................................................................... 1, 8, 9, 10

3   Federal Rule of Civil Procedure 42(a) ................................................................... 2, 5

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on March 1, 2013, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Judge Charles R. Breyer, United States District Court, Northern District of California, San Francisco Division, Courtroom 6, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, IBEW Local 640/Arizona Chapter NECA Pension Trust Fund and IBEW Local Union Nos. 570 and 518 and Southern Arizona NECA Pension Trust Fund (referred to collectively as "Electrical Workers" or "Movants") will and hereby do move for an order consolidating the related securities fraud class actions; appointing Electrical Workers as lead plaintiff in these actions against Defendants Hewlett-Packard Company ("HPQ" or "Company"), Leo Apotheker, Margaret C. Whitman, Catherine A. Lesjak, James T. Murrin, Autonomy Corporation PLC, Deloitte LLP, Michael R. Lynch, Suchovan Hussain, and Mark Hurd (referred to collectively as "Defendants"), pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified as section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3) (2007), and/or section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3) (2007); and for approval of Movants' selection of the law firm Hagens Berman Sobol Shapiro LLP as Lead Counsel in these related actions.

This motion is based on this notice of motion and motion, the memorandum of points and authorities in support thereof, the declaration of Reed R. Kathrein in support of this motion, the pleadings on file in this action, oral argument and such other matters as the Court may consider in hearing this motion.

Movants make this motion on the belief that Movants are the most "adequate plaintiff" as defined in the PSLRA because:

1.      Movants have the largest financial interest in the relief sought by the Class and have incurred substantial losses in the hundreds of thousands of dollars as a result of their purchase and/or acquisition of shares of Hewlett-Packard securities during both of the alleged relevant periods: February 20, 2008, through November 20, 2012; and August 19, 2011 through November 20, 2012; and

1          2.       Movants satisfy the typicality and adequacy requirements of Federal Rule of Civil

2   Procedure 23.

3          Movants further request that the Court approve the selection of Movants' counsel, Hagens

4   Berman as lead counsel for the class.  Hagens Berman is a nationally recognized law firm with

5   significant class action, fraud and complex litigation experience, and is a firm with the resources to

6   effectively and properly pursue this action.

7          For all of the foregoing reasons, the Electrical Workers respectfully request that this Court:

8   (1) consolidate the related securities fraud cases; (2) appoint the Electrical Workers to serve as lead

9   plaintiff in this action; (3) approve the Electrical Workers' selection of lead counsel for the class; and

10  (4) grant such other and further relief as the Court may deem just and proper.

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether these cases should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure as actions involving a common question of law or fact;

2.      Whether Movant should be appointed lead plaintiff in the consolidated action against Defendants pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified as section 27(a)(3) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3) (2007), and/or section 21D(a)(3) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3) (2007);

3.      Whether the Court should approve Movants' selection of the law firm Hagens Berman Sobol Shapiro LLP to represent the class in this action, also pursuant to the lead plaintiff provisions of the PSLRA, codified as section 27(a)(3) of the Securities Act, 15 U.S.C. § 77z-1(a)(3) (2007), and/or section 21D(a)(3) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3) (2007).

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Electrical Workers hereby move to consolidate the related securities fraud class actions, be appointed lead plaintiffs in this action against the Defendants pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, 109 Stat. 737 (1995), codified as section 27(a)(3) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3) (2007), and/or section 21D(a)(3) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3) (2007); and for approval of Movants' selection of the law firm Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as lead counsel in this action.

The Electrical Workers fully understand their duties and responsibilities to the class, and are willing and able to oversee the vigorous prosecution of this action.  As described in the certifications attached as Exhibit A to the Declaration of Reed R. Kathrein ("Kathrein Decl."),[1] Electrical Workers have suffered a significant losses in the hundreds of thousands as a result of Movants' purchase and/or acquisition of shares of HPQ securities during the time period from August 19, 2011 through November 20, 2012 (the "Class Period").  To the best of Movants' knowledge, Electrical Workers have sustained the largest loss of any qualified investor seeking to be appointed as lead plaintiffs.  In addition to evidencing the largest financial interest in the outcome of this litigation, Movants' certifications demonstrate the intent to serve as lead plaintiffs in this litigation, including Movants' cognizance of the duties of serving in that role.[2]

Moreover, Movants satisfy both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure and are presumptively the "most adequate plaintiff."  Movants respectfully submit that Electrical Workers should be appointed as lead plaintiffs in this action, and

---

[1]    "Kathrein Decl." or "Kathrein Declaration" refers to the Declaration of Reed R. Kathrein in Support of Motion to Consolidate, to Appoint Electrical Workers As Lead Plaintiffs and to Approve Proposed Lead Plaintiffs' Selection of Counsel, filed concurrently herewith.

