ROBBINS GELLER RUDMAN & DOWD LLP
DARREN J. ROBBINS (168593)
DANIELLE S. MYERS (259916)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com

BARRACK, RODOS & BACINE
Stephen R. Basser (121590)
Samuel M. Ward (216562)
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619/230-0800
619/230-1874 (fax)
sbasser@barrack.com
sward@barrack.com

[Proposed] Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN J. NICOLOW, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> HEWLETT-PACKARD COMPANY, et al., <br><br> Defendants. | No. 3:12-cv-05980-CRB <br><br> <u>CLASS ACTION</u> <br><br> NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF <br><br> DATE: March 1, 2013 <br> TIME: 10:00 a.m. <br> CTRM: 6, 17th Floor |

808142_1

# NOTICE OF MOTION AND MOTION
# AND STATEMENT OF COURT ACTION SOUGHT

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on March 1, 2013, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the Honorable Charles R. Breyer, Central States, Southeast and Southwest Areas Pension Fund ("Central States") and the Strathclyde Pension Fund ("Strathclyde") (collectively, the "Pension Funds") will move this Court for an order: (1) appointing the Pension Funds as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approving the Pension Funds' selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Barrack, Rodos & Bacine ("Barrack Rodos") as lead counsel.  This Motion is made on the grounds that the Pension Funds are the "most adequate plaintiff" to serve as lead plaintiff.  In support of this Motion, the Pension Funds respectfully submit a Memorandum of Law and Declaration of Danielle S. Myers ("Myers Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Presently pending in this District are three securities class action lawsuits (the "Actions") on behalf of purchasers of Hewlett-Packard Company ("Hewlett-Packard," "HP," or the "Company") common stock against HP and certain of the Company's officers and/or directors for violations of the Securities Exchange Act of 1934 (the "1934 Act").  Pursuant to the PSLRA, the Court is to "appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

The Pension Funds should be appointed as lead plaintiff because they: (1) timely filed this Motion; (2) to their counsel's knowledge, have the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); §III.A, *infra*.  In addition, the Pension Funds' selection of Robbins Geller and

Barrack Rodos as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); §III.B, *infra*.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should appoint the Pension Funds as lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

2. Whether the Court should approve the Pension Funds' selection of Robbins Geller and Barrack Rodos as lead counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## III. ARGUMENT

### A. The Pension Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i).[1] Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). The Pension Funds meet each of these requirements and should therefore be appointed as lead plaintiff.

---

[1] On December 12, 2012, the Notice of Publication pursuant to Civ. L.R. 23-1(a) was filed stating that plaintiff caused to be published a Notice advising members of the purported class of the pendency of this action in *Business Wire* on November 26, 2012. *See* Dkt. No. 7.

### 1. This Motion Is Timely

The notice published in this action on November 26, 2012 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days from November 26, 2012, or January 25, 2013. *See* Myers Decl., Ex. A.[2] As the Pension Funds' motion is being timely filed on January 25th, the Pension Funds are therefore entitled to be considered for appointment as lead plaintiff.

### 2. The Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

As indicated on their Certifications, the Pension Funds expended millions of dollars acquiring hundreds of thousands of shares of HP stock at artificially inflated prices and suffered tens of millions of dollars in losses as the price of HP stock fell. *See* Myers Decl., Ex. C. To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Pension Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The Pension Funds Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). The test of typicality "'is whether other members have the same or similar

---

[2] At 8:39 p.m. on Friday, January 18, 2013, the Law Offices of Jon C. Furgison issued a press release announcing the filing of an expanded complaint against Hewlett-Packard. *See* Myers Decl., Ex. B. The expanded complaint increased the 15-month class period alleged in the related actions to encompass 57 months. *Id.* The expanded complaint also alleged an alternative theory, *i.e.*, "a fraudulent scheme by Hewlett-Packard and certain insiders from at least February 20, 2008 until the present, concerning one of its most profitable products, its proprietary Integrity servers." *Id.* The January 18 press release indicated that the lead plaintiff deadline for this new action was January 25th. *Id.*

injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). The Pension Funds satisfy these requirements at this stage of the litigation.

The Pension Funds have submitted sworn certifications and a Joint Declaration confirming their ability and willingness to serve as lead plaintiff. *See* Myers Decl., Exs. C, D; *see also* Local Rule 3-7(c). Like all class members, the Pension Funds purchased HP stock during the Class Period at allegedly inflated prices and suffered damages when defendants' misconduct came to light. *Id.* Their substantial financial interest indicates they have an incentive to vigorously represent the class's claims. Moreover, the Pension Funds are not subject to unique defenses and are not aware of any conflicts between their claims and those asserted by the class. Finally, as discussed below, the Pension Funds have selected qualified counsel experienced in securities litigation.

The Pension Funds' common interests shared with the class, substantial financial interest and selection of qualified counsel demonstrates that the Pension Funds *prima facie* satisfy the Rule 23 inquiry at this juncture.

**B.      The Court Should Approve the Pension Funds' Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 732-33; *In re Cohen*, 586 F.3d 703 (9th Cir. 2009).

