ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
DANIELLE S. MYERS (259916)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com

BARRACK, RODOS & BACINE
Stephen R. Basser (121590)
Samuel M. Ward (216562)
600 West Broadway, Suite 900
San Diego, CA  92101
Telephone:  619/230-0800
619/230-1874 (fax)
sbasser@barrack.com
sward@barrack.com

[Proposed] Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN J. NICOLOW, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY, et al.,<br><br>Defendants. | No. 3:12-cv-05980-CRB<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF<br><br>DATE:  March 1, 2013<br>TIME:  10:00 a.m.<br>CTRM:  6, 17th Floor |

812097_1

Central States, Southeast and Southwest Areas Pension Fund ("Central States") and the Strathclyde Pension Fund ("Strathclyde") respectfully submit this response to the competing motions for appointment as lead plaintiff.

Three motions seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 are pending before the Court.[1] "The 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

As the Ninth Circuit instructed, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. Courts in this District have applied a variety of metrics to ascertain which movant has the largest financial interest: namely, the first-in, first-out accounting method (or "FIFO"), the last-in, first-out accounting method (or "LIFO"), and/or a four-factor inquiry that variously considers losses, net shares purchased, total shares purchased, and net funds expended. *See generally In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d 993 (N.D. Cal. 1999) (Whyte, J.). In addition to these mathematical inquiries, courts must also decide under what circumstances multiple class members may combine their individual financial interests in order to claim the largest collective financial interest. *See Cavanaugh*, 306 F.3d at 731 n.8 ("While a 'group of persons' can collectively serve as a lead plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), we are not asked to determine whether a group can satisfy the 'largest financial interest' requirement by aggregating losses.").

Here, if the Court permits the group consisting of PGGM Vermogensbeheer B.V., the State of Oregon by and through the Oregon State Treasurer on behalf of the Common School Fund and, together with the Oregon Public Employees Retirement Board, on behalf of the Oregon Public

---

[1] *See* Dkt. No. 28 (David Wagner); Dkt. No. 37 (HP Investor Group); Dkt. No. 38 (PGGM Group); Dkt. No. 42 (IBEW funds); Dkt. No. 49 (Central States and Strathclyde); Dkt. No. 57 (Virginia Retirement System). Mr. Wagner withdrew his motion on February 4, 2013. *See* Dkt. No. 68. The IBEW funds withdrew their motion on February 5, 2013. *See* Dkt. No. 69. The HP Investor Group filed a Statement of Non-Opposition on February 8, 2013. *See* Dkt. No. 70.

Employees Retirement Fund and Oklahoma Teachers Retirement System (collectively, the "PGGM Group") to aggregate their individual losses to collectively claim the largest financial interest, it would appear that the group has the largest losses based upon FIFO or LIFO:

|  | **2008-2012 Class Period** | | **2011-2012 Class Period** | |
| --- | --- | --- | --- | --- |
| *Movant* | *FIFO Losses* | *LIFO Losses* | *FIFO Losses* | *LIFO Losses* |
| PGGM Group | $118.4 million | $84.9 million | $60 million | $52.5 million |
| Va Ret. System | $53 million | $39.7 million | $43.9 million | $33.5 million |
| Central States & Strathclyde | $46.7 million | $34.9 million | $11 million | $9.9 million |

If, however, the Court determines that a movant must individually qualify for the largest financial interest without combining losses with other entities, the Virginia Retirement System or PGGM would appear to have the largest individual losses, depending on the metric selected:

|  | **2008-2012 Class Period** | | **2011-2012 Class Period** | |
| --- | --- | --- | --- | --- |
| *Movant* | *FIFO Losses* | *LIFO Losses* | *FIFO Losses* | *LIFO Losses* |
| Va Ret. System | $53 million | $39.7 million | $43.9 million | $33.5 million |
| PGGM | $57.3 million | $36.8 million | $40.3 million | $35.3 million |
| Oregon PERF | $38.8 million | $29.3 million | $17.2 million | $14.7 million |
| Central States | $31 million | $19.3 million | $2.4 million | $1.3 million |
| Oklahoma TRS | $22 million | $18.5 million | $3 million | $2.3 million |
| Strathclyde | $15.5 million | $15.5 million | $8.5 million | $8.5 million |
| Oregon Common School Fund | $155,000 | $155,000 | $32,000 | $25,000 |

If the Court is inclined to look to net funds expended, Central States and Strathclyde fare better than the other movants in the longest period:

| *Movant* | *Net Funds Expended* |
| --- | --- |
| **Central States & Strathclyde** | **$47.5 million** |
| Va Ret. System | $37.2 million |
| PGGM Group | $17.4 million |

By expending the most net funds in the longest class period (2008-2012), Central States and Strathclyde have "been left 'holding the bag' when the fraudulent inflation is revealed" – more so

1  than any other movant.  *McKesson*, 97 F. Supp. 2d at 996-97 (noting that of all the various metrics
2  and factors proffered by movants, the "net funds inquiry is somewhat more helpful").

