MORGAN, LEWIS & BOCKIUS LLP
JOSEPH E. FLOREN (State Bar No. 168292)
KIMBERLY A. KANE (State Bar No. 226896)
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: jfloren@morganlewis.com
kkane@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
MARC J. SONNENFELD (*Pro Hac Vice*)
KAREN PIESLAK POHLMANN (*Pro Hac Vice*)
1701 Market Street
Philadelphia, PA 19103-3921
Tel: 215.963.5000
Fax: 215.963.5001
E-mail: msonnenfeld@morganlewis.com
kpohlmann@morganlewis.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN J. NICOLOW, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY, LEO APOTHEKER, MARGARET C. WHITMAN, CATHERINE A. LESJAK, and JAMES T. MURRIN,<br><br>Defendants. | Case No. 12-cv-05980-CRB<br><br>**DEFENDANT HEWLETT-PACKARD COMPANY'S RESPONSE TO MOTIONS SEEKING CONSOLIDATION OF ALL RELATED ACTIONS, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date: March 1, 2013<br>Time: 10:00 a.m.<br>Dept: Courtroom 6, 17th Floor<br>Judge: Hon. Charles R. Breyer<br><br>Complaint filed: Nov. 26, 2012<br>Trial date: None Set |

| | | |
|---|---|---|
| 1 | DAVIN POKOIK, Individually and on Behalf of All Others Similarly Situated, | Case No. 12-cv-06074-CRB |
| 2 | | |
| 3 | Plaintiff, | |
| | vs. | |
| 4 | | |
| 5 | HEWLETT-PACKARD COMPANY, AUTONOMY CORPORATION PLC, DELOITTE LLP, LEO APOTHEKER, MARGARET C. WHITMAN, CATHERINE A. LESJAK, JAMES T. MURRIN, MICHAEL R. LYNCH, and SUSHOVAN HUSSAIN, | Complaint filed: Nov. 30, 2012<br>Trial date: None Set |
| 6 | | |
| 7 | | |
| 8 | Defendants. | |
| 9 | PAUL NEUMANN, | Case No. 13-cv-0284-EJD |
| 10 | Plaintiff, | |
| 11 | vs. | |
| 12 | HEWLETT-PACKARD COMPANY, MARGARET C. WHITMAN, LEO APOTHEKER, JAMES T. MURRIN, CATHERINE A. LESJAK, and MARK HURD, | Complaint filed: Jan. 18, 2013<br>Trial date: None Set |
| 13 | | |
| 14 | | |
| 15 | Defendants. | |

Defendant Hewlett-Packard Company ("HP") hereby submits this Response to the pending motions for consolidation, appointment of lead plaintiff and for approval of movants' selection of lead counsel on behalf of the putative class (the "Motions").

HP takes no position with respect to the appointment of lead plaintiff or lead plaintiff's counsel,[1] but reserves its right to contest class certification at the appropriate time on any and all

---

[1] The weight of authority suggests that defendants do not have standing to oppose the appointment of lead plaintiffs, as the Private Securities Litigation Reform Act of 1995 ("PSLRA") specifically provides that the presumption of adequacy of a lead plaintiff "may be rebutted only upon proof by a member of the purported plaintiff class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II); *see Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1138 (C.D. Cal. 1999) ("defendants lack standing to object to the adequacy or typicality of the proposed lead plaintiffs at this preliminary stage of the litigation."); *see also In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721, 2004 WL 5159061, at *8 n.5 (S.D. Cal. Jan. 5, 2004); *Prissert v. Emcore Corp.*, No. 08-1190, 2010 WL 7926232, at *3 (D.N.M. July 14, 2010) (cases following *Takeda*); *cf. Query v. Maxim Integrated Prods., Inc.*, 558 F. Supp. 2d 969, 972 n.1 (N.D. Cal. 2008) ("there appears to be a split of authority as to whether defendants even have standing to oppose a motion for lead plaintiff") (citing cases outside of the Ninth Circuit).

grounds including, but not limited to, the adequacy and typicality of the lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3) (establishing procedure for appointment of lead plaintiffs and lead counsel that is preliminary to, and distinct from, class certification); *Puente v. Chinacast Educ. Corp.*, Nos. CV 12-4621, CV 12-5107, 2012 WL 3731822, at *3 (C.D. Cal. Aug. 22, 2012) ("'[A] wide ranging analysis . . . is not appropriate' to determine whether [movant] has made a prima facie showing that it satisfies the requirements of Rule 23, and such a wide ranging analysis 'should be left for consideration on a motion for class certification.'") (quoting *Fischler v. AmSouth Bancorp.*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); *In re Chiron Corp. Sec. Litig.*, No. C-04-4293, 2007 WL 4249902, at *13 (N.D. Cal. Nov. 30, 2007) ("'The appointment of lead plaintiffs occurring as it does in advance of class discovery, is not a final ruling on their appropriateness as Class Representatives. . . . The proposed class and Class Representatives are to be reviewed according to the standards of Rule 23, without any deference to the earlier determinations made in the appointment of Lead Plaintiffs.'") (quoting *In re Oxford Health Plans, Inc. Sec. Litig.*, 191 F.R.D. 369, 373 (S.D.N.Y 2000)); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005) ("'Evidence regarding the requirements of Rule 23 will, of course, be heard in full at the class certification hearing. There is no need to require anything more than a preliminary showing at this stage.'") (quoting *Gluck v. CellStar Corp.*, 976 F. Supp 542, 546 (N.D. Tex. 1997)); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) ("[B]ecause Section 78u-4 only requires preliminary class certification findings, the Court does not preclude any party from contesting the ultimate class certification on the basis of the instant findings.") (citing cases).

With respect to the motions to consolidate the above-captioned putative class actions, the *Nicolow* and *Pokoik* cases plainly meet the legal standard for consolidation and thus should be consolidated into a single action. The Autonomy-related claims in the more recently filed *Neumann* action likewise clearly meet the standard for consolidation. Moreover, such claims cannot proceed separately in different actions, given that (among other things) only a court-appointed lead plaintiff may pursue such claims under the federal securities laws, and the Court will appoint lead plaintiff(s) and lead counsel pursuant to the PSLRA with respect to these claims

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

HP'S RESPONSE TO MOTIONS SEEKING CONSOLIDATION,
APPOINTMENT OF LEAD PLAINTIFF & APPROVAL OF
LEAD COUNSEL

3

CASE NO. 12-CV-5980 CRB

based upon the pending motions in the *Nicolow* and *Pokoik* actions. See 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii). Except as expressly stated above, HP takes no position on the motions to consolidate and expressly reserves all rights and defenses, including but not limited to its rights to seek severance, dismissal, and/or other relief with respect to any claims asserted in these actions or which may hereafter be asserted in any consolidated action.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

Dated: February 8, 2013

By /s/ Joseph E. Floren
    JOSEPH E. FLOREN

Attorneys for Defendant
HEWLETT-PACKARD COMPANY