BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
BLAIR A. NICHOLAS (Bar No. 178428)
NIKI L. MENDOZA (Bar No. 214646)
JONATHAN D. USLANER (Bar No. 256898)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:  (858) 793-0070
Fax:  (858) 793-0323
blairn@blbglaw.com
nikim@blbglaw.com
jonathanu@blbglaw.com

KESSLER TOPAZ MELTZER
   & CHECK, LLP
RAMZI ABADOU (Bar No. 222567)
ELI R. GREENSTEIN (Bar No. 217945)
STACEY M. KAPLAN (Bar No. 241989)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:  (415) 400-3000
Fax:  (415) 400-3001
rabadou@ktmc.com
egreenstein@ktmc.com
skaplan@ktmc.com

*Counsel for PGGM Vermogensbeheer B.V., the State of Oregon by and through the Oregon State Treasurer on behalf of the Common School Fund and, together with the Oregon Public Employees Retirement Board, on behalf of the Oregon Public Employees Retirement Fund and Oklahoma Teachers Retirement System and Proposed Co-Lead Counsel for the Class*

[*Add'l counsel listed on signature page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLAN J. NICOLOW, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, LEO APOTHEKER, MARGARET C. WHITMAN, CATHERINE A. LESJAK, and JAMES T. MURRIN,<br><br>Defendants. | Case No. CV-12-05980 CRB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF PGGM, OREGON AND OKLAHOMA FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION TO THE COMPETING MOTIONS**<br><br>Date:   March 1, 2013<br>Time:  10:00 a.m.<br>Room: 6 – 17th Floor<br>Judge:  Charles R. Breyer |

(*Additional captions on following pages*)

| | |
|---|---|
| DAVIN POKOIK, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>HEWLETT-PACKARD COMPANY, AUTONOMY CORPORATION PLC, DELOITTE LLP, LEO APOTHEKER, MARGARET C. WHITMAN, CATHERINE A. LESJAK, JAMES T. MURRIN, MICHAEL R. LYNCH, and SUSHOVAN HUSSAIN,<br><br>　　　　　　　　Defendants. | Case No. CV-12-06074 CRB |
| PAUL NEUMANN,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>HEWLETT-PACKARD COMPANY, MARGARET C. WHITMAN, LEO APOTHEKER, JAMES T. MURRIN, CATHERINE A. LESJAK, and MARK HURD,<br><br>　　　　　　　　Defendants. | Case No. CV-13-00284 CRB |

TABLE OF CONTENTS

I. SUMMARY OF ARGUMENT ................................................................................................1

II. ARGUMENT .........................................................................................................................3

    A. PGGM, Oregon And Oklahoma Should Be Appointed Lead Plaintiff ...................................................................................................................3

    B. PGGM, Oregon And Oklahoma Have The Largest Financial Interest In The Relief Sought By The Class .......................................................4

    C. PGGM, Oregon And Oklahoma Are A Proper Group Under The PSLRA And Satisfy The Adequacy And Typicality Requirements Of Rule 23 ..............................................................................................................5

III. CONCLUSION ......................................................................................................................8

## I. SUMMARY OF ARGUMENT

PGGM, Oregon and Oklahoma have the largest financial interest in the relief sought in this litigation of any investor seeking appointment as Lead Plaintiff.[1] Under the Ninth Circuit's well-established standards for selecting lead plaintiff, the Funds are presumptively the "most adequate plaintiff" and should be appointed Lead Plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq*; *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). No other movant claims a financial interest that even approaches that of the Funds, regardless of the methodology used to calculate losses or the two class periods asserted in the pending complaints.[2]

| Movant | Loss in "Short Class Period" 8/19/11-11/20/12 | | Loss in "Long Class Period" 2/20/08-11/20/12 | |
|---|---|---|---|---|
| | FIFO[3] | LIFO | FIFO | LIFO |
| **PGGM, Oregon and Oklahoma** | $60,210,145 | $51,111,664 | $118,884,690 | $85,256,418 |
| **VRS** | $43,460,871* | $33,124,020* | $53,387,099 | $39,985,010* |
| **Pension Funds** | $10,839,414* | $10,839,414* | $46,982,045* | $35,136,659* |

