# EXHIBIT B

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10

11 | WILLIAM WATKINS,                    No. C 08-00271 CRB

12 |         Plaintiff,                  **ORDER**

13 | v.

14 | SHORETEL INC.,

15 |         Defendant.

16 | _____/

17     Now pending before the Court is the motion of Loren Swanson and Art Landesman to

18 consolidate all related actions, to be appointed Lead Plaintiffs, and to approve proposed Lead

19 Plaintiffs' choice of counsel. No opposition has been filed to the motions. After carefully

20 considering the moving papers, the Court rules as follows:

21 1.    The motion for appointment as lead plaintiff is GRANTED.

22 2.    The motion to consolidate is GRANTED. Case No. 08-cv-00683 CRB shall be

23 consolidated into Case No. 08-cv-00271 CRB, the first case filed, and closed. All

24 subsequent papers, pleadings, and motions shall be filed under the case number 08-cv-00271

25 CRB, and the consolidated action shall be re-captioned as "In re ShoreTel, Inc. Securities

26 Litigation." Furthermore, all consolidated matters are transferred to Judge Charles R.

27 Breyer, who is the presiding judge in the first-filed action.

28

United States District Court
For the Northern District of California

3.    Class Members, Loren Swanson and Art Landesman are appointed to serve as Lead Plaintiffs in the above-captioned consolidated action pursuant to 15 U.S.C. § 77z-1(a)(3) (2007).

4.    The law firm Kahn Gauthier Swick, LLP is appointed Lead Counsel, and Hagens Berman Sobol Shapiro LLP is appointed Liaison Counsel for Plaintiffs in the consolidated action.  Lead Counsel shall be responsible for coordination of all activities and appearances on behalf of Plaintiffs and for the dissemination of notices and orders of this Court.

5.    Defendants' counsel may rely upon all agreements made with Lead Counsel, or other duly authorized representatives of Plaintiffs, and such agreements shall be binding on Plaintiffs.

6.    This Order shall apply to this action, all actions consolidated herein and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court and is consolidated with this consolidated action.

7.    The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this consolidated action.  Once aware of such action, the Clerk of the Court shall file a copy of this Order in the new/transferred action.

8.    Each new case that arises out of the subject matter of this consolidated action which is filed in this Court or transferred to this Court, shall be consolidated with this consolidated action and this Order shall apply to that case, unless a party objects to consolidation, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application.  Nothing in the foregoing shall be construed as a waiver of the Defendants' right to object to consolidation of any subsequently filed case.

**IT IS SO ORDERED.**

Dated: April 25, 2008

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28