Laurence D. King (SBN 206423)
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
Email: lking@kaplanfox.com

Robert N. Kaplan
Frederic S. Fox (*pro hac vice* pending)
Donald R. Hall
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
rkaplan@kaplanfox.com
ffox@kaplanfox.com
dhall@kaplanfox.com

Counsel for Lead Plaintiff Movant
The Virginia Retirement System

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN J. NICOLOW, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, LEO APOTHEKER, MARGARET C. WHITMAN, CATHERINE A. LESJAK and JAMES T. MURRIN,<br><br>Defendants.<br><br>*[caption continues on next page]* | Case No. 3:12-cv-05980-CRB<br><br>**CLASS ACTION**<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE VIRGINIA RETIREMENT SYSTEM'S ("VRS") MOTION TO: (1) CONSOLIDATE THE RELATED ACTIONS; (2) APPOINT VRS AS LEAD PLAINTIFF; AND (3) APPROVE VRS' CHOICE OF LEAD COUNSEL**<br><br>Judge: Honorable Charles R. Breyer<br>Courtroom: 6, 17th Floor<br>Date: March 1, 2013<br>Time: 10:00 AM |

| | |
|---|---|
| DAVIN POKOIK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, AUTONOMY CORPORATION PLC, DELOITTE LLP, LEO APOTHEKER, MARGARET C. WHITMAN, CATHERINE A. LESJAK, JAMES T. MURRIN, MICHAEL R. LYNCH, and SUSHOVAN HUSSAIN,<br><br>Defendants. | Case No. 3:12-cv-06074-CRB |
| PAUL NEUMANN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, MARGARET C. WHITMAN, LEO APOTHEKER, JAMES T. MURRIN, CATHERINE LESJAK, and MARK HURD,<br><br>Defendants. | Case No. 3:13-cv-00284-EJD |

The Virginia Retirement System ("VRS") respectfully submits this Reply Memorandum of Points and Authorities in further support of its motion for (1) consolidation of the Related Actions, (2) to be appointed as Lead Plaintiff in the securities action against Hewlett-Packard Company ("Hewlett-Packard"), and for (3) approval of its selection of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as Lead Counsel for the class.

**I.    SUMMARY**

Based on the briefs and supporting documentation of all competing movants, it is undisputed that:

(1) VRS has the greatest financial interest based on more net shares purchased and greater net expenditures than the PGGM Group.[1] Many courts in the Ninth Circuit and Northern District of California have deemed net shares to be the most important factor in determining the largest financial interest for the purpose of identifying the presumptive lead plaintiff;

(2) VRS is adequate and typical to represent the class and has selected highly qualified counsel to represent the interests of the putative class;

(3) PGGM, the lead member accounting for nearly half of the PGGM Group's LIFO loss,[2] is a net seller and a net gainer;

(4) If the PGGM Group is disaggregated, VRS' LIFO loss, net shares purchased, and net funds expended are greater than any member of the PGGM Group.

---

[1] The "PGGM Group" is comprised of PGGM Vermogensbeheer B.V. ("PGGM"), the State of Oregon by and through the Oregon State Treasurer on behalf of the Common School Fund, Oregon Public Employees Retirement Fund, and Oklahoma Teachers Retirement System.

[2] The PGGM Group analyzes losses for a short period of August 19, 2011 through November 20, 2012, in addition to the Class Period. However, courts typically analyze the movants' financial interests for lead plaintiff purposes based on the most inclusive class period. *In re Gentiva Sec. Litig.*, No. 10-cv-5064, 2012 U.S. Dist. LEXIS 9177, at *14-15 (S.D.N.Y. January 26, 2012). Even for the shorter period, however, VRS has a greater financial interest based on greater net shares purchased (3,811,417 compared to 2,047,530) and greater net expenditures ($88.7 million compared to $64.6 million) than the PGGM Group. Additionally, the PGGM Group has moved for consolidation of all related cases [ECF No. 38, at 2 and 7], which is inconsistent with any request for the Court to analyze the movants' financial interests for anything other than the Class Period of February 20, 2008 through November 20, 2012.

