ALLEN S. RUBY (STATE BAR NO. 47109)
allen.ruby@skadden.com
TIMOTHY A. MILLER (STATE BAR NO. 154744)
timothy.miller@skadden.com
RICHARD S. HORVATH, JR. (STATE BAR NO. 254681)
richard.horvath@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile:  (650) 470-4570

ERIC S. WAXMAN (STATE BAR NO. 106649)
eric.waxman@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

Attorneys for Defendant
RAYMOND J. LANE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE HP SECURITIES LITIGATION**<br><br>**THIS DOCUMENT RELATES TO ALL ACTIONS** | MASTER DOCKET NO. **C-12-05980 CRB**<br><br>**(1) REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS (filed under separate cover);**<br><br>**(2) DECLARATION OF RICHARD S. HORVATH, JR. and**<br><br>**(3) [PROPOSED] ORDER (lodged under separate cover).**<br><br>Date:   November 8, 2013<br>Time:   10:00 a.m.<br>Judge:  Hon. Charles R. Breyer<br>Ctrm.:  6, 17th Floor |

**REQUEST FOR JUDICIAL NOTICE**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Evidence 201, defendant Raymond J. Lane hereby respectfully requests that the Court take judicial notice of:

1. Hewlett-Packard Company's ("HP") Annual Report on Form 10-K for the fiscal year ending October 31, 2011, filed with the United States Securities and Exchange Commission ("SEC") on or about December 14, 2011.  (Declaration of Richard S. Horvath, Jr. ("Horvath Decl.") Ex. A.)

2. The Consolidated Financial Statements for Autonomy Corporation plc ("Autonomy") for the fiscal year ending December 31, 2010, filed with the United Kingdom Companies House ("Companies House") on or about April 12, 2011.  (Horvath Decl. Ex. B.)

3. The Consolidated Financial Statements for Autonomy for the fiscal year ending December 31, 2009, filed with Companies House on or about March 31, 2010.  (Horvath Decl. Ex. C.)

4. The Consolidated Financial Statements for Autonomy for the fiscal year ending December 31, 2008, filed with Companies House on or about April 2, 2009.  (Horvath Decl. Ex. D.)

5. The Consolidated Financial Statements for Autonomy for the fiscal year ending December 31, 2007, filed with Companies House on or about March 27, 2008.  (Horvath Decl. Ex. E.)

6. The Consolidated Financial Statements for Autonomy for the fiscal year ending December 31, 2006, filed with Companies House on or about July 16, 2007. (Horvath Decl. Ex. F.)

7. The Consolidated Financial Statements for Autonomy for the fiscal year ending December 31, 2005, filed with Companies House on or about June 28, 2006.  (Horvath Decl. Ex. G.)

8. The Consolidated Financial Statements for Autonomy for the fiscal year ending December 31, 2004, filed with Companies House on or about June 29, 2005.  (Horvath Decl. Ex. H.)

9. The report from AllThingsD titled "Five Questions for HP's New CEO Meg Whitman and Chairman Ray Lane," dated September 23, 2011.  (Horvath Decl. Ex. I)

10. HP's Form 8-K, including exhibits, filed with the SEC on or about August 19, 2011. (Horvath Decl. Ex. J.)

11. Excerpts from the United Kingdom City Code on Takeovers and Mergers. (Horvath Decl. Ex. K.)

The abovementioned documents are submitted in support of Defendant Raymond Lane's Joinder and Motion to Dismiss Consolidated Complaint for Violation of the Federal Securities Laws.

DATED: July 2, 2013

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Timothy A. Miller
TIMOTHY A. MILLER
Attorneys for Defendant
RAYMOND J. LANE

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Raymond J. Lane hereby requests that this Court take judicial notice of Exhibits A through K attached to the Declaration of Richard S. Horvath, Jr. (the "Horvath Declaration").[1]

A fact is subject to judicial notice if it is one "not subject to reasonable dispute" in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). "[F]acts subject to judicial notice may be considered on a motion to dismiss." Mullis v. U.S. Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987). Here, each document attached to, or the information contained in, the Horvath Declaration is the proper subject of judicial notice.

### Public Companies' Regulatory Filings Are Proper Subjects Of Judicial Notice

The Court may take judicial notice of Hewlett-Packard Company's ("HP") Annual Report for the fiscal year ending October 31, 2011, filed on Form 10-K (the "2011 Form 10-K"), HP's Form 8-K filed on or about August 19, 2011 with the SEC, and the Consolidated Financial Statements for Autonomy Corporation plc ("Autonomy"). (Horvath Decl. Exs. A-H, J.) It is well settled that "'a district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" In re Silicon Graphics, Inc. Sec. Litig., 970 F. Supp. 746, 758 (N.D. Cal. 1997) (citation omitted). Courts within the Ninth Circuit have held that a company's public regulatory filings are proper subjects of judicial notice. See, e.g., In re Finisar Corp. Deriv. Litig., 542 F. Supp. 2d 980, 989 n.4 (N.D. Cal. 2008) ("[P]ublic filings with the SEC are properly the subject of judicial notice in a motion to dismiss."); In re CNET Networks, Inc. S'holder Deriv. Litig., 483 F. Supp. 2d 947, 953 (N.D. Cal. 2007) ("'[A] court may take judicial notice of public filings when adjudicating a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.'" (quoting In re Calpine Sec. Litig.,

---

[1] All capitalized terms herein have the same meaning as ascribed to them in Defendant Lane's concurrently filed Joinder and Motion to Dismiss Consolidated Complaint for Violation of the Federal Securities Laws.

