KEVIN P. MUCK (CSB No. 120918)
kmuck@fenwick.com
JENNIFER C. BRETAN (CSB No. 233475)
jbretan@fenwick.com
MARIE C. BAFUS (CSB No. 258417)
mbafus@fenwick.com
TAHIR I. GOLDEN (CSB No. 282948)
tgolden@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Defendant James T. Murrin

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HP SECURITIES LITIGATION,<br><br>This Document Relates To: All Actions | Case No. 12-CV-05980 CRB<br><br><u>CLASS ACTION</u><br><br>**DEFENDANT JAMES T. MURRIN'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED COMPLAINT**<br><br>Date: November 8, 2013<br>Time: 10:00 a.m.<br>Place: Courtroom 6<br>Judge: The Honorable Charles R. Breyer |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. THE OPPOSITION MAKES CLEAR THAT PLAINTIFF IS UNABLE
TO PLEAD A CONTROL PERSON CLAIM AGAINST MR. MURRIN...........................2

    A. Plaintiff Cannot Evade Its Obligation to Plead Particularized Facts
Sufficient to Demonstrate Mr. Murrin's Supposed Control Over HP ......................2

    B. Under Any Pleading Standard, the Opposition Fails to Identify Any
Allegations in the Complaint Sufficient to Show That Mr. Murrin
Controlled HP ...........................................................................................................3

III. CONCLUSION........................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................. 3

*City of Westland Police & Fire Ret. Sys. v. Sonic Solutions*,
    2009 WL 942182 (N.D. Cal. Apr. 6, 2009) ........................................................... 2, 4

*Glenbrook Capital Ltd. P'ship v. Kuo*,
    2009 WL 839289 (N.D. Cal. Mar. 30, 2009) ............................................................ 2

*Howard v. Everex Sys., Inc.*,
    228 F.3d 1057 (9th Cir. 2000) .................................................................................. 3

*Howard v. Hui*,
    2001 WL 1159780 (N.D. Cal. Sept. 24, 2001) ...................................................... 2, 3

*In re Atmel Corp. Deriv. Litig.*,
    2008 WL 2561957 (N.D. Cal. June 25, 2008) ....................................................... 2, 3

*In re Diamond Foods, Inc. Sec. Litig.*,
    2012 WL 6000923 (N.D. Cal. Nov. 30, 2012) .......................................................... 4

*In re Downey Sec. Litig.*,
    2009 WL 2767670 (C.D. Cal. Aug. 21, 2009) ....................................................... 4, 5

*In re Gupta Corp. Sec. Litig.*,
    900 F. Supp. 1217 (N.D. Cal. 1994) ......................................................................... 5

*In re Impac Mortg. Holdings, Inc. Sec. Litig.*,
    554 F. Supp. 2d 1083 (C.D. Cal. 2008) .................................................................... 4

*In re McKesson HBOC, Inc. Sec. Litig.*,
    126 F. Supp. 2d 1248 (N.D. Cal. 2000) ............................................................. 2, 4, 5

*In re Metawave Commc'ns Corp. Sec. Litig.*,
    298 F. Supp. 2d 1056 (W.D. Wash. 2003) ................................................................ 4

*In re Ramp Networks, Inc. Sec. Litig.*,
    201 F. Supp. 2d 1051 (N.D. Cal. 2002) ................................................................. 2, 3

*In re Splash Tech. Holdings, Inc. Sec. Litig.*,
    2000 WL 1727405 (N.D. Cal. Sept. 29, 2000) ...................................................... 3, 5

*Middlesex Ret. Sys. v. Quest Software, Inc.*,
    527 F. Supp. 2d 1164 (C.D. Cal. 2007) .................................................................... 5

*Nguyen v. Radient Pharms. Corp.*,
    2011 U.S. Dist. LEXIS 124631 (C.D. Cal. Oct. 26, 2011) ....................................... 3

*Teamsters Local 617 Pension & Welfare Funds v. Apollo Group Inc.*,
    690 F. Supp. 2d 959 (D. Ariz. 2010) ..................................................................... 3, 4

