1   WACHTELL, LIPTON, ROSEN & KATZ
    MARC WOLINSKY (*pro hac vice*)
2   GEORGE T. CONWAY III (*pro hac vice*)
    VINCENT G. LEVY (*pro hac vice*)
3   51 West 52nd Street
    New York, NY  10019
4   Tel./Fax:  212.403.1000/2000
    MWolinsky@wlrk.com
5   GTConway@wlrk.com
    VGLevy@wlrk.com
6
    FARELLA, BRAUN & MARTEL, LLP
7   NEIL A. GOTEINER, State Bar No. 83524
    THOMAS B. MAYHEW, State Bar No. 183539
8   235 Montgomery Street, 17th Floor
    San Francisco, CA  94104
9   Tel./Fax:  415.954.4400/4480
    NGoteiner@fbm.com
10  TMayhew@fbm.com

11  *Attorneys for Defendant Hewlett-Packard Company*

12  COOLEY LLP
    STEPHEN C. NEAL, State Bar No. 170085
13  JOHN C. DWYER, State Bar No. 136533
    JEFFREY M. KABAN, State Bar No. 235743
14  ADAM C. TRIGG, State Bar No. 261498
    Five Palo Alto Square
15  3000 El Camino Real
    Palo Alto, CA  94306
16  Tel./Fax:  650.843.5000/849.7400
    NealSC@cooley.com
17  DwyerJC@cooley.com
    JKaban@cooley.com
18  ATrigg@cooley.com

19  *Attorneys for Defendant Margaret C. Whitman*

20

21

22                    IN THE UNITED STATES DISTRICT COURT

23              FOR THE NORTHERN DISTRICT OF CALIFORNIA

24  | IN RE HP SECURITIES LITIGATION | Master File No. C-12-5980 CRB |
    |---|---|
25  | | Class Action |
26  | | **ANSWER** |
27  | This Document Relates to:  All Actions | |

28

Defendants Hewlett-Packard Company ("HP") and Margaret C. Whitman, by and through their counsel, respectfully submit this Answer to the Consolidated Class Action Complaint (the "Complaint"). Defendants deny the allegations of the Complaint except with respect to those specific matters admitted herein.

1. Defendants admit that Lead Plaintiff purports to bring this case as a class action and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1, and, on that basis, deny those allegations.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 2, and, on that basis, deny those allegations.

3. Defendants deny the allegations of paragraph 3 and further state that, by decision and order dated November 26, 2013 (the "Dismissal Order"), the Court dismissed the Complaint as against all defendants other than HP and Ms. Whitman and dismissed all claims based on any statements made by HP or Ms. Whitman except certain statements made on May 23, 2012; June 5, 2012; and September 10, 2012.

4. The allegations in paragraph 4 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants deny the allegations of paragraph 4.

5. Defendants respectfully refer the Court to the referenced documents for their content and to publicly available financial information about HP, and otherwise deny the allegations of paragraph 5.

6. No response is required to the allegations of paragraph 6 in view of the Dismissal Order; to the extent a response is required, defendants respectfully refer the Court to the referenced documents for their content and otherwise deny the allegations of paragraph 6.

7. No response is required to the pre-May 23, 2012 allegations of paragraph 7 in view of the Dismissal Order. To the extent a response is required, defendants deny the allegations of paragraph 7.

8.      Defendants respectfully refer the Court to the referenced documents for their content and otherwise deny the allegations of paragraph 8.

