KESSLER TOPAZ MELTZER
& CHECK, LLP
ELI R. GREENSTEIN (Bar No. 217945)
STACEY M. KAPLAN (Bar No. 241989)
JENNIFER L. JOOST (Bar No. 296164)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001
egreenstein@ktmc.com
skaplan@ktmc.com
jjoost@ktmc.com

-and-

DAVID KESSLER (*pro hac vice*)
DARREN J. CHECK (*pro hac vice*)
ANDREW L. ZIVITZ (*pro hac vice*)
GREGORY M. CASTALDO (*pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
dkessler@ktmc.com
dcheck@ktmc.com
azivitz@ktmc.com
gcastaldo@ktmc.com

*Counsel for Lead Plaintiff PGGM Vermogensbeheer B.V. and Lead Counsel for the Class*

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HP SECURITIES LITIGATION,<br><br>This Document Relates To: All Actions | Master File No. 3:12-cv-05980-CRB<br><br>**CLASS ACTION**<br><br>**JOINT CASE MANAGEMENT STATEMENT AND ORDER AS AMENDED**<br><br>Before: The Hon. Charles R. Breyer |

Lead Plaintiff PGGM Vermogensbeheer B.V. ("Lead Plaintiff" or "PGGM"), together with Defendants Hewlett-Packard Company ("HP" or the "Company") and Margaret C. Whitman ("Whitman") (collectively, "Defendants"), respectfully submit this Joint Case Management Statement in accordance with Federal Rule of Civil Procedure ("Rule") 26(f) and the Local Rules and Standing Orders of this Court. In accordance with the Parties' Stipulation Regarding Time to Answer (Docket ("Dkt.") No. 203) the Parties held the initial Rule 26(f) Conference on January 28, 2014, as well as ongoing meet and confers over the subsequent three months, as summarized below.

**INFORMATION REQUESTED BY STANDING ORDER REGARDING CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

**1. Jurisdiction and Service**

Based on allegations of violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), Lead Plaintiff asserts that this Court's jurisdiction is conferred by §27 of the Exchange Act, 15 U.S.C. §78aa. Defendants do not contest subject matter jurisdiction, personal jurisdiction, or venue. No parties remain to be served.

**2. Description of the Case**

**a. Date Case Was Filed**

This is a consolidated putative securities class action. The first complaint was filed on November 26, 2012 captioned as *Nicolow v. Hewlett-Packard Co., et al.*, No. 3:12-cv-05980-CRB. Dkt. No. 1. On March 4, 2013, this Court entered an order consolidating related cases under the caption *In re HP Securities Litigation*, No. 3:12-cv-05980-CRB. Dkt. No. 90. On May 3, 2013, Lead Plaintiff filed its Consolidated Complaint for Violation of the Federal Securities Laws ("Complaint"). Dkt. No. 100.

**b. Parties**

**i. Lead Plaintiff:** PGGM

**ii. Defendants:** HP (corporate defendant); Chief Executive Officer Whitman.

**c. Summary of Claims and Brief Description of Events Underlying the Action**

This is a putative securities class action asserting claims for violations of §§10(b) and 20(a) of the Exchange Act against Defendants, on behalf of all persons who purchased or otherwise acquired HP's common stock between August 19, 2011 and November 20, 2012 (the "Proposed Class Period"). The

allegations underlying the case are summarized in the Court's November 26, 2013 Order Re Motions to Dismiss ("Order" or "Dkt. No. 201"). The Order granted in part and denied in part Defendants' motions to dismiss.

**d. The Principal Factual Issues in Dispute**

In general, the Parties dispute whether Defendants made false and/or misleading statements or omissions of material fact to the investing public during the Proposed Class Period. More specifically, and without limitation, Defendants dispute Lead Plaintiff's allegations that: (1) Defendants made misrepresentations or omissions of material fact during the Proposed Class Period; (2) Defendants had a duty to disclose the purportedly omitted material facts; (3) Defendants made those alleged misrepresentations or omissions of material fact with scienter; (4) Defendants' alleged misstatements or omissions caused the market price of HP securities to be artificially inflated; (5) members of the putative Class relied on Defendants' alleged misstatements or omissions; (6) the alleged conduct caused any losses to Lead Plaintiff or members of the putative Class; and (7) members of the putative Class were damaged and, the measure of any such damages.

