## STIPULATION OF SETTLEMENT AND RELEASE

This Stipulation of Settlement and Release (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the District Court, this Stipulation is entered into between and among the Court-appointed Lead Plaintiff PGGM Vermogensbeheer B.V. ("PGGM," "Lead Plaintiff" or "Settlement Class Representative") on behalf of itself and the Settlement Class (as defined below in ¶1(gg)), and defendants Hewlett-Packard Company ("HP" or the "Company") and Margaret C. Whitman, by and through their respective counsel in the above-captioned consolidated class action. Subject to the approval of the District Court and certain limitations expressly provided herein, this Settlement is intended to settle and release all Settled Claims (as defined below in ¶1(dd)) against the Settling Defendants (as defined below in ¶1(mm)) and the Released Parties (as defined below in ¶1(bb)).[1]

WHEREAS, beginning on November 26, 2012, the first complaint captioned as *Nicolow v. Hewlett-Packard Co., et al.*, No. 3:12-cv-05980-CRB (Dkt. No. 1), was filed with the Court, alleging violations of the federal securities laws.

WHEREAS, on March 4, 2013, following motion practice and briefing, this Court entered an order consolidating related cases under the caption *In re HP Securities Litigation*, No. 3:12-cv-05980-CRB, appointing PGGM as Lead Plaintiff and approving PGGM's selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel (Dkt. No. 90).

---

[1] All terms with initial capitalization not otherwise defined shall have the meanings ascribed to them in ¶1 herein.

WHEREAS, on May 3, 2013, Lead Plaintiff filed the Consolidated Complaint for Violation of the Federal Securities Laws (the "Consolidated Complaint"), asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 against HP, Margaret C. Whitman, Leo Apotheker, Michael R. Lynch, Shane V. Robison, Catherine Lesjak, Raymond J. Lane and James T. Murrin (collectively, the "Defendants" and, as to the individuals, the "Individual Defendants") (Dkt. No. 100).

WHEREAS, following full briefing and oral argument on Defendants' motions to dismiss the Consolidated Complaint, on November 26, 2013, the District Court granted in part and denied in part Defendants' motions, thereby dismissing all Defendants with the exception of HP and Defendant Whitman (Dkt. No. 201).

WHEREAS, on December 24, 2013, Lead Plaintiff filed a Request for Clarification of the Court's Order Re Motions to Dismiss requesting confirmation as to whether the Order granted in full current HP Executive Vice President and Chief Financial Officer Catherine A. Lesjak's motion to dismiss (Dkt. No. 204).

WHEREAS, on January 6, 2014, the Court issued an Order Re Request for Clarification clarifying that the Order had dismissed Lead Plaintiff's claims against Defendant Lesjak (Dkt. No. 208).

WHEREAS, on November 4, 2014, Lead Plaintiff filed a motion to certify this Action as a class action, for certification of Lead Plaintiff as the class representative and for appointment of Kessler Topaz as class counsel (Dkt. No. 235). Settling Defendants filed an opposition to class certification, and Lead Plaintiff replied. At the time the Settlement was reached, the District Court had yet to rule upon the class certification motion.

WHEREAS, Lead Counsel has conducted an extensive investigation and obtained discovery relating to the claims and the underlying events and transactions alleged in the Consolidated Complaint. Lead Counsel has also researched the applicable law with respect to the claims of Lead Plaintiff and the other Settlement Class Members (as defined herein).

WHEREAS, Autonomy Corporation Limited and certain of its affiliates have asserted claims against Michael Lynch and Sushovan Hussain in the High Court of Justice, Chancery Division, Claim No. HC-2015-001324, and have initiated pre-action protocol process against Deloitte UK.

WHEREAS, the Settling Defendants have denied and continue to deny all claims and contentions by Lead Plaintiff, as well as all charges of wrongdoing or liability against them arising out of or related to any of the conduct, statements, acts, or omissions alleged, or that could have been alleged in the Action; believe the Action has no merit; and deny that they made any false or misleading statement during the Class Period or engaged in any other improper conduct. Nevertheless, the Settling Defendants have concluded that further litigation of the Action would be protracted, burdensome and expensive, and that it is desirable and beneficial to them and to the Company's shareholders to resolve the Action upon the terms and conditions set forth in this Stipulation.

WHEREAS, Lead Plaintiff continues to believe in the merits of the Action, but recognizes that the Settlement offers benefits that outweigh the risks associated with continuing the Action and that it is desirable and beneficial to the Lead Plaintiff and the Settlement Class to resolve the Action upon the terms and conditions set forth in this Stipulation.

WHEREAS, the Lead Plaintiff, through Lead Counsel, has had multiple in-person mediation sessions under the guidance of a former United States District Judge spanning over one year in time and has had arm's-length negotiations with counsel for the Settling Defendants and their Insurers, with a view to achieving the best relief possible consistent with the interests of the Settlement Class.

WHEREAS, based upon their substantial investigation, discovery, and extensive negotiations and mediations, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation and the documents incorporated herein by reference are fair, reasonable and adequate to the Lead Plaintiff and the other Settlement Class Members and in their best interests, and have agreed to settle the claims raised in the Action as against the Settling Defendants pursuant to the terms and provisions of this Stipulation, after considering, among other things, the attendant risks of litigation and the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

WHEREAS, nothing in this Stipulation shall be construed or deemed to be evidence of an admission, concession or infirmity of any claim on the part of any Settling Party or Released Party with respect to any claim, defense, fault, liability, wrongdoing or damages whatsoever.

WHEREAS, the Settling Defendants and Lead Plaintiff agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure.

**NOW THEREFORE,** without any admission or concession on the part of Lead Plaintiff of any lack of merit of the Action whatsoever, and without any admission or

concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by the Settling Defendants and the other released persons and entities, it is hereby

**STIPULATED AND AGREED**, by and among the parties to this Stipulation, through their respective attorneys, subject to approval of the District Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Settled Claims (as defined below in ¶1(dd)) as against the Released Parties (as defined below in ¶1(bb)) and all Released Parties' Claims (as defined below in ¶1(cc)) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## <u>CERTAIN DEFINITIONS</u>

1.      As used in this Stipulation, and in any exhibits attached hereto and made a part hereof, the following terms shall have the following meanings:

a.      "Action" shall mean *In re HP Securities Litigation*, No. 3:12-cv-05980-CRB.

b.      "Authorized Claimant" shall mean a Settlement Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator in connection with this Settlement, in accordance with the requirements established by the District Court, and who is approved for payment from the Net Settlement Fund.

c.      "Claim" shall mean a claim for payment from the Net Settlement Fund.

d.      "Claim Form" or "Proof of Claim Form" shall mean the form substantially in the form attached hereto as Exhibit A-2, which a Claimant must complete

should that Claimant seek to be potentially eligible to share in a distribution of the Net Settlement Fund.

        e.     "Claimant" shall mean a person or entity that submits a Claim Form to the Claims Administrator seeking to be potentially eligible to share in the proceeds of the Net Settlement Fund.

        f.     "Claims Administrator" shall mean GCG, Inc. ("GCG"), the firm retained by Lead Plaintiff and Lead Counsel subject to approval of the District Court, to provide all notices approved by the District Court to potential Settlement Class Members and to administer the Settlement and distribute the Net Settlement Fund.

        g.     "Class Distribution Order" shall mean the first order entered by the District Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to the Authorized Claimants.

        h.     "Complaints" shall mean the complaints filed in the Action, including the Consolidated Complaint for Violation of the Federal Securities Laws dated May 3, 2013.

        i.     "Defendants" shall mean the HP Defendants (defined below) and Michael R. Lynch ("Lynch").

        j.     "District Court" or "Court" shall mean the United States District Court for the Northern District of California.

        k.     "Effective Date" shall mean the date on which all of the following shall have occurred:  (i) the District Court has entered the Preliminary Approval Order; (ii) payment of the Settlement Amount in conformity with ¶¶9-10 herein; (iii) the District Court has approved the Settlement, following notice to the Settlement Class and a hearing,

as prescribed by Rule 23 of the Federal Rules of Civil Procedure; (iv) none of the Settling Parties have elected to terminate the Settlement pursuant to ¶33 and 35 below and the time for such election has expired; and (v) the District Court has entered the Judgment, which has become Final.  Any appeal or delay in (a) the approval of the Plan of Allocation, and (b) the determination of any award of attorneys' fees and expenses shall not affect, alter or delay the occurrence of the Effective Date.

        l.     "Escrow Account" shall mean an account controlled by Lead Counsel, acting as agents for Lead Plaintiff and the Settlement Class, wherein the Settlement Amount shall be deposited and held in escrow.

        m.     "Escrow Agent" shall mean The Huntington National Bank, which shall be responsible for overseeing, safeguarding and distributing the Settlement Fund, acting as agent for the Settlement Class.

        n.     "Final," when referring to the Judgment, shall mean: (i) that the time for appeal or appellate review of such Judgment has expired and the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has expired; or (ii) if there has been an appeal or a motion to alter or amend the Judgment, that the Judgment has been affirmed on appeal, that the motion to alter or amend has been denied, or that said appeal or motion to alter or amend has been decided without causing a material change in the Judgment, and such Judgment is no longer subject to appellate review by further appeal or writ of *certiorari*; or (iii) if the Judgment on said appeal is subject to appellate review by further appeal or writ of *certiorari*, the date of final dismissal of any appeal from the order or judgment or the final dismissal of any proceeding on *certiorari* to review the Judgment.

o.       "HP Defendants" shall mean Hewlett-Packard Company, Margaret C. Whitman, Leo Apotheker, Shane V. Robison, Catherine A. Lesjak, Raymond J. Lane and James T. Murrin.

p.       "Judgment" shall mean (a) the proposed judgment to be entered by the District Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure approving the Settlement, substantially in the form attached hereto as Exhibit B, or (b) a form of judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation and where none of the parties hereto elect to terminate this Settlement by reason of such variance.

q.       "Lead Counsel" shall mean the law firm of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz").

r.       "Lead Plaintiff" shall mean PGGM Vermogensbeheer B.V.

s.       "Litigation Expenses" shall mean the costs and expenses incurred by Lead Counsel in connection with commencing and prosecuting the Action (which may include the costs and expenses of PGGM directly related to its representation of the Settlement Class), for which Lead Counsel intends to apply to the District Court for reimbursement from the Settlement Fund.

t.       "Net Settlement Fund" shall mean the Settlement Fund less any: (i) Taxes; (ii) Notice and Administration Costs; (iii) Litigation Expenses awarded by the District Court; and (iv) attorneys' fees awarded to Lead Counsel by the District Court.

u.       "Notice" shall mean the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing and Motion for Attorneys' Fees and

Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be sent to potential Settlement Class Members.

v.     "Notice and Administration Costs" shall mean the costs, fees and expenses that are incurred by the Claims Administrator and Lead Counsel in connection with: (i) providing notice to the Settlement Class; (ii) administering the Claims process; and (iii) any expenses incurred in connection with the Escrow Account.

w.     "Preliminary Approval Order" shall mean the order, substantially in the form attached hereto as Exhibit A, to be entered by the District Court preliminarily approving the Settlement, certifying the Settlement Class for settlement purposes only, and directing that notice of the Settlement be provided to the Settlement Class.

x.     "Opt-Out Threshold" shall have the definition provided in the Supplemental Agreement described in ¶33.

y.     "Plan of Allocation" shall mean the plan of allocation of the Net Settlement Fund submitted herewith.

z.     "Publication Notice" or "Summary Notice" shall mean the Summary Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, to be published substantially in the form attached hereto as Exhibit A-3.

aa.    "Related Parties" shall mean, (1) with respect to HP, its predecessors, successors, past, present or future parents, subsidiaries, and affiliates (including without limitation Autonomy Corporation Limited, Autonomy Systems Limited, and Autonomy Inc., (collectively, the "Autonomy Entities")), SpinCo and its predecessors, successors, past, present or future parents, subsidiaries, and affiliates, and,

with respect to HP, SpinCo and the Autonomy Entities, each of their respective past or present officers, directors, agents, partners, principals, members, employees, attorneys, advisors, auditors and accountants, insurers and reinsurers, and any firm, trust, corporation, or other entity in which HP, SpinCo or the Autonomy Entities has or had a controlling interest; (2) with respect to the Individual Defendants, their respective spouses, marital community, immediate family members, heirs, successors, executors, estates, administrators, attorneys, accountants, personal representatives, trusts and any other entity in which any of them has a controlling interest, and as to such entities, each and all of their predecessors, successors, past, present or future parents, subsidiaries, affiliates, and each of their respective past or present officers, directors, shareholders, agents, partners, principals, members, employees, attorneys, advisors, trustees, auditors and accountants, insurers and reinsurers.  For the avoidance of doubt, Sushovan Hussain, Qatalyst Partners and Deloitte U.K. LLP shall also be included within the definition of Related Parties, as they were formerly an employee, advisor, or accountant, respectively, affiliated with one or more of the Autonomy Entities.

       bb.    "Released Parties" shall mean collectively, all Defendants and their Related Parties.

       cc.    "Released Parties' Claims" shall mean any and all claims, rights, demands, liabilities, suits, matters, issues, debts, obligations, losses and causes of action of every nature and description, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or un-matured, class or individual in nature, suspected or unsuspected, concealed or hidden, whether known claims or Unknown Claims (as defined below at ¶1(rr)), whether arising under federal, state, foreign, or

common law, that have been or could have been asserted in the Action or any forum by the Released Parties or any of them against Lead Plaintiff, the Settlement Class or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in this Action, except for claims relating to the enforcement of the Settlement.

          dd.    "Settled Claims" shall mean any and all claims, rights, demands, liabilities, suits, matters, issues, debts, obligations, losses and causes of action of every nature and description, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or un-matured, class or individual in nature, suspected or unsuspected, concealed or hidden, whether known claims or Unknown Claims (as defined below at ¶1(rr)), whether arising under federal, state, foreign, or common law, that Lead Plaintiff or any other member of the Settlement Class:  (a) asserted in the Complaints or could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaints and (b) that relate to any purchase or acquisition of HP common stock from August 19, 2011 through November 20, 2012, inclusive.  Settled Claims shall not include any claims:  (i) that members of the Settlement Class may have arising solely under ERISA, including without limitation in the action captioned *In re HP ERISA Litigation,* No. C-12-6199 (N.D. Cal.), (ii) that members of the Settlement Class may have solely in a derivative capacity, including without limitation in the action captioned *In re HP Shareholder Derivative Litigation*, No. C-12-6003 CRB (N.D. Cal), or (iii) to enforce the terms of the Settlement.  For the avoidance of doubt,

Settled Claims shall also exclude any and all claims referenced in paragraph 8 of this Stipulation.

ee.     "Settlement" shall mean the settlement with the Settling Defendants provided for by this Stipulation.

ff.     "Settlement Amount" shall mean one hundred million dollars ($100,000,000.00) in cash.

gg.     "Settlement Class" shall mean, solely for purposes of this Settlement, all persons who purchased or otherwise acquired HP's publicly traded common stock between August 19, 2011 and November 20, 2012, inclusive.  Excluded from the Settlement Class are all Released Parties.  Also excluded from the Settlement Class are any persons or entities who exclude themselves from the Settlement Class by submitting a timely request for exclusion in accordance with the requirements set forth in the Notice.

hh.     "Settlement Class Member" shall mean a person or entity that is a member of the Settlement Class and does not exclude himself, herself or itself by submitting a timely request for exclusion in accordance with the requirements set forth in the Notice.

ii.     "Settlement Class Period" shall mean the period between August 19, 2011 and November 20, 2012, inclusive.

jj.     "Settlement Class Representative" shall mean the Lead Plaintiff.

kk.     "Settlement Fund" shall mean the Settlement Amount plus any income or interest earned thereon.

ll.     "Settlement Hearing" shall mean the hearing set by the District Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

mm.     "Settling Defendants" shall mean HP and Margaret C. Whitman.

nn.     "Settling Defendants' Counsel" shall mean the law firms of Wachtell, Lipton, Rosen & Katz and Cooley LLP.

oo.     "Settling Parties" shall mean, collectively, the Lead Plaintiff, on behalf of itself and the Settlement Class, and the Settling Defendants.

pp.     "SpinCo" shall mean Hewlett Packard Enterprise Company, a wholly-owned subsidiary of HP established to own and operate the enterprise technology infrastructure, software, services and financing solutions businesses of HP following the previously announced separation of Hewlett-Packard into two independent public companies.

qq.     "Taxes" shall mean collectively:  (i) any and all taxes, duties and similar charges (including any estimated taxes, withholdings, interest or penalties and interest thereon) arising in any jurisdiction with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon the Settling Defendants or Settling Defendants' Counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund may be finally determined to not qualify as a Qualified Settlement Fund (within the meaning contemplated in ¶13 herein) for federal or state income tax purposes or any distribution of any portion of the Settlement Fund to Authorized Claimants and other persons or entities entitled thereto pursuant to this Stipulation; and (ii) expenses and costs

incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

rr. "Unknown Claims" shall mean any and all Settled Claims which Lead Plaintiff and/or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Parties' Claims which the Settling Defendants or any other Released Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Released Parties' Claims, the Settling Parties stipulate and agree that upon the Effective Date, Lead Plaintiff and the Settling Defendants shall expressly waive, and each other Settlement Class Member and each other Released Party shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or foreign law which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff and Settlement Class Members acknowledge, and by operation of law shall be deemed to have acknowledged, that they may hereafter discover facts in addition to or different from those which, he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but Lead Plaintiff shall expressly, fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date,

shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever settled and released any and all Settled Claims, whether known or unknown, suspected or unsuspected, concealed or hidden, that now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and the Settling Defendants acknowledge, and each other Settlement Class Member and each other Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Released Parties' Claims was separately bargained for and was a key element of the Settlement.

