UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HP SECURITIES LITIGATION,<br><br>This Document Relates To: All Actions | MASTER FILE NO. 3:12-CV-05980-CRB<br><br>**CLASS ACTION**<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT |

1   This matter came for hearing on November 13, 2015 (the "Settlement Hearing"), on the application of the Settling Parties to determine: (i) whether the terms and conditions of the Stipulation of Settlement and Release (the "Stipulation") between Lead Plaintiff, PGGM Vermogensbeheer B.V. ("PGGM," "Lead Plaintiff" or "Settlement Class Representative"), on behalf of itself and the Settlement Class, and defendants Hewlett-Packard Company ("HP" or the "Company") and Margaret C. Whitman (the "Settling Defendants" and collectively, with Lead Plaintiff, the "Settling Parties"), are fair, reasonable, and adequate, and should be approved. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that a notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable as members of the Settlement Class, and that a summary notice of the Settlement Hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and *Investor's Business Daily* and transmitted over *PR Newswire* pursuant to the specifications of the Court.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. This Judgment hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court hereby affirms its findings in its prior Order dated July 17, 2015 (the "Preliminary Approval Order"), that for purposes of the Settlement only, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representative are typical of the claims of the Settlement Class it seeks to represent; (d) the Settlement Class Representative and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact

common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court further affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Action to proceed as a class action on behalf of all persons who purchased or otherwise acquired HP's publicly traded common stock between August 19, 2011 and November 20, 2012, inclusive. Excluded from the Settlement Class are all Released Parties. Also excluded from the Settlement Class are the persons and/or entities who excluded themselves from the Settlement Class by submitting a timely request for exclusion in accordance with the requirements set forth in the Notice, as listed on Exhibit 1 annexed hereto.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement only, this Court affirms its findings in the Preliminary Approval Order that the Settlement Class Representative is an adequate class representative and finally certifies it as Settlement Class Representative, and appoints the law firm of Kessler Topaz Meltzer & Check, LLP as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

6. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the Constitution of the United States, and any other applicable law, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

7. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons

1  who are Settlement Class Members, advising them of the Settlement, of Lead Counsel's intent to
2  apply for attorneys' fees and reimbursement of Litigation Expenses associated with the Action
3  (including reimbursement of costs and expenses of the Settlement Class Representative related to its
4  representation of the Settlement Class), and of their right to object thereto, and a full and fair
5  opportunity was accorded to all persons who are Settlement Class Members to be heard with respect
6  to the foregoing matters.  Thus, it is hereby determined that all Settlement Class Members who did
7  not timely and validly elect to exclude themselves from the Settlement Class by written
8  communication received on or before the date set forth in the Notice and the Preliminary Approval
9  Order, are bound by this Judgment.

10      8.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby
11 overrules the one objection received and approves the Settlement as set forth in the Stipulation, and
12 finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of
13 the Settlement Class Members.  This Court further finds that the Settlement set forth in the
14 Stipulation is the result of arm's-length negotiations between experienced counsel representing the
15 interests of the Settling Parties before an experienced mediator.  Accordingly, the Settlement
16 embodied in the Stipulation is hereby approved in all respects and shall be consummated in
17 accordance with the terms and provisions of the Stipulation.

18      9.      The Consolidated Complaint is hereby dismissed with prejudice as against all
19 Defendants and without costs against any of the parties, except for the payments expressly provided
20 for in the Stipulation.

21      10.     As used in this Judgment, the terms "Released Parties," "Settled Claims," "Released
22 Parties' Claims," "Defendants," "Individual Defendants," "Settling Defendants" and "Unknown
23 Claims" shall have the meanings as provided in the Stipulation, and specified below:

24      (a) "Released Parties" means collectively, all Defendants (*i.e.*, HP, Margaret C.
25 Whitman, Leo Apotheker, Shane V. Robison, Catherine A. Lesjak, Raymond J. Lane, James T.
26 Murrin and Michael R. Lynch) and the Related Parties (*i.e.*, (1) with respect to HP, its
27 predecessors, successors, past, present or future parents, subsidiaries, and affiliates (including

