1
2
3
4
5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE HP SECURITIES LITIGATION,<br><br>This Document Relates To: All Actions | MASTER FILE NO. 3:12-CV-05980-CRB<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES |
|---|---|

This matter came for hearing on November 13, 2015 (the "Settlement Hearing"), on Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Fee and Expense Application").  The Court having considered Lead Counsel's Fee and Expense Application and all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that due and adequate notice of the Settlement, the Settlement Hearing and related matters, including Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, was given to the Settlement Class as required by the Court's July 17, 2015 Order (the "Preliminary Approval Order").

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. This Order hereby incorporates by reference the definitions in the Stipulation of Settlement and Release dated as of June 8, 2015 (the "Stipulation"), and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Order.  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's Fee and Expense Application was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of Lead Counsel's Fee and Expense Application met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the Constitution of the United States, and any other applicable law, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

4. Settlement Class Members have been given the opportunity to object to Lead Counsel's Fee and Expense Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure.

5. Lead Counsel is hereby awarded attorneys' fees in the amount of 11% of the Settlement Amount, net of Court-approved Litigation Expenses, which sum the Court finds to be fair and reasonable, and $1,023,971.29 in reimbursement of Litigation Expenses, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. The foregoing attorneys' fees and Litigation Expenses shall be paid from the Settlement Fund in accordance with the terms of the Stipulation.

6. Lead Plaintiff PGGM Vermogensbeheer B.V. is hereby awarded $162,900 from the Settlement Fund as reimbursement for its costs and expenses directly related to its representation of the Settlement Class.

7. In making the foregoing awards of attorneys' fees and Litigation Expenses to be paid from the Settlement Fund, the Court has considered and found that:

   a. The Settlement has created a fund of $100 million in cash that has been deposited into an escrow account for the benefit of the Settlement Class pursuant to the terms of the Stipulation, and eligible members of the Settlement Class who submit acceptable Claim Forms will benefit from the Settlement that occurred because of Lead Counsel's efforts;

   b. Lead Counsel's Fee and Expense Application has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiff, a large, sophisticated institutional investor that was actively involved in the prosecution and resolution of the Action;

   c. Copies of the Notice which stated that Lead Counsel would apply to the Court for attorneys' fees in an amount not to exceed eleven percent (11%) of the Settlement Amount, net of Litigation Expenses, and reimbursement of Litigation Expenses in an amount not to exceed $1.25 million, were mailed to over 809,000 potential Settlement Class Members or their nominees. In addition, the Notice stated that the maximum amount of Litigation Expenses included reimbursement of costs

and expenses (including lost wages) incurred by Lead Plaintiff in connection with its representation of the Settlement Class, in an amount not to exceed $175,000;

    d.    There were no objections to Lead Counsel's Fee and Expense Application;

    e.    Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

    f.    The Action involves complex factual and legal issues and was actively prosecuted for nearly three years;

    g.    Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from the Defendants;

    h.    Lead Counsel devoted over 17,723 hours, with a lodestar value of approximately $9.4 million, to achieve the Settlement; and

    i.    The amount of attorneys' fees and Litigation Expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

8.    Any appeal or any challenge affecting this Court's award of attorneys' fees and Litigation Expenses shall in no way disturb or affect the finality of the Judgment.

9.    Jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

10.    In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with terms of the Stipulation.

11.    There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated: 11/13/2015

The Honorable Charles R. Breyer
United States District Judge