UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HP SECURITIES LITIGATION,<br><br>This Document Relates To: All Actions | MASTER FILE NO. 3:12-CV-05980-CRB<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] ORDER AUTHORIZING DISTRIBUTION OF NET SETTLEMENT FUND |

WHEREAS, by its Final Judgment and Order Approving Settlement dated November 13, 2015 (ECF No. 278) and its Order Approving Plan of Allocation of the Net Settlement Fund dated November 13, 2015 (ECF No. 280), this Court approved the terms of the settlement set forth in the Stipulation of Settlement and Release dated as of June 8, 2015 (ECF No. 258) (the "Settlement" or "Stipulation") and the proposed plan for allocating the net settlement proceeds to eligible Settlement Class Members (the "Plan of Allocation");

WHEREAS, this Court had directed the parties to consummate the terms of the Settlement and Plan of Allocation;

WHEREAS, the Settlement provided for the payment of $100,000,000 by Hewlett-Packard Company ("HP") (the "Settlement Amount") and, pursuant to the terms of the Stipulation, the Settlement Amount was deposited into an account established by Lead Counsel at The Huntington National Bank for the benefit of the Settlement Class;

WHEREAS, as set forth in the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), the deadline for Settlement Class Members to submit Proof of Claim Forms ("Claim Forms" or "Claims") to the Court-appointed claims administrator for the Settlement, Garden City Group, LLC ("GCG"), in order to be potentially eligible to participate in the distribution of the Net Settlement Fund has passed; and

WHEREAS, in satisfaction of due process requirements, all Settlement Class Members who submitted Claims that were in any way ineligible or deficient were: (1) informed that their Claims were ineligible or deficient; and (2) given opportunities to correct any curable deficiencies prior to their Claims being finally rejected, or to contest the determination as to such deficiencies, by requesting judicial review;

WHEREAS, the process of reviewing Claims has been completed;

WHEREAS, Lead Plaintiff, through Lead Counsel, now seeks authorization to distribute the proceeds of the Settlement Fund to Authorized Claimants, after deduction of any taxes, fees and

expenses previously approved by the Court or approved by this Order (the "Net Settlement Fund"); and

WHEREAS, this Court reserved jurisdiction of this Action in connection with, among other things, (i) implementation and enforcement of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's Claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; and (iv) other matters related or ancillary to the foregoing.

NOW, THEREFORE, upon reading: (1) the Declaration of Stephen J. Cirami in Support of Motion for Distribution of Net Settlement Fund (the "Cirami Declaration") submitted on behalf of GCG; (2) the Notice of Motion and Motion for Distribution of Net Settlement Fund; and Memorandum of Points and Authorities in Support Thereof ("Memorandum"); (3) the other submissions and papers on file with the Court; and upon all prior proceedings heretofore and herein, and after due deliberation, it is hereby

ORDERED, that all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and the Cirami Declaration submitted herewith; and it is further

ORDERED, that the administrative determinations of GCG accepting the Claims as described in the Cirami Declaration and listed on Exhibits C-1 and C-2 thereto, calculated pursuant to the Court-approved Plan of Allocation set forth in the Notice, are hereby approved, and said Claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of GCG rejecting the Claims as described in the Cirami Declaration and listed on Exhibit C-3 thereto (including Disputed Claim Nos. 1 through 4), are hereby approved, and said Claims are hereby rejected; and it is further

ORDERED, that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow, if any; and it is further

ORDERED, that GCG be paid the sum of $226,511.90 from the Net Settlement Fund as payment for the balance of its fees and expenses incurred and to be incurred in connection with the administration of the Settlement and the Initial Distribution of the Net Settlement Fund; and it is further

ORDERED, that GCG conduct an Initial Distribution of the Net Settlement Fund as set forth in the Cirami Declaration. As set forth in ¶41 of the Cirami Declaration, 90% of the Net Settlement Fund shall be distributed in the Initial Distribution and the remaining 10% of the Net Settlement Fund shall be held in reserve (the "Reserve") in order to address any unanticipated contingencies such as payment of any adjustments to Claims for good cause shown, if necessary. Any Authorized Claimant who would have received a distribution of at least $100.00 based on the total amount of the Net Settlement Fund shall be paid 90% of their award now, and any Authorized Claimant who would have received a distribution of between $10.00 and $100.00 based on the total amount of the Net Settlement Fund shall be paid their full award now ("Claims Paid in Full") and shall not receive any future distributions from the Net Settlement Fund; and it is further

ORDERED, that the Net Settlement Fund shall be distributed to the Authorized Claimants listed on Exhibits C-1 and C-2 to the Cirami Declaration pursuant to the Court-approved Plan of Allocation in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants as shown on such Exhibits; and it is further

ORDERED, that the checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 120 DAYS AFTER ISSUE DATE." Lead Counsel and GCG are authorized to take appropriate actions to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time; and it is further

ORDERED, that Authorized Claimants who do not cash their checks within the time allotted will irrevocably forfeit all recovery from the Settlement Fund; and it is further

ORDERED, that, any funds remaining in the Net Settlement Fund one (1) year after the Initial Distribution of such funds, by reason of uncashed distributions or other reasons, and after

GCG has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, will be re-distributed, along with the amount remaining in the Reserve, to Authorized Claimants who (i) were not Claims Paid in Full; (ii) cashed their payment from the Initial Distribution; and (iii) would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund, including the costs or fees for such re-distribution; and it is further

ORDERED, that, GCG may make further re-distributions of balances remaining in the Net Settlement Fund to such Authorized Claimants to the extent such re-distributions are cost-effective; and it is further

ORDERED, that, at such time as it is determined that the re-distribution of funds which remain in the Net Settlement Fund is not cost-effective, Lead Counsel shall contribute the balance to the Investor Protection Trust, or another non-profit organization that is approved by the Court; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement of this Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and, pursuant to the release terms of the Settlement, all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or the parties released pursuant to the Settlement beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that GCG is hereby authorized to destroy the paper copies and all supporting documentation of the Claim Forms one (1) year after the Initial Distribution of the Net Settlement

Fund and all electronic copies of the same three (3) years after the Initial Distribution of the Net Settlement Fund; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

ORDERED, that any Claim received after May 31, 2017 be rejected as untimely and not included in the Initial Distribution of the Net Settlement Fund.

Dated: August 11, 2017

_____
The Honorable Charles R. Breyer
United States District Judge