[2]    The relevant federal securities laws specifically authorize any class member seeking to be appointed lead plaintiff to either file a complaint or move for appointment as lead plaintiff.  *See*, 15 U.S.C. § 77z-l(a)(3)(B)(i)(claims under the Securities Act) and 15 U.S.C. § 78u-4(a)(3) (claims under the Exchange Act).  A copy of the Electrical Workers' certifications of Movants' transactions in HPQ securities is attached as Exhibit A to the Kathrein Declaration.

1   that this Honorable Court should approve Movants' selection of the law firm Hagens Berman as

2   Lead Counsel in this action.

3        Movants also ask to consolidate all related securities class actions pursuant to Rule 42(a) of

4   the Federal Rules of Civil Procedure as each involves common questions of law or fact relating to

5   untrue statements of material fact and/or the omissions of material facts necessary to make

6   Defendants' statements not misleading, and the purchase of HPQ securities between February 20,

7   2008 and November 20, 2012 inclusive.

8                    **II.     PROCEDURAL HISTORY**

9        The first of several related lawsuits against Defendants, *Nicolow v. Hewlett-Packard Co.*, No.

10  12-5980-CRB, was filed on November 26, 2012 in the Northern District of California by Allan

11  Nicolow, individually and on behalf of all persons or entities that purchased or otherwise acquired

12  HPQ common stock between August 19, 2011 and November 20, 2012.[3]  The gravamen of the

13  complaint is Defendants' violation of the Exchange Act.  Specifically, the complaint arises out of

14  Defendants' materially false and misleading statements in direct violation of the Exchange Act.[4]

15  These misrepresentations and omissions resulted in the damages suffered by Electrical Workers and

16  the other members of the class.

17       The same day that his complaint was filed, on November 26, 2012, Mr. Nicolow published a

18  notice of pendency over the national wire service, *Business Wire*, informing investors that this case

19  was filed and that they had sixty days to seek appointment as lead plaintiff.  *See* Kathrein Decl., Ex.

---

20  3       After Mr. Nicolow filed, two additional federal securities fraud class action cases were filed
21  against similar defendants.  The second such case is *Pokoik v. Hewlett-Packard Co.*, No. 12-cv-6074-
    CRB (filed November 30, 2012).  A third securities fraud class action entitled *Neumann v. Hewlett-*
22  *Packard*, No. 13-0284-CRB, was filed on January 18, 2013.  *Neuman* is based upon the same set of
    facts alleged in *Nicolow* and *Pokoik*, but adds allegations about HPQ's Integrity servers and expands
23  the class period to include purchases of HPQ between February 20, 2008 and November 20, 2012.
    For purposes of this motion and loss calculaitons, Electrical Workers have applied the longer period.
24  In addition to the three securities fraud class actions, there are seven derivative cases and two ERISA
    cases related to the same events at issue in the securities fraud class actions.  On January 3, 2013, this
25  Court entered and ordered relating eleven cases arising from HPQ's announcements on November
    20, 2012 and assigned the cases to the Honorable Charles R. Breyer for all further proceedings.  *See*
26  ECF No. 22, Case No. 12-cv-5980-CRB.  Only three of those related cases are securities fraud class
    actions – those in the above-caption.  The remaining cases are derivative and ERISA cases that are
27  properly related, but should not be consolidated with this action.

    4       The complaint referenced herein refers to the first-filed lawsuit against Defendants, *Nicolow*
28  *v. Hewlett-Packard Co.*, No. C-12-5980-CRB, filed on November 26, 2012.