The Pension Funds selected Robbins Geller and Barrack Rodos, highly-qualified counsel, to serve as Lead Counsel for the class. As illustrated by the firms' biographies, Robbins Geller and Barrack Rodos have extensive experience litigating securities class actions and have successfully prosecuted as lead or co-lead counsel numerous securities fraud class actions on behalf of injured

investors, including several of the most significant class action securities cases since passage of the PSLRA. *See* Myers Decl., Exs. E-F.

Robbins Geller, a 180-lawyer firm with offices nationwide and in this District, is actively engaged in complex litigation, particularly securities litigation. *See* Myers Decl., Ex. E. District courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Eichenholtz v. Verifone Holdings, Inc.*, 2008 U.S. Dist. LEXIS 64633, at *39 (N.D. Cal. 2008) (Patel, J.) (finding Robbins Geller lawyers "to be qualified, experienced, and competent to pursue the class' claims"); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country").

Likewise, among many noteworthy cases, Barrack Rodos was co-lead counsel in *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248 (N.D. Cal. 2000), pending before the Hon. Ronald M. Whyte, which ultimately settled for more than $1 billion. *See generally* Myers Decl., Ex. F. Barrack Rodos also served as co-lead counsel in *In re Cendant Corp. Sec. Litig.*, 109 F. Supp. 2d 235 (D.N.J. 2000), before the Hon. William H. Walls, obtaining settlements from defendants totaling more than $3.1 billion. Barrack Rodos also served as co-lead counsel in *In re WorldCom, Inc. Sec. Litig.*, securing settlements totaling over $6 billion. The Honorable Denise Cote applauded the "superb" quality of representation on behalf of the class. *See In re WorldCom, Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 22992, at *67-*68, *72-73 (S.D.N.Y. 2004). In *In re Apollo Group Sec. Litig.*, 2012 U.S. Dist. LEXIS 55622 (D. Ariz. 2012), one of the few securities class actions in which plaintiffs have achieved a jury verdict against defendants, the Hon. James A. Teilborg praised Barrack Rodos, noting that "Class Counsel achieved an exceptional result for the Class," adding that "[s]uch a result is unique in such securities cases and could not have been achieved without Class Counsel's willingness to pursue this risky case throughout trial and beyond." *Id.* at *25-*26.

As such, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller and Barrack Rodos. Accordingly, the Pension Funds' selection of counsel should be approved.

## IV. CONCLUSION

The Pension Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Pension Funds respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of counsel and grant such other relief as the Court may deem just and proper.

DATED: January 25, 2013

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS

        s/ Danielle S. Myers
       DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

BARRACK, RODOS & BACINE
Stephen R. Basser
Samuel M. Ward

        s/ Stephen R. Basser
       STEPHEN R. BASSER

600 West Broadway, Suite 900
San Diego, CA  92101
Telephone:  (619) 230-0800
Facsimile:  (619) 230-1874
sbasser@barrack.com
sward@barrack.com

| | |
|---|---|
| 1 | |
| 2 | BARRACK, RODOS & BACINE<br>Daniel E. Bacine |
| 3 | Robert A. Hoffman<br>3300 Two Commerce Square |
| 4 | 2001 Market Street<br>Philadelphia, PA  19103 |
| 5 | Telephone:  215/963-0600<br>215/963-0838 (fax) |
| 6 | dbacine@barrack.com<br>rhoffman@barrack.com |
| 7 | [Proposed] Lead Counsel for Plaintiffs |

CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 25, 2013.

    s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:dmyers@rgrdlaw.com

808142_1

# Mailing Information for a Case 3:12-cv-05980-CRB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Marie Caroline Bafus**
  mbafus@fenwick.com,cprocida@fenwick.com

- **Andrea Bascheri**
  sammirati@bottinilaw.com

- **Francis A. Bottini , Jr**
  fbottini@bottinilaw.com,sammirati@bottinilaw.com

- **Brian Danitz**
  bdanitz@wsgr.com,pbaird@wsgr.com

- **John C. Dwyer**
  dwyerjc@cooley.com,jkaban@cooley.com,giovannonib@cooley.com,sjoiner@cooley.com

- **Matthew Kendall Edling**
  medling@cpmlegal.com,jhamilton@cpmlegal.com,obacigalupi@cpmlegal.com

- **Joseph Edward Floren**
  jfloren@morganlewis.com,rluke@morganlewis.com

- **Tahir Ikeem Golden**
  tgolden@fenwick.com,vpieretti@fenwick.com

- **Katherine Leigh Henderson**
  khenderson@wsgr.com,abaranski@wsgr.com

- **Jeffrey Michael Kaban**
  kabanjm@cooley.com,lalmanza@cooley.com

- **Kimberly Alexander Kane**
  kkane@morganlewis.com,rluke@morganlewis.com

- **Bryan Jacob Ketroser**
  bketroser@wsgr.com

- **Kevin Peter Muck**
  kmuck@fenwick.com,cprocida@fenwick.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Stephen Cassidy Neal**

nealsc@cooley.com,wilsonla@cooley.com

- **Karen A. Pieslak Pohlmann**
  kpohlmann@morganlewis.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **Steven Mark Schatz**
  sschatz@wsgr.com

- **Marc J. Sonnenfeld**
  msonnenfeld@morganlewis.com

- **Jeffrey Michael Walker**
  jwalker@cooley.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Matthew S. Weiler**
  mweiler@morganlewis.com,eyemoto@morganlewis.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,erinj@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`