3        Likewise, in the shorter alleged class period (2011-2012), Central States and Strathclyde held
4  100% of the stock they purchased during the class period at the end of the class period when the
5  truth was purportedly revealed.  By contrast, the PGGM Group sold almost 70% of their stock
6  purchased during the class period and the Virginia Retirement System sold 24%.  Again, it was
7  Central States and Strathclyde that did not profit from the fraud, but rather were "left 'holding the
8  bag.'"  *McKesson*, 97 F. Supp. 2d at 997; *In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017,
9  1027 (N.D. Cal. 1999) (Alsup, J.).

10       In addition to their substantial financial interest in the relief sought by the class, Central
11 States and Strathclyde "satisf[y] the requirements of Rule 23(a), in particular those of 'typicality'
12 and 'adequacy.'"  *Cavanaugh*, 306 F.3d at 730.  As demonstrated in their motion, Central States and
13 Strathclyde are both typical and adequate.  *See* Dkt. No. 49 at 4.  In this regard, Central States and
14 Strathclyde's claims "'arise from the same course of conduct that gives rise to the other purported
15 class members' claims,'" the "'claims are based on the same legal theory,'" and "'the purported class
16 members and proposed lead plaintiff were injured by the same conduct.'"  *Smajlaj v. Brocade*
17 *Commc'ns Sys.*, 2006 U.S. Dist. LEXIS 97618, at *9 (N.D. Cal. 2006) (Breyer, J.) (citation omitted).
18 In addition, Central States and Strathclyde do not have any "interests antagonistic to the proposed
19 class" and have "retained capable counsel."  *Id.*; *see also* Dkt. No. 49 at 4-6.

20
21
22
23
24
25
26
27
28

1   While other movants may claim to possess the largest financial interest in the relief sought by
2   the class, Central States and Strathclyde possess a very significant financial interest in the relief
3   sought by the class and meet the requirements of Rule 23. If the Court determines that neither the
4   PGGM Group nor the Virginia Retirement System is the presumptive lead plaintiff, Central States
5   and Strathclyde remain ready, willing and able to serve as lead plaintiff and vigorously prosecute
6   this case on behalf of the class.

DATED: February 8, 2013                Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS

  s/ Danielle S. Myers
    DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

BARRACK, RODOS & BACINE
Stephen R. Basser
Samuel M. Ward

  s/ Stephen R. Basser
    STEPHEN R. BASSER

600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874
sbasser@barrack.com
sward@barrack.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BARRACK, RODOS & BACINE
Daniel E. Bacine
Robert A. Hoffman
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: 215/963-0600
215/963-0838 (fax)
dbacine@barrack.com
rhoffman@barrack.com

[Proposed] Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 8, 2013.

      s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
      & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: dmyers@rgrdlaw.com

812097_1

# Mailing Information for a Case 3:12-cv-05980-CRB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  rabadou@ktmc.com,knguyen@ktmc.com,arobles@ktmc.com

- **Marie Caroline Bafus**
  mbafus@fenwick.com,cprocida@fenwick.com

- **Andrea Bascheri**
  sammirati@bottinilaw.com

- **Stephen R. Basser**
  sbasser@barrack.com,lnapoleon@barrack.com,cfessia@barrack.com

- **Francis A. Bottini , Jr**
  fbottini@bottinilaw.com,sammirati@bottinilaw.com

- **Brian Danitz**
  bdanitz@wsgr.com,pbaird@wsgr.com

- **John C. Dwyer**
  dwyerjc@cooley.com,jkaban@cooley.com,giovannonib@cooley.com,sjoiner@cooley.com

- **Matthew Kendall Edling**
  medling@cpmlegal.com,jhamilton@cpmlegal.com,obacigalupi@cpmlegal.com

- **Joseph Edward Floren**
  jfloren@morganlewis.com,rluke@morganlewis.com

- **Tahir Ikeem Golden**
  tgolden@fenwick.com,vpieretti@fenwick.com

- **Katherine Leigh Henderson**
  khenderson@wsgr.com,abaranski@wsgr.com

- **Jeffrey Michael Kaban**
  kabanjm@cooley.com,lalmanza@cooley.com

- **Kimberly Alexander Kane**
  kkane@morganlewis.com,rluke@morganlewis.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,peterb@hbsslaw.com,pashad@hbsslaw.com,sf_filings@hbsslaw.com

- **Bryan Jacob Ketroser**
  bketroser@wsgr.com

- **Laurence D. King**
  lking@kaplanfox.com,amcandrew@kaplanfox.com

- **Nicole Catherine Lavallee**
  nlavallee@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **Kevin Peter Muck**
  kmuck@fenwick.com,cprocida@fenwick.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Stephen Cassidy Neal**
  nealsc@cooley.com,wilsonla@cooley.com

- **Alan R Plutzik**
  aplutzik@bramsonplutzik.com,ptoovey@bramsonplutzik.com

- **Karen A. Pieslak Pohlmann**
  kpohlmann@morganlewis.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **Steven Mark Schatz**
  sschatz@wsgr.com,cfoung@wsgr.com

- **Marc J. Sonnenfeld**
  msonnenfeld@morganlewis.com

- **Avraham Noam Wagner**
  avi@thewagnerfirm.com

- **Jeffrey Michael Walker**
  jwalker@cooley.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Samuel M. Ward**
  sward@barrack.com,lxlamb@barrack.com

- **Matthew S. Weiler**
  mweiler@morganlewis.com,eyemoto@morganlewis.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,erinj@rgrdlaw.com,e_file_sd@rgrdlaw.com,lmix@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`