As the above chart demonstrates, the losses sustained by PGGM, Oregon and Oklahoma are more than *twice as large* as those of the next-largest movant and, in fact, are larger than the

---

[1] On January 25, 2013, PGGM Vermogensbeheer B.V. ("PGGM"), the State of Oregon by and through the Oregon State Treasurer on behalf of the Common School Fund and, together with the Oregon Public Employees Retirement Board, on behalf of the Oregon Public Employees Retirement Fund ("Oregon") and Oklahoma Teachers Retirement System ("Oklahoma") (collectively the "Funds") filed the instant motion. ECF No. 38.

[2] The five other movants are: (1) Virginia Retirement System ("VRS"); (2) Central States, Southeast and Southwest Areas Pension Fund and the Strathclyde Pension Fund ("Pension Funds"); (3) IBEW Local 640/Arizona Chapter NECA Pension Trust Fund and IBEW Local Union Nos. 570 and 518 and Southern Arizona NECA Pension Trust Fund ("Electrical Workers"); (4) Peng Cheng Wang, Lloyd G. Smiley, and Galen A. Etemad ("HP Investor Group"); and (5) David Wagner ("Wagner"). Wagner and Electrical Workers withdrew their motions. ECF Nos. 68, 69. The HP Investor Group supports the motion of the Funds. ECF No. 70.

[3] "FIFO" refers to losses calculated using a First-In-First-Out methodology; "LIFO" refers to losses calculated using a Last-In-First-Out methodology. "*" Indicates losses calculated by the Funds where figures were not provided by the movants.

*combined losses* of all other movants under the longest-filed class period. The Ninth Circuit equates the largest loss with having the greatest financial interest in the litigation. *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the ***largest losses*** satisfies the typicality and adequacy requirements, [it] is entitled to lead plaintiff status"). This Court has repeatedly held that losses determine financial interest. *See*, *e.g.*, *Rafton v. Rydex Series Funds, et al.*, No. C 10-1171 CRB, 2010 WL 2629579, at *5 (N.D. Cal. June 29, 2010) (Breyer, J.) ("the district court must consider the ***losses*** allegedly suffered by the various plaintiffs") (citation and internal quotations omitted).[5]

In addition to asserting the largest financial interest in this litigation, the Funds—each of which has experience serving as Lead Plaintiff as part of a group of institutional investors—also satisfy the adequacy and typicality requirements of Rule 23. *See* ECF No. 40, Ex. C. at ¶11. The PSLRA expressly allows for Lead Plaintiff groups, and this Court has repeatedly appointed groups to serve as Lead Plaintiff. *See Plichta v. SunPower Corp.*, No. 09-cv-05473-CRB, ECF No. 70 (N.D. Cal. Mar. 5, 2010) (Breyer, J.) (appointing group of three institutional investors; approving Kessler Topaz and Bernstein Litowitz as Co-Lead Counsel) ("*SunPower*") (ECF No. 40, Ex. D). Tellingly, four of the six motions in this case were filed by groups and VRS, which moved alone in this case, is currently serving as part of a Lead Plaintiff group in another securities class action. *Deangelis v. Corzine*, 11-cv-7866-VM, ECF No. 140 (S.D.N.Y. Jan. 20, 2012).[6]

As evidenced by their Joint Declaration, PGGM, Oregon and Oklahoma joined together on their own initiative to prosecute the case because of their shared views and goals. *See* ECF No. 40, Ex. C. They have conferred repeatedly without counsel, have a plan to vigorously prosecute and oversee the action, and have enacted specific measures in that regard, including directing counsel to enter into a Joint Prosecution Agreement. *Id.* at ¶¶9-11, ¶¶15-18. The Joint

---

[5] All emphasis added unless otherwise indicated. Unless otherwise noted, references to "ECF No. __" are to filings in *Nicolow v. Hewlett-Packard Company*, No. 12-cv-05980-CRB.