## II. ARGUMENT

VRS has the largest financial interest of any movant and no competing movant has raised any issues concerning VRS' adequacy or typicality to represent the putative class. VRS is committed to be a zealous advocate and has ample resources to handle this litigation. As a single entity represented by a single law firm, VRS' prosecution of the case will be effective and efficient. It has selected Kaplan Fox as counsel to represent the class. Kaplan Fox is a highly skilled and experienced firm that has successfully prosecuted, as a lead or co-lead counsel, a number of high profile cases involving allegations of violations of federal securities laws. Indeed, Kaplan Fox was appointed by this Court as co-lead counsel, along with counsel for the PGGM Group, in *Plichta v. Sun Power Corp.*, No. 09-cv-05473 (N.D. Cal.). Moreover, Kaplan Fox, representing the State Teachers Retirement System of Ohio and Ohio Public Employee Retirement System, was appointed co-lead counsel (again, with counsel for the PGGM Group) in *In re Bank of America Corp. Sec., ERISA & Deriv. Litig.,* No. 09-MDL-2058 (S.D.N.Y). The parties in that case reached a historic settlement securing $2.425 billion plus significant corporate governance changes for the benefit of a class of investors, which is currently pending final approval.

The only movant claiming to have a larger financial interest than VRS is the PGGM Group. The PGGM Group bases this contention solely on its aggregated estimated loss, ignoring the other factors and methodologies utilized by courts in the Ninth Circuit as set forth in VRS' Opposition Brief.[3]

It is undisputed that VRS alone has more net shares purchased and net expenditures than the entire PGGM Group. This is significant for two reasons. First, courts in the Ninth Circuit have equated greatest financial interest with potential recovery, reasoning that the Supreme Court in *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005), made a distinction between

---

[3] "VRS' Opposition Brief" refers to the "Memorandum of Points and Authorities in Further Support of the Virginia Retirement System's ("VRS") Motion To: (1) Consolidate the Related Actions; (2) Appoint VRS as Lead Plaintiff; and (3) Approve VRS' Choice of Lead Counsel; and Opposition to All Competing Motions." [ECF No. 75.]

economic loss and recoverable damages, and the movant with the greatest potential recovery (as opposed to economic loss) was the movant with the greatest financial interest. As these courts recognized, the greatest potential recovery and, therefore, the greatest financial interest, is better reflected by comparing the movants' net shares rather than the movants' FIFO or LIFO loss.[4] Second, under the *Olsten-Lax* factors,[5] also applied in the Ninth Circuit to determine greatest financial interest, VRS prevails in two of the four factors over the PGGM Group. Moreover, the PGGM Group's larger estimated loss (the *Olsten-Lax* factor favoring the PGGM Group), should be afforded little, if any, weight in this case because PGGM (accounting for nearly half of the PGGM Group's loss) is a net seller and net gainer. Therefore, under the *Olsten-Lax* test, VRS has the greatest financial interest. Indeed, VRS has a greater financial interest under both the net shares purchased analysis and the *Olsten-Lax* factors compared to any single member of the PGGM Group, including the greatest LIFO loss.[6] *See* VRS' Opposition Brief, at 7 [ECF No. 75]; *see also* Central States Group Opposition Brief [ECF No. 71, at 2] (acknowledging that VRS has the largest LIFO loss of any member of the PGGM Group).