1

**DEFENDANT LANE'S REQUEST FOR JUDICIAL NOTICE**                                      **MASTER CASE NO.: C-12-05980-CRB**

288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003))).[2]  Accordingly, the Court may consider these documents in ruling on Mr. Lane's Motion to Dismiss.

### Foreign Law Is The Proper Subject Of Judicial Notice

The Court may also take judicial notice of excerpts from the United Kingdom City Code on Takeovers and Mergers (the "Takeover Code").  (Horvath Decl. Ex. K.)  Indeed, it is well settled that a federal court may take judicial notice of foreign law when a party gives written notice of its intent to raise an issue of that foreign law.  See, e.g., Henriquez-Rivas v. Holder, 707 F.3d 1081, 1092 (9th Cir. 2013) (taking judicial notice of Salvadoran law) (citing MCA, Inc. v. United States, 685 F.2d 1099, 1103 n.2 (9th Cir. 1982)); see also Eshelman v. Orthoclear Holdings, Inc., No. C 07-1429 JSW, 2009 WL 506864, at *5 (N.D. Cal. Feb. 27, 2009) (taking judicial notice of the British Virgin Islands Business Companies Act on a motion to dismiss).  Not only does Mr. Lane refer to the Takeover Code in his Motion to Dismiss (see Lane Motion to Dismiss at 7), but Lead Plaintiff inaccurately summarizes the Takeover Code in its Complaint.  (See Compl. ¶¶ 2, 70-73). Judicial notice of the Takeover Code is therefore proper.

### Documents Relied Upon In The Consolidated Complaint Are The Proper Subjects Of Judicial Notice

The Court may also take judicial notice of materials relied on by Lead Plaintiff in its Consolidated Complaint.  These documents are HP's 2011 Form 10-K, the September 23, 2011 report on AllThingsD, and the excerpts from the Takeover Code.  (Horvath Decl. Exs. A, I, K.)[3]  It is well established that, in considering a motion to dismiss, a court may take judicial notice of documents that plaintiffs rely on or incorporate by reference into their complaint.  See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (*per curiam*) ("To 'prevent … plaintiffs from

---

[2]  All limited companies in the England, Wales, Northern Ireland and Scotland are required to register with the Companies House, an Executive Agency of the Department for Business, Innovation and Skills.  See  http://www.companieshouse.gov.uk/about/functionsHistory.shtml (last visited July 1, 2013).  Just as HP's SEC filings are available on the SEC's EDGAR system, Autonomy's Consolidated Financial Statements are available online at Companies House.  See http://www.companieshouse.gov.uk/toolsToHelp/ourServices.shtml (last visited July 1, 2013). Accordingly, the same reason as to why judicial notice of SEC filings is proper extends to Autonomy's filings with the Companies House.

[3]  The Consolidated Complaint's reference to the 2011 Form 10-K provides the Court an independent reason to consider this document in ruling on Mr. Lane's Motion to Dismiss.

surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based,' a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned"); In re CNET Networks, Inc. S'holder Derivative Litig., 483 F. Supp. 2d 947, 953 (N.D. Cal. 2007) ("On considering a motion to dismiss, judicial notice of the full text of documents referenced in a complaint is proper under the doctrine of incorporation by reference.").  Accordingly, because Lead Plaintiff refers to the above referenced documents throughout its Consolidated Complaint (see, e.g., Compl. ¶¶ 2, 68, 70-73, 115, 162, 178, 180), the Court may consider the entirety of these documents.  See Swartz, 476 F.3d at 763; see also CNET, 483 F. Supp. 2d at 953.

Upon proper notice, the court "shall take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).  Here, Mr. Lane has requested judicial notice and furnished the Court with the necessary information.

For the foregoing reasons, Mr. Lane respectfully requests that the Court take judicial notice of the documents attached to, and information included in, the Declaration of Richard S. Horvath, Jr. filed with this Request for Judicial Notice, and submitted in support of Mr. Lane's Joinder and Motion to Dismiss the Consolidated Complaint.

DATED:  July 2, 2013

> SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
>
> By: _____/s/ Timothy A. Miller_____
> TIMOTHY A. MILLER
> Attorneys for Defendant
> RAYMOND J. LANE

## DECLARATION OF RICHARD S. HORVATH, JR.

I, Richard S. Horvath, Jr., declare as follows:

1. I am an associate with Skadden, Arps, Slate, Meagher & Flom, LLP, counsel for defendant Raymond J. Lane. I make this declaration in support of Mr. Lane's Request for Judicial Notice. I make this declaration based on my own personal knowledge and, if called upon to do so, could and would testify competently.