**STATUTES**

Securities Exchange Act of 1934
    Section 10(b), 15 U.S.C. § 78j(b) .................................................................................. 1, 2, 3
    Section 20(a), 15 U.S.C. § 78t(a) ................................................................................... 1, 2, 3

**RULES**

Federal Rules of Civil Procedure
    Rule 8 ...................................................................................................................................... 3
    Rule 9(b) ......................................................................................................................... 1, 2, 3

## I. INTRODUCTION

Defendant James T. Murrin is in an unusual situation: he is not alleged to have made any misstatement or otherwise violated Section 10(b),[1] and is sued solely as a purported "control person" of Hewlett-Packard Company ("HP" or the "Company"). Given the admitted absence of any basis for a primary claim against him, Mr. Murrin's motion to dismiss ("Mot.") challenged plaintiff to identify facts – as opposed to bald conclusions – to support a secondary claim under Section 20(a). Nowhere in its 66-page Omnibus Memorandum in Opposition to Defendants' Motions to Dismiss ("Opposition" or "Opp.") does plaintiff begin to meet that challenge.

Indeed, setting aside the absence of an underlying violation of Section 10(b) by HP[2] – which itself is fatal to the Section 20(a) claim – the Opposition actually confirms plaintiff's inability to plead that Mr. Murrin "controlled" HP. At the outset, plaintiff tries to disavow its burden to plead particularized facts showing such "control," going so far as to assail (erroneously) a prior decision by this Court as inconsistent with "recent case law." The reason the Opposition goes to such lengths to circumvent Fed. R. Civ. P. 9(b), and controlling authority from this Court, is evident: plaintiff knows that its Consolidated Complaint ("Complaint" or "Compl.") is devoid of facts suggesting Mr. Murrin's control over HP or its allegedly actionable statements.

But even if the Section 20(a) claim were not subject to heightened pleading requirements, the Opposition is still unable to show that the meager allegations regarding Mr. Murrin – *i.e.*, that he served as HP's controller for a subset of the class period and signed one document – are adequate to plead control under any standard. The sort of boilerplate offered in the Complaint has routinely been held to be insufficient to allege control as a matter of law. The Opposition underscores that point by repeatedly suggesting that various paragraphs of the Complaint support a claim against Mr. Murrin when, in reality, those paragraphs ***do not even mention him***. Put simply, plaintiff's need to mischaracterize its own Complaint is a concession that the ***actual*** allegations do nothing to state a claim against Mr. Murrin. His motion should be granted.

---

[1] All statutory references are to the Securities Exchange Act of 1934 (the "1934 Act").

[2] Mr. Murrin refers the Court to HP's Reply Memorandum in Further Support of Motions to Dismiss ("HP Reply") for a discussion of the reasons why plaintiff fails to plead an underlying Section 10(b) claim in accordance with the Private Securities Litigation Reform Act (PSLRA).

## II. THE OPPOSITION MAKES CLEAR THAT PLAINTIFF IS UNABLE TO PLEAD A CONTROL PERSON CLAIM AGAINST MR. MURRIN

### A. Plaintiff Cannot Evade Its Obligation to Plead Particularized Facts Sufficient to Demonstrate Mr. Murrin's Supposed Control Over HP

Plaintiff's attempt to justify its claim against Mr. Murrin begins inauspiciously: it tries to shirk the obligation to plead control with the particularity required by Fed. R. Civ. P. 9(b). *See* Opp. at 55. The notion that plaintiff need not comply with Rule 9(b) flies in the face of *Howard v. Hui*, 2001 WL 1159780 (N.D. Cal. Sept. 24, 2001) (Breyer, J.), in which this Court held that a control person claim under Section 20(a) "is an allegation of fraud" and such "[a]llegations of fraud must be pled with particularity." *Id.*, at *4. Thus, while "a plaintiff need not plead (or ultimately establish) the control person's scienter distinct from the controlled corporation's scienter … a plaintiff must plead the circumstances of the control relationship with sufficient particularity to satisfy rule 9(b)." *Id.* The Court noted that its holding was consistent with other decisions, including Ninth Circuit authority. *Id.*