9.      Defendants admit the allegations of paragraph 9.

10.     No response is required to the allegations of paragraph 10 in view of the Dismissal Order.

11.     No response is required to the allegations of paragraph 11 in view of the Dismissal Order.

12.     No response is required to the allegations of paragraph 12 in view of the Dismissal Order.

13.     No response is required to the allegations of paragraph 13 in view of the Dismissal Order.

14.     No response is required to the allegations of paragraph 14 in view of the Dismissal Order.

15.     No response is required to the allegations of paragraph 15 in view of the Dismissal Order.

16.     No response is required to the allegations of paragraph 16 in view of the Dismissal Order.

17.     No response is required to the allegations of paragraph 17 in view of the Dismissal Order.

18.     No response is required to the allegations of paragraph 18 in view of the Dismissal Order.

19.     No response is required to the allegations of paragraph 19 in view of the Dismissal Order.

20.     No response is required to the allegations of paragraph 20 in view of the Dismissal Order.

21.     No response is required to the allegations of paragraph 21 in view of the Dismissal Order.

22.     No response is required to the allegations of paragraph 22 in view of the Dismissal Order.

23.     No response is required to the allegations of paragraph 23 in view of the Dismissal Order.

24.     No response is required to the allegations of paragraph 24 in view of the Dismissal Order.

25.     No response is required to the allegations of paragraph 25 in view of the Dismissal Order.

26.     No response is required to the allegations of paragraph 26 in view of the Dismissal Order.

27.     No response is required to the allegations of paragraph 27 in view of the Dismissal Order.

28.     No response is required to the allegations of paragraph 28 in view of the Dismissal Order.

29.     No response is required to the allegations of paragraph 29 in view of the Dismissal Order.

30.     No response is required to the allegations of paragraph 30 in view of the Dismissal Order.

31.     No response is required to the allegations of paragraph 31 in view of the Dismissal Order.

32.     No response is required to the allegations of paragraph 32 in view of the Dismissal Order.

33.     No response is required to the allegations of paragraph 33 in view of the Dismissal Order.

34.     No response is required to the allegations of paragraph 34 in view of the Dismissal Order.

35.     No response is required to the allegations of paragraph 35 in view of the Dismissal Order.

36.     No response is required to the allegations of paragraph 36 in view of the Dismissal Order.

37.     No response is required to the allegations of paragraph 37 in view of the Dismissal Order.

38.     No response is required to the allegations of paragraph 38 in view of the Dismissal Order.

39.     No response is required to the allegations of paragraph 39 in view of the Dismissal Order.

40.     No response is required to the allegations of paragraph 40 in view of the Dismissal Order.

41.     No response is required to the allegations of paragraph 41 in view of the Dismissal Order.

42.     No response is required to the allegations of paragraph 42 in view of the Dismissal Order.

43.     No response is required to the allegations of paragraph 43 in view of the Dismissal Order.

44.     No response is required to the allegations of paragraph 44 in view of the Dismissal Order.

45.     No response is required to the allegations of paragraph 45 in view of the Dismissal Order.

46.     No response is required to the allegations of paragraph 46 in view of the Dismissal Order.

47.     No response is required to the allegations of paragraph 47 in view of the Dismissal Order.

48. No response is required to the allegations of paragraph 48 in view of the Dismissal Order.

49. No response is required to the allegations of paragraph 49 in view of the Dismissal Order.

50. No response is required to the allegations of paragraph 50 in view of the Dismissal Order.

51. No response is required to the allegations of paragraph 51 in view of the Dismissal Order.

52. No response is required to the allegations of paragraph 52 in view of the Dismissal Order.

53. No response is required to the allegations of paragraph 53 in view of the Dismissal Order.

54. No response is required to the allegations of paragraph 54 in view of the Dismissal Order.

55. No response is required to the allegations of paragraph 55 in view of the Dismissal Order.

56. No response is required to the allegations of paragraph 56 in view of the Dismissal Order.

57. No response is required to the allegations of paragraph 57 in view of the Dismissal Order.

58. No response is required to the allegations of paragraph 58 in view of the Dismissal Order.

59. No response is required to the allegations of paragraph 59 in view of the Dismissal Order.

60. No response is required to the allegations of paragraph 60 in view of the Dismissal Order.

61.     No response is required to the allegations of paragraph 61 in view of the Dismissal Order.

62.     No response is required to the allegations of paragraph 62 in view of the Dismissal Order.

63.     No response is required to the allegations of paragraph 63 in view of the Dismissal Order.

64.     No response is required to the allegations of paragraph 64 in view of the Dismissal Order.

65.     No response is required to the allegations of paragraph 65 in view of the Dismissal Order.

66.     No response is required to the allegations of paragraph 66 in view of the Dismissal Order.

67.     No response is required to the allegations of paragraph 67 in view of the Dismissal Order.

68.     No response is required to the allegations of paragraph 68 in view of the Dismissal Order.

69.     No response is required to the allegations of paragraph 69 in view of the Dismissal Order.

70.     No response is required to the allegations of paragraph 70 in view of the Dismissal Order.

71.     No response is required to the allegations of paragraph 71 in view of the Dismissal Order.

72.     No response is required to the allegations of paragraph 72 in view of the Dismissal Order.

73.      No response is required to the allegations of paragraph 73 in view of the Dismissal Order except as to the allegation that Autonomy's financial results were reported as part of HP's Information Management division's Software Segment, which allegation defendants admit.

74.     No response is required to the allegations in the first, second, and third sentences of paragraph 74 in view of the Dismissal Order.  To the extent a response is required, defendants deny the allegations of paragraph 74.

75.     No response is required to the allegations of paragraph 75 in view of the Dismissal Order.

76.     No response is required to the allegations of paragraph 76 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer the Court to the referenced documents for their content and otherwise deny the allegations of paragraph 76.

77.     No response is required to the pre-May 23, 2012 allegations of paragraph 77 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer the Court to publicly available financial information about Autonomy and HP, and otherwise deny the allegations of paragraph 77.

78.     No response is required to the pre-May 23, 2012 allegations of paragraph 78 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer the Court to the referenced document for its content and to publicly available financial information about Autonomy and HP, and otherwise deny the allegations of paragraph 78.

79.     No response is required to the pre-May 23, 2012 allegations of paragraph 79 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer the Court to the referenced documents for their content and otherwise deny the allegations of paragraph 79.

80.     Defendants aver that a senior member of Autonomy's leadership team came forward on May 25, 2012 and raised questions to HP general counsel John Schultz about business practices at Autonomy prior to its acquisition by HP; that Mr. Schultz reported this to Ms. Whitman thereafter; and that HP subsequently engaged PwC to conduct a forensic review of Autonomy's historical financial results.  Defendants respectfully refer the Court to the transcript of the referenced conference call for its content and otherwise deny the allegations of paragraph 80.