**e. The Principal Legal Issues in Dispute**

The principal legal issues in dispute include:

1. Whether Defendants violated §10(b) of the Exchange Act and Rule 10b-5;

2. Whether Defendant Whitman violated §20(a) of the Exchange Act;

3. Whether Defendants misrepresented material facts;

4. Whether Defendants omitted to state any material facts that were necessary to make their statements not misleading in light of the circumstances under which they were made;

5. Whether Defendants had a duty to disclose any alleged material omission;

6. Whether any Defendant acted with scienter in making any alleged misrepresentations or omissions;

7. Whether the price of HP publicly-traded common stock was artificially inflated as a result of Defendants' alleged misrepresentations and/or omissions;

8. Whether Lead Plaintiff and putative class members relied on Defendants' alleged misrepresentations and/or omissions;

9. Whether Lead Plaintiff and putative class members were damaged as a result of Defendants' alleged misrepresentations and/or omissions;

10. The proper measure of any such damages; and

11. Whether this action may proceed as a class action under Rule 23.

**3. Motions**

On July 2, 2013, Defendants filed motions to dismiss pursuant to Rule 12(b)(6). The Court held a hearing on November 21, 2013. On November 26, 2013, the Court issued an Order granting the motions to dismiss as to all Defendants other than Whitman and HP but denying the motions to dismiss as to HP and Whitman with regard to certain alleged misstatements and omissions made beginning on May 23, 2012. On December 24, 2013, Lead Plaintiff filed a Request for Clarification of the Court's Order Re Motions to Dismiss requesting confirmation as to whether the Order granted in full current HP Executive Vice President and Chief Financial Officer Catherine A. Lesjak's motion to dismiss. On January 6, 2014, the Court issued an Order Re Request for Clarification clarifying that the Order had dismissed Lead Plaintiff's claims against Lesjak.

Lead Plaintiff intends to file a Motion for Class Certification under Rule 23 as set forth in the Stipulated Schedule in ¶16 below.

Depending on the outcome in *Halliburton v. Erica P. John Fund, Inc.* ("*Halliburton II*"), currently pending before the Supreme Court, Defendants have indicated they may file a motion for judgment on the pleadings and/or summary judgment. Lead Plaintiff's position is that the outcome of *Halliburton II* has no bearing on the pleadings or summary judgment, as it will be a class certification decision addressing certain aspects of the "predominance" requirement of Rule 23(b)(3).

Defendants anticipate filing motions for summary judgment and/or summary adjudication of claims or issues (including motions *in limine*). Otherwise, the Parties believe that, absent the benefit of discovery, it is too early to determine whether they will file any additional motions.

**4. Amendment of Pleadings**

The deadline for amending the pleadings is set forth in ¶16, below.

**5. Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have conferred, pursuant to Rule 26(f), regarding the preservation of electronically stored evidence. The Parties have taken all reasonable and necessary steps to preserve evidence, including all electronically stored information ("ESI"), relevant to the issues reasonably evident in this action, in compliance with their obligations under the Federal Rules of Civil Procedure.

**6. Disclosures**

By agreement of the Parties, the Parties exchanged initial disclosures pursuant to Rule 26(a)(1) on May 15, 2014.

**7. Discovery**

The Parties satisfied their meet-and-confer obligations under Rule 26(f) and Civil Local Rule 16-3 beginning on January 28, 2014 and continue to discuss the contours and scope of merits discovery. On May 2, 2014, Lead Plaintiff served its First Set of Requests for Production of Documents to Defendants. On May 9, 2014, Lead Plaintiff served its First Set of Interrogatories to Defendants. No other discovery has been propounded by either party.

**a. Depositions and Interrogatories:** Although the parties preliminarily disagree about the number of depositions and interrogatories that should be permitted in this action, they have agreed to defer the issue until the case progresses and document discovery is underway and will continue to confer in good faith.[1]

**b. Fact Discovery Cutoff:** The cutoff for fact discovery is set forth in ¶16, below.

**c. Protective Order:** The Parties shall continue to meet and confer on the appropriateness of an order regarding the confidentiality and protection of discovery in this action.