## PRELIMINARY APPROVAL

2.      On or before June 9, 2015, unless extended by mutual agreement, the Settling Parties shall file the Stipulation and ancillary documents with the Court and apply for entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A, and for the scheduling of the Settlement Hearing for consideration of, *inter alia*, final approval of the Settlement and Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses.

## CLASS CERTIFICATION

3.      Solely for the purpose of the Settlement, the Settling Parties hereby stipulate and agree to:  (a) certification of the Action as a class action, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, consistent with the definition of the Settlement Class; (b) appointment of PGGM as the Settlement Class Representative; and (c) appointment of Kessler Topaz as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  Lead Plaintiff and the Settling Defendants will move for

entry of the Preliminary Approval Order, which will certify the Action to proceed as a class action for settlement purposes only.  The Settling Defendants expressly reserve the right to continue to contest class certification in the event that the Effective Date does not occur.

## SETTLING PARTIES' STATEMENT OF BELIEF REGARDING THE ACTION

4.     The Settling Defendants have denied and continue to deny all claims and contentions by Lead Plaintiff, as well as all charges of wrongdoing or liability against them arising out of or related to any of the conduct, statements, acts, or omissions alleged, or that could have been alleged in the Action.  Settling Defendants believe the Action has no merit. Settling Defendants deny that they made any false or misleading statements during the Class Period or engaged in any other improper conduct.  Nevertheless, the Settling Defendants have concluded that further litigation of the Action would be protracted, burdensome and expensive, and that it is desirable and beneficial to them and to the Company's shareholders to resolve the Action upon the terms and conditions set forth in this Stipulation.  The Lead Plaintiff continues to believe in the merits of the Action, but recognizes that the immediate cash benefit to the Settlement Class outweighs the risks associated with continuing the Action, particularly when the cash benefit is considered against the significant litigation risk that accompanies contested motions, trial, and likely appeals, a process that could last several years into the future with no certainty of a recovery.

## RELEASE OF CLAIMS

5.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as against the Settling Defendants and shall fully and finally release any and all of the Settled Claims as against all Released Parties and shall also

release any and all Released Parties' Claims as against Lead Plaintiff and any other Settlement Class Member and all of their respective counsel, including Lead Counsel. Upon the Effective Date, the Action shall be dismissed as against all Defendants with prejudice and without costs, in accordance with and subject to the limitations of this Stipulation.

6.      Pursuant to the Judgment, upon the Effective Date, each of the Lead Plaintiff and all other Settlement Class Members, on behalf of themselves and their immediate family members, heirs, executors, administrators, successors, predecessors, trusts and assigns, and anyone else who could make a claim through or on behalf of a Settlement Class Member, shall release and shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally and forever released, waived, discharged and dismissed each and every Settled Claim against each and all of the Released Parties with prejudice, and shall forever be enjoined from prosecuting any or all Settled Claims against any Released Party.

7.      Pursuant to the Judgment, upon the Effective Date, the Settling Defendants, on behalf of themselves and the other Released Parties, release and shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally and forever released, waived, discharged and dismissed each and every Released Parties' Claim against each and all of the Lead Plaintiff, any other Settlement Class Member and all of their respective counsel, including Lead Counsel, and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims against Lead Plaintiff, any other Settlement Class Member and all of their respective counsel, including Lead Counsel.

8.      Notwithstanding anything herein to the contrary, nothing in the Settlement shall bar, enjoin, release, or affect any claims that any Released Party has against any other Released Party.  The exclusion provided in this paragraph extends, without limitation, to any and all claims and counterclaims that have been or may be brought in the High Court of Justice, Chancery Division, Claim No. HC-2015-001324, and in any related proceedings in the United Kingdom or elsewhere, including without limitation, any such claims that may be instituted against or by Deloitte U.K. LLP.

## THE SETTLEMENT CONSIDERATION

9.      In consideration of the Settlement, and subject to the terms and conditions of this Stipulation, HP shall pay or cause to be paid five million dollars ($5,000,000.00) of the Settlement Amount into the Escrow Account within ten (10) business days of the District Court's granting of a motion for entry of a preliminary approval order authorizing dissemination of notice of the proposed Settlement to the Settlement Class, provided Lead Counsel shall provide to HP's Counsel complete and accurate payment instructions, payment address, and a completed and executed W-9 form.

10.     Within ten (10) business days after notice to HP of the entry of the Final Judgment and Order Approving the Settlement by the District Court, HP shall pay or cause to be paid the balance of the Settlement Amount, ninety five million dollars ($95,000,000.00), into the Escrow Account, provided that HP's Counsel shall have been provided complete and accurate payment instructions, payment address, and a completed and executed W-9 form.  Such payment shall be due regardless of the existence of any appeals or objections to any aspect of the Settlement, including without limitation any

appeals or objections to the Settlement itself, the Court's award of attorney's fees or expenses or the Court's approval of a plan of allocation.

## USE OF SETTLEMENT FUND

11.    The Settlement Fund shall be used to pay: (a) Taxes; (b) Notice and Administration Costs; (c) any Litigation Expenses awarded by the District Court; and (d) any attorneys' fees awarded to Lead Counsel by the District Court.  The balance remaining in the Settlement Fund following the foregoing payments (the "Net Settlement Fund") shall be distributed to Authorized Claimants following the Effective Date, as provided below.

12.    Except as provided herein or pursuant to orders of the District Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the District Court and shall remain subject to the jurisdiction of the District Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the District Court.  The Escrow Agent shall invest the Settlement Fund exclusively in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Money Market Fund or a bank account fully insured by the United States Government Federal Deposit Insurance Corporation ("FDIC") up to the guaranteed FDIC limit.  All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund.

13.    The Settling Parties agree that the Settlement Fund is intended to be a separate Qualified Settlement Fund within the meaning of Treasury Regulation Section

1.468B-1 and that Lead Counsel shall act as the administrator of the Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-2(k)(3), and shall be responsible for filing or causing to be filed all informational and other tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed thereon.  HP's Counsel will cause to be provided to Lead Counsel the statement described in Treasury Regulation Section 1.468B-3(e) within the time specified by the Section.  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation Section 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation Section 1.468-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

14.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without prior Order of the District Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Settlement Fund shall hold all Released Parties harmless for any Taxes and related expenses of any kind whatsoever, if any, payable by the Settling Defendants by reason of any income earned on the Settlement Fund.  Settling Defendants' Counsel shall notify the Escrow Agent promptly if the Settling Defendants receive any notice of any claim for Taxes relating to the Settlement Fund.

15.     This is not a claims-made settlement.  Upon the occurrence of the Effective Date, neither the Settling Defendants nor any Released Party, nor any person or entity who or which paid any portion of the Settlement Fund on their behalf shall have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

16.     The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the District Court.  The Settling Defendants shall have no responsibility, obligation or liability whatsoever for the administration of the Settlement and, in particular, shall have no liability whatsoever to any person or entity, including, but not limited to, the Settlement Class Members, in connection with such administration.  Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Settlement Class at the address of each such person or entity as set forth in the records of HP or who otherwise may be identified through further reasonable effort.  For purposes of identifying and providing notice to the Settlement Class, within seven (7) days following the entry of preliminary approval, HP or its transfer agent shall use its best efforts to provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Plaintiff, Lead Counsel or the Claims Administrator) its shareholder lists (consisting of shareholder names and addresses during the Settlement Class Period), in electronic form.  Lead Counsel will cause to be published the Publication Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the District Court.

17.     Prior to the Effective Date, Lead Counsel may pay from the Settlement Fund, without further approval from the Settling Defendants or further order of the District Court, all reasonable Notice and Administration Costs actually incurred, along with any Taxes, up to an aggregate amount of two million dollars ($2,000,000.00).  Following the Effective Date, Lead Counsel may pay from the Settlement Fund, without further approval from the Settling Defendants or further order of the District Court, Notice and Administration Costs and Taxes exceeding two million dollars ($2,000,000.00).  Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Notice and Proof of Claim Form, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, publication of the Summary Notice, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted Claims, and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs reasonably paid or reasonably incurred, including any related fees, shall not be returned or repaid to the Settling Defendants or any other Released Party, or to any person or entity who or which paid any portion of the Settlement Amount on their behalf.

18.     Neither the Settling Defendants nor any other Released Party (or their respective counsel) shall have any interest in, responsibility, obligation, or liability whatsoever with respect to the maintenance, investment or distribution of the Settlement Fund, the establishment or maintenance of the Escrow Account, the establishment or administration of the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes, the distribution of the Net Settlement

Fund, the administration of the Settlement, or any losses incurred in connection with such matters.  The Settling Defendants take no position with respect to the provisions of this Stipulation governing those issues. The Released Parties shall have no further or other liability or obligations to Lead Plaintiff, Lead Counsel or any member of the Settlement Class with respect to the Settled Claims, except as expressly stated in this Stipulation.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

19.    Lead Counsel will apply to the District Court for an award of attorneys' fees to Lead Counsel from the Settlement Fund.  Lead Counsel will also apply to the District Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of the Settlement Class Representative's costs and expenses in accordance with 15 U.S.C. § 78u-4(a)(4).

20.    Any attorneys' fees and Litigation Expenses that are awarded by the District Court shall be paid from the Escrow Account to Lead Counsel within ten (10) business days after the entry of the District Court's order approving such attorneys' fees and Litigation Expenses, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. Lead Counsel agrees to make appropriate refunds or repayments to the Settlement Fund, plus any interest, if any, actually accrued on such funds, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed.  Lead Counsel shall make the appropriate refund or repayment in full no later than ten (10) business days after receiving from Settling Defendants' Counsel or from a court of appropriate jurisdiction notice of any such

reduction of the award of attorneys' fees and/or Litigation Expenses, or notice of the termination of the Settlement.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term to this Stipulation or a condition of this Stipulation, the Settlement or the releases provided herein.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on the District Court's ruling or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.  Any appeal relating to an award of attorneys' fees or Litigation Expenses will not affect the finality of the Settlement, the Judgment or the releases provided herein.

## CLAIMS ADMINISTRATOR

21.     The Claims Administrator shall administer the process of receiving, reviewing and approving or denying Claims under Lead Counsel's supervision and subject to the jurisdiction of the District Court.  Neither the Settling Defendants nor any other Released Party shall have any responsibility, obligation, or liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, Settlement Class Members or Lead Counsel in connection with such administration.  Settling Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

22.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or in part; and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's loss amount (as set forth in the Plan of Allocation to be submitted by Lead Counsel to the District Court for approval, or in such other plan of allocation as the District Court approves).

23.     A particular plan of allocation to be proposed by Lead Counsel is not a necessary term of this Stipulation, and it is not a condition of this Stipulation, the Settlement, or the releases provided herein that any particular plan of allocation be approved by the District Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on the District Court's or any appellate court's ruling with respect to any particular plan of allocation in this Action.  Neither the Settling Defendants nor any other Released Party (or their respective counsel) shall have any responsibility, obligation, or liability whatsoever for allocation of the Net Settlement Fund.  Any appeal relating to the allocation of the Net Settlement Fund, the administration of the Settlement or the claims process will not affect the finality of the Settlement, the Judgment or the releases provided herein.

24.     Any Settlement Class Member who does not timely submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any and all Released Parties concerning any and all of the Settled Claims, unless that Settlement Class Member excludes himself, herself or itself in accordance with the provisions set forth in the Notice.

25.     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund.  Neither the Settling Defendants nor any other Released Party (or their respective counsel), shall have any responsibility, obligation or  liability whatsoever for the administration of the Settlement or disbursement

of the Net Settlement Fund.  Neither the Settling Defendants nor any other Released Party shall be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Settlement Class Member.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

26.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Settlement Class Member shall be required to submit a Claim Form supported by such documents as are designated therein, including proof of the transactions and holdings claimed and the claimed incurred losses, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable.

b.     All Claim Forms must be submitted by the date that will be set by the District Court, unless such deadline is extended by Order of the District Court.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the District Court, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement including the terms of the Judgment and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any and all Released Parties concerning any and all of the

Settled Claims, unless that Settlement Class Member excludes himself, herself or itself in accordance with the provisions set forth in the Notice.  Provided that it is received before the motion for the Class Distribution Order is filed, a Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

c.      Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation and the Court-approved plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the District Court pursuant to subparagraph (e) below.

d.      Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall attempt to communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall attempt to notify, in a timely fashion and in writing, all Claimants whose Claims the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the District Court if the Claimant so desires and complies with the requirements of subparagraph (e) below.

e.      If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date

of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the District Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the District Court.

       f.     The administrative determinations of the Claims Administrator accepting and rejecting Claims shall be presented to the District Court for approval by the District Court in the Class Distribution Order.

       27.     Each Claimant shall be deemed to have submitted to the jurisdiction of the District Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or this Settlement in connection with the processing of Claim Forms.

       28.     Lead Counsel will apply to the District Court for a Class Distribution Order, *inter alia*: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; and (b) if the Effective Date has occurred, directing payment of the Net Settlement Fund to the Authorized Claimants from the Escrow Account.  Payment and/or distribution of any of the Settlement Amount to Settlement Class Members shall be made only after the Effective Date.

       29.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose

Claims are not approved by the District Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for therein and herein and will be permanently barred and enjoined from bringing any Settled Claim against any and all Released Parties.

30. All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the District Court.

## REQUESTS FOR EXCLUSION

31. Persons or entities who otherwise would be members of the Settlement Class but desire to be excluded from the Settlement Class shall be required to provide a written statement that the person or entity wishes to be excluded from the Settlement Class for receipt by the Claims Administrator on or before thirty (30) calendar days prior to the Settlement Hearing. Members of the Settlement Class requesting exclusion shall be requested to provide the following information to the Claims Administrator subject to the requirements of the Preliminary Approval Order as specified below: (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) number of shares of HP common stock owned as of the beginning of the Settlement Class Period on August 19, 2011; (*v*) number of shares of HP common stock purchased or otherwise acquired during the Settlement Class Period, and if any of such shares were sold, how many shares were sold, (*vi*) prices or other consideration paid or received for such shares, and (*vii*) the date of each purchase, acquisition or sale transaction. Unless otherwise ordered by the District Court, any person or entity who

purchased or acquired HP common stock during the Settlement Class Period who does not submit a timely request for exclusion as provided by this section shall be bound by this Stipulation and Settlement.

32.     The Claims Administrator shall scan and send electronically copies of all requests for exclusion to Lead Counsel expeditiously after the Claims Administrator receives such a request.  Upon receiving any request(s) for exclusion pursuant to ¶31, Lead Counsel shall within five (5) business days notify counsel for the Settling Defendants of such request(s) for exclusion and provide copies of such request(s) for exclusion and any documentation accompanying them by facsimile or electronic mail.  As part of the reply papers in support of the Settlement, Lead Counsel will cause to be provided to the Court an updated Judgment which includes a list of all persons and entities who have requested exclusion from the Settlement Class.

## SUPPLEMENTAL AGREEMENT

33.     Simultaneously herewith, Lead Plaintiff and Settling Defendants, through their counsel, are executing a "Supplemental Agreement."  Unless otherwise directed by the Court, the Supplemental Agreement will not be filed with the Court.  The Settling Parties may, in accordance with the terms set forth in the Supplemental Agreement, terminate the Settlement and this Stipulation under certain conditions set forth in the Supplemental Agreement if Lead Counsel and/or Settling Defendants' Counsel are unable to cure these conditions in accordance with the terms of the Supplemental Agreement.  Such election must be done in writing to the other Settling Parties.  If required by the Court, the Supplemental Agreement and/or any of its terms may be disclosed to the Court for purposes of approval of the Settlement, but such disclosure shall be carried out to the

fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the Opt-Out Threshold.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation and Settlement shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶20, 21, 23, 25, 36, and 37, which shall continue to apply.

## TERMS OF THE JUDGMENT

34.     Lead Counsel and Settling Defendants' Counsel shall request that the District Court enter a Judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, substantially in the form annexed hereto as Exhibit B.

## WAIVER OR TERMINATION

35.     In addition to ¶33 above, each of the Settling Defendants and Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other parties to this Stipulation within thirty (30) days of receiving formal court notice of:  (a) the District Court's declining to enter the Preliminary Approval Order in any material respect; (b) the District Court's refusal to approve this Stipulation and Settlement or any material part of it; (c) the District Court's declining to enter the Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.  In addition, Lead Plaintiff shall also have the right to terminate the Settlement in the event that the HP does not pay or cause to be paid the Settlement Amount as provided in ¶¶9-10 above.  If a Settling Party elects to terminate the Settlement pursuant to this paragraph, termination will become effective within two (2) weeks of the Settling

Party's notice of termination.  During these two weeks, the Settling Parties shall use their best efforts to resolve any existing conflicts and/or deficiencies and reinstate the Settlement.  Any decision with respect to an application for attorneys' fees or Litigation Expenses, or with respect to any plan of allocation, shall not be considered material to this Stipulation and shall not be grounds for termination.