28

1   without limitation Autonomy Corporation Limited, Autonomy Systems Limited, and Autonomy
2   Inc., (collectively, the "Autonomy Entities")), SpinCo and its predecessors, successors, past,
3   present or future parents, subsidiaries, and affiliates, and, with respect to HP, SpinCo and the
4   Autonomy Entities, each of their respective past or present officers, directors, agents, partners,
5   principals, members, employees, attorneys, advisors, auditors and accountants, insurers and
6   reinsurers, and any firm, trust, corporation, or other entity in which HP, SpinCo or the
7   Autonomy Entities has or had a controlling interest; (2) with respect to the Individual
8   Defendants, their respective spouses, marital community, immediate family members, heirs,
9   successors, executors, estates, administrators, attorneys, accountants, personal representatives,
10  trusts and any other entity in which any of them has a controlling interest, and as to such
11  entities, each and all of their predecessors, successors, past, present or future parents,
12  subsidiaries, affiliates, and each of their respective past or present officers, directors,
13  shareholders, agents, partners, principals, members, employees, attorneys, advisors, trustees,
14  auditors and accountants, insurers and reinsurers.  For the avoidance of doubt, Sushovan
15  Hussain, Qatalyst Partners and Deloitte U.K. LLP shall also be included within the definition of
16  Related Parties, as they were formerly an employee, advisor, or accountant, respectively,
17  affiliated with one or more of the Autonomy Entities.).

18      (b) "Settled Claims" means any and all claims, rights, demands, liabilities, suits, matters,
19  issues, debts, obligations, losses and causes of action of every nature and description, whether
20  fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity,
21  matured or unmatured, class or individual in nature, suspected or unsuspected, concealed or
22  hidden, whether known claims or Unknown Claims (as defined herein), whether arising under
23  federal, state, foreign, or common law, that Lead Plaintiff or any other member of the
24  Settlement Class (a) asserted in the Complaints, or could have asserted in any forum that arise
25  out of or are based upon the allegations, transactions, facts, matters or occurrences,
26  representations, or omissions involved, set forth, or referred to in the Complaints and (b) that
27  relate to any purchase or acquisition of HP common stock from August 19, 2011 through
28

1   November 20, 2012, inclusive.  Settled Claims shall not include any claims: (i) that members of
2   the Settlement Class may have arising solely under ERISA, including without limitation in the
3   action captioned *In re HP ERISA Litigation*, No. C-12-6199 CRB (N.D. Cal.), (ii) that members
4   of the Settlement Class may have solely in a derivative capacity, including without limitation in
5   the action captioned *In re HP Shareholder Derivative Litigation*, No. C-12-6003 CRB (N.D.
6   Cal.), or (iii) to enforce the terms of the Settlement.  For the avoidance of doubt, Settled Claims
7   shall also exclude any and all claims referenced in paragraph 8 of the Stipulation.

8   (c) "Released Parties' Claims" means any and all claims, rights, demands, liabilities,
9   suits, matters, issues, debts, obligations, losses and causes of action of every nature and
10  description, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at
11  law or in equity, matured or unmatured, class or individual in nature, suspected or unsuspected,
12  concealed or hidden, whether known claims or Unknown Claims (as defined herein), whether
13  arising under federal, state, foreign, or common law, that have been or could have been asserted
14  in the Action or any forum by the Released Parties or any of them against Lead Plaintiff, the
15  Settlement Class or their attorneys, which arise out of or relate in any way to the institution,
16  prosecution, or settlement of the claims asserted in this Action, except for claims relating to the
17  enforcement of the Settlement.