MOT. TO CONSOL., TO APPOINT LEAD PL. AND TO
APPROVE PROP. LEAD PLS.' SELECTION OF COUNSEL;          - 2 -
MPA IN SUPPORT THEREOF – NO. 12-cv-5980 CRB

1    C (published notice).  That notice advised class members of the existence of the lawsuit and

2    described the claims asserted.

3          Consistent with the terms of the PSLRA, Electrical Workers timely filed this motion for

4    appointment as lead plaintiffs within sixty days from the publication of the notice of pendency of the

5    action in the *Business Wire* press release.

6                              **III.    SUMMARY OF FACTS**

7          This is a class action brought on behalf of the purchasers of HPQ securities during the period

8    August 19, 2011 through November 20, 2012.

9          The complaint charges Hewlett-Packard and certain of its officers and directors with

10   violations of the Exchange Act.  Hewlett-Packard provides products, technologies, software,

11   solutions and services to individual consumers and small- and medium-sized businesses, as well as to

12   the U.S. government, and health and education sectors around the globe. Hewlett-Packard also

13   provides software solutions through its Software business segment.  On August 18, 2011, the

14   Company expanded its software offering when it announced that it would acquire control of

15   Autonomy Corporation PLC ("Autonomy") for $10.2 billion.

16         The complaint alleges that during the Class Period, Defendants concealed that the Company

17   had gained control of Autonomy in 2011 based on financial statements that could not be relied upon

18   because of serious accounting manipulation and improprieties. In addition, Defendants concealed

19   known negative business trends concerning the profit margins of the Company's Enterprise Services

20   business, formerly known as Electronic Data Systems Corporation ("EDS"), which Hewlett-Packard

21   had acquired in August 2008 for $13.0 billion. As a result of Defendants' false and misleading

22   statements, the Company's stock traded at artificially inflated prices during the Class Period,

23   reaching a high of $29.89 per share on February 16, 2012.

24         On August 22, 2012, Hewlett-Packard issued a press release announcing a third quarter 2012

25   earnings per share loss of $4.49, largely as the result of an $8.0 billion charge for impairment of

26   goodwill associated with the acquisition of EDS. On this news, the Company's stock price dropped

27   $1.56 per share to close at $17.64 per share on August 23, 2012. Then, on November 20, 2012, the

28   Company disclosed it had taken an $8.8 billion charge related to its acquisition of Autonomy due to

serious accounting improprieties. On this news, the Company's stock price dropped $1.59 per share to close at $11.71 per share, a decline of 12%, on volume of 155 million shares.

According to the complaint, the true facts, which were known by the Defendants but concealed from the investing public during the Class Period, were as follows: (a) at the time Hewlett-Packard acquired Autonomy, the business's operating results and historic growth were the product of accounting improprieties, including the mischaracterization of sales of low-margin hardware as software and the improper recognition of revenue on transactions with Autonomy business partners, even where customers did not purchase the products; (b) at the time Hewlett-Packard had agreed in principle to acquire Autonomy, Defendants were looking to unwind the deal in light of the accounting irregularities that plagued Autonomy's financial statements; and (c) Enterprise Services' operating margin had collapsed from 10% in 2010 to approximately 6% as of April 30, 2011, 4% as of October 31, 2011, and 3% as of April 30, 2012, due to various reasons, including unfavorable revenue mix and underperforming contracts.

The third filed securities fraud class action, *Neumann*, seeks to expand the class period to include allegations dating as far back as February 2008 about HPQ's Integrity servers and false or misleading statements regarding sales of those servers.

The case seeks to recover damages on behalf of all purchasers of Hewlett-Packard common stock during the Class Period (the "Class").

## IV.    ARGUMENT

### A.    The Court Should Consolidate the Related Actions

The PSLRA requires that the question of consolidation be decided prior to the determination of the appointment of lead plaintiff. The PSLRA provides, among other things, for consolidation of substantially similar actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. § 77z-4(a)(3)(B)(ii) and 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Thus, the PSLRA establishes a two-step process for resolving lead plaintiff and consolidation issues where more than one action on behalf of a class based on substantially the same facts has been filed. The court "shall" first decide the consolidation issue and thereafter decide the lead plaintiff issue "[a]s soon as practicable" after the consolidation motion has been decided. *Id.*

Given that the selection of lead plaintiff and lead counsel is the necessary first step to prosecute the actions, Electrical Workers urge the Court to grant the consolidation motion as soon as practicable and consolidate the related securities fraud class actions under the lowest case number. A prompt determination is reasonable and warranted under Federal Rule of Civil Procedure 42(a), given the common questions of fact and law presented by the actions now pending in this District.