[6] A copy of the order appointing VRS and Her Majesty the Queen in Right of Alberta as Lead Plaintiff is attached as Exhibit A to the Declaration of Blair A. Nicholas ("Nicholas Declaration") submitted concurrently herewith.

Declaration provides the evidence concerning the formation and function of the Funds that is all courts require when appointing a Lead Plaintiff group. *See In re Versata, Inc. Sec. Litig.*, No. C 01-1439 SI, 2001 WL 34012374, at *5 (N.D. Cal. Aug. 20, 2001) (citing declaration as basis for appointing group).

Recognizing that the Funds are the most adequate plaintiff under the PSLRA, the HP Investor Group, which initially filed a motion seeking Lead Plaintiff status, filed a notice supporting the motion of the Funds. ECF No. 70. PGGM, Oregon and Oklahoma are the only movant whose application is supported by another lead plaintiff movant.

Because the Funds have the largest financial interest and have made a preliminary showing of their typicality and adequacy, they are entitled to the strong presumption that they are the most adequate plaintiff, which can only be rebutted "upon ***proof***" that the members of the group are inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such "proof" exists, and the Class will be well-served under the leadership of the Funds. Accordingly, PGGM, Oregon and Oklahoma should be appointed Lead Plaintiff and their motion should otherwise be granted. *See Cavanaugh*, 306 F.3d at 739 (group asserting largest financial interest "shall" be appointed if competing movants fail to provide "evidence" of inadequacy).

## II.    ARGUMENT[7]

### A.    PGGM, Oregon And Oklahoma Should Be Appointed Lead Plaintiff

The PSLRA creates a presumption that the Lead Plaintiff is "the person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). At the lead plaintiff stage, all that is required to satisfy Rule 23 is a preliminary showing that the proposed lead plaintiff's claims are typical and adequate. *See*, *e.g.*, *Russo v. Finisar Corp.*, No. 5:CV 11-01252-EJD, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (movant with largest loss that made necessary preliminary showing of typicality and adequacy appointed lead plaintiff). Once

---

[7] In accordance with Local Rule 7-4(a)(3)-(4), PGGM, Oregon and Oklahoma respectfully refer the Court to the statement of issues to be decided and statement of facts included in their initial motion. *See* ECF No. 38 at 2, 4-6.

Case No. CV-12-05980 CRB – MPA IN FURTHER SUPPORT OF MOT. OF PGGM, OREGON AND OKLAHOMA FOR APP'T AS LEAD PL., AND IN OPP. TO COMPETING MOTS.                                                                    -3-

that strong presumption is triggered (as it has been by PGGM, Oregon and Oklahoma here), it may only be rebutted upon *"proof"* that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. See *Cavanaugh*, 306 F.3d at 729 n.2 ("That the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof'"). Indeed, the PSLRA does not "authorize the district judge to examine the relative merits of plaintiffs seeking lead status on a round-robin basis. The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order *if and only if* the presumptive lead plaintiff is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732.

### B. PGGM, Oregon And Oklahoma Have The Largest Financial Interest In The Relief Sought By The Class

Under any class period and any loss methodology, it is undeniable that PGGM, Oregon and Oklahoma have the largest financial interest in the litigation.[8] As shown in the above chart, the Funds suffered greater losses than any competing movant under either FIFO or LIFO in both the Long Class Period and Short Class Period. The Ninth Circuit and other courts in this District have consistently held that a movant's loss is the most important factor in determining which movant has the largest financial interest. See *Cavanaugh*, 306 F.3d at 732; *Bruce v. Suntech Power Holdings Co. Ltd.*, No. CV 12-04061 RS, 2012 WL 5927985, at *2 (N.D. Cal. Nov. 13, 2012) ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure.").[9] Indeed, in every PSLRA case before this Court, the Court has appointed the movant claiming the largest *loss* as Lead

---

[8] As explained in the Funds' opening brief, the complaints filed in this action assert two different class periods—one beginning August 19, 2011 (the "Short Class Period") and one beginning on February 20, 2008 (the "Long Class Period")—both end on November 20, 2012.