Finally, even if this Court were to find that the PGGM Group has the greatest financial interest based solely on its estimated loss, the PGGM Group is subject to unique defenses and inadequate because PGGM, which accounts for nearly half of its estimated LIFO (or FIFO) loss, is both a net seller and net gainer, receiving over $26.7 million from its net sales of shares at

---

[4] *See Schueneman v. Arena Pharms., Inc.*, No. 10cv1959 BTM(BLM), 2011 U.S. Dist. LEXIS 87373, at *12-14 (S.D. Cal. Aug. 8, 2011); *Perlmutter v. Intuitive Surgical Inc.*, No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *20-21 (N.D. Cal. Feb. 15, 2011); *Eichenholtz v. Verifone Holdings, Inc.*, No. 07-cv-06140 MHP, 2008 U.S. Dist. LEXIS 64633, at *10 (N.D. Cal. Aug. 22, 2008); *In re Silicon Storage Tech., Inc., Sec. Litig.*, No. C 05-0295 PJH, 2005 U.S. Dist. LEXIS 45246, at *21-22 (N.D. Cal. May 3, 2005); *In re Critical Path Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1108 (N.D. Cal. 2001); *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999).

[5] Cases applying the *Olsten-Lax* factor test include *Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 11-cv-05235-LHK, 2012 U.S. Dist. LEXIS 21590, at *33-34 (N.D. Cal. Feb. 21, 2012); *Ruland v. Infosonics Corp.*, No. 06cv1231 BTM(WMc), 2006 U.S. Dist. LEXIS 79144, at *16 (S.D. Cal. Oct. 23, 2006); *Schonfield v. Dendreon Corp.*, No. C07-800MJP, 2007 U.S. Dist. LEXIS 76816, at *9 (W.D. Wash. Oct. 4, 2007).

[6] In an analogous case in this Circuit, the court disaggregated the group and compared each member of the group to the other movant based on net shares and net expenditures. *Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1075 (W.D. Wash. 2011).

REPLY MEM OF P&A IN FURTHER SUPP OF MTN TO CONSOLIDATE,     12-cv-05980-CRB
APPT LEAD PLTF & APPROVE LEAD PLTF'S CHOICE OF COUNSEL

1 | artificially inflated prices during the Class Period. This trading pattern calls into question the PGGM Group's real financial interest and its adequacy. As discussed in VRS' Opposition Brief [ECF No. 75, at 8-9], courts in the Northern District of California have uniformly rejected net sellers who are net gainers as lead plaintiffs. *See Perlmutter*, 2011 U.S. Dist. LEXIS 16813, at *27-30; *Weisz v. Calpine Corp.*, No. C 02-1200 SBA, 2002 U.S. Dist. LEXIS 27831, at *27-28 (N.D. Cal. Aug. 15, 2002); *In re McKesson HBOC, Inc., Sec. Litig.*, 97 F. Supp. 2d 993, 996-97 (N.D. Cal. 1999).

## III. CONCLUSION

For the reasons set forth in VRS' opening and opposition briefs, and all supporting papers, and for the reasons set forth above, the Court should consolidate the Related Actions pursuant to the PSLRA and Fed. R. Civ. P. 42(a). Because VRS has the largest financial interest in this litigation and satisfies the other requirements of Rule 23, and therefore is the "most adequate plaintiff," the Court should appoint VRS as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Finally, because the PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the class, subject to the Court's approval, *see* 15 U.S.C. § 78u-4(a)(3)(B)(v), and because counsel for the VRS clearly has the aptitude, skills, and resources to prosecute these class actions, the Court should approve and appoint VRS' choice of Lead Counsel.

DATED: February 15, 2013        KAPLAN FOX & KILSHEIMER LLP

By: /s/ Laurence D. King

Laurence D. King (SBN 206423)
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com

Robert N. Kaplan
Frederic S. Fox (*pro hac vice* pending)
Donald R. Hall
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
New York, NY 10022
Telephone:  212-687-1980
Facsimile:   212-687-7714
rkaplan@kaplanfox.com
ffox@kaplanfox.com
dhall@kaplanfox.com

Counsel for Lead Plaintiff Movant
The Virginia Retirement System

# **CERTIFICATE OF SERVICE**

I, Laurence D. King, hereby certify that on February 15, 2013, I caused the foregoing to be filed with the Court using the CM/ECF system, which will send electronic notices of the filing to all counsel of record.

/s/ Laurence D. King
Laurence D. King