2. I supervised the firm's staff in obtaining a true and correct copy of Hewlett-Packard Company's ("HP") Annual Report on Form 10-K for the fiscal year ending October 31, 2011 (the "2011 Form 10-K"), filed with the United States Securities and Exchange Commission ("SEC") on or about December 14, 2011. A true and correct copy of the 2011 Form 10-K, obtained from the SEC's EDGAR website at http://www.sec.gov/edgar/searchedgar/companysearch.html, is attached hereto as Exhibit A.

3. I supervised the firm's staff in obtaining a true and correct copy of the Consolidated Financial Statements for Autonomy Corporation plc ("Autonomy") for the fiscal year ending December 31, 2010, filed with the United Kingdom Companies House ("Companies House") on or about April 12, 2011. A true and correct copy of this statement, obtained from the Companies House website at http://wck2.companieshouse.gov.uk//wcframe?name=accessCompanyInfo, is attached hereto as Exhibit B.

4. I supervised the firm's staff in obtaining a true and correct copy of the Consolidated Financial Statements for Autonomy for the fiscal year ending December 31, 2009, filed with Companies House on or about March 31, 2010. A true and correct copy of this statement, obtained from the Companies House website at http://wck2.companieshouse.gov.uk//wcframe?name=accessCompanyInfo, is attached hereto as Exhibit C.

5. I supervised the firm's staff in obtaining a true and correct copy of the Consolidated Financial Statements for Autonomy for the fiscal year ending December 31, 2008, filed with Companies House on or about April 2, 2009. A true and correct copy of this statement, obtained from the Companies House website at http://wck2.companieshouse.gov.uk//wcframe?name=accessCompanyInfo, is attached hereto as Exhibit D.

1

6. I supervised the firm's staff in obtaining a true and correct copy of the Consolidated Financial Statements for Autonomy for the fiscal year ending December 31, 2007, filed with Companies House on or about March 27, 2008. A true and correct copy of this statement, obtained from the Companies House website at http://wck2.companieshouse.gov.uk//wcframe?name=accessCompanyInfo, is attached hereto as Exhibit E.

7. I supervised the firm's staff in obtaining a true and correct copy of the Consolidated Financial Statements for Autonomy for the fiscal year ending December 31, 2006, filed with Companies House on or about July 16, 2007. A true and correct copy of this statement, obtained from the Companies House website at http://wck2.companieshouse.gov.uk//wcframe?name=accessCompanyInfo, is attached hereto as Exhibit F.

8. I supervised the firm's staff in obtaining a true and correct copy of the Consolidated Financial Statements for Autonomy for the fiscal year ending December 31, 2005, filed with Companies House on or about June 28, 2006. A true and correct copy of this statement, obtained from the Companies House website at http://wck2.companieshouse.gov.uk//wcframe?name=accessCompanyInfo, is attached hereto as Exhibit G.

9. I supervised the firm's staff in obtaining a true and correct copy of the Consolidated Financial Statements for Autonomy for the fiscal year ending December 31, 2004, filed with Companies House on or about June 29, 2005. A true and correct copy of this statement, obtained from the Companies House website at http://wck2.companieshouse.gov.uk//wcframe?name=accessCompanyInfo, is attached hereto as Exhibit H.

10. I supervised the firm's staff in obtaining a true and correct copy of a report from AllThingsD titled "Five Questions for HP's New CEO Meg Whitman and Chairman Ray Lane," dated September 23, 2011, which reports on an interview the author of the article described conducting on September 22, 2011 with Meg Whitman and Raymond Lane and is available at http://allthingsd.com/20110923/five-questions-for-hps-new-ceo-meg-whitman-and-chairman-ray-lane/. A true and correct copy of this article is attached hereto as Exhibit I.

11. I supervised the firm's staff in obtaining a true and correct copy of HP's Form 8-K, including exhibits, filed with the SEC on or about August 19, 2011 (the "2011 Form 8-K"). A true

1 | and correct copy of the 2011 Form 8-K, obtained from the SEC's EDGAR website at
2 | http://www.sec.gov/edgar/searchedgar/companysearch.html, is attached hereto as Exhibit J.
3 |     12.    I supervised the firm's staff in obtaining a true and correct copy of excerpts from the
4 | United Kingdom City Code on Takeovers and Mergers (the "Takeover Code"), which is available
5 | at http://www.thetakeoverpanel.org.uk/wp-content/uploads/2008/11/code.pdf. A true and correct
6 | copy of excerpts from the Takeover Code is attached hereto as Exhibit K.
7 |     I declare under penalty of perjury under the laws of the United States of America that the
8 | foregoing is true and correct. Executed this day July 2, 2013, in Palo Alto, California.

*[signature]*

Richard S. Horvath, Jr.

3