Unable to assail this Court's holding or analysis, the Opposition glibly suggests that *Howard* is contrary to "the weight of recent case law." Opp. at 55. However, plaintiff makes no effort to square that suggestion with the numerous cases from this District and elsewhere – including those cited in the moving papers (*see* Mot. at 5) – that have similarly held allegations of control must be supported by particularized facts. *See, e.g., Glenbrook Capital Ltd. P'ship v. Kuo*, 2009 WL 839289, at *18 (N.D. Cal. Mar. 30, 2009); *In re Atmel Corp. Deriv. Litig.*, 2008 WL 2561957, at *11 (N.D. Cal. June 25, 2008); *In re Ramp Networks, Inc. Sec. Litig.*, 201 F. Supp. 2d 1051, 1063 (N.D. Cal. 2002); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1277 (N.D. Cal. 2000); *City of Westland Police & Fire Ret. Sys. v. Sonic Solutions*, 2009 WL 942182, at *11 (N.D. Cal. Apr. 6, 2009).

For example, Judge White has explained that because a control person claim is "based on an [alleged] underlying violation of Section 10(b)," it necessarily follows that "the pleading requirements for both violations are the same." *Glenbrook*, 2009 WL 839289, at *18. Judge Spero reached the same conclusion, noting that Section 20(a) liability is "derivative" of Section 10(b) claims that are subject to heightened pleading requirements. *Ramp*, 201 F. Supp. 2d at 1063.

And Judge Fogel likewise noted that, in light of the hurdles that must be cleared to state an underlying Section 10(b) claim under the PSLRA, plaintiffs asserting a secondary claim under Section 20(a) must "plead the circumstances of the control relationship with particularity." *Atmel*, 2008 WL 2561957, at *11 (quoting *In re Splash Tech. Holdings, Inc. Sec. Litig.*, 2000 WL 1727405, at *16 (N.D. Cal. Sept. 29, 2000)).[3] The Opposition's failure to acknowledge these authorities – much less address them – reflects plaintiff's awareness that: (i) control person claims are subject to the standard enunciated by this Court in *Howard*; and (ii) plaintiff cannot meet that standard.

### B. Under Any Pleading Standard, the Opposition Fails to Identify Any Allegations in the Complaint Sufficient to Show That Mr. Murrin Controlled HP

Regardless of whether a Section 20(a) claim is subject to Fed. R. Civ. P. 9(b) or a lesser pleading standard, the Opposition does not contest that plaintiff must allege Mr. Murrin's "participation in the day-to-day affairs of [HP]" and his "power to control corporate actions." *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000). Even under Fed. R. Civ. P. 8, plaintiff must allege facts plausibly establishing a control relationship. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Yet plaintiff fails to identify ***any*** allegations – particularized or otherwise – indicating such "participation," "power" or "control."

As discussed in the moving papers, the allegations regarding Mr. Murrin's supposed control over HP are limited to Paragraph 116 of the Complaint. *See* Mot. at 5-6. That lone paragraph makes clear that the primary basis for plaintiff's claim against Mr. Murrin is his job title. Indeed, the 66-page Opposition confirms that conclusion by making ***only one reference*** to Paragraph 116, which reads (in its entirety) as follows: "Defendant Murrin was HP's Chief Accounting Officer during the Class Period. ¶ 116." Opp. at 56.

Plaintiff does not dispute that an individual's job title or status as a corporate officer is

---

[3] In arguing that the law has somehow changed since *Howard,* plaintiff cites *Nguyen v. Radient Pharms. Corp.*, 2011 U.S. Dist. LEXIS 124631, at *26 (C.D. Cal. Oct. 26, 2011). However, that case does not even mention *Howard* or address this Court's analysis, and instead merely relies on *Teamsters Local 617 Pension & Welfare Funds v. Apollo Group Inc.*, 690 F. Supp. 2d 959 (D. Ariz. 2010). *Apollo*, in turn, is a case expressly based on the erroneous premise that a Section 20(a) claim does not implicate fraud (*id*. at 966-67) – ignoring that control person liability is entirely "derivative" of Section 10(b) liability. *See Ramp*, 201 F. Supp. 2d at 1063.