81.     Defendants respectfully refer the Court to the referenced documents for their content and otherwise deny the allegations of paragraph 81.

82.     Defendants respectfully refer the Court to the referenced documents for their content and to publicly available financial information about HP and otherwise deny the allegations of paragraph 82.

83.     Defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations of paragraph 83.

84.     Defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations of paragraph 84.

85.     No response is required to the pre-May 23, 2012 allegations of paragraph 85 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations of paragraph 85.

86.     Defendants respectfully refer the Court to the referenced documents for their content and otherwise deny the allegations of paragraph 86.

87.     Defendants respectfully refer the Court to the transcripts of the referenced conference calls for their content and otherwise deny the allegations of paragraph 87.

88.     Defendants admit that HP has provided information to the SEC and the DOJ in connection with their investigations of accounting and other improprieties at Autonomy prior to its acquisition by HP and aver that investigations by both of those agencies, as well as by the U.K. Serious Fraud Office are ongoing.  Defendants respectfully refer the Court to the referenced documents for their content and otherwise deny the allegations of paragraph 88.

89.     Defendants respectfully refer the Court to the referenced document and the transcript of the referenced interview for their content and otherwise deny the allegations of paragraph 89.

90.     No response is required to the pre-May 23, 2012 allegations in paragraph 90 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer

the Court to the referenced document for its content and to publicly available financial information about HP and otherwise deny the allegations of paragraph 90.

91.    Defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations of paragraph 91.

92.    Defendants respectfully refer the Court to the referenced documents for their content and otherwise deny the allegations of paragraph 92.

93.    No response is required to the allegations of paragraph 93 in view of the Dismissal Order.

94.    No response is required to the allegations of paragraph 94 in view of the Dismissal Order.

95.    No response is required to the allegations of paragraph 95 in view of the Dismissal Order.

96.    No response is required to the allegations of paragraph 96 in view of the Dismissal Order.

97.    No response is required to the allegations of paragraph 97 in view of the Dismissal Order.

98.    No response is required to the allegations of paragraph 98 in view of the Dismissal Order.

99.    No response is required to the allegations of paragraph 99 in view of the Dismissal Order.

100.    No response is required to the pre-May 23, 2012 allegations of paragraph 100 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations of paragraph 100.

101.    No response is required to the pre-May 23, 2012 allegations of paragraph 101 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer

the Court to the referenced document for its content and otherwise deny the allegations of paragraph 101.

102.   No response is required to the pre-May 23, 2012 allegations of paragraph 102 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations of paragraph 102.

103.   Defendants deny the allegations of paragraph 103.

104.   The allegations in paragraph 104 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants admit that plaintiff purports to assert claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5; and otherwise deny the allegations of paragraph 104.

105.   Defendants admit that venue is proper in this District.

106.   The allegations in paragraph 106 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants deny the allegations of paragraph 106.

107.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 107, and, on that basis, deny those allegations.

108.   Defendants admit the allegations in the first three sentences of paragraph 108. Defendants further admit that HP's stock trades on NASDAQ.  The remaining allegations in paragraph 108 constitute conclusions of law as to which no response is required.

109.   No response is required to the allegations of paragraph 109 in view of the Dismissal Order.

110.   Defendants (1) admit that Ms. Whitman is, and has been since September 22, 2011, HP's President, CEO, and Director, that Ms. Whitman became HP's President and CEO immediately after Mr. Apotheker's termination was officially announced on September 22, 2011, and that Ms. Whitman served as a member of HP's Board since January 2011; (2) admit that Ms.

Whitman served as a part-time strategic advisor to Kleiner Perkins Caufield & Byers, a private equity firm, between March 2011 and September 2011; and (3) otherwise deny the allegations of paragraph 110.

111.    No response is required to the pre-May 23, 2012 allegations of paragraph 111 in view of the Dismissal Order.  To the extent a response is required, defendants admit that Ms. Whitman signed HP's 2012 annual report on Form 10-K; that Ms. Whitman participated on the following earnings conference calls:  (i) May 23, 2012 conference call, (ii) August 22, 2012 conference call, and (iii) November 20, 2012 conference call; and that Ms. Whitman also participated at an October 3, 2012 analyst meeting.  Defendants otherwise deny the allegations of paragraph 111.

112.    No response is required to the allegations of paragraph 112 in view of the Dismissal Order.

113.    No response is required to the allegations of paragraph 113 in view of the Dismissal Order.

114.    No response is required to the allegations of paragraph 114 in view of the Dismissal Order.

115.    No response is required to the allegations of paragraph 115 in view of the Dismissal Order.

116.    No response is required to the allegations of paragraph 116 in view of the Dismissal Order.

117.    No response is required to the allegations of paragraph 117 in view of the Dismissal Order.

118.    No response is required to paragraph 118.

119.    No response is required to the pre-May 23, 2012 allegations and the allegations with respect to all of the Insider Defendants of paragraph 119 in view of the Dismissal Order.  To the extent a response is required, defendants state that the allegations in paragraph 119

constitute conclusions of law as to which no response is required; to the extent a response is required, defendants deny the allegations of paragraph 119.