**d. Electronic Discovery:** Document production shall be made, so far as practicable, in electronic, searchable format. The Parties shall continue to confer on protocols for production of ESI,

[1] Lead Plaintiff preliminarily believes that, based on the complexity of the case and the numerous witnesses and third parties already known to be relevant (including current and former HP personnel, former Autonomy executives and personnel, multiple audit firms, valuation consultants and securities analysts), it should be permitted to take at least 30 non-expert depositions and serve 35 interrogatories. In Defendants' current view, given that the Court dismissed most of Lead Plaintiff's claims, the limitations on discovery imposed by the Federal Rules of Civil Procedure are appropriate.

and shall submit a proposed Protective Order (as discussed above). The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's guidelines for the discovery of ESI.

**8. Class Actions**

Lead Plaintiff seeks to maintain this action as a class action pursuant to Rule 23(a) and (b)(3). Lead Plaintiff brings these federal securities law claims individually and on behalf of all persons who purchased or otherwise acquired HP's common stock during the Proposed Class Period, and who were allegedly damaged thereby. Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Lead Plaintiff will move for class certification in accordance with the schedule set forth in ¶16.

Defendants dispute that this action is maintainable as a class action. Defendants further believe that, to the extent any class can be certified, the class period should be confined to the period May 24, 2012 through November 20, 2012, given that the Court dismissed all claims based on alleged misstatements and/or omissions made before May 23, 2012.

**9. Related Cases**

On January 3, 2013, the Court entered a Related Case Order relating this case to the actions captioned *Riccardi, et al. v. Lynch, et al.*, No. 3:12-cv-06003-EJD, *Espinoza, et al. v. Lynch, et al.*, No. 3:12-cv-06025-LHK, *Pokoik v. Hewlett-Packard Co., et al.*, No. 3:12-cv-06074-YGR, *Bascheri, et al. v. Apotheker, et al.*, No. 3:12-cv-06091-SI, *Bertisch v. Apotheker, et al.*, No. 3:12-cv-06123-LHK, *Laffen, et al. v. Hewlett-Packard Co., Plan Comm. Inv. Review Comm., et al.*, No. 3:12-cv-06199-RS, *Lustig, et al. v. Whitman, et al.*, No. 3:12-cv-06410-HRL, *San Jose Division the City of Birmingham Ret. and Relief Sys., et al. v. Apotheker, et al.*, No. 3:12-cv-06416-HRL, *Tola v. Lynch, et al.*, No. 3:12-cv-06423-JSW, *Morrical v. Whitman, et al.*, No. 3:12-cv-06434-CRB. Dkt. No. 22. On February 11, 2013, the Court entered a Related Case Order relating this case to the action captioned *Kotyuk, et al. v. Hewlett-Packard Co., et al.*, No. 3:13-cv-00301-EJD. Dkt. No. 77. On February 19, 2013, the Court entered a Related Case Order relating this case to the action captioned *Weissmann v. Apotheker, et al.*, No. 3:13-cv-00557-EDL. Dkt. No. 87.

**10. Description of Relief Sought and Damages Claimed**

The Complaint seeks to assert claims under §§10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and seeks: (i) an Order declaring this action to be a proper class action pursuant to Rule 23; (ii) damages, including interest; (iii) reasonable costs and expenses incurred in this action, including attorneys' fees; and (iv) such other relief as the Court may deem just and proper. The calculation of damages in this complex securities fraud class action will be the subject of expert opinion.

**11. Settlement and ADR**

The Parties shall continue to confer on the appropriateness of settlement and ADR.

**12. Whether the Parties Will Consent to a Magistrate Judge for Trial**

The Parties do not consent to a Magistrate Judge for trial.

**13. Other References**

The Parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

The Parties do not believe that it is appropriate to narrow the issues by agreement or stipulation at this time.

**15. Expedited Trial Procedure**

The Parties do not believe that this case is appropriate to be handled under the Expedited Trial Procedure of General Order No. 64.