36.     Except as otherwise provided herein, in the event the Settlement is terminated or fails to become effective for any reason, the Settlement termination shall be without prejudice, and none of the terms shall be effective or enforceable, with the exception of ¶¶ 20, 21, 23, 25, 36, and 37 which shall survive the termination of the Settlement. Further, the facts of the Settlement shall not be admissible for any purpose, and the parties to this Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective litigation status in the Action immediately prior to April 28, 2015, and, except as otherwise expressly provided, the Settling Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered.  In such circumstances,  the Settlement consideration previously paid by or on behalf of the Settling Defendants, including any funds disbursed in payment of Litigation Expenses and attorneys' fees, together with any interest earned or appreciation thereon, less any Taxes paid or due with respect to such income, and less Notice and Administration Costs actually and reasonably incurred and paid or payable consistent with the provisions of ¶¶16-17 above, shall be returned to the persons who contributed the funds on its behalf, on a pro rata basis based on each person's contribution actually paid into the Escrow Account within ten (10) business days after written notification of such termination by Settling Defendants' Counsel and Lead Counsel to the Escrow Agent.  For purposes of the Escrow Agent calculating the

amounts to be refunded under the circumstances addressed in this paragraph, Taxes and Notice and Administration Expenses shall be attributed to the portion of the Settlement Amount contributed by HP's primary insurer into the Settlement Fund.  At the request of counsel to any person who contributed funds to the Escrow Account, the Escrow Agent or its designee shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), for refund to the persons who contributed funds to the Escrow Account on a *pro rata* basis based on their contributions actually paid into the Escrow Account.

### NO ADMISSION OF WRONGDOING

37.     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

a.      shall not be offered or received against any of the Released Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted by it against any of the Released Parties in this Action or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

b.      shall not be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against Lead Plaintiff or any other Settlement Class Members as evidence of any infirmity in the claims of the Lead Plaintiff or the other Settlement Class Members;

c.      shall not be offered or received against any of the Released Parties or against Lead Plaintiff or any other Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, or against Lead Plaintiff or any other Settlement Class Members, in any other civil, criminal or administrative action, arbitration or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the District Court, the Settling Defendants, Lead Plaintiff and any other Settlement Class Member may file or refer to this Stipulation to effectuate the protection from liability granted them hereunder and/or by the Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or otherwise to enforce the terms of the Settlement;

d.      shall not be construed against any Released Parties, Lead Plaintiff or any other Settlement Class Member as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

e.      shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any other Settlement Class Member that any of their claims are without merit or that damages recoverable under the Complaints would not have exceeded the Settlement Amount; and

        f.      shall not be construed as or received in evidence as an admission, concession or presumption against Defendants that any of their defenses are without merit or that any damages would have been recoverable under the Complaints.

## MISCELLANEOUS PROVISIONS

38.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

39.     On or before ten (10) days following the submission of the Stipulation to the Court, Settling Defendants shall serve CAFA Notice on the State and Federal officials as required by 28 U.S.C. Section 1715(b).  HP shall bear the costs associated with serving the CAFA Notice, and these costs shall not be paid from the Settlement Fund.  Pursuant to 28 U.S.C. Section 1715(d), the Settlement Hearing shall not be held earlier than ninety (90) days after the CAFA Notice is served.

40.     In the event of the entry of a Final order of a court of competent jurisdiction determining the transfer of money  to the Settlement Fund or any portion thereof by or on behalf of HP to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Plaintiff, the Settling Parties shall jointly move the District Court to vacate and set aside the releases given and the Judgment entered in favor of the Settling Defendants and the other Released Parties pursuant to this Stipulation, which releases and Judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation immediately prior to April 28, 2015, and any cash amounts in the Settlement Fund, as well as any

attorneys' fees or Litigation Expenses paid to Lead Counsel, shall be returned as provided in ¶36 above, provided, however, that the provisions in this paragraph requiring return of funds shall expire and terminate upon the initial distribution from the Net Settlement Fund to Settlement Class Members pursuant to a Class Distribution Order.

41.     The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff or any other Settlement Class Members against the Released Parties with respect to all Settled Claims.  Accordingly, Lead Plaintiff and the Settling Defendants agree not to assert in any forum that this Action was brought by Lead Plaintiff, or any other plaintiff in the actions consolidated in the Action, or defended by Defendants in bad faith or without a reasonable basis.  The parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of this Action. The parties to this Stipulation agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

42.     Lead Plaintiff and the Settling Defendants, in any statement made to any media representative (whether or not for attribution) or in any other context, shall not deny that the Action was commenced, defended, and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel; shall refrain from any accusations of wrongful or actionable conduct by either party concerning the prosecution, defense, and resolution of this Action; and shall not otherwise suggest that the Settlement constitutes an admission of any wrongdoing, claim, or defense alleged.  The Settling Parties agree that, other than disclosures required by law, any public comments from the

parties regarding this settlement will not substantially deviate from:  (i) the contents of the pleadings publicly filed in this matter and this stipulation; or (ii) words to the effect that the parties have reached a mutually acceptable resolution by way of a mediated settlement, and that both sides are satisfied with this resolution.

43.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except in writing signed by all signatories hereto or their successors-in-interest.

44.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

45.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the District Court, and the District Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation.

46.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

47.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among the parties hereto concerning this Settlement, and no representations, warranties or inducements have been made by any party hereto concerning this Stipulation, its exhibits and the Supplemental Agreement other than those contained and memorialized in such documents.

48.     This Stipulation may be executed in one or more original, e-mail and/or faxed counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

49.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the parties hereto.

50.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

51.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

52.     All counsel and any other persons executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms.

53.     Lead Counsel and Settling Defendants' Counsel agree to cooperate fully with one another in seeking District Court approval of the Preliminary Approval Order, this Stipulation and the Settlement, and final approval by the District Court of the Settlement.

54.     If any Settling Party is required to give notice to the other Settling Parties under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery, e-mail, or facsimile transmission with confirmation of receipt.  Notice shall be provided to counsel as indicated on the signature block below.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of June  8, 2015.

[*signatures begin on the next page*]

KESSLER TOPAZ MELTZER
  & CHECK, LLP

_____

DAVID KESSLER
DARREN J. CHECK
ANDREW L. ZIVITZ
280 King of Prussia Road
Radnor, PA  19087
Telephone:  (610) 667-7706
Facsimile:  (610) 667-7056
dkessler@ktmc.com
dcheck@ktmc.com
azivitz@ktmc.com

-and-

ELI R. GREENSTEIN
STACEY M. KAPLAN
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone:  (415) 400-3000
Facsimile:  (415) 400-3001
egreenstein@ktmc.com
skaplan@ktmc.com

***Counsel for Lead Plaintiff PGGM
Vermogensbeheer B.V. and Lead Counsel
for the Class***

WACHTELL, LIPTON, ROSEN
  & KATZ

_____

MARC WOLINSKY
GEORGE T. CONWAY III
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
MWolinsky@wlrk.com
GTConway@wlrk.com

-and-

FARELLA BRAUN & MARTEL, LLP
NEIL A. GOTEINER
THOMAS B. MAYHEW
235 Montgomery Street
San Francisco, CA 94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

KESSLER TOPAZ MELTZER
  & CHECK, LLP

_____
DAVID KESSLER
DARREN J. CHECK
ANDREW L. ZIVITZ
280 King of Prussia Road
Radnor, PA  19087
Telephone:  (610) 667-7706
Facsimile:  (610) 667-7056
dkessler@ktmc.com
dcheck@ktmc.com
azivitz@ktmc.com

-and-

ELI R. GREENSTEIN
STACEY M. KAPLAN
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone:  (415) 400-3000
Facsimile:  (415) 400-3001
egreenstein@ktmc.com
skaplan@ktmc.com

*Counsel for Lead Plaintiff PGGM Vermogensbeheer B.V. and Lead Counsel for the Class*

WACHTELL, LIPTON, ROSEN
  & KATZ

_____
MARC WOLINSKY
GEORGE T. CONWAY III
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
MWolinsky@wlrk.com
GTConway@wlrk.com

-and-

FARELLA BRAUN & MARTEL, LLP
NEIL A. GOTEINER
THOMAS B. MAYHEW
235 Montgomery Street
San Francisco, CA 94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

NGoteiner@fbm.com
TMayhew@fbm.com

**Counsel for Defendant Hewlett-Packard
Company**

COOLEY LLP

STEPHEN C. NEAL
JOHN C. DWYER
JEFFREY M. KABAN
ADAM C. TRIGG
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:  (650) 843-5000
Facsimile:  (650) 849-7400
NealSC@cooley.com
DwyerJC@cooley.com
JKaban@cooley.com
ATrigg@cooley.com

**Counsel for Defendant Margaret C.
Whitman**

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HP SECURITIES LITIGATION, <br><br> This Document Relates To: All Actions | MASTER FILE NO. 3:12-CV-05980-CRB <br><br> **CLASS ACTION** <br><br> [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT AND DIRECTING NOTICE TO THE SETTLEMENT CLASS <br><br> **EXHIBIT A** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WHEREAS:**

A.     Court-appointed Lead Plaintiff PGGM Vermogensbeheer B.V. ("PGGM," "Lead Plaintiff" or "Settlement Class Representative") on behalf of itself and the Settlement Class and defendants Hewlett-Packard Company ("HP" or the "Company") and Margaret C. Whitman (the "Settling Defendants" and collectively, with Lead Plaintiff, the "Settling Parties"), by and through their respective counsel in the above-captioned consolidated class action ("Action"), entered into a Stipulation of Settlement and Release on June 8, 2015 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions of their proposed settlement and the release of claims and dismissal of the Action against the Settling Defendants and the Released Parties with prejudice upon the terms and conditions set forth therein (the "Settlement");

B.     Lead Plaintiff has moved the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the proposed Settlement;

C.     The Settling Defendants do not oppose this request; and

D.     The Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, including the exhibits attached to the Stipulation, and found good cause for entering the following Order:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.     The Court, for the purposes of this Order, adopts all defined terms as set forth in the Stipulation unless otherwise defined herein.

2.     Pending further order of the Court, all litigation activity in this Action, except that contemplated herein, in the Stipulation, in the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") or in the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Action, except for the Settlement Hearing (defined below), are hereby taken off calendar.   Further, pending final approval of the Settlement, Lead Plaintiff and each Settlement Class Member are barred and enjoined from commencing, instituting or continuing to prosecute or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of

1   any class or other person, any of the Settled Claims against any Released Parties.

2

3   **CLASS CERTIFICATION**

4       3.    The Court hereby preliminarily certifies, solely for purposes of effectuating the

5   Settlement, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, a Settlement

6   Class consisting of all persons who purchased or otherwise acquired HP's publicly traded common

7   stock between August 19, 2011 and November 20, 2012, inclusive.  Excluded from the Settlement

8   Class are all Released Parties.  Also excluded from the Settlement Class are any persons or entities

9   who exclude themselves from the Settlement Class by submitting a timely request for exclusion in

10  accordance with the requirements set forth in the Notice.

11      4.    The Court hereby finds that Lead Plaintiff, PGGM, is an adequate class

12  representative and preliminarily certifies pursuant to Rule 23 of the Federal Rules of Civil

13  Procedure, and for purposes of the Settlement only, Lead Plaintiff PGGM as Settlement Class

14  Representative for the Settlement Class.  The Court further appoints Lead Counsel (Kessler Topaz

15  Meltzer & Check, LLP) as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil

16  Procedure.  Lead Counsel are authorized to act on behalf of the Settlement Class with respect to all

17  acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are

18  reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

19      5.    The Court hereby preliminarily finds, solely for purposes of effectuating the

20  Settlement, that as to the Settlement Class, the prerequisites for a class action under Rules 23(a) and

21  (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of

22  Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b)

23  there are questions of law and fact common to the Settlement Class; (c) the claims of the Settlement

24  Class Representative are typical of the claims of the Settlement Class; (d) the Settlement Class

25  Representative and Lead Counsel have and will fairly and adequately represent the interests of the

26  Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate

27  over any questions affecting only individual members of the Settlement Class; and (f) a class action

28

is superior to other available methods for the fair and efficient adjudication of the controversy.

**PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**

6.      The Court hereby preliminarily approves the Settlement of the Action as set forth in the Stipulation, subject to the right of any Settlement Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, and to show cause, if any exists, why a final judgment dismissing the Action based on the Stipulation should not be ordered herein after due and adequate notice to the Settlement Class has been given in conformity with this Preliminary Approval Order.

**MAILING AND PUBLICATION OF NOTICE**

7.      The Court authorizes Lead Counsel to retain, and the Court hereby appoints GCG, Inc. ("GCG") as the Claims Administrator in connection with the Settlement to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below:

a.      No later than twenty (20) business days following entry of this Order, the Claims Administrator shall cause a copy of the Notice and Claim Form, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively, to be mailed by first-class mail, postage prepaid, to those members of the Settlement Class who may be identified through reasonable effort, including in the records of HP or its transfer agent provided by HP in accordance with the Stipulation (the "Notice Date");

b.      A summary notice (the "Summary Notice"), substantially in the form annexed hereto as Exhibit A-3, shall be published once in the national edition of *The Wall Street Journal* and *Investor's Business Daily* and transmitted over *PR Newswire* no later than ten (10) business days after the Notice Date; and

c.      The Notice, the Summary Notice and the Claim Form shall also be placed on the website created for the Settlement, on or before the Notice Date.

8.     No later than ten (10) days after the submission of the Stipulation to the Court, the Settling Defendants shall have served CAFA Notice on the State and Federal officials as required by 28 U.S.C. § 1715(b).  Not later than forty five (45) calendar days before the Settlement Hearing, the Settling Defendants shall file with the Court an affidavit or declaration showing timely compliance with this CAFA Notice directive.

9.     The Court approves the form of the Notice and Summary Notice (together, the "Notices") and the Claim Form, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in Paragraph 7 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(7), the Constitution of the United States, and any other applicable law, and constitute the best notice practicable under the circumstances.

10.     No later than forty-five (45) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be filed with the Court affidavits or declarations showing that the mailing and publication have been made in accordance with this Order.

11.     Nominees who purchased HP publicly traded common stock for beneficial owners who are Settlement Class Members are directed to:  (a) request within fourteen (14) calendar days of receipt of the Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) calendar days after receipt of the Notice.  If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within fourteen (14) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Upon full compliance with this Order, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by

1    providing the Claims Administrator with proper documentation supporting the expenses for which

2    reimbursement is sought and reflecting compliance with these instructions, including timely mailing

3    of the Notice, if the nominee elected or elects to do so.  Such properly documented expenses

4    incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement

5    Fund in accordance with the provisions of the Stipulation, subject to further order of this Court with

6    respect to any dispute concerning such compensation.

7

8    **HEARING:  RIGHT TO BE HEARD**

9        12.      The Court will hold a settlement hearing (the "Settlement Hearing") on

10    _____, 2015, at 10:00 a.m., in the United States District Court for the Northern District

11    of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA  94102,

12    Courtroom 6 – 17th Floor, the Honorable Charles R. Breyer presiding, for the following purposes:

13    (i) to determine whether the Settlement should be approved as fair, reasonable, adequate and in the

14    best interests of the Settlement Class; (ii) to determine whether a Judgment substantially in the form

15    attached as Exhibit B to the Stipulation, should be entered dismissing and releasing the Settled

16    Claims (as that term is defined in the Stipulation) with prejudice; (iii) to rule upon the Plan of

17    Allocation; (iv) to rule upon Lead Counsel's application for an award of attorneys' fees and

18    reimbursement of Litigation Expenses (which may include the costs and expenses of the Settlement

19    Class Representative directly related to its representation of the Settlement Class); and (v) to

20    consider any other matters that may properly be brought before the Court in connection with the

21    Settlement.  Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's

22    application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later than

23    forty-five (45) calendar days prior to the Settlement Hearing.  Reply papers shall be filed no later

24    than ten (10) calendar days prior to the Settlement Hearing.

25        13.      Any member of the Settlement Class may appear at the Settlement Hearing and show

26    cause why the proposed Settlement embodied in the Stipulation should or should not be approved as

27    fair, reasonable, adequate and in the best interests of the Settlement Class, or why the Judgment

28

1   should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to

2   the application of Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses.

3   However, no Settlement Class Member or any other person shall be heard or entitled to contest the

4   approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered

5   thereon approving the same, or the terms of the Plan of Allocation or the application by Lead

6   Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, unless, no later

7   than thirty (30) calendar days prior to the Settlement Hearing, that Settlement Class Member or

8   person filed said objections, papers and briefs with the Clerk of the United States District Court for

9   the Northern District of California.