18  (d) "Unknown Claims" means any and all Settled Claims which Lead Plaintiff and/or
19  any other Settlement Class Member does not know or suspect to exist in his, her or its favor at
20  the time of the release of such claims, and any Released Parties' Claims which the Settling
21  Defendants or any other Released Party does not know or suspect to exist in his, her or its favor
22  at the time of the release of such claims, which if known by him, her or it might have affected
23  his, her or its decision(s) with respect to the Settlement.  With respect to any and all Settled
24  Claims and Released Parties' Claims, the Settling Parties stipulate and agree that upon the
25  Effective Date, Lead Plaintiff and the Settling Defendants shall expressly waive, and each other
26  Settlement Class Member and each other Released Party shall be deemed to have waived, and
27  by operation of the Judgment shall have expressly waived, any and all provisions, rights and
28

benefits conferred by any law of any state or territory of the United States, or principle of common law, or foreign law which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Settlement Class Members acknowledge, and by operation of law shall be deemed to have acknowledged, that they may hereafter discover facts in addition to or different from those which, he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but Lead Plaintiff shall expressly, fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever settled and released any and all Settled Claims, whether known or unknown, suspected or unsuspected, concealed or hidden, that now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and the Settling Defendants acknowledge, and each other Settlement Class Member and each other Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Released Parties' Claims was separately bargained for and was a key element of the Settlement.

11.    Pursuant to this Judgment, upon the Effective Date, the Lead Plaintiff and all other Settlement Class Members, on behalf of themselves and their immediate family members, heirs, executors, administrators, successors, predecessors, trusts and assigns, and anyone else who could make a claim through or on behalf of a Settlement Class Member, shall release and shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally and forever released, waived, discharged and dismissed each and every Settled Claim against each and all of the Released Parties with prejudice, and shall forever be enjoined from prosecuting any or all Settled Claims against any Released Party.

1  12. Pursuant to this Judgment, upon the Effective Date, the Settling Defendants, on behalf of themselves and the other Released Parties, release and shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally and forever released, waived, discharged and dismissed each and every Released Parties' Claim against the Lead Plaintiff, any other Settlement Class Member and all of their respective counsel, including Lead Counsel, and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims against Lead Plaintiff, any other Settlement Class Member and all of their respective counsel, including Lead Counsel.

13. Pursuant to the provisions of the Private Securities Litigation Reform Act of 1995, Pub.L. No. 104-67, 109 Stat. 737, 15 U.S.C. §78u-4(f)(7) (the "PSLRA"), the Court hereby bars all future claims for contribution arising out of the Action, subject to the judgment credit set forth in the PSLRA, (a) by any person against any settling covered person (as defined in the PSLRA), and (b) by the settling covered person (as defined in the PSLRA) against any person, other than a person whose liability to the Settlement Class has been extinguished by the settlement of the settling covered person (the "Bar Order").

14. Notwithstanding anything herein to the contrary, nothing in the Settlement shall bar, enjoin, release, or affect any claims that any Released Party has or may have against any other Released Party. The exclusion provided in this paragraph extends, without limitation, to any and all claims or counterclaims that have been or may be brought in the High Court of Justice, Chancery Division, Claim No. HC-2015-001324, and in any related proceedings in the United Kingdom or elsewhere, including without limitation, any such claims that may be instituted against or by Deloitte U.K. LLP.

15. This Judgment, the Stipulation, and any of their terms and provisions, and any of the negotiations or proceedings connected with it, and any of the documents or statements referred to therein:

   a. shall not be offered or received against any of the Released Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of

the Released Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted by it against any of the Released Parties in this Action or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

    b. shall not be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against Lead Plaintiff or any other Settlement Class Members as evidence of any infirmity in the claims of the Lead Plaintiff or the other Settlement Class Members;

    c. shall not be offered or received against any of the Released Parties or against Lead Plaintiff or any other Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, or against Lead Plaintiff or any other Settlement Class Members, in any other civil, criminal or administrative action, arbitration or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Settling Defendants, Lead Plaintiff and any other Settlement Class Member may file or refer to the Stipulation to effectuate the protection from liability granted them thereunder and/or by this Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of res judicata, collateral estoppels, release and discharge, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or otherwise to enforce the terms of the Settlement;

    d. shall not be construed against any Released Parties, Lead Plaintiff or any other Settlement Class Member as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

    e. shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any other Settlement Class Member that any of their claims are without merit or that damages recoverable under the Complaints would not have exceeded the Settlement Amount; and

    f. shall not be construed as or received in evidence as an admission, concession or presumption against Defendants that any of their defenses are without merit or that any damages would have been recoverable under the Complaints.