Consolidation pursuant to Rule 42(a) is proper and routinely granted in actions such as this, where there are common questions of law and fact. *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999).[5] Courts have recognized that securities class actions, in particular, are ideally suited to consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of the parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned. *See, e.g.*, *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Indeed, "[i]n securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact" and the parties will not be prejudiced. *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001). Consolidating shareholder class actions streamlines and simplifies pre-trial and discovery proceedings, including motions, class action issues, clerical and administrative duties, and generally reduces the confusion and delay that result from prosecuting

---

5 Rule 42(a) of the Federal Rules of Civil Procedure allows this Court to order consolidation of separate actions:

> When actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all matters in issue in the actions; it may order all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs of delay.

related actions separately before two or more judges.  *Id.*; *see also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (E.D.N.Y. 1998).

As discussed above, the actions pending before this Court present nearly identical factual issues, each one alleges violations of the federal securities laws and each action names nearly identical defendants.  The differences in the defendants named in the complaints and class periods are minor and will be resolved upon the filing of a consolidated complaint.  Because these actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits.  Thus, consolidation is appropriate. To the extent the Court is asked to consolidate the related derivative and ERISA cases, Electrical Workers does not believe that consolidation with the three securities fraud class actions is appropriate.  Although related factually, those cases raise distinct issues of law that are not common to the securities fraud class action lawsuits.

Accordingly, this Court should enter an Order that consolidates the related securities fraud class action cases and all future related securities fraud class action cases with the instant action.

**B.      Electrical Workers Should Be Appointed Lead Plaintiffs**

   **1.      The PSLRA Procedure for Lead Plaintiff Appointment Favors Appointment of Electrical Workers**

The selection of lead plaintiff in a securities class action is a determination made by the Court as to which plaintiff is the most capable of adequately representing the Class. The Court:

> (s)hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be ***most capable of adequately representing*** the interests of class members in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i)  and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

The "most adequate plaintiff" assumes a rebuttable presumption that:

> The most adequate plaintiff in any private action arising under this chapter is the person or group of persons that ---
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) ***in the determination of the court, has the largest financial interest in the relief sought by the class; and***
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

Only by a showing that a lead plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Under this statutory test, the Electrical Workers are the "most adequate plaintiff" and should be appointed as lead plaintiffs on behalf of the proposed Class.  Electrical Workers have timely moved this Court for appointment as lead plaintiffs in accordance with the PSLRA and have the willingness, resources and expertise to obtain excellent results for the Class.  The Electrical Workers have experience serving in a fiduciary capacity and possess the necessary sophistication and resources to simultaneously prosecute this case and oversee Class counsel.  Consequently, this Court should appoint Electrical Workers as lead plaintiffs and approve their selection of Hagens Berman as lead counsel for the Class.

### 2. Electrical Workers Have Complied With the PSLRA and Should Be Appointed Lead Plaintiffs

Electrical Workers move the Court to be appointed lead plaintiffs and have timely filed the instant motion to be appointed lead plaintiff within the 60-day time period requirement.  The plaintiff in the first-filed action published notice on *Business Wire*, a national business-oriented wire service, on November 26, 2012.  Accordingly, Electrical Workers meet the requirement of 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa), by filing their motion within the 60-day time period requirement.

Moreover, Electrical Workers have sustained a substantial loss from their investment in HPQ securities and have shown their willingness to represent the Class by signing a certification detailing their HPQ transactional information.  Kathrein Decl., Ex. A.  As demonstrated by their certifications, Electrical Workers are prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of the litigation, with the benefit of counsel's advice.  In addition, Electrical Workers have selected and retained highly competent counsel to represent the

1   Class with significant experience in securities class action litigation.  Kathrein Decl., Ex. D (firm

2   resume).