[9] See also *Armour v. Network Assoc., Inc.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001) (movant had "the largest financial interest in the relief sought by the class by reason of the fact that it has suffered the greatest financial loss of all proposed lead plaintiffs"); *In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 WL 2905962, at *4 (N.D. Cal. Sept. 8, 2009) (appointing lead plaintiff movant with largest loss); *Versata*, 2001 WL 34012374, at *8 (same); see also *Tanne v. Autobytel,Inc.,* 226 F.R.D. 659, 665 (C.D. Cal. 2005) (same).

---

Plaintiff so long as that movant otherwise satisfied Rule 23. *Rydex*, 2010 WL 2629579, at *5 (the "district court must consider the losses allegedly suffered by the various plaintiffs"); *Smajlaj v. Brocade Commc'ns Sys. Inc.*, No. C 05-02042 CRB, 2006 U.S. Dist. LEXIS 97618, at *9, *12-13 (N.D. Cal. Jan. 12, 2006) (Breyer, J.) (utilizing loss to determine financial interest); *Carson v. Clarent Corp.*, No. C 01-03361 CRB, 2001 WL 1782712, at *2 (N.D. Cal. Dec. 14, 2001) (Breyer, J.) (lead plaintiff movant "with a $3.1 million interest[,] is thus presumptively the most adequate plaintiff"). In light of the overwhelming weight of the law supporting the use of losses to determine financial interest, it is not surprising that each of the lead plaintiff movants in the action emphasized their own losses as the basis for asserting their financial interest.[10]

Because PGGM, Oregon and Oklahoma incurred a loss far greater than that of every other movant, they have the largest financial interest in the litigation under the well-established law in this Circuit and the jurisprudence of this Court.

### C. PGGM, Oregon And Oklahoma Are A Proper Group Under The PSLRA And Satisfy The Adequacy And Typicality Requirements Of Rule 23

The PSLRA expressly allows for groups to serve as Lead Plaintiff, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), and courts throughout the country routinely recognize the propriety of appointing such groups when they have shown that they are cohesive and capable of overseeing counsel and the litigation. *See Versata*, 2001 WL 34012374, at *6-7 (appointing group of investors with largest loss that "submitted a declaration providing background information and articulating why [they are] seeking lead plaintiff status as part of the asserted group"); *Suntech*, 2012 WL 5927985, at *3 (appointing group of investors with largest loss that "submitted a joint declaration attesting that each is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class"); *see also In re Bank of Am. Corp. Sec., Deriv. and ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (appointing group of institutional investors, including PGGM, that had the largest loss and demonstrated their cooperative efforts through a joint declaration); *In re Cendant Corp. Litig.*,

---

[10] *See* ECF No. 57 at 10; ECF No. 49 at 3; ECF No. 38 at 1; ECF No. 37 at 1; ECF No. 42 at 1.

264 F.3d 201, 266-67 (3d Cir. 2001) (cohesive group of sophisticated investors with largest loss and the ability to oversee counsel and litigation ideal group under the PSLRA).

Indeed, this Court has previously appointed Lead Plaintiff groups in at least five separate cases. *See SunPower* (appointing group of three institutional investors; approving Kessler Topaz and Bernstein Litowitz as Co-Lead Counsel); *Rydex*, 2010 WL 2629579; *see also Watkins v. Shoretel Inc.*, No. 08-cv-00271-CRB, ECF No. 27 (N.D. Cal. Apr. 25, 2008); *In re Leadis Tech., Inc. Sec. Litig.*, 05-cv-00882-CRB, ECF No. 19 (N.D. Cal. June 10, 2005); *In re Solectron Corp. Sec. Litig.*, 03-cv-00986-CRB, ECF No. 53 (N.D. Cal. June 2, 2003). Attached as Exhibits B-D to the Nicholas Declaration. Lead Plaintiff groups have achieved many of the largest recoveries under the PSLRA. Most recently, PGGM served together with a group of United States pension funds as Lead Plaintiff in the *Bank of America* securities litigation and recovered over $2.4 billion for investors—the largest recovery in any case arising from the recent financial crisis, and one of the largest recoveries ever achieved in a securities class action. A lead plaintiff group was also responsible for the over $3.3 billion recovery in *Cendant* and the $3.2 billion recovery in the securities class action involving *Tyco International, Ltd*., the third- and fourth-largest securities class action settlements in history, among other significant recoveries. The record of success established by such groups explains why the majority of the pending motions in this action were filed by groups and why even movants like VRS, who acted alone in this case, are serving as part of lead plaintiff groups in other complex litigations.