insufficient as a matter of law to plead control. *See, e.g., McKesson*, 126 F. Supp. 2d at 1277 (dismissing control person claims against executives); *In re Downey Sec. Litig.*, 2009 WL 2767670, at *15 (C.D. Cal. Aug. 21, 2009) (same); *Sonic Solutions*, 2009 WL 942182, at *11 (same). Instead, plaintiff must plead that each officer had "a significant degree of day-to-day operational control, amounting to the power to dictate [the Company's] conduct or operations." *McKesson*, 126 F. Supp. 2d at 1277 (quotation omitted); *see also In re Impac Mortg. Holdings, Inc. Sec. Litig.*, 554 F. Supp. 2d 1083, 1101 n.12 (C.D. Cal. 2008). Recognizing that pleading obligation, plaintiff makes the generic contention that the individual defendants "were actively involved in [HP's] day-to-day operations," and cites three paragraphs as ostensible support. Opp. at 56 (citing Compl. ¶¶ 119, 123, 240). However, ***not one of those three cited paragraphs even mentions Mr. Murrin*** or identifies a single thing he purportedly did as an executive – let alone alleges acts or conduct sufficient to show his "power to dictate" HP's operations (*McKesson*, 126 F. Supp. 2d at 1277) or "power to cause [HP] to engage[] in the alleged conduct." *Downey*, 2009 WL 2767670, at *15.[4] Thus, the allegations regarding Mr. Murrin are (in the words of Chief Judge Wilken) "bare legal conclusions … devoid of any factual underpinnings" and insufficient to plead control. *Sonic Solutions*, 2009 WL 942182, at *11.

Plaintiff's citation to *In re Diamond Foods, Inc. Sec. Litig.*, 2012 WL 6000923 (N.D. Cal. Nov. 30, 2012) (Opp. at 56), actually highlights its pleading failure. In *Diamond*, the court found that the complaint contained specific allegations regarding the day-to-day operational roles of the CEO and CFO and their involvement in the alleged misconduct at issue. *Id*. at *12-13. Those allegations, and the fact that the CEO and CFO "sat on Diamond's Board of Directors," were adequate to plead those individuals' control over the company. *Id*. at *13. Here, by contrast, plaintiff can identify no averments regarding Mr. Murrin that are even remotely comparable. Rather, the Complaint relies on an unadorned recitation of his job title – and, as plaintiff acknowledges, such boilerplate is inadequate to plead control. *See* Opp. at 55 n.87 (citing *In re Metawave Commc'ns Corp. Sec. Litig.*, 298 F. Supp. 2d 1056, 1091 (W.D. Wash. 2003)).

---

[4] As to Mr. Murrin, the argument that "director status 'is a sort of red light' that indicates the potential for day-to-day involvement" (Opp. at 56, quoting *Apollo*, 690 F. Supp. 2d at 976), has no conceivable relevance. Plaintiff does not allege that Mr. Murrin ever served as a director of HP.

Furthermore, the Opposition does not dispute that all of the allegedly actionable statements were made by persons who outranked Mr. Murrin (Mot. at 7), and that the Complaint contains no allegations to address the fundamental illogic of the theory that he somehow "controlled" his superiors. *See Middlesex Ret. Sys. v. Quest Software, Inc.*, 527 F. Supp. 2d 1164, 1194 (C.D. Cal. 2007). Nor does plaintiff cite any allegations or legal authority to overcome the conclusion that Mr. Murrin was either "too low-ranking" or too "distant" to exercise control over a corporation the size of HP. *See McKesson*, 126 F. Supp. 2d at 1277. By ignoring these points altogether, plaintiff implicitly concedes the inadequacy of its allegations. Similarly, the Opposition makes no effort to justify the averment that Mr. Murrin's attendance at HP's annual shareholder meeting (Compl. ¶ 116) somehow supports a control person claim. *See* Mot. at 7.