120.     No response is required to the pre-May 23, 2012 and the allegations with respect to all of the Insider Defendants allegations of paragraph 120 in view of the Dismissal Order. To the extent a response is required, defendants state that the allegations in paragraph 120 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants deny the allegations of paragraph 120.

121.     No response is required to the pre-May 23, 2012 allegations and the allegations with respect to all of the Insider Defendants of paragraph 121 in view of the Dismissal Order.  To the extent a response is required, defendants state that the allegations in paragraph 121 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants deny the allegations of paragraph 121.

122.     No response is required to the pre-May 23, 2012 allegations and the allegations with respect to all of the Insider Defendants of paragraph 122 in view of the Dismissal Order.  To the extent a response is required, defendants state that the allegations in paragraph 122 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants deny the allegations of paragraph 122.

123.     No response is required to the pre-May 23, 2012 allegations and the allegations with respect to all of the Insider Defendants of paragraph 123 in view of the Dismissal Order.  To the extent a response is required, defendants state that the allegations in paragraph 123 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants deny the allegations of paragraph 123.

124.     No response is required to the pre-May 23, 2012 allegations and the allegations with respect to all of the Insider Defendants of paragraph 124 in view of the Dismissal Order.  To the extent a response is required, defendants state that the allegations in paragraph 124 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants deny the allegations of paragraph 124.

125.     No response is required to the pre-May 23, 2012 allegations and the allegations with respect to all of the Insider Defendants of paragraph 125 in view of the Dismissal Order.  To the extent a response is required, defendants state that the allegations in the first and second sentences of paragraph 125 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants deny the allegations of paragraph 125.  Defendants incorporate their answers to § II, *supra*, by reference.

126.     The allegations in paragraph 126 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants respectfully refer the Court to the referenced documents, statutes, and regulations for their content; and otherwise deny the allegations of paragraph 126.

127.     No response is required to the pre-May 23, 2012 allegations and the allegations with respect to Ms. Lesjak of paragraph 127 in view of the Dismissal Order.  To the extent a response is required, defendants state that the allegations in paragraph 127 constitute conclusions of law as to which no response is required; respectfully refer the Court to the referenced documents and statutes for their content; and otherwise deny the allegations of paragraph 127.

128.     No response is required to the pre-May 23, 2012 allegations of paragraph 128 in view of the Dismissal Order.  To the extent a response is required, defendants state that the allegations in paragraph 128 constitute conclusions of law as to which no response is required; respectfully refer the Court to the referenced accounting literature for its content; and otherwise deny the allegations of paragraph 128.

129.     Defendants respectfully refer the Court to the referenced accounting literature for its content and otherwise deny the allegations of paragraph 129.

130.     Defendants respectfully refer the Court to the referenced accounting literature for its content and otherwise deny the allegations of paragraph 130.

131.     Defendants respectfully refer the Court to the referenced accounting literature for its content and otherwise deny the allegations of paragraph 131.

132.     No response is required to the pre-May 23, 2012 allegations of paragraph 132 in view of the Dismissal Order.  To the extent a response is required, defendants state that the allegations in paragraph 132 constitute conclusions of law as to which no response is required.

133.     No response is required to the pre-May 23, 2012 allegations of paragraph 133 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer the Court to the referenced accounting literature for its content and otherwise deny the allegations of paragraph 133.

134.     No response is required to the pre-May 23, 2012 allegations of paragraph 134 in view of the Dismissal Order.  In addition, the allegations in paragraph 134 constitute conclusions of law as to which no response is required.  To the extent a response is required, defendants deny the allegations of paragraph 134.

135.     No response is required to the pre-May 23, 2012 allegations of paragraph 135 in view of the Dismissal Order.  In addition, the allegations in paragraph 135 constitute conclusions of law as to which no response is required.  To the extent a response is required, defendants deny the allegations of paragraph 135.

136.     No response is required to the allegations of paragraph 136 in view of the Dismissal Order.  In addition, the allegations in paragraph 136 constitute conclusions of law as to which no response is required.  To the extent a response is required, defendants respectfully refer the Court to the referenced accounting literature for its content and otherwise deny the allegations of paragraph 136.

137.     No response is required to the pre-May 23, 2012 allegations of paragraph 137 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer the Court to HP's November 20, 2012 statements concerning Autonomy and otherwise deny the allegations of paragraph 137.

138.     No response is required to the pre-May 23, 2012 allegations of paragraph 138 in view of the Dismissal Order.  To the extent a response is required, defendants deny the allegations of paragraph 138.

139.     No response is required to the pre-May 23, 2012 allegations of paragraph 139 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer the Court to HP's November 20, 2012 statements concerning Autonomy and otherwise deny the allegations of paragraph 139.

140.     No response is required to the pre-May 23, 2012 allegations of paragraph 140 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer the Court to HP's November 20, 2012 statements concerning Autonomy and its SEC filings as well as the referenced accounting literature, and otherwise deny the allegations of paragraph 140.