**16. Scheduling**

The Parties' proposed schedule and Discovery Plan is set forth as follows:

| EVENT | DATE |
|---|---|
| Lead Plaintiff to file class certification motion | November 4, 2014 |
| Deadline for substantial completion of document productions | October 31, 2014 |
| Defendants to respond to Lead Plaintiff's class certification motion | December 15, 2014 |
| Lead Plaintiff's reply in support of class certification motion | January 26, 2015 |
| Hearing on Lead Plaintiff's class certification motion | February 20, 2015 at 10:00 a.m. |

**17. Disclosure of Non-party Interested Entities or Persons**

On February 11, 2014, Lead Plaintiff filed its Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15, certifying that, other than the named parties, it was unaware of any person or entity with an interest to report. Dkt. No. 223.

On February 14, 2013, defendant HP filed its Certification of Interested Entities or Persons pursuant to Civil L.R. 3-16, certifying that, other than the named parties, it was unaware of any person or entity with an interest to report. Dkt. No. 80.

On January 30, 2014, defendant Whitman filed her Certification of Interested Entities or Persons pursuant to Civil L.R. 3-16, certifying that, other than the named parties, she was unaware of any person or entity with an interest to report. Dkt. No. 221.

**18. Miscellaneous Provisions**

**a. Modifications to the Schedule**

All schedules proposed herein are premised on discovery proceeding expeditiously and without protracted disputes over, *inter alia*, production of documents and witnesses or issues with regard to class certification. In the event of such protracted disputes, all Parties reserve the right to modify or seek to modify the schedules set forth herein.

**b. Electronic Service**

The Parties shall serve documents, including pleadings, discovery requests, and trial materials, on each other through e-mail or ECF, except to the extent that transmission of any such documents electronically is impractical, in which event service shall be made by hand or through overnight delivery. Service by e-mail shall be considered the same as service by hand.

DATED: May 16, 2014

Respectfully submitted,

KESSLER TOPAZ MELTZER & CHECK, LLP

*/s/ Eli R. Greenstein*

ELI R. GREENSTEIN
STACEY M. KAPLAN
JENNIFER JOOST
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000

Facsimile: (415) 400-3001
egreenstein@ktmc.com
skaplan@ktmc.com
jjoost@ktmc.com

-and-

DAVID KESSLER
DARREN J. CHECK
ANDREW L. ZIVITZ
GREGORY M. CASTALDO
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
dkessler@ktmc.com
dcheck@ktmc.com
azivitz@ktmc.com
gcastaldo@ktmc.com

*Counsel for Lead Plaintiff PGGM Vermogensbeheer B.V. and Lead Counsel for the Class*

WACHTELL, LIPTON, ROSEN & KATZ

*/s/ Marc Wolinsky*
MARC WOLINSKY
GEORGE T. CONWAY III
VINCENT G. LEVY
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
MWolinsky@wlrk.com
GTConway@wlrk.com
VGLevy@wlrk.com

-and-

FARELLA BRAUN & MARTEL, LLP
NEIL A. GOTEINER
THOMAS B. MAYHEW
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
NGoteiner@fbm.com
TMayhew@fbm.com

*Counsel for Defendant Hewlett-Packard Company*

COOLEY LLP

*/s/ John C. Dwyer*
STEPHEN C. NEAL
JOHN C. DWYER

JEFFREY M. KABAN
ADAM C. TRIGG
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
NealSC@cooley.com
DwyerJC@cooley.com
JKaban@cooley.com
ATrigg@cooley.com

*Counsel for Defendant Margaret C. Whitman*

**ATTESTATION OF CONCURRENCE IN FILING**

I, Eli R. Greenstein, am the ECF User whose ID and password are being used to file this Joint Case Management Conference Statement and [Proposed] Order. In compliance with N.D. Cal. L.R. 5-1(i)(3), I hereby attest that Marc Wolinsky and John C. Dwyer have concurred in this filing.

KESSLER TOPAZ MELTZER
& CHECK, LLP

*/s/ Eli R. Greenstein*
ELI R. GREENSTEIN

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT AND ORDER is approved as amended as the Case Management Order for this case and all Parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated: May 19, 2014

Hon. Charles R. Breyer
United States District Jud