10          14.     Any objection must include:  (a) the full name, address, and phone number of the

11  objecting Settlement Class Member; (b) a list and documentation of all of the Settlement Class

12  Member's transactions involving HP's publicly traded common stock during the Settlement Class

13  Period, including brokerage confirmation receipts or other competent documentary evidence of

14  such transactions, including the amount and date of each purchase, acquisition or sale and the price

15  paid and/or received; (c) a written statement of all grounds for the objection accompanied by any

16  legal support for the objection; (d) copies of any papers, briefs or other documents upon which the

17  objection is based; (e) a list of any persons who will be called to testify in support of the objection;

18  (f) a statement of whether the objector intends to appear at the Settlement Hearing; (g) a list of other

19  cases in which the objector or the objector's counsel have appeared either as settlement objectors or

20  as counsel for objectors in the preceding five years; and (h) the objector's signature, even if

21  represented by counsel.  If the objector intends to appear at the Settlement Hearing through counsel,

22  the objection must also state the identity of all attorneys who will appear on his, her or its behalf at

23  the Settlement Hearing.  Any Settlement Class Member who does not make his, her or its objection

24  in the manner provided for herein shall be deemed to have waived such objection and shall forever

25  be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected

26  in the Stipulation, to the Plan of Allocation or to the application by Lead Counsel for an award of

27  attorneys' fees and reimbursement of Litigation Expenses.  By objecting to the Settlement, the Plan

28

of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise requesting to be heard at the Settlement Hearing, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including, but not limited to, the release of the Settled Claims provided for in the Stipulation and the Judgment).

15.     If the Settlement is finally approved, all Settlement Class Members who do not otherwise exclude themselves in accordance with the procedures described in the Notice and set forth below, will be bound by the proposed Settlement provided for in the Stipulation, and by any judgment or determination of the Court affecting Settlement Class Members, regardless of whether or not a Settlement Class Member submits a Claim Form.

16.     Any member of the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

17.     The Court reserves the right to (a) adjourn or continue the Settlement Hearing, or any adjournment or continuance thereof, without further notice to Settlement Class Members and (b) approve the Stipulation with modification and without further notice to Settlement Class Members.  The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the proposed Settlement, and as otherwise warranted.

18.     All Settlement Class Members who do not otherwise exclude themselves in accordance with the procedures described in the Notice and set forth below, shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

**CLAIMS PROCESS**

19.     In order to be potentially eligible to participate in the Settlement, a Settlement Class Member must complete and submit a Claim Form in accordance with the instructions contained

therein.  To be valid and accepted, Claim Forms submitted in connection with the Settlement must be postmarked no later than seventy five (75) calendar days after the Notice Date.

20.    Any Settlement Class Member who does not timely submit a valid Claim Form, shall not be eligible to share in the Settlement Fund, unless otherwise ordered by the Court, but will otherwise be bound by all of the terms of the Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for therein.

## EXCLUSION FROM THE SETTLEMENT CLASS

21.    Any requests for exclusion from the Settlement Class must be submitted in accordance with the instructions included in the Notice and for receipt by GCG by no later than thirty (30) calendar days prior to the Settlement Hearing.  Any Settlement Class Member who wishes to be excluded from the Settlement Class should provide his, her or its name, address, and telephone number.  The Settlement Class Member must also provide information containing the Settlement Class Member's transactions in HP's publicly traded common stock, including (i) the number of shares of HP's publicly traded common stock held as of August 19, 2011, the first day of the Settlement Class Period; (ii) the number of shares of HP's publicly traded common stock purchased or otherwise acquired during the Settlement Class Period, and if any such shares were sold, how many shares were sold; (iii) the prices or other consideration paid or received for such shares; and (iv) the date of each purchase, acquisition or sale transaction.  The request must include a statement that the person wishes to be excluded from the Settlement Class, and be signed by the person requesting exclusion.  All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

22.    Any member of the Settlement Class who does not request exclusion from the Settlement Class in the manner stated in this Order and the Notice shall be deemed to have waived his, her or its right to be excluded from the Settlement Class, and shall forever be barred from

1   requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound

2   by the Settlement and the Judgment, including, but not limited to the release of the Settled Claims

3   against the Released Parties provided for in the Stipulation and the Judgment, if the Court approves

4   the Settlement.  In addition, this Court is not opining on the ability of a Person who seeks to exclude

5   themselves from the Settlement Class to subsequently bring an action against any of the Released

6   Parties.

7         23.     The Released Parties shall have no responsibility, obligation or liability whatsoever

8   with respect to the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees

9   and reimbursement of Litigation Expenses.  The Plan of Allocation and Lead Counsel's application

10  for an award of attorneys' fees and reimbursement of Litigation Expenses will be considered

11  separately from the fairness, reasonableness and adequacy of the Settlement.  At or after the

12  Settlement Hearing, the Court will determine whether Lead Counsel's proposed Plan of Allocation

13  should be approved, and the amount of attorneys' fees and Litigation Expenses to be awarded to

14  Lead Counsel.  Any appeal from any orders relating solely to the Plan of Allocation or solely to

15  Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, or any reversal

16  or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the

17  finality of the Judgment approving the Stipulation and the Settlement of the Action set forth therein.

18        24.     Only Settlement Class Members and Lead Counsel shall have any right to any

19  portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the

20  Court or otherwise provided in the Stipulation.

21        25.     All funds held by the Escrow Agent shall be deemed and considered to be *in*

22  *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds

23  shall be distributed pursuant to the Stipulation and/or further order of the Court.

24        26.     The Court authorizes payment out of the Settlement Fund of Notice and

25  Administration Costs in accordance with the Stipulation.  In the event that the Settlement is

26  terminated pursuant to the terms of the Stipulation, all Notice and Administration Costs reasonably

27  paid or reasonably incurred, including any related fees, shall not be returned or repaid to the

28

---

[Proposed] Order Approving Proposed Settlement      9      MASTER FILE NO. 3:12-CV-05980-CRB

1  Settling Defendants or any other Released Party, or to any person or entity who or which paid any

2  portion of the Settlement Amount on their behalf.

3       27.     Lead Counsel is authorized and directed to prepare any tax returns and any other tax

4  reporting for or in respect of the Settlement Fund and to pay from the Settlement Fund any Taxes

5  owed with respect to the Settlement Fund in accordance with the Stipulation, and to otherwise

6  perform all obligations with respect to Taxes and any reporting or filings in respect thereof as

7  contemplated by the Stipulation, without further order of the Court.

8       28.     The fact and terms of this Order and the Settlement, all negotiations, discussions,

9  drafts and proceedings in connection with this Order and the Settlement, and any act performed or

10  document signed in connection with this Order and the Settlement, shall not, in this or any other

11  Court, administrative agency, arbitration forum or other tribunal, constitute an admission of, or

12  evidence of, or be deemed to create any inference of, (i) any acts of wrongdoing or lack of

13  wrongdoing, (ii) any liability on the part of Settling Defendants or any other Released Party to Lead

14  Plaintiff, the Settlement Class or anyone else, (iii) any deficiency of any claim or defense that has

15  been or could have been asserted in this Action, (iv) any damages or lack of damages suffered by

16  Lead Plaintiff, the Settlement Class or anyone else, or (v) that the Settlement Amount (or any other

17  amount) represents the amount that could or would have been recovered in this Action against the

18  Settling Defendants if it was not settled at this point in time.  The fact and terms of this Order and

19  the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order

20  and the Settlement, and any act performed or document signed in connection with this Order and

21  the Settlement, shall not be offered or received in evidence or used for any other purpose in this or

22  any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except

23  as necessary to enforce the terms of this Order and/or the Settlement, including, but not limited to,

24  the Judgment and the release of the Settled Claims provided for in the Stipulation.

25       29.     Lead Counsel shall apply to this Court, on notice to Settling Defendants' Counsel,

26  for a Class Distribution Order, *inter alia*: (a) approving the Claims Administrator's administrative

27  determinations concerning the acceptance and rejection of the Claims submitted;  and (b) if the

28

Effective Date has occurred, directing payment of the Net Settlement Fund to the Authorized Claimants from the Escrow Account.  Payment and/or distribution of any of the Settlement Amount to Settlement Class Members shall be made only after the Effective Date.

30.     In the event that the Settlement fails to become effective in accordance with its terms, or if the Judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Order (except Paragraphs 25, 26 and 27) shall be null and void, the Stipulation shall be deemed terminated, and the Settling Parties shall return to their positions without prejudice in any way, as provided for in the Stipulation.

31.     The Court retains exclusive jurisdiction over the Action to*, inter alia*, consider all further matters arising out of or connected with the Settlement.

32.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Settlement Class Members.

Dated: _____, 2015

_____
The Honorable Charles R. Breyer
United States District Judge

# EXHIBIT A-1

EXHIBIT A-1

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT,
SETTLEMENT FAIRNESS HEARING AND MOTION FOR ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A U.S. Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by a class action lawsuit (the "Action") pending in the United States District Court for the Northern District of California (the "District Court" or "Court") if, during the period between August 19, 2011 and November 20, 2012, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired the publicly traded common stock of Hewlett-Packard Company ("HP" or the "Company").

NOTICE OF PENDENCY OF SETTLEMENT:  Please also be advised that the Court-appointed Lead Plaintiff PGGM Vermogensbeheer B.V. ("PGGM" or "Lead Plaintiff"), on behalf of itself and the proposed Settlement Class (as defined in ¶1 below), has reached a proposed settlement of the Action with defendants HP and Margaret C. Whitman (together, the "Settling Defendants") for a total of $100,000,000 in cash that, if approved, will resolve all claims in the Action.[1]

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a Settlement Class Member, your legal rights will be affected whether or not you act.**

1.    **Description of the Action and Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending class action lawsuit brought by investors alleging that the price of HP's publicly traded common stock was artificially inflated during the Settlement Class Period as a result of alleged false and misleading statements concerning HP's acquisition of Autonomy Corporation plc ("Autonomy"), including statements regarding Autonomy's value and the reasons for Autonomy's poor performance after its acquisition.  The proposed Settlement, if approved by the Court, will settle claims of all persons who purchased or otherwise acquired HP's publicly traded common stock between August 19, 2011 and November 20, 2012, inclusive (the "Settlement Class"), except for certain persons and entities who are excluded from the Settlement Class by definition (*see* Question 6 below) or who timely and validly elect to exclude themselves from the Settlement Class (*see* Questions 13-15 below).

2.    **Statement of Settlement Class's Recovery:**  Subject to Court approval, and as described more fully below, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle all claims based on the purchase or acquisition of HP's publicly traded common stock that were or could have been asserted in the Action in exchange for a payment of $100,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account (the "Settlement Fund").  The Net Settlement Fund (*i.e.*, the Settlement Fund less any: (i) Taxes; (ii)

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement and Release dated June 8, 2015 (the "Stipulation"), which is available on the website www.HPSecuritiesLitigationSettlement.com.

Notice and Administration Costs; (iii) Litigation Expenses awarded by the District Court; and (iv) attorneys' fees awarded to Lead Counsel by the District Court) will be distributed in accordance with a plan of allocation of settlement proceeds that is subject to Court approval. The proposed plan of allocation (the "Plan of Allocation") is attached hereto as Appendix A. The Plan of Allocation may be modified by the Court without further notice.

3.    **Statement of Average Amount of Recovery Per Share:**  Lead Plaintiff's damages consultant estimates that approximately 973 million shares of HP publicly traded common stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, between August 19, 2011 and November 20, 2012, inclusive) may have been damaged by the conduct at issue in the Action.  If all Settlement Class Members elect to participate in the Settlement, the estimated average recovery per damaged share of HP common stock would be approximately $0.10 of the $0.39 average damages per share as estimated by Lead Plaintiff's damages expert before deduction of Court-awarded attorneys' fees and Litigation Expenses and the costs of providing notice and administering the Settlement.  **Settlement Class Members should note, however, that this is only an estimate based on the overall number of potentially damaged shares.**  Some Settlement Class Members may recover more or less than the estimated average recovery per share.  Settlement Class Member recoveries will depend on, among other things: (i) the number of claims submitted; (ii) the amount of HP common stock purchased and/or acquired by the Settlement Class Member; (iii) the timing of such purchases and/or acquisitions; (iv) whether the Settlement Class Member sold his, her, or its shares of HP common stock and, if so, when; (v) administrative costs, including the costs of notice; and (vi) the amount of attorneys' fees and Litigation Expenses awarded by the Court.[2]

4.    **Statement of Settling Parties' Position on Liability and Damages:**  The Settling Defendants have denied and continue to deny all claims and contentions by Lead Plaintiff, as well as all charges of wrongdoing or liability against them arising out of or related to any of the conduct, statements, acts, or omissions alleged, or that could have been alleged in the Action.  The Settling Defendants believe the Action has no merit.  The Settling Defendants deny that they made any false or misleading statements during the Class Period, that they had the state of mind required to render any of the alleged misrepresentations and omissions actionable, and that any alleged loss was caused by any alleged misrepresentations.  The Lead Plaintiff disputes all of the foregoing.  As a result, the Settling Parties disagree on a number of issues, including, but not limited to:  (i) whether the federal securities laws were violated by the Settling Defendants' acts as alleged in the Complaints; (ii) whether statements made by the Settling Defendants to the investing public concerning the acquisition of Autonomy were false and misleading; and (iii) to what extent the members of the Settlement Class have sustained damages, and the proper measure of damages.

5.    **Statement of Attorneys' Fees and Expenses Sought:**  Court-appointed Lead Counsel, Kessler Topaz Meltzer & Check, LLP, has litigated the claims asserted in this Action

---

[2] *See, e.g.*, ¶ 4 of the Plan of Allocation attached hereto as Appendix A, for a discussion of claims arising out of purchases/acquisitions of publicly traded HP common stock made prior to May 23, 2012, which were previously dismissed by the Court in its November 26, 2013 Order.

EXHIBIT A-1

on a wholly contingent basis since its inception and has conducted this litigation and advanced the expenses of litigation with the expectation that if it was successful in recovering money for the Settlement Class, it would receive fees and be paid for its expenses from the Settlement Fund, as is customary in this type of litigation.  Court-appointed Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed eleven percent (11%) of the Settlement Amount, net of Litigation Expenses, a percentage that was specifically negotiated by Lead Plaintiff in advance of this litigation pursuant to a fee grid which varied based upon the amount recovered and the point during the litigation at which the settlement was achieved.[3] Lead Counsel's lodestar is approximately $8.5 million, a figure calculated by multiplying the hours expended to date on the Action by Lead Counsel for each attorney and professional by their respective hourly rates.  If Lead Counsel applies for attorneys' fees in the amount of eleven percent (11%) of the Settlement Amount, net of Litigation Expenses, Lead Counsel will be seeking a multiplier of less than 1.3 on its lodestar.  Lead Counsel will also apply to the Court for reimbursement of Litigation Expenses in an amount not to exceed $1.25 million, plus interest earned on both the fees and Litigation Expenses awarded at the same rate earned on the Settlement Fund, all to be paid from the Settlement Fund.  The maximum amount of Litigation Expenses set forth above includes an estimate for reimbursement from the Settlement Fund for costs and expenses (including lost wages) incurred by Lead Plaintiff in connection with its representation of the Settlement Class in accordance with 15 U.S.C. § 78u-4(a)(4), in an amount not to exceed $175,000.  This amount represents reimbursement to be sought for the time expended by the Lead Plaintiff in representing the Settlement Class in this Action, that otherwise would have been spent on daily tasks by employees and personnel of PGGM.  The amount Lead Plaintiff will seek will be based upon the hourly rates charged or calculated based upon the annual salaries of the individuals at PGGM who devoted time to this Action, multiplied by the number of hours they expended.  Such time includes hours expended on document collection and production, attendance at a hearing, attendance at mediation, preparation for and attendance at depositions and participation in litigation strategy decisions.  Lead Plaintiff's approval and recommendation of the Settlement is completely independent of the reimbursement award, such that if a lesser award or no award is granted, Lead Plaintiff still recommends the Settlement.  If the above Litigation Expenses are requested and approved by the Court, the average cost per damaged share of HP common stock will be approximately $0.0124.  **Please note that this amount is only an estimate.**[4]

---

[3]  Court-awarded Litigation Expenses, including any reimbursement of Lead Plaintiff's costs and expenses, will be deducted from the Settlement Amount prior to applying any Court-approved percentage for attorneys' fees in accordance with the Court's standard practice of awarding attorneys' fees on a net basis.

[4] The estimated notice and claims administration costs for this Settlement, which shall be paid out of the Settlement Amount, are $2.5 million.  The cost is only an estimate, however, as the administration has not fully commenced as of the date of this notice.  The costs of notice and claims administration will largely depend upon the number of notices mailed and the number of claims submitted for processing.  If the attorneys' fees and Litigation Expenses are approved by the Court and the notice and settlement administration costs are $2.5 million, the average cost per damaged share of HP common stock for all of these expenditures will be approximately $0.015.

3

EXHIBIT A-1

6.     **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Settlement Class are represented by: Eli R. Greenstein, Esq. and Stacey M. Kaplan, Esq. One Sansome Street, Suite 1850, San Francisco, CA 94104, (415) 400-3000 and Andrew L. Zivitz, Esq., 280 King of Prussia Road, Radnor, PA 19087, (610) 667-7706, both of Kessler Topaz Meltzer & Check, LLP, www.ktmc.com.