  16. The Court reserves jurisdiction over, without affecting in any way the finality of this Judgment, (a) implementation and enforcement of the Settlement; (b) approving a plan of allocation; (c) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (d) disposition of the Settlement Fund; (e) hearing and determining Lead Counsel's application for attorneys' fees, costs, interest and Litigation Expenses, including fees and costs of experts and/or consultants, and the Settlement Class Representative's request for reimbursement of costs and expenses directly related to its representation of the Settlement Class; (f) enforcing and administering this Judgment; (g) enforcing and administering the Stipulation including any releases executed in connection therewith; and (h) other matters related or ancillary to the foregoing.

  17. Separate Orders shall be entered regarding Lead Plaintiff's motion for approval of the proposed Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses. Such Orders shall not disturb or affect any of the terms of this Judgment.

  18. Only those Settlement Class Members that submit valid Claim Forms shall be entitled to participate in the Settlement and to receive a distribution from the Settlement Fund. The Claim Form to be executed by the Settlement Class Members shall further release all Settled Claims against the Released Parties. All Settlement Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Claim Form.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Settling Defendants (or such persons or entities responsible for funding the Settlement Amount), and such amount is not replaced, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Settlement shall not be admissible in any trial of this Action and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective litigation status in the Action immediately prior to April 28, 2015; and (c) the Settlement Amount, less any Taxes paid or due with respect to such income, and less Notice and Administration Costs actually and reasonably incurred and paid or payable consistent with the Stipulation, shall be returned as provided in the Stipulation.

20. Without further Order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: November 13, 2015

The Honorable Charles R. Breyer
United States District Judge

EXHIBIT 1

|  | NAME | CITY, STATE, COUNTRY | DATE RECEIVED |
|---|---|---|---|
| 1 | Charles A. Hoefer | Cedar Rapids, IA, US | 08/25/2015 |
| 2 | Ingeborg Schuster | Dresher, PA, US | 08/25/2015 |
| 3 | Ronald L. Tooker | San Diego, CA, US | 08/28/2015 |
| 4 | Märta Hage | Kista, Sweden | 09/08/2015 |
| 5 | Gary L. Hemdal | Burke, VA, US | 09/08/2015 |
| 6 | Andrew Malcom George Clarke* | Nailsea, North Somerset, UK | 09/03/2015 |
| 7 | Steven J. Snider | Newton, MA, US | 09/24/2015 |
| 8 | Shoichi Katayama | Tokyo, Japan | 09/24/2015 |
| 9 | Joginder Diocee | Winnipeg, Canada | 09/25/2015 |
| 10 | Robert L. & Ellen C. Sprague | Horseheads, NY, US | 09/25/2015 |
| 11 | Karen J. Beam | Evans, CO, US | 10/01/2015 |
| 12 | John C. Wiley | Kansas City, MO, US | 10/02/2015 |
| 13 | Paul Cumberlidge | Belair, Australia | 10/05/2015 |
| 14 | Vira V. Haller | Casper, WY, US | 10/05/2015 |
| 15 | Phoebe A. Dill* | Roanoke, TX, US | 10/09/2015 |
| 16 | Gregory D. Tolmachoff | Fresno, CA, US | 10/13/2015 |
| 17 | Sushovan Hussain* | Riverhead, Sevenoaks, UK | 10/13/2015 |
| 18 | Gisbert Wolfram | Ebersberg, Germany | 10/13/2015 |
| 19 | Walter R. & Karen L. Egged* | Hardin, MT, US | 10/13/2015 |
| 20 | Rainer Weihrauch | Salzgitter, Germany | 10/13/2015 |
| 21 | Cornell W. Affeldt | San Clemente, CA, US | 10/13/2015 |
| 22 | Helena Smolova | Praha, Czech Republic | 10/13/2015 |
| 23 | Chickasaw Foundation | Ada, OK, US | 10/15/2015 |
| 24 | Paul H. & Carrie L. Higo | Honolulu, HI, US | 10/15/2015 |

\* Indicates requests for exclusion submitted by or on behalf of individuals who are not members of the Settlement Class.