3          **3.**       **Electrical Workers Have the Largest Financial Interest of the Plaintiffs Who Have Submitted Applications for Lead Plaintiff**

4         As a result of Movant's purchases of HPQ securities throughout the Class Period, Electrical

5   Workers have suffered losses in excess of $500,000.00.  Kathrein Decl., Ex. B.   During the Class

6   Period, the Electrical Workers: 1) purchased 76,385 shares of HPQ; 2) had net shares purchased of

7   27,524; 3) expended $2,107,956.32 to purchase their shares of HPQ; and 4) using the LIFO

8   calculation methodology sustained losses of more than $500,000.  Electrical Workers believe they

9   have the largest financial interest in this class action compared to any other party moving for lead

10  plaintiff.  The PSLRA provides that there is a rebuttable presumption that the "most adequate

11  plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class.  15 U.S.C.

12  § 77z-l(a)(3)(B)(iii)(I)(bb).  "'So long as the plaintiff with the largest losses satisfies the typicality

13  and adequacy requirements, he is entitled to lead plaintiff status . . . .'"  *Ferrari v. Gisch*, 225 F.R.D.

14  599, 603 (C.D. Cal. 2004) (quoting *In re Cavanaugh* 306 F.3d 726, 732 (9th Cir. 2002)).  Electrical

15  Workers, therefore, are presumptively the "most adequate plaintiff" pursuant to the PSLRA.

16         **4.**       **Electrical Workers Satisfy the Requirements of Rule 23**

17        Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act and Section 21D(a)(3)(B)(iii)(I)(cc) of the

18  Exchange Act, as amended by the PSLRA, provides that the lead plaintiff must satisfy the typicality

19  and adequacy requirements of Federal Rule of Civil Procedure 23(a).  *Siegall v. Tibco Software, Inc.*,

20  No. C 05-2146 SBA, 2006 U.S. Dist. Lexis 26780, at *14-*15 (N.D. Cal. Feb. 24, 2006) ("In the

21  context of determining the appropriate lead plaintiff under the PSLRA, the requirements of

22  'typicality' and adequacy of representation are the key factors.").  This Court's analysis of any other

23  requirements of Rule 23 as it relates to class certification should be deferred until the lead plaintiff

24  moves for class certification.  *Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC

25  (RNBx), 2006 Dist. Lexis 40607, at *15-*16 (C.D. Cal. May 2, 2006) ("At the lead plaintiff

26  appointment stage, the Rule 23 inquiry is not as searching as it would be on a motion for class

27  certification; the prospective lead plaintiff need only make a prima facie showing that it meets the

28

typicality and adequacy factors.").  As detailed below, Electrical Workers satisfy both the typicality and adequacy requirements of Rule 23(a), and should therefore be appointed lead plaintiffs in this action.

### a. Electrical Workers Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class."  The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiffs' claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory.  *See Crossen v. CV Therapeutics*, No. C 03-03709 SI, 2005 US Dist. Lexis 41396, at *13 (N.D. Cal. Aug. 10, 2005).  The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

In this case, the typicality requirement is met because Electrical Workers' claims ***are*** identical to the claims of the other class members.  Electrical Workers and all the members of the Class purchased HPQ securities when the stock prices were artificially inflated as a result of the Defendants' material misrepresentations and omissions, and thus, both Electrical Workers and the class members suffered damages as a result of these purchases.  Simply put, Electrical Workers, like all the other class members, (1) purchased HPQ securities during the Class Period, (2) purchased HPQ securities at artificially inflated prices as a result of the Defendants' misrepresentations and omissions, and (3) suffered damages thereby.  Electrical Workers' claims and injuries "arise from the same event or course of conduct that [gave] rise to the claims of other class members."  *Crossen*, 2005 U.S. Dist. Lexis 41396, at *13-*14.

Moreover, Electrical Workers are not subject to any unique or special defenses.  Thus, Electrical Workers meet the typicality requirement of Rule 23 because their claims are the same as the claims of the other class members.