As reflected in *Versata*, courts assess the propriety of a lead plaintiff group by considering evidence of how and why the group formed and how it will function. *See Suntech*, 2012 WL 5927985, at *3; *Reimer v. Ambac Fin. Grp., Inc.*, No. 08 Civ. 411 (NRB), 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008) (appointing group of sophisticated institutions that submitted joint declaration explaining their coordination of the litigation). Here, the Joint Declaration submitted by Oregon, Oklahoma and PGGM provides the necessary evidence on which the Court can assess the group.[11] *See* ECF No. 40, Ex. C. Specifically, the Joint

---

[11] In the one published case where this Court declined to appoint a Lead Plaintiff group that had the largest financial interest, the group in question filed its motion two weeks too late. *See Clarent*, 2001 WL 1782712, at *2. While the Court declined to treat another movant as a group

1  Declaration demonstrates that PGGM, Oregon and Oklahoma are large sophisticated institutional
2  investors with a substantial financial stake in the litigation. *Id.* at ¶¶2-7.  The Funds understand
3  and accept the duties and obligations attendant with serving as Lead Plaintiff under the PSLRA
4  and have served or are currently serving as lead plaintiff in complex securities class actions as
5  part of a cohesive group of sophisticated institutions based in the United States and abroad, such
6  as the group here. *Id.*

7  Moreover, the Funds are highly incentivized to vigorously prosecute the action against,
8  and recover the maximum amount possible from, all potentially culpable defendants. *Id.* at ¶8.
9  Further, the Funds independently determined to seek joint appointment as lead plaintiff for the
10  benefit of the class and engaged in extensive discussions between and among one another prior to
11  the filing of their motion. *Id.* at ¶¶9-11.  Through those discussions, the Funds enacted measures
12  to oversee and prosecute the action, including directing counsel to enter into a Joint Prosecution
13  Agreement, in the best interests of all Class members. *Id.* at ¶¶14-18.  The Joint Declaration
14  more than satisfies the evidentiary requirement set forth by Judge Illston in *Versata*.

15  There can also be no question that the Funds satisfy the typicality and adequacy
16  requirements of Rule 23.  *See City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, No. C 04-
17  04362 MJJ, 2005 WL 318813, at *4 (N.D. Cal. Feb. 7, 2005).  The Funds are typical because
18  they suffered the same injures as a result of the same course of defendants' misconduct (the
19  purchase of HP securities at artificially inflated prices pursuant to defendants'
20  misrepresentations), and assert claims under the Exchange Act.  *See id.* ("claims are typical, if
21  not identical to the claims of other members of the proposed class . . . [when] like other members
22  of the class, [movant] alleges that he acquired [] securities during the Class Period at inflated
23  prices and allegedly suffered damages thereby").

24  The Funds are also adequate. *See Id.* at *4.  No antagonism exists between their interests
25  and those of absent class members; rather, their interests are squarely aligned.  In addition,
26  PGGM, Oregon and Oklahoma have retained counsel experienced in prosecuting securities class

27  ---
   in *Clarent*, that group was comprised of individuals rather than institutions, and failed to submit
28  any documentation of how it was formed or how it would operate. *Id.*

Case No. CV-12-05980 CRB – MPA IN FURTHER SUPPORT OF MOT. OF
PGGM, OREGON AND OKLAHOMA FOR APP'T AS LEAD PL., AND IN
OPP. TO COMPETING MOTS.