With respect to the allegation that Mr. Murrin signed one document – HP's Form 10-K for fiscal 2011 (Compl. ¶ 116) – the Opposition resorts to misdirection. Plaintiff asserts in a footnote that, "[c]iting *In re Gupta Corp. Sec. Litig.*, 900 F. Supp. 1217, 1227, 1241-43 (N.D. Cal. 1994), Murrin argues that the fact that he signed [the 10-K] is insufficient to allege control," and then offers a tortured rationale for why reliance on *Gupta* would be misplaced. Opp. at 57 n.90. The problem with plaintiff's assertion is twofold: not only does the Opposition misstate Mr. Murrin's actual argument, but he does not rely on *Gupta*. Instead, his moving papers cited an entirely different case – *Splash* – for the proposition that, while an individual's signature on a document may indicate the "***possibility*** of control," it is still incumbent on plaintiff to furnish additional allegations sufficient to show ***actual*** control. *See* Mot. at 7-8, quoting *Splash*, 2000 WL 1727405, at *16 (emphasis added). Tellingly, the Opposition makes no reference to *Splash*, offers no contrary authority, and does not deny that the Complaint is bereft of any allegations regarding Mr. Murrin's supposed role in the preparation of the 10-K. *See* Mot. at 8. The Opposition also ignores that – even if plaintiff could allege Mr. Murrin "controlled" the contents of the10-K – the Complaint offers no conceivable basis for alleging his control over the other allegedly actionable statements. *See* Mot. at 8; *see also Downey*, 2009 WL 2767670, at *15 (dismissing control person claim where plaintiff failed to allege adequately that the individual defendants had control over

company in connection with "acts that violated the securities laws").[5]

Ultimately, the most notable aspect of the Opposition – at least with respect to Mr. Murrin – is plaintiff's repeated mischaracterization of what is alleged in the Complaint. The following chart compares the Opposition's key arguments with the actual pleading:

| What the Opposition Claims | What the Complaint Really Says |
|---|---|
| "[T]he Complaint alleges that HP's surreptitious efforts to unwind Autonomy's accounting irregularities were thwarted by a 'senior member' of HP/Autonomy's 'leadership team,' who blew the whistle on HP/Autonomy's misconduct in May 2012, and that HP and Defendants Whitman, Lane, Lesjak and **Murrin failed to disclose this material development** to shareholders until November 2012. ¶¶ 80-83." (Opp. at vii; emphasis added.) | The cited paragraphs (Compl. ¶¶ 80-83) do not even mention Mr. Murrin, let alone tie him in any way to awareness of alleged misconduct at Autonomy. |
| "By December 2011, as Lesjak, **Murrin** and Whitman **learned first-hand about Autonomy's improper revenue recognition practices**, HP simultaneously began a gradual wind-down of those practices which began to manifest in HP/Autonomy's publicly-reported Software Segment results in February 2012. ¶¶ 77-79, 100, 182-86." (Opp. at 13; emphasis added.) | Again, the cited paragraphs (Compl. ¶¶ 77-79, 100, 182-86) do not even mention Mr. Murrin, and do not allege in any way that he knew of Autonomy's allegedly improper revenue recognition practices. |
| "Rather than disclose that HP was experiencing lower than expected operating margins and license revenue growth as a result of HP's efforts to unwind Autonomy's materially inflated revenue, profits, EPS, growth rates and margins, the Complaint alleges that Whitman, **Murrin** and Lesjak **concealed these facts**. ¶¶ 74-82, 133-34, 145, 149-58, 182-206." (Opp. at 15; emphasis added.) | Not one of the cited paragraphs (Compl. ¶¶ 74-82, 133-34, 145, 149-58, 182-206) refers to Mr. Murrin or alleges that he concealed any facts. |

Plaintiff's resort to these mischaracterizations betrays a recognition that the actual allegations of the Complaint do not suffice to plead Mr. Murrin's control over HP.

---
[5] In any event, as discussed in HP's separate reply brief, plaintiff fails to allege that any statement in the 10-K is actionable. *See* HP Reply, §§ II.B, IV.A.

## III. CONCLUSION

Plaintiff's Opposition confirms that the handful of passing references to Mr. Murrin in the Complaint provide no basis for a control person claim against him. Moreover, plaintiff does not suggest there are any additional facts it could allege if given an opportunity to replead. Mr. Murrin's motion to dismiss should accordingly be granted without further leave to amend.

Dated: October 2, 2013     FENWICK & WEST LLP

By   /s/ *Kevin P. Muck*
         Kevin P. Muck
Attorneys for Defendant James T. Murrin