141.     No response is required to the pre-May 23, 2012 allegations of paragraph 141 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer the Court to HP's November 20, 2012 statements concerning Autonomy and otherwise deny the allegations of paragraph 141.

142.     No response is required to the allegations of paragraph 142 in view of the Dismissal Order.

143.     No response is required to the allegations of paragraph 143 in view of the Dismissal Order.

144.     No response is required to the pre-May 23, 2012 allegations of paragraph 144 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations of paragraph 144.

145.     No response is required to the allegations of paragraph 145 in view of the Dismissal Order.

146.     No response is required to the allegations of paragraph 146 in view of the Dismissal Order.

147.     No response is required to the allegations of paragraph 147 in view of the Dismissal Order; to the extent a response is required, defendants respectfully refer the Court to the

referenced document for its content and to publicly available financial information about Autonomy; and otherwise deny the allegations of paragraph 147.

148.    No response is required to the allegations of paragraph 148 in view of the Dismissal Order.

149.    No response is required to the allegations of paragraph 149 in view of the Dismissal Order.

150.    No response is required to the allegations of paragraph 150 in view of the Dismissal Order.

151.    No response is required to the allegations of paragraph 151 in view of the Dismissal Order.

152.    No response is required to the allegations of paragraph 152 in view of the Dismissal Order; to the extent a response is required, defendants aver that the individual plaintiff identifies as "Whistleblower No. 4" came forward on May 25, 2012 and otherwise deny the allegations of paragraph 152.

153.    No response is required to the pre-May 23, 2012 allegations of paragraph 153 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer the Court to the referenced documents for their content and otherwise deny the allegations of paragraph 153.

154.    Defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations of paragraph 154.

155.    Defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations of paragraph 155.

156.    Defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations of paragraph 156.

157.    Defendants deny the allegations of paragraph 157.

158.     The allegations in paragraph 158 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants deny the allegations of paragraph 158.

159.     Defendants respectfully refer the Court to the referenced document and SEC literature for their content and to publicly available financial information about HP and otherwise deny the allegations of paragraph 159.

160.     No response is required to the pre-May 23, 2012 allegations of paragraph 160 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer the Court to publicly available financial information about HP and otherwise deny the allegations of paragraph 160.

161.     No response is required to the pre-May 23, 2012 allegations of paragraph 161 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer the Court to HP's press release dated November 20, 2012 for its content and otherwise deny the allegations of paragraph 161.

162.     No response is required to the pre-May 23, 2012 allegations of paragraph 162 in view of the Dismissal Order.  To the extent a response is required, defendants deny the allegations of paragraph 162.

163.     No response is required to the allegations of paragraph 163 in view of the Dismissal Order.

164.     No response is required to the allegations of paragraph 164 in view of the Dismissal Order.

165.     No response is required to the allegations of paragraph 165 in view of the Dismissal Order.

166.     Defendants respectfully refer the Court to HP's press release dated November 20, 2012 for its content and otherwise deny the allegations of paragraph 166.

167.     No response is required to the pre-May 23, 2012 allegations of paragraph 167 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer

the Court to the referenced documents and the transcript of the referenced November 20, 2012

conference call for their content and otherwise deny the allegations of paragraph 167.

168.    No response is required to the allegations of paragraph 168 in view of the

Dismissal Order.

169.    No response is required to the allegations of paragraph 169 in view of the

Dismissal Order.

170.    No response is required to the allegations of paragraph 170 in view of the

Dismissal Order.

171.    No response is required to the allegations of paragraph 171 in view of the

Dismissal Order.

172.    No response is required to the pre-May 23, 2012 allegations of paragraph 172

in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer

the Court to the transcript of the referenced conference call and otherwise deny the allegations of

paragraph 172.

173.    No response is required to the allegations of paragraph 173 in view of the

Dismissal Order.

174.    No response is required to the allegations of paragraph 174 in view of the

Dismissal Order.

175.    No response is required to the allegations of paragraph 175 in view of the

Dismissal Order.

176.    No response is required to the allegations of paragraph 176 in view of the

Dismissal Order.

177.    No response is required to the allegations of paragraph 177 in view of the

Dismissal Order.

178.    No response is required to the allegations of paragraph 178 in view of the

Dismissal Order.

179.    No response is required to the allegations of paragraph 179 in view of the Dismissal Order.

180.    No response is required to the allegations of paragraph 180 in view of the Dismissal Order.

181.    No response is required to the allegations of paragraph 181 in view of the Dismissal Order.

182.    No response is required to the allegations of paragraph 182 in view of the Dismissal Order.

183.    No response is required to the allegations of paragraph 183 in view of the Dismissal Order.

184.    No response is required to the allegations of paragraph 184 in view of the Dismissal Order.

185.    No response is required to the allegations of paragraph 185 in view of the Dismissal Order.

186.    No response is required to the allegations of paragraph 186 in view of the Dismissal Order.

187.    No response is required to the allegations of paragraph 187 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer the Court to the referenced documents for their content and otherwise deny the allegations of paragraph 187.