7.     **Reasons for the Settlement:**  Lead Plaintiff's principal reason for entering into the Settlement is the immediate cash benefit to the Settlement Class, without further risk or the delays inherent in continued litigation.   The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future.  Lead Plaintiff also believes that the Settlement is a favorable result in light of the risks of continued litigation.  For the Settling Defendants, who have expressly denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the expense, risks, and uncertainty of further litigation to themselves and HP's shareholders.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
| --- | --- |
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2015** | This is the only way to be eligible to receive a payment from the Settlement.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court whether or not you submit a Claim Form.  Instructions as to how to request a Claim Form are contained below.  *See* Question 9 below. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2015** | If you exclude yourself from the Settlement Class, you will not be eligible to receive a payment from the Settlement.  This is the only option that *potentially* allows you to ever bring or maintain your own lawsuit against the Settling Defendants and the other Released Parties, or to be part of another lawsuit, concerning the claims being resolved in this Settlement.  *See* Questions 13-15 below. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *FILED OR POSTMARKED* NO LATER THAN _____, 2015** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the requests for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the requests for attorneys' fees and Litigation Expense unless you are a Settlement Class Member and do not exclude yourself. |

**EXHIBIT A-1**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **GO TO A HEARING ON      , 2015 AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS FILED NO LATER THAN _____, 2015** | Filing a written objection and notice of intention to appear allows you to speak in Court about the fairness of the proposed Settlement, the proposed Plan of Allocation, and/or the requests for attorneys' fees and Litigation Expenses.  If you submit a written objection, you may (but do not have to) attend the hearing and speak to the Court about your objection.  If you do not attend the hearing, the Court will still consider your objection. |
| **DO NOTHING** | If you are a member of the Settlement Class and you do not submit a Claim Form, you will not be eligible to receive any payment from the Settlement.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

• These rights and options – and the deadlines to exercise them – are explained in this Notice.  Please note: the date of the Settlement Hearing – currently scheduled for _____, **2015** at 10:00 a.m. – is subject to change without further notice to the Settlement Class.  If you plan to attend the Settling Hearing, you should check the website, www. HPSecuritiesLitigationSettlement.com, the Court's PACER site or with Lead Counsel as set forth above to confirm that no change to the date and time of the hearing has been made.

• The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

**[END OF COVER PAGE]**

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION…..………………………………………………………………………….PAGE __

1.      Why was this Notice issued?
2.      What is this lawsuit about?
3.      Why is this a class action?
4.      Why is there a settlement?

WHO IS IN THE SETTLEMENT……..……………………………………………………… PAGE __

5.      How do I know if I am part of the Settlement?
6.      Are there exceptions to being included?

**EXHIBIT A-1**

7.      I am still not sure if I am included.

THE SETTLEMENT BENEFITS – WHAT YOU GET………………..……………………………PAGE __

8.      What does the Settlement provide?
9.      How much will my payment be?
10.     What am I giving up as part of the Settlement?
11.     How can I get a payment?
12.     When will I get my payment?

EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS……..…………………………….PAGE __

13.     If I exclude myself, can I get money from this Settlement?
14.     If I do not exclude myself, can I sue later?
15.     How do I get out of the Settlement Class?

THE LAWYERS REPRESENTING YOU……………………………………………………PAGE __

16.     Do I have a lawyer in this case?
17.     How will the lawyers be paid?

OBJECTING TO THE SETTLEMENT…………………………………………………..PAGE __

18.     How do I tell the Court if I do not like the Settlement?
19.     What's the difference between objecting and excluding?

THE COURT'S SETTLEMENT HEARING…………………………………………………..PAGE __

20.     When and where will the Court decide whether to approve the Settlement?
21.     Do I have to come to the settlement hearing?
22.     May I speak at the settlement hearing?

IF YOU DO NOTHING…………………………………………………......PAGE __

23.     What happens if I do nothing at all?

GETTING MORE INFORMATION………………………………………………….……PAGE __

24.     How do I get more information?

INFORMATION FOR BROKERS AND OTHER NOMINEES……………………………….PAGE __

25.     What if I purchased publicly traded HP common stock for a beneficial owner?

PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG
        SETTLEMENT CLASS MEMBERS……………………………………………………APPENDIX A

## BASIC INFORMATION

| 1.  Why was this Notice Issued? |
| --- |

This Notice is being sent to you pursuant to an Order of a U.S. Federal Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired HP's publicly traded common stock during the Settlement Class Period.  This Notice explains the lawsuit, the terms of the Settlement and your legal rights and

options in connection with the Settlement before the Court decides whether to approve the Settlement.  This Notice is also being sent to inform you of the Settlement Hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the Settlement, the Plan of Allocation, and the requests for attorneys' fees and reimbursement of Litigation Expenses.

The Honorable Charles R. Breyer of the United States District Court for the Northern District of California is presiding over the case known as *In re HP Securities Litigation*, No. 3:12-cv-05980-CRB (N.D. Cal.).  The persons or entities that are suing are called plaintiffs, and those who are being sued are called defendants.  In this case, the Court has appointed PGGM to serve as "Lead Plaintiff" under a federal law governing securities class actions and has appointed the law firm of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel in the Action.  The Settling Defendants are HP and Margaret C. Whitman ("Whitman").  The proposed Settlement discussed in this Notice will resolve all claims against the Settling Defendants and the other Released Parties, thereby concluding this litigation if approved.

Receipt of this Notice does not necessarily mean that you are a Settlement Class Member or that you will be entitled to receive proceeds from the Settlement.  If you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you will be required to submit the Claim Form that is included with this Notice, as described in Question 9 below.

## 2.  What is the lawsuit about?

Beginning on November 26, 2012, the first of three class action complaints against HP and other defendants was filed in this Court, alleging violations of the federal securities laws and captioned as follows: *Nicolow v. Hewlett-Packard Co.,* Case No. 12-cv-05980-CRB (the "Original Complaint").  By Order dated March 4, 2013, the Court consolidated the foregoing action and any related cases under the caption *In re HP Securities Litigation*, Case No. 12-cv-05980-CRB. By the same Order, the Court appointed PGGM as Lead Plaintiff.  By Order dated March 7, 2013, the Court appointed Kessler Topaz as Lead Counsel.

On May 3, 2013, Lead Plaintiff filed the operative complaint in the Action, the Consolidated Complaint for Violation of the Federal Securities Laws (the "Consolidated Complaint"), asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 against Defendants.  The Consolidated Complaint alleges, among other things, that during the relevant time period, Defendants made false and misleading statements related to the acquisition of Autonomy, including statements regarding Autonomy's value and the reasons for Autonomy's poor performance after its acquisition by HP.  On November 20, 2012, HP announced the write-down of 85% of Autonomy's purchase price due to, *inter alia*, serious accounting improprieties at Autonomy.

On July 2, 2013, Defendants[5] moved to dismiss the Consolidated Complaint.  Following full briefing and oral argument on Defendants' motions, the Court, on November 26, 2013, granted

---

[5] "Defendants" are HP, Whitman, Leo Apotheker, Shane V. Robison, Catherine A. Lesjak, Raymond J. Lane and James T. Murrin (the "HP Defendants") and Michael R. Lynch.

in part and denied in part Defendants' motions to dismiss, thereby dismissing all Defendants except HP and Whitman and dismissing all allegedly false and misleading statements made prior to May 23, 2012.

On November 4, 2014, Lead Plaintiff filed a motion to certify this Action as a class action, to certify Lead Plaintiff as class representative and to appoint Kessler Topaz as class counsel. At the time the Settlement was reached, the Court had yet to rule upon the class certification motion.

During the course of the Action, the Settling Parties have conducted extensive discovery, including Lead Plaintiff's review of over 80,000 pages of documents produced by Settling Defendants and third parties. In addition, the Settling Parties, through their counsel, had several in-person and telephonic settlement discussions, mediations and arm's-length negotiations with the assistance of an experienced mediator lasting for the better part of a year, before reaching an agreement-in-principle to settle the Action in May 2015. These proceedings involved several mediation submissions, supplementations and document productions that assisted the parties and the mediator in evaluating the parties' respective positions and the strengths and weaknesses of their case and their defenses.

## 3. Why is this a class action?

In a class action lawsuit, one or more persons or entities known as class representatives – in this case, for purposes of Settlement, Lead Plaintiff PGGM – asserts legal claims on behalf of all persons and entities with similar legal claims. All of these persons or entities together are referred to as the "Settlement Class" or as "Settlement Class Members." One Court resolves the issues for all Settlement Class Members, except for any persons or entities who choose to exclude themselves from the Settlement Class (*see* Question 15 below), if the Court determines that a class action is an appropriate method to do so.

## 4. Why is there a settlement?

Settling Defendants have agreed to settle the Action. The Court did not decide in favor of Lead Plaintiff or Settling Defendants. The Settling Parties disagree on both liability and the amount of damages that could be won if Lead Plaintiff had prevailed at trial. Specifically, the Settling Parties disagree, among other things, on (1) whether the statements made or facts allegedly omitted were material, false or misleading, (2) whether Settling Defendants are otherwise liable under the securities laws for those statements or omissions, (3) the average amount of damages per share of publicly traded HP common stock, if any, that would be recoverable if Lead Plaintiff was to prevail, and (4) whether the alleged misleading statements caused any part of Lead Plaintiff's losses.

The claims advanced by Lead Plaintiff in this Action involve numerous legal and factual issues, which would require additional discovery, including expert discovery, which would add considerably to the expense, complexity and duration of the litigation. If the Action were to proceed, Lead Plaintiff would have to overcome significant defenses. Based upon their investigation, formal discovery and extensive mediation efforts, and after considering (a) the

attendant risks of litigation and (b) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation, Lead Plaintiff and its lawyers, Lead Counsel, believe that the Settlement is in the best interests of the Settlement Class Members.

Settling Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Settling Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of Settling Defendants' wrongdoing.

## WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine if you are a Settlement Class Member.

### 5.  How do I know if I am part of the Settlement?

Judge Breyer has determined that everyone who fits the following description is a Settlement Class Member, unless you are excluded from the Settlement Class as described in Question 6 below:  ***All Persons who purchased or otherwise acquired publicly traded HP common stock between August 19, 2011 and November 20, 2012, inclusive.***

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2015.**

### 6.  Are there exceptions to being included?

Yes.  Excluded from the Settlement Class are all Released Parties.  Also excluded from the Settlement Class are any persons or entities who exclude themselves from the Settlement Class by submitting a timely request for exclusion in accordance with the requirements set forth in this Notice.

### 7.  I am still not sure if I am included.

If you are not sure whether you are a Settlement Class Member, you may visit www. www.HPSecuritiesLitigationSettlement.com or you can contact the Claims Administrator for the Settlement, GCG, by writing to *In re HP Securities Litigation Settlement Fund*, c/o GCG, P. O. Box 10224 Dublin, Ohio 43017-5724, or by calling (888) 985-9382.  You may also want to

EXHIBIT A-1

contact your broker to see if you purchased and/or otherwise acquired the publicly traded HP common stock eligible to participate in the Settlement.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8.  What does the Settlement provide? |
| --- |

The Settlement provides for the payment of $100,000,000 on behalf of the Settling Defendants. If the Settlement is approved, the Net Settlement Fund (as defined above), will be distributed to eligible Settlement Class Members.

| 9.  How much will my payment be? |
| --- |

The proposed Plan of Allocation provides for distribution of the Net Settlement Fund to each Settlement Class Member who submits a timely and valid Claim Form to the Claims Administrator, in accordance with the requirements established by the Court, and who is approved for payment from the Net Settlement Fund ("Authorized Claimant").    Your share of the Net Settlement Fund will depend on, among other things, the number of valid Claim Forms submitted, how many shares of HP common stock you purchased or otherwise acquired during the Settlement Class Period and when you purchased, acquired, and sold such shares.

All Claim Forms must be **postmarked** no later than _____, **2015** addressed as follow

*In re HP Securities Litigation Settlement Fund*
GCG
Claims Administrator
P.O. Box 10224
Dublin, Ohio 43017-5724,
(888) 985-9382

**Unless otherwise ordered by the Court, any Settlement Class Member who fails to submit a properly completed and signed Claim Form within such period as may be ordered by the Court shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to the provisions of the Stipulation entered into by the Settling Parties, including the releases set forth therein, and the final judgment entered by the Court.**

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Settling Parties, or another plan of allocation, without further notice to Settlement Class Members.

10

**EXHIBIT A-1**

The proposed Plan of Allocation, which is subject to Court approval, is attached as Appendix A to this Notice.  Please review the Plan of Allocation carefully.

## 10.  What am I giving up as part of the Settlement?

If the Settlement is approved by the Court and becomes final, you will be releasing all Defendants and certain of their related parties (*i.e.*, the "Released Parties" as set forth in paragraph 1(bb) of the Stipulation) for all of the Settled Claims defined in paragraph 1(dd) of the Stipulation.  The "Settled Claims" are those claims brought in this case or that could have been brought in this case and relate to the purchase and/or acquisition of publicly traded HP common stock during the Settlement Class Period, as fully defined in the Stipulation.[6] The Stipulation is available at www.HPSecuritiesLitigationSettlement.com.  The Stipulation describes the Settled Claims with specific description, so please read it carefully.

## 11.  How can I get a payment?

If you are a Settlement Class Member you will need to submit a Claim Form and the necessary supporting documentation to establish your potential eligibility to share in the Net Settlement Fund.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator, www.HPSecuritiesLitigationSettlement.com, or you may request that a Claim Form be mailed to you by contacting the Claims Administrator toll free at (888) 985-9382.  Submitting a Claim Form does not necessarily guarantee that you will receive a payment.  Please refer to the Plan of Allocation attached as Appendix A hereto for further information on how Lead Plaintiff proposes the Net Settlement Fund will be allocated.  Please retain all records of your ownership of and transactions in HP common stock, as they may be needed to document your claim.

## 12.  When will I get my payment?

If the Settlement is approved, there may be appeals.  It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time.  It also takes time for the Claims Administrator to review and process all of the Claim Forms that are submitted and to calculate pursuant to the Plan of Allocation how much each claimant should receive.  Please check the website for updates.

---

[6] "Settled Claims" does not include any claims (i) that members of the Settlement Class may have arising solely under ERISA, including without limitation in the action captioned *In re HP ERISA Litigation,* No. C-12-6199 (N.D. Cal.), (ii) that members of the Settlement Class may have solely in a derivative capacity, including without limitation in the action captioned *In re HP Shareholder Derivative Litigation*, No. C-12-6003 CRB (N.D. Cal), or (iii) to enforce the terms of the Settlement.  For the avoidance of doubt, Settled Claims also excludes any and all claims referenced in paragraph 8 of the Stipulation.

EXHIBIT A-1

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to be eligible to receive a payment from this Settlement, but you want to keep the right to *potentially* sue or continue to sue Settling Defendants or the Released Parties on your own about the same claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement Class.  This is sometimes referred to as "opting out" of the class.  *See* Question 15 below.  Lead Counsel and Lead Plaintiff offer no opinion as to whether you will be able to sue or participate in any other actions against the Settling Defendants or the Released Parties related to the claims in this Action if you exclude yourself from the Settlement Class as further explained in response to Question 14 below.

### 13.  If I exclude myself, can I get money from the Settlement?

No. If you exclude yourself from the Settlement Class, you will not be eligible to receive a payment from this Settlement, and you cannot object to this Settlement.  You will not be bound by anything that happens in this lawsuit, and you may be able to sue Settling Defendants or the other Released Parties on your own in the future.

### 14.  If I do not exclude myself, can I sue later?

No.  Unless you exclude yourself, you give up any right you may *potentially* have to sue the Settling Defendants or any of the other Released Parties for the claims being released by this Settlement.  If you have a pending lawsuit relating to the claims being released in the Action, you should speak to your lawyer in that case immediately.

**Should you elect to exclude yourself from the Settlement Class, you should understand that the Settling Defendants and the Released Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert.  Although the Settling Defendants have decided to settle the Action in its entirety in order to eliminate the burden and expense of continued litigation, the Settling Defendants will retain and are not waiving in any way the right to assert that any subsequent claims asserted by any individual Settlement Class Members who exclude themselves from the Settlement Class are otherwise subject to dismissal, or otherwise lack merit.**

### 15.  How do I get out of the Settlement Class?

To exclude yourself from the Settlement Class, you must send a letter by mail saying that you want to be excluded from the Settlement Class in *In re HP Securities Litigation*, No. 3:12-cv-05980-CRB (N.D. Cal.).  Be sure to include your name, address, and telephone number.  Your request for exclusion must also provide information containing your transactions in HP publicly traded common stock, including (i) the number of shares of publicly traded HP common stock owned as of the beginning of the Class Period on August 19, 2011; (ii) the number of shares of publicly traded HP common stock purchased or otherwise acquired during the Settlement Class

EXHIBIT A-1

Period, and if any such shares were sold, how many shares were sold; (iii) the prices or other consideration paid or received for such shares; and (iv) the date of each purchase, acquisition or sale transaction.  The request must be signed by the person or entity requesting exclusion.  You must mail your exclusion request so that it is **received** no later than _____, **2015** to:

*In re HP Securities Litigation Settlement Fund*
GCG
Claims Administrator
P.O. Box 10224
Dublin, Ohio 43017-5724,
(888) 985-9382

- Please keep a copy of everything you send by mail, in case it is lost or destroyed during mailing.

- You cannot exclude yourself over the phone or by e-mail.