1

**b.      Electrical Workers Will Adequately Represent the Interests of the Class**

2       The requirements of Rule 23(a) relating to adequate representation are satisfied if: (1) the

3   class counsel is qualified, experienced and generally able to conduct the litigation; (2) the interests

4   of the class are not antagonistic to one another; and (3) the lead plaintiff has a '"'sufficient interest in the

5   outcome of the case to ensure vigorous advocacy.'"  *Miller v. Ventro Corp.*, No. C 01-01287 SBA,

6   2001 U.S. Dist. Lexis 26027, at *44 (N.D Cal. Nov. 28, 2001) (quoting *Takeda v. Turbodyne Techs.*

7   *Inc.*, 67 F.Supp. 2d 1129, 1137 (C.D. Cal. 1999)).  As described below, Electrical Workers will

8   adequately represent the interests of the Class.

9       Electrical Workers' interests are clearly aligned with the members of the Class because their

10   claims are identical to the claims of the Class.  There is no evidence of antagonism between

11   Electrical Workers' interests and those of proposed class members.  Furthermore, Electrical Workers

12   have a significant, compelling interest in prosecuting this action to a successful conclusion based

13   upon the very large financial loss they incurred as a result of the wrongful conduct alleged herein.

14   These motivations, combined with Electrical Workers' identical interest with the members of the

15   Class, clearly show that the Electrical Workers will adequately and vigorously pursue the interests of

16   the Class.  In addition, Electrical Workers' have selected counsel that is highly experienced in

17   prosecuting securities class actions such as Hagens Berman to represent the Electrical Workers and

18   the Class.

19       In sum, because of Electrical Workers' common interests with the class members, Electrical

20   Workers' clear motivation and ability to vigorously pursue this action, and Electrical Workers'

21   competent counsel, the adequacy requirement of Federal Rule of Civil Procedure 23(a) is met in this

22   case.  Therefore, since Electrical Workers not only meet both the typicality and adequacy

23   requirements of Rule 23(a), and have sustained the largest amount of losses at the hands of the

24   Defendants, Electrical Workers are, in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I),

25   presumptively the most adequate plaintiff to lead this action.[6]

26

27   6      The PSLRA clearly envisions a two-part test of a presumption of adequacy and a mechanism
for rebutting the presumption. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and (II) and § 78u-1(a)(3)(B)(iii)(I)

28   and (II).  Electrical Workers meet the presumption of adequacy.

MOT. TO CONSOL., TO APPOINT LEAD PL. AND TO
APPROVE PROP. LEAD PLS.' SELECTION OF COUNSEL;          - 10 -
MPA IN SUPPORT THEREOF – NO. 12-cv-5980 CRB

**C.      This Court Should Approve the Electrical Workers' Choice of Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval.  15 U.S.C. § 77z-1(a)(3)(B)(v) and § 78u-1(a)(3)(B)(v).  Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 77z-l(a)(3)(B)(iii)(II)(aa) and§ 78u-l(a)(3)(B)(iii)(II)(aa).  The Electrical Workers' have selected Hagens Berman to serve as lead counsel for the Class.  This firm has not only prosecuted complex securities fraud actions before this Court (*In re Charles Schwab Secs. Litig.,* Case No. 08-1510-WHA), but has successfully prosecuted many other types of complex cases.  Kathrein Decl., Ex. D. This Court may be assured that in the event that this motion is granted, the members of the Class will receive the highest caliber of legal representation.

**V.      CONCLUSION**

For all of the foregoing reasons, Electrical Worker respectfully requests that this Court: (1) consolidate the related securities fraud class actions; (2) appoint Electrical Workers to serve as lead plaintiffs in this action; (3) approve electrical Workers' selection of lead counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: January 25, 2012                         HAGENS BERMAN SOBOL SHAPIRO LLP

By: _____/s/ Reed R. Kathrein_____
                    REED R. KATHREIN
Peter E. Borkon
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve Berman
HAGENS BERMAN SOBOL SHAPIRO, LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

1    *Attorneys for Proposed Lead Plaintiff*
2    *Electrical Workers*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on January 25, 2013, I electronically filed the foregoing document using

3   the CM/ECF system which will send notification of such filing to the e-mail addresses registered in

4   the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have

5   caused to be mailed a paper copy of the foregoing document via the United States Postal Service to

6   the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

7

8                                                          /s/ Reed R. Kathrein
                                                   REED R. KATHREIN
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28