-7-

actions vigorously and efficiently. *See* ECF No. 40, Ex. C. at ¶¶14-16. The Funds have also incurred substantial financial harm from their purchases of Hewlett-Packard Company securities and, therefore, have a strong interest in ensuring the vigorous prosecution of the action. Finally, there is no evidence of collusion.

### III.     CONCLUSION

For the foregoing reasons, PGGM, Oregon and Oklahoma respectfully request that the Court: (1) appoint PGGM, Oregon and Oklahoma as Lead Plaintiff; (2) approve their selection of Kessler Topaz and Bernstein Litowitz as Co-Lead Counsel for the class; (3) consolidate all related actions; and (4) deny all other motions.

Dated:  February 8, 2013                                     Respectfully submitted,

                                                             BERNSTEIN LITOWITZ BERGER
                                                                & GROSSMANN LLP

                                                             */s/ Blair A. Nicholas*
                                                             BLAIR A. NICHOLAS (Bar No. 178428)
                                                             NIKI L. MENDOZA (Bar No. 214646)
                                                             JONATHAN D. USLANER (Bar No. 256898)
                                                             12481 High Bluff Drive, Suite 300
                                                             San Diego, CA 92130
                                                             Tel:  (858) 793-0070
                                                             Fax:  (858) 793-0323
                                                             blairn@blbglaw.com
                                                             nikim@blbglaw.com
                                                             jonathanu@blbglaw.com

                                                             -and-

                                                             GERALD H. SILK
                                                             AVI JOSEFSON
                                                             1285 Avenue of the Americas, 38th Floor
                                                             New York, NY 10019
                                                             Tel:  (212) 554-1400
                                                             Fax:  (212) 554-1444
                                                             jerry@blbglaw.com
                                                             avi@blbglaw.com

                                                             KESSLER TOPAZ MELTZER
                                                                & CHECK, LLP
                                                             RAMZI ABADOU
                                                             ELI R. GREENSTEIN
                                                             STACEY M. KAPLAN
                                                             One Sansome Street, Suite 1850
                                                             San Francisco, CA 94104
                                                             Tel:  (415) 400-3000

Fax: (415) 400-3001
rabadou@ktmc.com
egreenstein@ktmc.com
skaplan@ktmc.com

-and-

DARREN J. CHECK
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
dcheck@ktmc.com

*Counsel for PGGM Vermogensbeheer B.V., the State of Oregon by and through the Oregon State Treasurer on behalf of the Common School Fund and, together with the Oregon Public Employees Retirement Board, on behalf of the Oregon Public Employees Retirement Fund and Oklahoma Teachers Retirement System and Proposed Co-Lead Counsel for the Class*

STOLL STOLL BERNE LOKTING &
   SHLACHTER P.C.
KEITH S. DUBANEVICH
SCOTT SHORR
209 Southwest Oak Street
Portland, OR 97204
Tel: (503) 227-1600
Fax: (503) 227-6840

*Special Assistant Attorneys General and Counsel for Proposed Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer on behalf of the Common School Fund and, together with the Oregon Public Employees Retirement Board, on behalf of the Oregon Public Employees Retirement Fund*

---

Case No. CV-12-05980 CRB – MPA IN FURTHER SUPPORT OF MOT. OF PGGM, OREGON AND OKLAHOMA FOR APP'T AS LEAD PL., AND IN OPP. TO COMPETING MOTS.

-9-

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 8, 2013.

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

*/s/ Blair A. Nicholas*

## MAIL NOTICE LIST

Jeremy A Lieberman
POMERANTZ GROSSMAN HUFFORD
   DAHLSTROM & GROSS LLP
600 Third Avenue, 20th Floor
New York, NY 10016

Jon Charles Furgison
LAW OFFICES OF JON C. FURGISON
444 Longfellow Avenue
Hermosa Beach, CA 90254