188.    No response is required to the allegations of paragraph 188 in view of the Dismissal Order.

189.    No response is required to the allegations of paragraph 189 in view of the Dismissal Order.

190.    Defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations of paragraph 190.

191.    Defendants respectfully refer the Court to the transcript of the referenced conference call for its content and otherwise deny the allegations of paragraph 191.

192.     Defendants respectfully refer the Court to the referenced documents for their content and otherwise deny the allegations of paragraph 192.

193.     Defendants deny the allegations of paragraph 193.

194.     Defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations of paragraph 194.

195.     Defendants deny the allegations of paragraph 195.

196.     Defendants (1) admit that HP filed on June 8, 2012 with the SEC its quarterly report for the three months ended April 30, 2012 on a Form 10-Q; (2) respectfully refer the Court to the referenced document for its content; and (3) otherwise deny the allegations of paragraph 196.

197.     Defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations of paragraph 197.

198.     No response is required to the allegations of paragraph 198 in view of the Dismissal Order.  To the extent a response is required, defendants deny the allegations of paragraph 198.

199.     No response is required to the allegations of paragraph 199 in view of the Dismissal Order.  To the extent a response is required, defendants (1) admit that HP filed on August 22, 2012 with the SEC its press release announcing its financial results for the three months ended July 31, 2012 on a Form 8-K; (2) respectfully refer the Court to the referenced documents for their content; and (3) otherwise deny the allegations of paragraph 199.

200.     Defendants respectfully refer the Court to the referenced document and the transcript of the referenced conference call for their content and otherwise deny the allegations of paragraph 200.

201.     No response is required to the allegations of paragraph 201 in view of the Dismissal Order.  To the extent a response is required, defendants respectfully refer the Court to the transcript of the referenced conference call for its content and otherwise deny the allegations of paragraph 201.

202.     Defendants respectfully refer the Court to the referenced documents and the transcript of the referenced conference call for their content and otherwise deny the allegations of paragraph 202.

203.     Defendants respectfully refer the Court to the referenced documents for their content and to publicly available financial information about HP and otherwise deny the allegations of paragraph 203.

204.     Defendants (1) admit that HP filed on September 10, 2012 with the SEC its quarterly report for the three months ended July 31, 2012 on a Form 10-Q; (2) respectfully refer the Court to the referenced document for its content; and (3) otherwise deny the allegations of paragraph 204.

205.     Defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations of paragraph 205.

206.     Defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations of paragraph 206.

207.     Defendants respectfully refer the Court to the transcript of the referenced conference for its content and otherwise deny the allegations of paragraph 207.

208.     Defendants respectfully refer the Court to the referenced documents for their content and otherwise deny the allegations of paragraph 208.

209.     Defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations of paragraph 209.

210.     No response is required to the pre-May 23, 2012 allegations of paragraph 210 in view of the Dismissal Order.  To the extent a response is required, defendants state that the allegations of paragraph 210 constitute conclusions of law as to which no response is required and otherwise deny the allegations of paragraph 210.

211.     No response is required to the pre-May 23, 2012 allegations of paragraph 211 in view of the Dismissal Order.  To the extent a response is required, defendants deny the allegations of paragraph 211.

212.    No response is required to the pre-May 23, 2012 allegations of paragraph 212 in view of the Dismissal Order.  To the extent a response is required, defendants deny the allegations of paragraph 212.

213.    No response is required to the pre-May 23, 2012 allegations of paragraph 213 in view of the Dismissal Order.  To the extent a response is required, defendants deny the allegations of paragraph 213.

214.    Defendants respectfully refer the Court to the referenced documents for their content and otherwise deny the allegations in paragraph 214.

215.    Defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations in paragraph 215.

216.    Defendants respectfully refer the Court to publicly available financial information about HP and otherwise deny the allegations in paragraph 216.

217.    Defendants respectfully refer the Court to the referenced document and the transcript of the referenced conference call for their content and otherwise deny the allegations in paragraph 217.

218.    Defendants respectfully refer the Court to publicly available financial information about HP and otherwise deny the allegations in paragraph 218.

219.    Defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations in paragraph 219.

220.    Defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations in paragraph 220.

221.    Defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations in paragraph 221.

222.    Defendants respectfully refer the Court to the referenced document for its content and otherwise deny the allegations in paragraph 222.

223. The allegations in paragraph 223 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants deny the allegations of paragraph 223.

224. The allegations in paragraph 224 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants deny the allegations of paragraph 224.

225. The allegations in paragraph 225 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants deny the allegations of paragraph 225.

226. The allegations in paragraph 226 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants deny the allegations of paragraph 226.

227. Defendants admit that Lead Plaintiff purports to bring this action as a class action and otherwise deny the allegations of paragraph 227.

228. The allegations in paragraph 228 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants deny the allegations of paragraph 228, except to admit that HP has over 1.9 billion shares of common stock outstanding owned by thousands of persons.

229. The allegations in paragraph 229 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants deny the allegations of paragraph 229.

230. The allegations in paragraph 230 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants deny the allegations of paragraph 230.