Pursuant to the terms of a separate supplemental agreement between the Settling Parties, the Settling Parties shall have the option to terminate the Settlement in the event that members of the Settlement Class, who purchased and/or acquired a certain amount of publicly traded HP common stock and would otherwise be entitled to participate in the Settlement Class, timely and validly request exclusion in accordance with the requirements set forth in this Notice.

## THE LAWYERS REPRESENTING YOU

### 16.  Do I have a lawyer in this case?

The Court has appointed the law firm of Kessler Topaz Meltzer & Check, LLP to represent you and the other Settlement Class Members.  These lawyers are referred to as Lead Counsel.  You may contact Lead Counsel as follows:  Eli R. Greenstein, Esq., One Sansome Street, Suite 1850, San Francisco, CA 94104, (415) 400-3000 or Andrew L. Zivitz, Esq., 280 King of Prussia Road, Radnor, PA 19087, (610) 667-7706, both of Kessler Topaz Meltzer & Check, LLP, www.ktmc.com.  You will not be separately charged for these lawyers beyond your *pro rata* share of any attorneys' fees and Litigation Expenses awarded by the Court that will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17.  How will the lawyers be paid?

Lead Counsel has not received any payment for its services in pursuing claims against the Defendants on behalf of the Settlement Class, nor has Lead Counsel been paid for its expenses which have been incurred in prosecuting and resolving the Action.  Before final approval of the Settlement, Court-appointed Lead Counsel will apply to the Court for an award of attorneys' fees

in an amount not to exceed eleven percent (11%) of the Settlement Amount, net of Litigation Expenses, a percentage that was specifically negotiated by Lead Plaintiff in advance of this litigation pursuant to a fee grid which varied based upon the amount recovered and the point during the litigation at which the settlement was achieved.[7] Lead Counsel will also apply for reimbursement of Litigation Expenses in an amount not to exceed $1.25 million, plus interest earned on both the fees and Litigation Expenses awarded at the same rate earned on the Settlement Fund, all to be paid from the Settlement Fund. The maximum amount of Litigation Expenses set forth above includes an estimate for reimbursement from the Settlement Fund for costs and expenses (including lost wages) incurred by Lead Plaintiff in connection with its representation of the Settlement Class in accordance with 15 U.S.C. § 78u-4(a)(4), in an amount not to exceed $175,000. The Court may award less than the requested amounts. Any payments to the attorneys for fees or expenses, now or in the future, will first be approved by the Court.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement, the Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and Litigation Expenses, or Lead Plaintiff's request for reimbursement of costs and expenses.

| 18. How do I tell the Court if I do not like the Settlement? |
| --- |

If you are a Settlement Class Member who has not sought to exclude yourself from the Settlement Class, you can object to the Settlement if you do not like any part of it. The Court can only approve or deny the Settlement. You cannot ask the Court to order a larger settlement. If the Court denies approval of the Settlement, no settlement payments will be sent out and the Action will continue.

To object, you must send a letter to the Court saying that you object to the Settlement in the *In re HP Securities Litigation*, No. 3:12-cv-05980-CRB (N.D. Cal.) and the reasons why you object to the Settlement. Be sure to include your full name, address and telephone number. An objector must also include the following information: (i) a list and documentation of all of his, her or its transactions involving HP publicly traded common stock during the Settlement Class Period, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase, acquisition or sale and the price paid and/or received; (ii) a written statement of all grounds for the objection accompanied by any legal support for the objection; (iii) copies of any papers, briefs or other documents upon which the objection is based; (iv) a list of any persons who will be called to testify in support of the

---

[7] Court-awarded Litigation Expenses, including any costs and expenses awarded to the Lead Plaintiff, will be deducted from the Settlement Amount prior to applying any Court-approved percentage for attorneys' fees in accordance with the Court's standard practice of awarding attorneys' fees on a net basis. As set forth above, Lead Counsel's lodestar is approximately $8.5 million, a figure calculated by multiplying the hours expended to date on the Action by Lead Counsel for each attorney and professional by their hourly rate. If Lead Counsel applies for attorneys' fees in the amount of 11% of the Settlement Amount, net of Litigation Expenses, Lead Counsel will be seeking a multiplier of less than 1.3 on its lodestar.

objection; (v) a statement of whether the objector intends to appear at the Settlement Hearing; (vi) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (vii) the objector's signature, even if represented by counsel.  If you intend to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will appear on your behalf at the Settlement Hearing.  Any Settlement Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Plan of Allocation or to the applications for attorneys' fees and reimbursement of Litigation Expenses.  If you are not a member of the Settlement Class, you cannot object to the Settlement as it does not affect you.

Any objection must be submitted to the Court either by mailing the objection to the Class Action Clerk at the address below or by filing the objection in person at any location of the United States District Court for the Northern District of California, such that the objection is **filed or postmarked** on or before _____, **2015**:

United States District Court
Northern District of California
Class Action Clerk
450 Golden Gate Avenue
San Francisco, CA  94102

## 19.  What's the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the Settlement, the Plan of Allocation, and/or the application for attorneys' fees and Litigation Expenses. You can object *only if* you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to consider whether to approve the Settlement, the Plan of Allocation and the applications for attorneys' fees and Litigation Expenses.  You may attend and you may ask to speak, but you do not have to.

## 20.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Settlement Hearing at **10:00 a.m., on _____, 2015**, in Courtroom 6 on the 17th Floor before the Honorable Charles R. Breyer at the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA  94102.  At this hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will

consider them.  Judge Breyer may also consider Lead Counsel's application for attorneys' fees and Litigation Expenses at this time, including any request by Lead Plaintiff for reimbursement of its time and expense (including lost wages) in connection with its representation of the Settlement Class.  **The Settlement Hearing may occur on a different date without additional notice, so if you plan on attending the hearing, please check the website, www.HPSecuritiesLitigationSettlement.com, the Court's PACER site or contact Lead Counsel to confirm that the date and/or time of the hearing has not changed.**

## 21.  Do I have to come to the settlement hearing?

No.  Lead Counsel will answer any questions Judge Breyer may have.  But, you are welcome to attend the hearing at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as your written objection was received on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not required.

## 22.  May I speak at the settlement hearing?

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter stating that it is your "Notice of Intention to Appear at the Final Settlement Hearing in the HP Securities Litigation matter."  Be sure to include your name, address, telephone number, your signature, and also identify your transactions in publicly traded HP common stock, including the date(s), price(s) and amount(s) of all purchases, acquisitions, and sales of the eligible HP common stock during the Settlement Class Period.  Your notice of intention to appear must be submitted to the Court either by mailing it to the Class Action Clerk at the address set forth above in Question 18 or by filing it in person at any location of the United States District Court for the Northern District of California, such that the notice of intention to appear is **filed or postmarked** on or before_____**, 2015**.  Absent Court approval, you cannot speak at the hearing if you exclude yourself from the Settlement Class.

# IF YOU DO NOTHING

## 23.  What happens if I do nothing at all?

If you do nothing, you will receive no money from this Settlement.  But, unless you exclude yourself, subject to the caveats set forth above in response to Question 14 above, you will not be potentially able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Settling Defendants or the other Released Parties about the same claims being released in this Settlement.

# GETTING MORE INFORMATION

## 24.  How do I get more information?

EXHIBIT A-1

This notice summarizes the Settlement.  For the precise terms and conditions of the Settlement, please see the Stipulation available at www.HPSecuritiesLitigationSettlement.com.  A copy of the Stipulation and additional information regarding the Settlement can also be obtained by contacting Lead Counsel at the contact information set forth above, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue San Francisco, CA 94102-3489, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  You may also write to the Claims Administrator at, *In re HP Securities Litigation*, c/o GCG, P.O. Box 10224 Dublin, OH 43017-5724.  ***PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT FOR ADDITIONAL INFORMATION ABOUT THE SETTLEMENT OR THE CLAIMS PROCESS.***

## INFORMATION FOR BROKERS AND OTHER NOMINEES

| 25.  What if I purchased HP common stock for a beneficial owner? |
|---|

If you purchased publicly traded HP common stock during the Settlement Class Period as a nominee for a beneficial owner, the Court has directed that, **within fourteen (14) calendar days after you receive this Notice**, you must either:

(i)     provide the names and addresses of such persons and entities to the Claims Administrator, GCG, and GCG will send a copy of the Notice and Claim Form to the beneficial owners; or

(ii)     send a copy of the Notice and Claim Form by first class mail to the beneficial owners of such HP common stock.  You can request additional copies of these documents by contacting the Claims Administrator, *In re HP Securities Litigation Settlement Fund,* c/o GCG, P.  O.  Box  10224  Dublin,  Ohio  43017-5724,  or  by  going  to www.HPSecuritiesLitigationSettlement.com.

If you verify and provide details about your assistance with either of these options, you may be reimbursed from the Settlement Fund for the actual expenses you incur to send the Notice and Claim Form, including postage and/or the reasonable costs of determining the names and addresses of beneficial owners.  Please send any requests for reimbursement, along with appropriate supporting documentation, to:  *In re HP Securities Litigation*, c/o GCG, Claims Administrator,  P.  O.  Box  10224 Dublin,  Ohio  43017-5724,  or  visit  www. HPSecuritiesLitigationSettlement.com.

## PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF THE COURT TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.

**EXHIBIT A-1**

Dated: _____, 2015                    By Order of the Clerk of the Court
                                              United States District Court
                                              Northern District of California

## APPENDIX A

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND
## AMONG SETTLEMENT CLASS MEMBERS

1.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws as opposed to losses caused by market or industry factors or company-specific factors unrelated to the alleged violations of law. The Plan of Allocation reflects Lead Plaintiff's damages expert's analysis undertaken to date to that end, including a review of publicly available information regarding HP and statistical analysis of the price movements of publicly traded HP common stock ("HP Common Stock") and the price performance of relevant market and peer indices during the Settlement Class Period.  The Plan of Allocation, however, is not a formal damages analysis that has been adjudicated or fully developed during discovery in the Action.

2.    The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

3.    The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants.  For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts from August 19, 2011 through and including November 19, 2012, which had the effect of artificially inflating the price of HP Common Stock.  Alleged corrective disclosures that resulted in a statistically significant change in market price and removed the artificial inflation from the price of HP common stock occurred on August 22, 2012 and November 20, 2012. Accordingly, in order to have a Recognized Loss, the HP Common Stock must have been purchased/acquired during the Class Period and held through at least one of the alleged disclosures.

4.    In addition, the Plan of Allocation takes into account the fact that the Court's November 26, 2013 Order dismissed all claims related to allegedly false and misleading statements made between August 19, 2011 and May 22, 2012, inclusive.  Because of the dismissal of these claims, it is far less likely that Lead Plaintiff could prevail on those claims. Accordingly, Recognized Losses resulting from purchases/acquisitions during this time period calculated pursuant to paragraph 8 below shall be multiplied by fifteen (15%) percent to reflect the increased litigation risk on the dismissed claims.

EXHIBIT A-1

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

5.   For purposes of determining whether a Claimant has a "Recognized Claim", purchases, acquisitions, and sales of HP Common Stock will first be matched on a First In/First Out ("FIFO") basis as set forth in paragraph 9 below.

6.   For each share of HP Common Stock purchased or otherwise acquired during the Settlement Class Period and sold on or before February 15, 2013,[1] an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) *minus* the sale price (excluding all fees, taxes, and commissions). To the extent that calculation of the Out of Pocket Loss results in a negative number thereby reflecting a gain on the transaction, that number shall be set to zero.

7.   A "Recognized Loss Amount" will be calculated as set forth below for each HP Common Stock share purchased or otherwise acquired during the Settlement Class Period, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

8.   For each share of HP Common Stock purchased or acquired during the Settlement Class Period, and

   A.   Sold prior to the release of corrective information on August 22, 2012[2], the Recognized Loss Amount for each share shall be zero.

---

[1] February 15, 2013 represents the last day of the 90-day period subsequent to the Settlement Class Period (the "90-day look back period"). The Private Securities Litigation Reform Act of 1995 ("PSLRA") imposes a statutory limitation on recoverable damages using the 90-day look back period. This limitation is incorporated into the calculation of a Settlement Class Member's Recognized Loss Amount. Specifically, a Settlement Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the HP common stock and the average price of HP common stock during the 90-day look back period subsequent to the Settlement Class Period if the share was held through February 15, 2013, the end of the 90-day look back period. Losses on HP common stock purchased/acquired during the Settlement Class Period and sold during the 90-day look back period cannot exceed the difference between the purchase price paid for the HP common stock and the average price of HP common stock during the portion of the 90-day look back period elapsed as of the date of sale, as set forth in Table 2 below.

2 Given that documentation may not exist setting forth the exact time of each such transaction, the price at which the transaction took place shall serve as a proxy for determining whether the transaction occurred before or after the release of the allegedly corrective information. Shares purchased/acquired or sold on August 22, 2012 at any price equal to or greater than $19.00, shall be deemed to have been purchased/acquired or sold prior to the release of corrective information on August 22, 2012 for purposes of this Plan. Shares purchased/acquired or sold on August 22, 2012 at any price less than $19.00, shall be deemed to have been purchased/acquired or sold after the release of corrective information on August 22, 2012 for purposes of this Plan.

B.      Sold after the release of corrective information on August 22, 2012[3] and prior to the release of corrective information on November 20, 2012[4], the Recognized Loss for each share shall be ***the lesser of***:

> (i)      the dollar amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below _minus_ the dollar amount of artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

> (ii)     the Out of Pocket Loss.

C.      Sold after the release of corrective information on November 20, 2012[5], and prior to the close of trading on February 15, 2013, inclusive, the Recognized Loss Amount for each share shall be ***the lesser of***:

> (i)      the dollar amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below;

> (ii)     the purchase/acquisition price of each such share (excluding all fees, taxes and commissions) _minus_ the average closing price set forth in **Table 2** below on the date of sale; or

> (iii)    the Out of Pocket Loss.

D.      Held through the close of trading on February 15, 2013, the Recognized Loss Amount for each share shall be ***the lesser of***:

> (i)      the dollar amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

> (ii)     the purchase/acquisition price (excluding all fees, taxes, and commissions) _minus_ $15.16 (the average closing price of HP Common Stock between November 20, 2012, and February 15, 2013, as shown on the last line in **Table 2** below).

### ADDITIONAL PROVISIONS

---

[3] *See* fn. 2.

[4] Given that documentation may not exist setting forth the exact time of each such transaction, the price at which the transaction took place shall serve as a proxy for determining whether the transaction occurred before or after the release of the allegedly corrective information. Shares purchased/acquired or sold on November 20, 2012 at any price equal to or greater than $13.00, shall be deemed to have been purchased/acquired or sold prior to the release of corrective information on November 20, 2012 for purposes of this Plan. Shares purchased/acquired or sold on November 20, 2012 at any price less than $13.00, shall be deemed to have been purchased/acquired or sold after the release of corrective information on November 20, 2012 for purposes of this Plan.

[5] *See* fn. 4.

9.    If a Settlement Class Member has more than one purchase/acquisition or sale of HP Common Stock during the Settlement Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

10.   Purchases/acquisitions and sales of HP Common Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of HP Common Stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of these shares of HP Common Stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of HP Common Stock unless (i) the donor or decedent purchased or otherwise acquired such shares of HP Common Stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of HP Common Stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

11.   The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the HP Common Stock.  The date of a "short sale" is deemed to be the date of sale of HP Common Stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in HP Common Stock, the earliest Settlement Class Period purchases or acquisitions shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

12.   HP Common Stock is the only security eligible for recovery under the Plan of Allocation.  Option contracts to purchase or sell HP Common Stock are not securities eligible to participate in the Settlement.  With respect to HP Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the HP Common Stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

13.   The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

14.   An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

15.   If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the

excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

16.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

17.     If any funds remain in the Net Settlement Fund by reason of uncashed distributions or other reasons following an initial distribution, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund, including costs for fees for such re-distribution.  The Claims Administrator may make further re-distributions of balances remaining in the Net Settlement Fund to such Authorized Claimants to the extent such re-distributions are cost-effective.  At such time as it is determined that the re-distribution of funds which remain in the Net Settlement Fund is not cost-effective, Lead Counsel shall contribute the balance to the Investor Protection Trust, a national non-profit organization whose mission is to provide independent, objective investor education to allow all Americans to make informed investment decisions, or another non-profit organization that is approved by the Court.

EXHIBIT A-1

**TABLE 1**

**HP Common Stock Artificial Inflation**
**For Purposes of Calculating Purchase/Acquisition and Sale Inflation**

| Date Range[6] | Inflation Per Share |
|---|---|
| August 19, 2011 - August 22, 2012 (prior to the release of corrective information) | $0.93 |
| August 22, 2012 (after the release of corrective information) - November 20, 2012 (prior to the release of corrective information) | $0.73 |
| November 20, 2012 (after the release of corrective information) | $0.00 |

---

[6] See fn. 2 and fn. 4 above for additional explanations as to alleged artificial inflation levels regarding transactions which occur after the release of corrective information on August 22, 2012 or prior to the release of corrective information on November 20, 2012.