231. The allegations in paragraph 231 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants lack knowledge or information

sufficient to form a belief as to the truth of the factual allegations of paragraph 231, and, on that basis, deny those allegations.

232.     The allegations in paragraph 232 constitute conclusions of law as to which no response is required; to the extent a response is required, defendants deny the allegations of paragraph 232.

233.     Defendants incorporate their answers to ¶¶ 1-222 by reference.

234.     Defendants deny the allegations of paragraph 234.

235.     Defendants deny the allegations of paragraph 235.

236.     Defendants deny the allegations of paragraph 236.

237.     Defendants deny the allegations of paragraph 237.

238.     Defendants deny the allegations of paragraph 238.

239.     Defendants incorporate their answers to ¶¶ 1-238 by reference.

240.     Defendants deny the allegations of paragraph 240.

241.     Defendants deny the allegations of paragraph 241.

## DEFENSES

Defendants assert the following defenses without assuming the burden of proof or any other burden if such burden would otherwise be on plaintiff:

### FIRST DEFENSE

By its Order dated November 26, 2013, the Court dismissed (a) all claims against Defendants Ms. Lesjak and Messrs. Apotheker, Lane, Lynch, Murrin, and Robison, and (b) all claims against Defendants Ms. Whitman and HP, with the exception of those claims related to Ms. Whitman's statements on May 23, 2012 and June 5, 2012, and to the SEC Form 10-Q filed by HP on September 10, 2012.

### SECOND DEFENSE

The Complaint fails to allege facts sufficient to state any claim upon which relief may be granted.

### THIRD DEFENSE

The Complaint fails to allege fraud with the requisite particularity.

### FOURTH DEFENSE

Plaintiff and any putative class members are not entitled to any recovery because the alleged statements at issue were not materially false or misleading.

### FIFTH DEFENSE

Plaintiff and any putative class members are not entitled to any recovery because the allegedly false or misleading statements at issue were not material to the investment decisions of a reasonable investor.

### SIXTH DEFENSE

Plaintiff and any putative class members are not entitled to any recovery because defendants neither owed nor breached any duty to plaintiff or the putative class members to disclose information allegedly omitted from the statements at issue herein.

**SEVENTH DEFENSE**

Plaintiff and any putative class members are not entitled to any recovery because defendants acted at all times in good faith and neither knew nor were reckless in not knowing that any alleged statement or omission was false or misleading.

**EIGHTH DEFENSE**

Plaintiff and any putative class members are not entitled to any recovery because defendants exercised reasonable care; defendants had, after reasonable and diligent investigation, reasonable grounds to believe and did believe that the statements at issue herein were true and that they omitted no material fact necessary to make those statements not misleading.

**NINTH DEFENSE**

Plaintiff and any putative class members are not entitled to any recovery from defendants because plaintiff and any putative class members did not reasonably rely on any allegedly false or misleading statement of material fact when they purchased shares of HP, and the "fraud-on-the-market" presumption of reliance is unavailable in this action.

**TENTH DEFENSE**

Plaintiff and any putative class members are not entitled to any recovery from defendants because plaintiff and any putative class members purchased shares of HP with actual or constructive knowledge of the risks involved, and therefore assumed the risk that the value of their shares would decline if those risks materialized.

**ELEVENTH DEFENSE**

If and to the extent the statements at issue herein are found to have been false or misleading (which defendants deny), the actual facts alleged to have been misstated or omitted were in fact known to or entered the securities market through credible sources.

**TWELFTH DEFENSE**

Plaintiff and any putative class members are not entitled to any recovery because the substance of the allegedly material information that was allegedly misstated or omitted was in fact publicly available and/or widely known to the market and the investing community.

### THIRTEENTH DEFENSE

If and to the extent the statements at issue herein are found to have been false or misleading (which defendants deny), plaintiff and any putative class members either knew or should have known about the matters alleged in the Complaint, and their own negligence, actions, omissions, or other fault proximately contributed to the injuries allegedly suffered by plaintiff and any putative class members from the purchase or sale of shares of HP, and bars any recovery to the extent thereof.

### FOURTEENTH DEFENSE

Plaintiff's claims against defendants are barred in whole or in part because of the lack of loss causation.  Any damages or injuries allegedly suffered by plaintiff or any putative class members were not legally caused by any act or omission by defendants.

### FIFTEENTH DEFENSE

Any damages or injuries suffered by plaintiff or any putative class members are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than defendants.  Plaintiff's claims are barred in whole or in part because of the contribution of or the comparative fault and contributory negligence of plaintiff or other entities or persons over which defendants had no control.

### SIXTEENTH DEFENSE

Plaintiff and any putative class members, at all relevant times, had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the purported facts alleged in the Complaint.  Defendants are informed and believe, and on that basis assert, that plaintiff and any putative class members failed to comply with that duty and are therefore barred from recovering any damages that might reasonably have been avoided.

### SEVENTEENTH DEFENSE

The putative class alleged in the Complaint cannot be certified under Rule 23 of the Federal Rules of Civil Procedure.