EXHIBIT A-1

**TABLE 2**

**HP Common Stock Closing Price and Average Closing Price**
**November 20, 2012—February 15, 2013**

| Date | Closing Price | Average Closing Price Between November 20, 2012 and Date Shown |
|---|---|---|
| 11/20/2012 | $11.71 | $11.71 |
| 11/21/2012 | $11.94 | $11.83 |
| 11/23/2012 | $12.44 | $12.03 |
| 11/26/2012 | $12.74 | $12.21 |
| 11/27/2012 | $12.36 | $12.24 |
| 11/28/2012 | $12.73 | $12.32 |
| 11/29/2012 | $12.89 | $12.40 |
| 11/30/2012 | $12.99 | $12.48 |
| 12/3/2012 | $12.87 | $12.52 |
| 12/4/2012 | $13.53 | $12.62 |
| 12/5/2012 | $13.82 | $12.73 |
| 12/6/2012 | $13.83 | $12.82 |
| 12/7/2012 | $13.94 | $12.91 |
| 12/10/2012 | $14.16 | $13.00 |
| 12/11/2012 | $14.26 | $13.08 |
| 12/12/2012 | $14.53 | $13.17 |
| 12/13/2012 | $14.50 | $13.25 |
| 12/14/2012 | $14.75 | $13.33 |
| 12/17/2012 | $14.21 | $13.38 |
| 12/18/2012 | $14.53 | $13.44 |
| 12/19/2012 | $14.38 | $13.48 |
| 12/20/2012 | $14.43 | $13.52 |
| 12/21/2012 | $14.34 | $13.56 |
| 12/24/2012 | $14.01 | $13.58 |
| 12/26/2012 | $14.12 | $13.60 |
| 12/27/2012 | $14.04 | $13.62 |
| 12/28/2012 | $13.68 | $13.62 |
| 12/31/2012 | $14.25 | $13.64 |
| 1/2/2013 | $15.02 | $13.69 |

25

| Date | Closing Price | Average Closing Price Between November 20, 2012 and Date Shown |
|---|---|---|
| 1/3/2013 | $15.14 | $13.74 |
| 1/4/2013 | $15.14 | $13.78 |
| 1/7/2013 | $15.17 | $13.83 |
| 1/8/2013 | $15.39 | $13.87 |
| 1/9/2013 | $15.85 | $13.93 |
| 1/10/2013 | $16.28 | $14.00 |
| 1/11/2013 | $16.16 | $14.06 |
| 1/14/2013 | $16.95 | $14.14 |
| 1/15/2013 | $16.53 | $14.20 |
| 1/16/2013 | $17.21 | $14.28 |
| 1/17/2013 | $17.11 | $14.35 |
| 1/18/2013 | $17.11 | $14.42 |
| 1/22/2013 | $17.25 | $14.48 |
| 1/23/2013 | $17.01 | $14.54 |
| 1/24/2013 | $17.01 | $14.60 |
| 1/25/2013 | $16.99 | $14.65 |
| 1/28/2013 | $17.02 | $14.70 |
| 1/29/2013 | $16.48 | $14.74 |
| 1/30/2013 | $16.40 | $14.78 |
| 1/31/2013 | $16.51 | $14.81 |
| 2/1/2013 | $16.46 | $14.84 |
| 2/4/2013 | $16.18 | $14.87 |
| 2/5/2013 | $16.61 | $14.90 |
| 2/6/2013 | $16.69 | $14.94 |
| 2/7/2013 | $16.44 | $14.96 |
| 2/8/2013 | $16.87 | $15.00 |
| 2/11/2013 | $16.83 | $15.03 |
| 2/12/2013 | $17.10 | $15.07 |
| 2/13/2013 | $17.01 | $15.10 |
| 2/14/2013 | $17.03 | $15.13 |
| 2/15/2013 | $16.79 | $15.16 |

# EXHIBIT A-2

**EXHIBIT A-2**

## PROOF OF CLAIM FORM

### I.      GENERAL INSTRUCTIONS

A.      To recover as a member of the Settlement Class based on your claim in the action entitled *In re HP Securities Litigation*, No. 3:12-cv-05980-CRB (the "Action"), you must complete this Proof of Claim Form ("Claim Form").  If you fail to submit a Claim Form by the deadline, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Action ("Settlement"), as set forth in the Stipulation of Settlement and Release dated June 8, 2015 ("Stipulation").

B.      Submission of this Claim Form, however, does not ensure that you will share in the proceeds of the Settlement Fund created in this Action.

C.      TO BE ELIGIBLE TO RECEIVE A DISTRIBUTION FROM THE SETTLEMENT FUND CREATED IN THIS ACTION, YOU MUST MAIL YOUR COMPLETED AND SIGNED CLAIM FORM TO THE CLAIMS ADMINISTRATOR POSTMARKED **ON OR BEFORE _____, 2015**, ADDRESSED AS FOLLOWS:

***In re HP Securities Litigation Settlement Fund***
**c/o** GCG
Claims Administrator
P.O. Box 10224
Dublin, OH  43017-5724,
(888) 985-9382

D.      If you are NOT a member of the Settlement Class, as defined in the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), then DO NOT submit a Claim Form.

E.      If you are a member of the Settlement Class as defined in the Notice and do not timely request exclusion from the Settlement Class, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

1

## II.    INSTRUCTIONS FOR CLAIMANT IDENTIFICATION SCHEDULE

A.     This Claim Form must be submitted by the beneficial purchaser or acquirer of the publicly traded Hewlett-Packard Company ("HP") common stock upon which this claim is based, or by the authorized legal representative of such purchaser or acquirer.

B.     If you purchased or otherwise acquired publicly traded HP common stock between August 19, 2011 and November 20, 2012, inclusive (the "Settlement Class Period"), and held the stock in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, the stock was registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

C.     Use "Part I" of this form (below) entitled "Claimant Identification" to identify the beneficial purchaser or acquirer of the HP common stock which form the basis of this claim.

D.     **Please Note**:  A separate Claim Form should be submitted for each separate person or legal entity (e.g., a Claim Form from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity that includes all transactions made by that entity no matter how many separate accounts that entity has (e.g., a corporation with multiple brokerage accounts should include all transactions in HP common stock on one Claim Form, no matter how many accounts were associated with the transactions).

E.     All joint purchasers/acquirers must sign this Claim Form.

F.     If you are acting in a representative capacity on behalf of a Settlement Class Member, such as an executor, administrator, guardian, conservator, trustee or other legal representatives, you must complete and sign this Claim Form on behalf of persons or entities so represented.  Satisfactory evidence of your authority must accompany this Claim Form and your titles or capacities must be stated.  The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of your claim.

## III.    INSTRUCTIONS FOR SCHEDULE OF TRANSACTIONS

A.     Use "Part II" of this form (below) entitled "Schedule of Transactions in HP Common Stock" to supply all required details of your transaction(s) in and holdings of HP common stock.  If you need more space, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

B.     Please provide all of the requested information with respect to ***all*** of your purchases, acquisitions and sales of HP common stock, regardless of whether such transactions resulted in a profit or a loss.  **Failure to report all such transactions may result in the rejection of your claim.  <u>Please note</u>**: only HP common stock purchased or otherwise acquired

2

during the Settlement Class Period (*i.e.*, the period between August 19, 2011 and November 20, 2012, inclusive) is eligible to potentially recover under the Settlement.  However, because information regarding your sales of HP common stock during the period from November 21, 2012 to February 15, 2013, inclusive (the "90-day look back period"), will be used for purposes of calculating your Recognized Claim under the Plan of Allocation contained in the Notice, information with respect to your purchases and acquisitions of HP common stock during that period as well as your holdings of HP common stock at the close of trading on February 15, 2013 is needed in order to balance your claim.  While your purchases and acquisitions during the 90-day look back period will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation, the information is necessary in order to process your claim.

   C. List each transaction separately and in chronological order by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

   D. Copies of documents evidencing your transactions in and holdings of HP common stock (such as broker confirmations) must be attached to your Claim Form.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

   E. The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.  If the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Settlement Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or your agreement to pay any increased costs due to the nature and/or scope of your claim.

**NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing and file layout, please visit the Settlement website at **www.HPSecuritiesLitigationSettlement.com** or you may e-mail the Claims Administrator's electronic filing department at eClaim@gardencitygroup.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at eClaim@gardencitygroup.com to inquire about your file and confirm it was received and acceptable.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

*In re HP Securities Litigation*
**No. 3:12-cv-05980-CRB**

PROOF OF CLAIM FORM

**Must be Postmarked No Later Than: _____, 2015**

**<u>Please Type or Print</u>**

**PART I:       CLAIMANT IDENTIFICATION**

| |
|---|
| _____<br>Beneficial Purchaser/Acquirer Name (First, Middle, Last) |

| |
|---|
| _____<br>Street Address |

| | |
|---|---|
| _____<br>City | _____<br>State             Postal / Zip Code |
| _____<br>Foreign Province | _____<br>Foreign Country |

| |
|---|
| _____<br>Last 4 digits of Claimant's Social Security Number or Taxpayer Identification Number |

| | |
|---|---|
| _____<br>Country /<br>Area Code | _____(work)<br>Telephone Number |
| _____<br>Country /<br>Area Code | _____ (home)<br>Telephone Number |

| |
|---|
| _____<br>Email Address |

4

EXHIBIT A-2

**PART II:      SCHEDULE OF TRANSACTIONS IN HP COMMON STOCK**

A.      <u>**BEGINNING HOLDINGS**</u>:  At the close of trading on August 18, 2011, I owned _____ shares of HP common stock.  (If none, write 0).

B.      <u>**PURCHASES/ACQUISITIONS**</u>:      I      made      the      following PURCHASES/ACQUISITIONS of HP common stock from August 19, 2011 to February 15, 2013, inclusive (which includes the 90-day look back period).[1]      (Must be documented):

| Trade Date(s) of Purchase(s)/Acquisition(s) (List Chronologically) Month/Day/Year | Number of Shares of HP Common Stock Purchased/Acquired | Purchase/Acquisition Price Per Share of HP Common Stock | Aggregate Cost (excluding commissions, taxes and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

C.      <u>**SALES**</u>:  I made the following SALES of HP common stock from August 19, 2011 to February 15, 2013 (which includes the 90-day look back period).  (Must be documented):

| Date(s) of Sale(s) (List Chronologically) Month/Day/Year | Number of Shares of HP Common Stock Sold | Sale Price Per Share of HP Common Stock | Amount Received (excluding commissions, taxes and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

---

[1]   **Please note:**  As set forth above, information requested with respect to your purchases and acquisitions of HP common stock between November 21, 2012 to February 15, 2013, inclusive, is needed in order to balance your claim; purchases and acquisitions during this period, however, are not eligible to participate in the Settlement as these purchases and acquisitions are outside the Settlement Class Period (*i.e.*, August 19, 2011 to November 20, 2012, inclusive) and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

5

Case3:12-cv-05980-CRB   Document258   Filed06/09/15   Page89 of 110

EXHIBIT A-2

| Date(s) of Sale(s) (List Chronologically) Month/Day/Year | Number of Shares of HP Common Stock Sold | Sale Price Per Share of HP Common Stock | Amount Received (excluding commissions, taxes and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

D.    **UNSOLD HOLDINGS**:  At the close of trading on February 15, 2013  (the last day of the 90-day look back period), I still owned _____ shares of HP common stock.  (If none, write 0).

If you require additional space, attach extra schedules in the same format as above.  Copies of broker's confirmations or other documentation evidencing your transactions in HP common stock should be attached.

YOU MUST READ THE SECTION ENTITLED "DEFINITIONS AND RELEASE" AND SIGN THE SECTION ENTITLED "REPRESENTATIONS' ON PAGE __.  FAILURE TO SIGN MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

**PART III:   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGEMENTS**

1.      I (We) submit this Proof of Claim Form under the terms of the Stipulation of Settlement and Release described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my claim as a Settlement Class Member and for purposes of enforcing the release set forth herein and any Judgment which may be entered in the Action.  I (We) further acknowledge that I (we) am (are) bound by and subject to the terms of any Judgment that may be entered in the Action.

2.      I (We) agree to furnish additional information to the Claims Administrator to support this claim if required to do so.

**PART IV:   DEFINITIONS AND RELEASE**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, discharge, and release all "Settled Claims" against all "Released Parties," including "Unknown Claims," as defined below.

(a)      "Settled Claims" means any and all claims, rights, demands, liabilities, suits, matters, issues, debts, obligations, losses and causes of action of every nature and description, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, class or individual in nature, suspected or unsuspected, concealed or hidden, whether known claims or Unknown Claims (as defined herein), whether arising under federal, state, foreign, or common law, that Lead Plaintiff or any other member of the Settlement Class (a) asserted in the Complaints, or could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaints and (b) that relate to any purchase or acquisition of HP common stock from August 19, 2011 through November 20, 2012, inclusive. Settled Claims shall not include any claims:  (i) that members of the Settlement Class may have

7

arising solely under ERISA, including without limitation in the action captioned *In re HP ERISA Litigation,* No. C-12-6199 (N.D. Cal.), (ii) that members of the Settlement Class may have solely in a derivative capacity, including without limitation in the action captioned *In re HP Shareholder Derivative Litigation*, No. C-12-6003 CRB (N.D. Cal.), or (iii) to enforce the terms of the Settlement. For the avoidance of doubt, Settled Claims shall also exclude any and all claims referenced in paragraph 8 of the Stipulation.

       (b)     "Released Parties" means collectively, all Defendants and their Related Parties.

       (c)     "Related Parties" shall mean, (1) with respect to HP, its predecessors, successors, past, present or future parents, subsidiaries, and affiliates (including without limitation Autonomy Corporation Limited, Autonomy Systems Limited, and Autonomy Inc., (collectively, the "Autonomy Entities")), SpinCo and its predecessors, successors, past, present or future parents, subsidiaries, and affiliates, and, with respect to HP, SpinCo and the Autonomy Entities, each of their respective past or present officers, directors, agents, partners, principals, members, employees, attorneys, advisors, auditors and accountants, insurers and reinsurers, and any firm, trust, corporation, or other entity in which HP, SpinCo or the Autonomy Entities has or had a controlling interest; (2) with respect to the Individual Defendants, their respective spouses, marital community, immediate family members, heirs, successors, executors, estates, administrators, attorneys, accountants, personal representatives, trusts and any other entity in which any of them has a controlling interest, and as to such entities, each and all of their predecessors, successors, past, present or future parents, subsidiaries, affiliates, and each of their respective past or present officers, directors, shareholders, agents, partners, principals, members, employees, attorneys, advisors, trustees, auditors and accountants, insurers and reinsurers.  For the avoidance of doubt, Sushovan Hussain, Qatalyst Partners and Deloitte U.K. LLP shall also be

included within the definition of Related Parties, as they were formerly an employee, advisor, or accountant, respectively, affiliated with one or more of the Autonomy Entities.

(d)     "Unknown Claims" mean any and all Settled Claims which Lead Plaintiff and/or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Parties' Claims which the Settling Defendants or any other Released Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Released Parties' Claims, the Settling Parties stipulate and agree that upon the Effective Date, Lead Plaintiff and the Settling Defendants shall expressly waive, and each other Settlement Class Member and each other Released Party shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff and Settlement Class Members acknowledge, and by operation of law shall be deemed to have acknowledged, that they may hereafter discover facts in addition to or different from those which, he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but Lead Plaintiff shall expressly, fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever settled and released any and all Settled Claims, whether known or unknown, suspected or unsuspected, concealed or

hidden, that now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and the Settling Defendants acknowledge, and each other Settlement Class Member and each other Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Released Parties' Claims was separately bargained for and was a key element of the Settlement.

2.      This release shall be of no force or effect unless and until the Court gives final approval to the Settlement and the Effective Date occurs.

**PART V:      REPRESENTATIONS**

1.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

2.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales transactions in HP common stock which occurred from August 19, 2011 and February 15, 2013, inclusive, as well as the number of shares of HP common stock held by me (us) at the close of trading on August 18, 2011, and the close of trading on February 15, 2013.

3.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a) (1) (C) of the Internal Revenue Code.

NOTE:    If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing information supplied by the undersigned is true and correct and that this Proof of Claim Form was executed this _____ day of _____ in

_____.                                  (month, year)
    (City, State, Country)


_____           _____

(Sign your name here)                      (Sign your name here)


_____           _____

(Type or print your name here)          (Type or print your name here)


_____           _____

(Capacity of persons signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)      (Capacity of persons signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)


**ACCURATE CLAIMS PROCESSING TAKES A**

**SIGNIFICANT AMOUNT OF TIME**

**THANK YOU FOR YOUR PATIENCE**

Reminder Checklist

1.      Please sign the Representations section of the Claim Form on Page
        _____.

2.      If this claim is being made on behalf of joint claimants, both must sign.

3.      Remember to attach supporting documentation.

4.      Do not send original stock certificates or documentation.  These items
        cannot be returned to you by the Claims Administrator.

5.      Please do not highlight or use red pen on any portion of the Claim Form
        or any supporting documentation.

6.      Keep a copy of your Claim Form and all documents submitted for your
        records.

7.      If you desire an acknowledgment of receipt of your claim form, please
        send it Certified Mail, Return Receipt Requested.

8.      If your address changes in the future, or if this Claim Form was sent to an
        old or incorrect address, please send the Claims Administrator written
        notification of your new address.  If you change your name, please
        inform the Claims Administrator.