### EIGHTEENTH DEFENSE

Plaintiff's claims predicated on statements of opinion or belief fail because these statements were not objectively false when made and because these statements did not misrepresent the speaker's subjective opinion or belief.

### NINETEENTH DEFENSE

The alleged misstatements and omissions on which plaintiff base its claims were immaterial in light of the total mix of information available to plaintiff and putative class members.

### TWENTIETH DEFENSE

Plaintiff's and putative class members' claims are barred in whole or in part to the extent that their damages, if any, are speculative, and/or to the extent that it is impossible to ascertain their alleged damages.

### TWENTY-FIRST DEFENSE

Defendants are not liable to plaintiff or any putative class members because any alleged misstatements by defendants contained sufficient cautionary language and risk disclosure.

### TWENTY-SECOND DEFENSE

Defendants are not liable to plaintiff or any putative class members to the extent that the alleged misstatements and omissions were not made in connection with the purchase or sale of any securities by plaintiff or putative class members.

### TWENTY-THIRD DEFENSE

Plaintiff's and putative class members' damages, if any, are due to the acts or omissions of persons or entities other than defendants; however, in the event that a finding is made that liability exists on the part of defendants, defendants' liability, if any, should be reduced, at least, by an amount proportionate to the amount by which the comparative fault, or other acts or omissions, of such other persons or entities contributed to the alleged damages upon which plaintiff or any putative class members seek recovery.

1

### TWENTY-FOURTH DEFENSE

2

3           Defendants did not make any misrepresentations and/or omissions of material fact

4   upon which plaintiff relied; did not employ any device, scheme, or artifice to defraud; and did not

5   engage in any act, practice, or course of business that operated or would operate as fraud or deceit on

any person.

6

### TWENTY-FIFTH DEFENSE

7

8           Defendants did not know, and in the exercise of reasonable care could not have

9   known, of any untruth or material omission that may be proved by plaintiff or any putative class

members.

10

### TWENTY-SIXTH DEFENSE

11

12          Defendants are not liable under §§ 10(b) and 20(a) of the Exchange Act because they

did not act with the requisite mental state or scienter.

13

### TWENTY-SEVENTH DEFENSE

14

15          Any recovery for damages allegedly incurred by plaintiff and any putative class

16   members is subject to offset in the amount of any benefits received by plaintiff and any putative

class members through their investments.

17

### TWENTY-EIGHTH DEFENSE

18

19          Plaintiff's and putative class members' claims are barred in whole or in part because

20   any allegedly untrue statements of material fact, omissions of material fact, misleading statements,

21   or other challenged statements, with respect to which the liability of defendants is asserted,

22   contained sufficient cautionary language or risk disclosures to protect defendants against claims of

securities fraud, and are therefore rendered nonactionable by the "bespeaks caution" doctrine.

23

### TWENTY-NINTH DEFENSE

24

25          Plaintiff's and putative class members' claims are barred in whole or in part by the

26   safe harbor provisions of the Private Securities Litigation Reform Act of 1995, codified as 15 U.S.C.

§ 78u-5(c).

27

28

---

### THIRTIETH DEFENSE

Plaintiff and any putative class members are not entitled to attorneys' fees, or expert fees, as a matter of law.

### THIRTY-FIRST DEFENSE

Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

### PRAYER FOR RELIEF

Based upon the foregoing, defendants pray that this Court deny any relief or request for judgment on behalf of plaintiff or any putative class members, and dismiss this action against defendants in its entirety, with prejudice and without further leave to amend.  Defendants also pray for such other and further relief as may be appropriate or that the Court deems just and proper.

1

2

3   WACHTELL, LIPTON, ROSEN & KATZ

4

5   By:_____        Dated:   ___January 10, 2014_____
        Marc Wolinsky
6       George T. Conway III
        Vincent G. Levy
7       David Zhou
        51 West 52nd Street
8       New York, NY  10019
        Telephone:  (212) 403-1000
9       Facsimile:  (212) 403-2000

10      FARELLA BRAUN & MARTEL, LLP
11      Neil A. Goteiner
        Thomas B. Mayhew
12      235 Montgomery Street
        San Francisco, CA  94104
13      Telephone:  (415) 954-4400
        Facsimile:  (415) 954-4480
14

15  *Attorneys for Defendant Hewlett-Packard Company*

16  COOLEY LLP

17

18  By:___/s/  John C. Dwyer_____        Dated:   ___January 10, 2014_____
        Stephen C. Neal
19      John C. Dwyer
        Jeffrey M. Kaban
20      Adam C. Trigg
        Five Palo Alto Square
21      3000 El Camino Real
        Palo Alto, CA  94306
22      Telephone:  (650) 843-5000
        Facsimile:  (650) 849-7400
23

24  *Attorneys for Defendant Margaret C. Whitman*

25

26

27

28

ANSWER                                                                        -31-
Master File No. C-12-5980 CRB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ECF ATTESTATION**

I, Marc Wolinsky, am the ECF User whose ID and Password are being used to file this Answer.

In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories hereto have concurred in this filing.

Dated: January 10, 2014                    WACHTELL, LIPTON, ROSEN & KATZ


By: _____
           Marc Wolinsky