9.      If you have any questions or concerns regarding your claim, please
        contact the Claims Administrator at the address below or toll-free at
        (___) ___-____, or visit www._____.com.

**THIS CLAIM FORM MUST BE MAILED, POSTMARKED NO LATER THAN
_____, 2015, ADDRESSED AS FOLLOWS:**

*In re HP Securities Litigation Settlement Fund*
**c/o** GCG
Claims Administrator
P.O. Box 10224
Dublin, OH  43017-5724,
(888) 985-9382

12

# EXHIBIT A-3

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, SETTLEMENT FAIRNESS HEARING AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED COMMON STOCK OF HEWLETT-PACKARD COMPANY ("HP") BETWEEN AUGUST 19, 2011 AND NOVEMBER 20, 2012, INCLUSIVE (THE "SETTLEMENT CLASS").   CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE SETTLEMENT CLASS, AS SET FORTH IN DETAIL IN THE STIPULATION OF SETTLEMENT AND RELEASE.

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Northern District of California, that the litigation captioned *In re HP Securities Litigation*, No. 3:12-cv-05980-CRB ("Action") has been preliminarily certified as a class action for the purposes of settlement only and that a settlement has been proposed for $100,000,000 in cash.  A hearing will be held in Courtroom 6 – 17th Floor before the Honorable Charles R. Breyer, at the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 at **10:00 a.m.** on _____, 2015 to, among other things: determine whether the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; determine whether the proposed Plan of Allocation for distribution of the settlement proceeds should be approved as fair and reasonable; and consider the application of Lead Counsel for an award of attorneys' fees and reimbursement of expenses.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY THE PENDING ACTION AND THE SETTLEMENT, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.**  If you have not yet received a copy of the full printed Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), with the attached Claim Form, you may obtain a copy of these documents by contacting the Claims Administrator:   *In re HP Securities Litigation Settlement Fund*, c/o GCG, P. O. Box 10224, Dublin, Ohio 43017-5724, (888) 985-9382.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.HPSecuritiesLitigationSettlement.com, or from Lead Counsel's website, www.ktmc.com.

If you are a Settlement Class Member, in order to be eligible to share in the distribution of the net proceeds of the Settlement, you must submit a Claim Form postmarked on or before _____, 2015.  If you are a Settlement Class Member and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgment entered by the Court in this Action.

EXHIBIT A-3

To exclude yourself from the Settlement Class, you must submit a written request for exclusion such that it is *received* no later than _____, 2015, in accordance with the instructions set forth in the Notice.  If you are a Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by the judgment entered by the Court in this Action, including the releases provided for in the judgment, whether or not you submit a Claim Form.  If you submit a request for exclusion, you will have no right to recover money pursuant to the Settlement and will have to pursue any claims against the defendants independently.  Lead Counsel offers no advice and no opinion on whether you will be able to maintain such claims.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses, must be filed with the Court on or before _____, 2015, in accordance with the instructions set forth in the Notice.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.  Inquiries, other than requests for the Notice or Claim Form, may be made to Lead Counsel:

Eli R. Greenstein, Esq.
Stacey M. Kaplan, Esq.
**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
One Sansome Street, Suite 1850
San Francisco, CA  94104
(415) 400-3000
www.ktmc.com


Andrew L. Zivitz, Esq.
**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA  19087
(610) 667-7706
www.ktmc.com

By Order of the Court

2

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| IN RE HP SECURITIES LITIGATION,<br><br>This Document Relates To: All Actions | MASTER FILE NO. 3:12-CV-05980-CRB<br><br>**CLASS ACTION**<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT<br><br>**EXHIBIT B** |

1       This matter came for hearing on _____, 2015 (the "Settlement Hearing"), on the

2    application of the Settling Parties to determine:  (i) whether the terms and conditions of the

3    Stipulation of Settlement and Release (the "Stipulation") between Lead Plaintiff, PGGM

4    Vermogensbeheer B.V. ("PGGM," "Lead Plaintiff" or "Settlement Class Representative"), on

5    behalf of itself and the Settlement Class, and defendants Hewlett-Packard Company ("HP" or the

6    "Company") and Margaret C. Whitman (the "Settling Defendants" and collectively, with Lead

7    Plaintiff, the "Settling Parties"), are fair, reasonable, and adequate, and should be approved.  The

8    Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it

9    appearing that a notice of the Settlement Hearing substantially in the form approved by the Court

10   was mailed to all persons and entities reasonably identifiable as members of the Settlement Class,

11   and that a summary notice of the Settlement Hearing substantially in the form approved by the

12   Court was published in the national edition of *The Wall Street Journal* and *Investor's Business*

13   *Daily* and transmitted over *PR Newswire* pursuant to the specifications of the Court.

14      **NOW, THEREFORE, IT IS HEREBY ORDERED:**

15      1.  This Judgment hereby incorporates by reference the definitions in the Stipulation,

16   and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

17      2.  This Court has jurisdiction to enter this Judgment.  The Court has jurisdiction over

18   the subject matter of the Action and over all parties to the Action, including all Settlement Class

19   Members.

20      3.  The Court hereby affirms its findings in its prior Order dated _____, 2015

21   (the "Preliminary Approval Order"), that for purposes of the Settlement only, the prerequisites for a

22   class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been

23   satisfied in that:  (a) the number of Settlement Class Members is so numerous that joinder thereof is

24   impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the

25   claims of the Settlement Class Representative are typical of the claims of the Settlement Class it

26   seeks to represent; (d) the Settlement Class Representative and Lead Counsel have and will fairly

27   and adequately represent the interests of the Settlement Class; (e) the questions of law and fact

28

common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     The Court further affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Action to proceed as a class action on behalf of all persons who purchased or otherwise acquired HP's publicly traded common stock between August 19, 2011 and November 20, 2012, inclusive.  Excluded from the Settlement Class are all Released Parties. Also excluded from the Settlement Class are the persons and/or entities who excluded themselves from the Settlement Class by submitting a timely request for exclusion in accordance with the requirements set forth in the Notice, as listed on Exhibit 1 annexed hereto.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement only, this Court affirms its findings in the Preliminary Approval Order that the Settlement Class Representative is an adequate class representative and finally certifies it as Settlement Class Representative, and appoints the law firm of Kessler Topaz Meltzer & Check, LLP as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

6.     Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the Constitution of the United States, and any other applicable law, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

7.     Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons

who are Settlement Class Members, advising them of the Settlement, of Lead Counsel's intent to apply for attorneys' fees and reimbursement of Litigation Expenses associated with the Action (including reimbursement of costs and expenses of the Settlement Class Representative related to its representation of the Settlement Class), and of their right to object thereto, and a full and fair opportunity was accorded to all persons who are Settlement Class Members to be heard with respect to the foregoing matters.  Thus, it is hereby determined that all Settlement Class Members who did not timely and validly elect to exclude themselves from the Settlement Class by written communication received on or before the date set forth in the Notice and the Preliminary Approval Order, are bound by this Judgment.

8.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class Members. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties before an experienced mediator.  Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

9.      The Consolidated Complaint is hereby dismissed with prejudice as against all Defendants and without costs against any of the parties, except for the payments expressly provided for in the Stipulation.

10.     As used in this Judgment, the terms "Released Parties," "Settled Claims," "Released Parties' Claims," "Defendants," "Individual Defendants," "Settling Defendants" and "Unknown Claims" shall have the meanings as provided in the Stipulation, and specified below:

(a) "Released Parties" means collectively, all Defendants (*i.e.*, HP, Margaret C. Whitman, Leo Apotheker, Shane V. Robison, Catherine A. Lesjak, Raymond J. Lane, James T. Murrin and Michael R. Lynch) and the Related Parties (*i.e.*, (1) with respect to HP, its predecessors, successors, past, present or future parents, subsidiaries, and affiliates (including

without limitation Autonomy Corporation Limited, Autonomy Systems Limited, and Autonomy Inc., (collectively, the "Autonomy Entities")), SpinCo and its predecessors, successors, past, present or future parents, subsidiaries, and affiliates, and, with respect to HP, SpinCo and the Autonomy Entities, each of their respective past or present officers, directors, agents, partners, principals, members, employees, attorneys, advisors, auditors and accountants, insurers and reinsurers, and any firm, trust, corporation, or other entity in which HP, SpinCo or the Autonomy Entities has or had a controlling interest; (2) with respect to the Individual Defendants, their respective spouses, marital community, immediate family members, heirs, successors, executors, estates, administrators, attorneys, accountants, personal representatives, trusts and any other entity in which any of them has a controlling interest, and as to such entities, each and all of their predecessors, successors, past, present or future parents, subsidiaries, affiliates, and each of their respective past or present officers, directors, shareholders, agents, partners, principals, members, employees, attorneys, advisors, trustees, auditors and accountants, insurers and reinsurers.  For the avoidance of doubt, Sushovan Hussain, Qatalyst Partners and Deloitte U.K. LLP shall also be included within the definition of Related Parties, as they were formerly an employee, advisor, or accountant, respectively, affiliated with one or more of the Autonomy Entities.).

(b) "Settled Claims" means any and all claims, rights, demands, liabilities, suits, matters, issues, debts, obligations, losses and causes of action of every nature and description, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, class or individual in nature, suspected or unsuspected, concealed or hidden, whether known claims or Unknown Claims (as defined herein), whether arising under federal, state, foreign, or common law, that Lead Plaintiff or any other member of the Settlement Class (a) asserted in the Complaints, or could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaints and (b) that relate to any purchase or acquisition of HP common stock from August 19, 2011 through

1    November 20, 2012, inclusive. Settled Claims shall not include any claims (i) that members of

2    the Settlement Class may have arising solely under ERISA, including without limitation in the

3    action captioned *In re HP ERISA Litigation*, No. C-12-6199 CRB (N.D. Cal.), (ii) that members

4    of the Settlement Class may have solely in a derivative capacity, including without limitation in

5    the action captioned *In re HP Shareholder Derivative Litigation*, No. C-12-6003 CRB (N.D.

6    Cal.), or (iii) to enforce the terms of the Settlement. For the avoidance of doubt, Settled Claims

7    shall also exclude any and all claims referenced in paragraph 8 of the Stipulation.

8        (c) "Released Parties' Claims" means any and all claims, rights, demands, liabilities,

9    suits, matters, issues, debts, obligations, losses and causes of action of every nature and

10   description, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at

11   law or in equity, matured or unmatured, class or individual in nature, suspected or unsuspected,

12   concealed or hidden, whether known claims or Unknown Claims (as defined herein), whether

13   arising under federal, state, foreign or common law, to the fullest extent permitted by law, that

14   have been or could have been asserted in the Action or any forum by the Released Parties or any

15   of them against Lead Plaintiff, the Settlement Class or their attorneys, which arise out of or

16   relate in any way to the institution, prosecution, or settlement of the claims asserted in this

17   Action, except for claims relating to the enforcement of the Settlement.

18       (d) "Unknown Claims" means any and all Settled Claims which Lead Plaintiff and/or

19   any other Settlement Class Member does not know or suspect to exist in his, her or its favor at

20   the time of the release of such claims, and any Released Parties' Claims which the Settling

21   Defendants or any other Released Party does not know or suspect to exist in his, her or its favor

22   at the time of the release of such claims, which if known by him, her or it might have affected

23   his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled

24   Claims and Released Parties' Claims, the Settling Parties stipulate and agree that upon the

25   Effective Date, Lead Plaintiff and the Settling Defendants shall expressly waive, and each other

26   Settlement Class Member and each other Released Party shall be deemed to have waived, and

27   by operation of the Judgment shall have expressly waived, any and all provisions, rights and

28

benefits conferred by any law of any state or territory of the United States, or principle of common law, or foreign law which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Settlement Class Members acknowledge, and by operation of law shall be deemed to have acknowledged, that they may hereafter discover facts in addition to or different from those which, he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but Lead Plaintiff shall expressly, fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever settled and released any and all Settled Claims, whether known or unknown, suspected or unsuspected, concealed or hidden, that now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and the Settling Defendants acknowledge, and each other Settlement Class Member and each other Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Released Parties' Claims was separately bargained for and was a key element of the Settlement.

11.     Pursuant to this Judgment, upon the Effective Date, the Lead Plaintiff and all other Settlement Class Members, on behalf of themselves and their immediate family members, heirs, executors, administrators, successors, predecessors, trusts and assigns, and anyone else who could make a claim through or on behalf of a Settlement Class Member, shall release and shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally and forever released, waived, discharged and dismissed each and every Settled Claim against each and all of the Released Parties with prejudice, and shall forever be enjoined from prosecuting any or all Settled Claims against any Released Party.

1    12.    Pursuant to this Judgment, upon the Effective Date, Settling Defendants, on behalf of

2    themselves and the other Released Parties, release and shall be deemed by operation of law to have

3    irrevocably, absolutely and unconditionally, fully, finally and forever released, waived, discharged

4    and dismissed each and every Released Parties' Claim against each and all of the Lead Plaintiff, any

5    other Settlement Class Member and all of their respective counsel, including Lead Counsel, and

6    shall forever be enjoined from prosecuting any or all of the Released Parties' Claims against Lead

7    Plaintiff, any other Settlement Class Member and all of their respective counsel, including Lead

8    Counsel.

9    13.    Pursuant to the provisions of the Private Securities Litigation Reform Act of 1995,

10   Pub.L. No. 104-67, 109 Stat. 737, 15 U.S.C. §78u-4(f)(7) (the "PSLRA"), the Court hereby bars all

11   future claims for contribution arising out of the Action, subject to the judgment credit set forth in

12   the PSLRA, (a) by any person against any settling covered person (as defined in the PSLRA), and

13   (b) by the settling covered person (as defined in the PSLRA) against any person, other than a person

14   whose liability to the Settlement Class has been extinguished by the settlement of the settling

15   covered person (the "Bar Order").

16   14.    Notwithstanding anything herein to the contrary, nothing in the Settlement shall bar,

17   enjoin, release, or affect any claims that any Released Party has or may have against any other

18   Released Party.  The exclusion provided in this paragraph extends, without limitation, to any and all

19   claims or counterclaims that have been or may be brought in the High Court of Justice, Chancery

20   Division, Claim No. HC-2015-001324, and in any related proceedings in the United Kingdom or

21   elsewhere, including without limitation, any such claims that may be instituted against or by

22   Deloitte U.K. LLP.

23   15.    This Judgment, the Stipulation, and any of their terms and provisions, and any of the

24   negotiations or proceedings connected with it, and any of the documents or statements referred to

25   therein:

26        a.    shall not be offered or received against any of the Released Parties as evidence of, or

27   construed as or deemed to be evidence of, any presumption, concession or admission by any of

28

the Released Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted against any of the Released Parties in this Action or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

b.   shall not be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against Lead Plaintiff or any other Settlement Class Members as evidence of any infirmity in the claims of the Lead Plaintiff or the other Settlement Class Members;

c.   shall not be offered or received against any of the Released Parties or against Lead Plaintiff or any other Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, or against Lead Plaintiff or any other Settlement Class Members, in any other civil, criminal or administrative action, arbitration or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Settling Defendants, Lead Plaintiff and any other Settlement Class Member may file or refer to the Stipulation to effectuate the protection from liability granted them thereunder and/or by this Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of res judicata, collateral estoppels, release and discharge, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or otherwise to enforce the terms of the Settlement;

d.   shall not be construed against any Released Parties, Lead Plaintiff or any other Settlement Class Member as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

e.  shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any other Settlement Class Member that any of their claims are without merit or that damages recoverable under the Complaints would not have exceeded the Settlement Amount; and

f.  shall not be construed as or received in evidence as an admission, concession or presumption against Defendants that any of their defenses are without merit or that any damages would have been recoverable under the Complaints.

16.  The Court reserves jurisdiction over, without affecting in any way the finality of this Judgment, (a) implementation and enforcement of the Settlement; (b) approving a plan of allocation; (c) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (d) disposition of the Settlement Fund; (e) hearing and determining Lead Counsel's application for attorneys' fees, costs, interest and Litigation Expenses, including fees and costs of experts and/or consultants, and the Settlement Class Representative's request for reimbursement of costs and expenses directly related to its representation of the Settlement Class; (f) enforcing and administering this Judgment; (g) enforcing and administering the Stipulation including any releases executed in connection therewith; and (h) other matters related or ancillary to the foregoing.

17.  Separate Orders shall be entered regarding Lead Plaintiff's motion for approval of the proposed Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses.  Such Orders shall not disturb or affect any of the terms of this Judgment.

18.  Only those Settlement Class Members that submit valid Claim Forms shall be entitled to participate in the Settlement and to receive a distribution from the Settlement Fund.  The Claim Form to be executed by the Settlement Class Members shall further release all Settled Claims against the Released Parties.  All Settlement Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Claim Form.

19.      In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Settling Defendants (or such persons or entities responsible for funding the Settlement Amount), and such amount is not replaced, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Settlement shall not be admissible in any trial of this Action and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective litigation status in the Action immediately prior to April 28, 2015; and (c) the Settlement Amount, less any Taxes paid or due with respect to such income, and less Notice and Administration Costs actually and reasonably incurred and paid or payable consistent with the Stipulation, shall be returned as provided in the Stipulation.

20.      Without further Order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21.      There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: _____          _____

The Honorable Charles R. Breyer
United States District Judge